IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

vs.

LAWRENCE RUDOLPH,

_____/

**LAWRENCE RUDOLPH'S <u>UNOPPOSED</u> MOTION
TO CONTINUE TRIAL AND REQUEST FOR STATUS CONFERENCE**

Lawrence Rudolph, through undersigned counsel, moves without opposition for an Order continuing the trial setting of February 28, 2022.

Because Dr. Rudolph has contracted COVID while in detention and because of other complications, it is difficult to predict with precision when this case can be tried at this stage. Counsel with have a better idea of how lengthy a continuance is required depending upon the Court's ruling on the pending bail application. Accordingly, the parties respectfully request a status conference in 30–45 days to propose to the Court an accurate trial date. The parties have no objection to a trial setting 45 days out, but the defense anticipates that a further continuance will be necessary.

**I.   PROCEDURAL BACKGROUND AND SPEEDY TRIAL CALCULATION**

1.   On December 16, 2021, the government filed a criminal complaint alleging a mail-fraud offense under 18 U.S.C. § 1341. DE1. Dr. Rudolph was arrested in Mexico on December 21, 2021. An amended complaint was filed on December 22,

2021, adding a murder charge under 18 U.S.C. § 1119. He made his initial appearance on December 23, 2022.

2. Dr. Rudolph had a pretrial detention hearing on January 4, 2022, and is currently in custody. DE23. Dr. Rudolph's detention is still being litigated. *See* DE31 (Motion for Temporary Release); DE42 (Motion to Revoke Order of Detention).

3. On January 5, 2022, Dr. Rudolph was indicted for foreign murder and mail fraud. DE26. The next day, he pleaded not guilty at his arraignment. DE29.

4. The case is currently scheduled for a trial preparation conference on February 18, 2022, and for trial on February 28, 2022. DE36.

5. According to the discovery conference memorandum, the current Speedy Trial Act 70-day time limit is March 17, 2022. DE 30:8.

**II.   STANDARD FOR CONTINUANCES**

6. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

7. Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

      (ii)      Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

           . . . .

      (iv)     Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B); *see also United States v. Toombs*, 574 F. 3d 1262, 1268–69 (10th Cir. 2009).

      8.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

      9.     The decision to grant an "ends-of-justice" continuance is in the Court's sound discretion. *Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United*

*States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

10. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. This is a serious and complex case, where the incident and many of the witnesses are located across the world in Zambia, Africa. The voluminous discovery, coupled with the logistical burdens of reviewing the evidence with a defendant housed in a COVID-ridden facility, renders trial preparation inordinately difficult and extremely time-consuming. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and set a status conference in the next 30-45 days.

### III.  JUSTIFICATION FOR AN EXTENSION

11. First, discovery in this case is quite voluminous. To date, the government has to date produced approximately 6,000 pages of discovery, lengthy audio files, complex expert reports, and photos. The government has advised that there are supplemental discovery productions forthcoming, including voluminous financial records.

12. Second, because Dr. Rudolph is currently detained, in order to see him in person to review discovery and prepare for trial, counsel will need to travel to visit Dr. Rudolph in the jail (which has numerous COVID outbreaks at present).

4

13. Third, it is dangerous to see Dr. Rudolph for the time being. On January 19, 2022, a defense investigator went to visit Dr. Rudolph but was turned away and told that Dr. Rudolph had contracted COVID. Since then, the investigator was able to visit with Dr. Rudolph even though he was told that Dr. Rudolph was still positive for COVID.

14. Counsel has an obligation to ensure that Dr. Rudolph has reviewed the entirety of the discovery by the time trial occurs. The phone and video conference technology the prison affords inmates is totally ineffective for reviewing the discovery and answering the charges leveled in this case. It is a near impossible feat to share the discovery over 30-minute video conferences that are not private and have unreliable connectivity. We anticipate that reviewing all the discovery with Dr. Rudolph will take several months under the current conditions. Because counsel does not yet have all the discovery and has not been able to review much of it with Dr. Rudolph, it is impossible to say what follow-up investigation is necessary to rebut the prosecution's case.

15. Third, the government's investigation, which began "on or about October 27, 2016," DE1-2:13, took *five years* to show probable cause that a crime was even committed and yield a complaint. Counsel will need to conduct its own investigation, which will likely include traveling to Africa as well as repeated trips to review the voluminous discovery with an incarcerated client. Because the government's case is entirely circumstantial and built on "recreations" and conjecture, its evidence will need to be tested through one or more *Daubert* hearings, and rebuttal experts will need to

be identified and retained. How long all this will take is impossible to state without even having possession of all the discovery.

16. Counsel and his office have been diligent; organization and review of the discovery has begun and the process is ongoing. Counsel has spoken with Dr. Rudolph numerous times on the phone and via video conferencing. Counsel has also discussed the case with the prosecution. But despite all diligence, counsel will not be able to effectively try this case under the current deadlines.

17. In addition, undersigned counsel has long-standing trial settings in late February, May, and August in three different federal districts:

- *United States v. Waserstein et al.*, No. 21-60020-CR-WPD, is a multi-defendant health-care fraud and money-laundering case set on March 26, 2021, to be tried beginning February 28, 2022, before Judge William Dimitrouleas of the Southern District of Florida.

- *United States v. Harwin*, No. 20-CR-0115-JLB, is a criminal antitrust prosecution set on August 5, 2021, for trial on May 9, 2022, before Judge John Badalamenti of the Middle District of Florida.

- *United States v. Winkle et al.*, No. 20-CR-0094-TWP, is a multi-defendant civil-rights prosecution involving police officers, set on December 9, 2021, for trial beginning on August 15, 2022, in the Southern District of Indiana.

18. Without the requested continuance, defense counsel will be unable to adequately review discovery with Dr. Rudolph, conduct a complete investigation, file

6

appropriate motions, identify and retain necessary experts, and prepare to cross-examine the prosecution's witnesses at trial.

19. Given the circumstances described above, this case is unusual and complex such that the current time limits are insufficient to ensure adequate representation. 18 U.S.C. § 3161(h)(7)(B)(ii). Further, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice" and "would deny counsel for the defendant ... reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(i) & (iv).

20. Accordingly, we respectfully request that the time from this motion until the date of the status conference be excluded from the computation of the Speedy Trial Act clock. Undersigned counsel believes that the ends of justice are best served by the granting of a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and that such interests outweigh the best interest of the public and Dr. Rudolph in a speedy trial. Counsel has conferred with Dr. Rudolph on this motion and he consents to the request herein.

21. Counsel also has conferred with government counsel. They do not object to an ends-of-justice continuance and join in the request for a status conference to discuss the complicated logistics related to foreign witness travel in this case.

WHEREFORE Lawrence Rudolph respectfully requests that this unopposed motion be granted and that the Court set a status conference in late February or early March so that the parties can better address an appropriate trial date.

        Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      David Oscar Markus
      Florida Bar Number 119318
      dmarkus@markuslaw.com