IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. LAWRENCE RUDOLPH and
2. [REDACTED]

Defendants.

---

**MOTION TO CHANGE RESTRICTION LEVEL OF SUPERSEDING INDICTMENT**

---

The United States of America respectfully moves the Court for an Order restricting the Superseding Indictment and Arrest Warrant in this matter at Level 2 so that it can be disclosed to counsel for defendant Lawrence Rudolph only, as well as this Motion and any Order issued by the Court with regard to this Motion.

1. A Superseding Indictment, ECF No. 53, charges another person with crimes related to the murder of Bianca Rudolph. For the reasons articulated in ECF No.55, filed under Level 3, the government believes that the person is a flight risk and that the Superseding Indictment and arrest warrant should be restricted until the person can be apprehended.

2. While ECF No. 53 remains restricted, its existence was revealed in an order on February 10, 2022 setting a re-arraignment. ECF No. 57. Furthermore, defense counsel for Lawrence Rudolph has represented that he has been able to access ECF NO. 53.

3. While the Superseding Indictment does not include additional charges against Lawrence Rudolph, it does contain charges against another who is known to him. As set forth

above and in ECF No. 55, there is a risk that revealing the existence of the Superseding Indictment and arrest warrant to that person creates a substantial risk of flight, at least before that person can be brought to court and proposed bond conditions evaluated. Furthermore, while the defendant is currently detained, the other person charged in the Superseding Indictment is known to him, as set forth at ECF No. 55 and he could seek to alert that person.

4. But defendant LAWRENCE RUDOLPH's lawyer is an officer of the court and there is no reason to believe that providing the information to him alone would create any flight risk. The government therefore requests an order that would allow defense counsel, and necessary staff at the defense counsel's office, to view ECF No. 53, but not to reveal it to anyone outside of that office including to defendant LAWRENCE RUDOLPH. As set forth at ECF No. 55, any such restrictions on the Superseding Indictment should be lifted once the subject of the arrest warrant has been brought before a Court for an initial appearance.

WHEREFORE, it is respectfully requested that the Superseding Indictment, as well as this Motion and any Order issued by the Court be restricted at Level 2 such that it can be disclosed to counsel for the defendant only until the person additionally charged in the

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Superseding Indictment is arrested and brought before a court for an initial appearance.

Respectfully submitted this 11th day of February, 2022.

COLE FINEGAN
United States Attorney

By: */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: *E. Garreth Winstead*
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By: *J. Bishop Grewell*
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government