IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. **22-cr-000012**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

1.     **LAWRENCE RUDOLPH, and**

    ~~**Defendant.**~~

2.     **LORI MILLIRON,**

    **Defendants.**

**SUPERSEDING INDICTMENT**

The Grand Jury Charges that:

COUNT 1

1.     On or about October 11, 2016, the defendant LAWRENCE RUDOLPH, being a national of the United States as defined by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(22), willfully, deliberatively, maliciously, and with premeditation and malice aforethought, unlawfully killed Bianca Rudolph, a national of the United States as likewise defined by the Immigration and Nationality Act, while she was outside the United States but within the jurisdiction of another country.

All in violation of Title 18, United States Code, Sections 1119 and 1111.

COUNT 2

1

2. Beginning no later than October 11, 2016, and continuing until ~~in~~on or about March 16, 2017, within the state and district of Colorado and elsewhere, the defendant LAWRENCE RUDOLPH, devised and intended to devise a scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property, to wit a total of approximately $4,877,744.93 in U.S. currency, from LIFE INSURANCE COMPANIES 1-7, the identities of which are known to the Grand Jury.

3. LAWRENCE RUDOLPH defrauded LIFE INSURANCE COMPANIES 1-7 by means, of among others, the false and fraudulent pretense, representation and promise that Bianca Rudolph had died as the result of the accidental discharge of a firearm when, in fact, she had been murdered as alleged in COUNT 1.

4. On or about the dates listed below, in the State and District of Colorado and elsewhere, for the purpose of executing the scheme, defendant LAWRENCE RUDOLPH knowingly caused and aided and abetted others who knowingly caused to be delivered by the interstate commercial carrier identified below addressed to the address listed below, according to the direction thereon, an envelope containing documents related to the life insurance policy identified below:

| Date | Company | Policy/Certificate Number | Address Where Sent | Carrier |
|---|---|---|---|---|
| 1/18/17 | LIFE INSURANCE COMPANY 1 | 104TLP 105665 | 116 Inverness Drive East Englewood, CO 80112 | Federal Express |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT 3

5. On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, knowing that an offense against the United States had been committed, that

is the foreign murder described in Count 1, did comfort and assist the offender, LAWRENCE RUDOLPH, in order to hinder his trial and punishment.

All in violation of 18 United States Code, Section 3.

## COUNT 4

6. On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON corruptly influenced, obstructed and impeded and endeavored to influence, obstruct and impede the due administration of justice, to wit, MILLIRON provided false and misleading testimony to a grand jury sitting in the District of Colorado regarding (i) the circumstances of cash payments made to her by LAWRENCE RUDOLPH in 2015, 2016 and 2017, (ii) the nature, scope, and circumstances of her relationship with LAWRENCE RUDOLPH, (iii) the nature and circumstances of LAWRENCE RUDOLPH's relationship with Bianca Rudolph, (iv) whether she gave LAWRENCE RUDOLPH an ultimatum to leave his wife, (v) what LAWRENCE RUDOLPH told her about the circumstances of the death of Bianca Rudolph, (vi) her discussion with LAWRENCE RUDOLPH about a pending investigation by the Federal Bureau of Investigation; and (vi) the circumstances of the accident that caused LAWRENCE RUDOLPH to lose part of his thumb.

All in violation of Title 18 United States Code § 1503(a)

## COUNT 5

7. On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q: At the time you were working at Three Rivers, did you have any other substantial source of cash income?

3

A: I don't recall

Q: Do you recall making – well, how frequently do you think you deposited cash into your personal account?

A: I don't know. I couldn't say

. . . .

Q: Take a look at Exhibit 2. This is an analysis of cash deposits into your PNC Bank account. Do you recall depositing approximately $20,000 in cash into that account in 2014?

A: No, I don't.

Q: $60,000 in 2015?

A: No, I don't.

All in violation of Title 18, United States Code, Section 1623(a).

## COUNT 6

8. On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q: Why was Larry paying you this additional money if you already had a salary for those things?

A: Because he wanted to help me.

Q: Did he explain why?

A: He was very generous.

. . . .

Q: So in 2015 you received approximately double your salary — or your salary again but all in cash?

4

A:      Yes

Q:      And in 2016 you received a little bit more than your salary in cash?

A:      Yes.

Q:      Why was Larry so generous to you?

A:      I don't know why.   But like I said, he would give other — staff members, he would buy them washers and dryers. He would give them cash if they needed it, a whole variety of things.

Q:      So your testimony before the members of the Grand Jury today is that you don't know exactly why he gave you $60,000 in 2015?

A:      I don't know exactly why.

All in violation of Title 18, United States Code, Section 1623(a).

## COUNT 7

9.      On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Ms. Milliron, if you'll notice there was $75,000 in 2016 with $33,500 in 2017. Do you see that?

A:      Yes.

Q:      Why would he give you less in 2017?

A:      I don't know why.

        . . . .

Q:      He gave you approximately $75,450 in 2016 and in 2017 he gave you $33,350. I believe your testimony earliest was that you weren't sure why he gave you less in 2017. Do you now remember why he might have given you less in 2017?

A:      No.   I don't know why.

Q:      Was it because at that point you were on his American Express card?

A:      No.   The card was basically part of my — it's a Three Rivers Dental card.   It was part of my perks, I guess.

All in violation of Title 18, United States Code, Section 1623(a).

## COUNT 8

10.     On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Before that hunt had you ever given him an ultimatum that he needed to leave his wife?

A:      I don't believe so.

Q:      You don't believe so or you did not?

A:      I don't think I did.

Q:      Could he have — well, did you ever threaten to break off the affair?

A:      I don't remember.

        . . . .

Q:      So you said you don't think you could have given an ultimatum.   Ms. Milliron, yes or no, did you ever give him an ultimatum?

A:      No.

        . . . .

Q:      Did you ever tell anyone at the office you were thinking about leaving Mr. Rudolph?

A:      No.

Q:      Did you ever tell anyone at the office that you had given Mr. Rudolph an ultimatum that he needed to leave his wife?

6

>    A:      No, I did not.
>
>    All in violation of Title 18, United States Code, Section 1623(a).

## COUNT 9

11. On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q: Did he say anything about the merits of an investigation?

A: I don't recall.

Q: Did he say anything about whether it was an accident?

A: No. He had told me previously it was an accident.

. . . .

Q: Did he proclaim his innocence?

A: He probably did.  I don't really recall that.

Q: What do you recall?

A: I really don't recall.

Q: As you sit here today with the members of the Grand Jury, you don't recall a conversation with Mr. Rudolph about an FBI investigation?

A: There has been a conversation about that, but I think he was aggravated. I can't give you specifics.

Q: Can you give me generalities?

A: Irritated that there was an FBI investigation because he felt he was innocent.

All in violation of Title 18, United States Code, Section 1623(a).

## NOTICE OF FORFEITURE

~~5.~~12.   ~~5.~~   The allegation contained in Count 2 of this Superseding Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

~~6.~~13.   ~~6.~~   Upon conviction of the violation alleged in Count 2 of this Indictment involving the commission of a violation of Title 18, United States Code, Sections 1341 and 2, the defendant LAWRENCE RUDOLPH shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all rights, title, and interest in all property constituting and derived from any proceeds he obtained directly and indirectly as a result of such offense or offenses or shall be liable for a money judgment in the amount of the proceeds that he obtained as a result of the scheme charged in Count ~~2f~~2 of this Superseding Indictment.

14.   ~~7.~~   If any of the property described above, as a result of any act or omission of LAWRENCE RUDOLPH, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c),

. . . .

. . . .

. . . .

. . . .

. . . .

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of LAWRENCE RUDOLPH up to the value of the forfeitable property described above.

A True Bill:

<u>Ink signature on file in Clerk's Office</u>
Foreperson

COLE FINEGAN
United States Attorney

By: <u>/s Bryan Fields</u>
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: <u>E. Garreth Winstead</u>
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By: <u>J. Bishop Grewell</u>
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government