IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**    **LAWRENCE RUDOLPH**,
2.    LORI MILLIRON,

      Defendants.

_____/

**LAWRENCE RUDOLPH'S MOTION TO CONTINUE**
**MAY 23, 2022, TRIAL SETTING TO JULY 11, 2022**
**(JOINED BY THE GOVERNMENT)**

This matter is currently scheduled for trial May 23, 2022. Lawrence Rudolph moves to continue trial to July 11, 2022. The Government joins in this request. In light of the extensive work necessary to prepare to meet the government's circumstantial case as well as a conflict with a previously specially set trial in another federal district court, defense counsel consulted with the prosecution about continuing the trial for 30 days. Because a prosecution witness expected to travel from Zambia to testify is unavailable in late June, Dr. Rudolph moves for trial to begin July 11th. Co-Defendant Lori Milliron's counsel has informed undersigned that she is seeking a speedy trial.

**I.**    **PROCEDURAL BACKGROUND**

1.    Dr. Rudolph was arrested at the direction of the U.S. government in Mexico on December 21, 2022, and made his initial appearance in this Court on December 23, 2021. He has been in continual custody since his arrest.

2.     On January 5, 2022, Dr. Rudolph, the sole defendant at the time, was indicted for murder in violation of 18 U.S.C. § 1119 and mail fraud in violation of 18 U.S.C. § 1341. DE 26. The next day Dr. Rudolph pled not guilty to both charges at his arraignment . DE 29.

3.     The case originally was scheduled for trial in February, but Dr. Rudolph moved for an unopposed continuance and requested a status conference. DE 47. The motion noted that counsel was specially set for trial in the Middle District of Florida on May 9, and has two other trials previously scheduled in other federal districts. DE 47:6. This Court denied the request for a status conference but granted the motion for continuance, DE 50, and scheduled trial for May 23, 2022. DE 52. That setting conflicts with the specially set May 9th trial in Florida, which was scheduled before this case was indicted.

4.     On February 9, 2022, the government brought a superseding indictment, charging another defendant, Lori Milliron, with a number of counts arising from facts entirely different from those underlying the charges against Dr. Rudolph. DE 53.

5.     Both defendants were arraigned on February 23, 2022. DE 72.

## II.   STANDARD FOR CONTINUANCES

6.     Title 18 U.S.C. § 3161(h)(7)(A) provides that a court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See United States v. Toombs*, 574 F.3d 1262, 1268–69 (10th Cir. 2009). Among the factors the statute directs courts to consider are:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
. . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

7.      In the related context of trial continuances, the Tenth Circuit has set forth four factors that courts should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that granting the continuance would accomplish the purpose for which it is sought, (3) the inconvenience to the opposing party, its witnesses, and the court, and (4) the harm that could be suffered from denying the continuance. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative. *See id* .

8.      "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the trial is fair and just, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*,

3

559 U.S. 196, 213, 214 (2010).

### III.   JUSTIFICATION FOR AN EXTENSION

9.      A continuance is merited under the circumstances. This is a complex case, where many witnesses are located across the world in Zambia. The voluminous discovery, coupled with the logistical burdens of reviewing evidence with a defendant confined to a COVID-ridden jail, renders trial preparation inordinately difficult and time-consuming.

10.     Additionally, the case raises a number of legal issues, many of which require extensive briefing. The record, including the pending motion to dismiss Count 1 for lack of proper venue, DE 77, reflects that defense counsel has been working diligently to move the case forward, while ensuring the Dr. Rudolph's rights are observed. Various other motions, including motions to exclude inadmissible evidence, such as the government's proffered expert testimony, are forthcoming.

11.     The current setting conflicts with counsel's four-to-five-week trial in the Middle District of Florida, which is specially set for May 9, 2022. *United States v. Harwin*, No. 20-CR-115-JLB (M.D. Fla.), is a complicated criminal antitrust case which was continued a number of times during the pandemic. It was specially set before this case was charged, and the judge reserved the court's "Covid courtroom" for the five weeks. *See Harwin*, DE 112, 116 (paperless orders dated August 5, 2021, and September 9, 2021, granting continuance to May 2022 and specially setting trial) ("Per the parties' joint *ore tenus* motion at the September 9, 2021, status hearing, date certain for this jury trial is scheduled to commence on May 9, 2022. Signed by Judge John L.

Badalamenti on 9/9/2021."). Several out-of-town witnesses are scheduled to testify. Accordingly, counsel will be in that trial from May 9 potentially through June 10.

12.    Additional considerations also weigh in favor of the requested continuance. First, discovery in this case is quite voluminous. The initial discovery produced included over 6,000 pages of discovery, numerous and lengthy audio files, and photos. The government has made a number of supplemental discovery productions, including voluminous financial records, video and audio recordings, photographs, and interviews. These will require not merely review but significant investigation by the defense.

13.    Second, because Dr. Rudolph is currently detained, seeing him in person to review discovery and prepare for trial requires visiting him in the jail (which continues to suffer from COVID outbreaks). Counsel has an obligation to ensure that Dr. Rudolph has reviewed the entirety of the discovery. The phone and video technology at the prison is not an effective way to review discovery, especially where much it consists of digital audio and video recordings. Even for the basic documents, there is no screen-sharing function. Under these conditions, reviewing the voluminous discovery will take several months.

14.    Third, the government took *five years* to develop probable cause and file a complaint. Undersigned counsel is pursuing its own investigation, but a great deal needs to be done, including traveling to Africa, retaining several experts, researching potential defenses, and filing pretrial motions. Of course, the information obtained through the defense investigation likewise needs to be reviewed and discussed with Dr.

Rudolph in the Denver prison. It is unknown how long defense counsel's investigation, which has been complicated by the superseding indictment, will take but it is clear that this case will require a significant amount of time and resources.

15.     Counsel and his office have been diligent; organization and review of the discovery has begun and the process is ongoing. Counsel has been in as regular contact with Dr. Rudolph as the situation permits. Counsel has also discussed the case with the prosecution. Despite counsel's best efforts, counsel will not be able to effectively represent Dr. Rudolph in this case under the currently set deadlines and dates.

16.     Undersigned counsel is also specially set to start a multi-defendant, multi-week trial on August 15, 2022, in *United States v. Winkle et al*, No 20-Cr-94-TWP (S.D. Ind.). *See* DE 47:6. That case is a civil-rights prosecution of police officers. The court in that case has indicated that no further continuances will be granted. Accordingly, we respectfully request that we start our trial in time to start the August trial in Indianapolis. Because of the pandemic, a number of trials have been continued and scheduled for some time.

17.     The superseding indictment will lead to additional motion practice, additional investigation, and additional work. However, we note that the co-defendant, Ms. Milliron, would like to proceed to trial as quickly as possible. Ms. Milliron will not need to do the extensive investigation that undersigned will need to do. Trying Ms. Milliron's case first will make her available as a witness to Dr. Rudolph at his trial, whereas if they are tried together, Ms. Milliron would likely exercise her privilege not to testify. Accordingly, a severance of the two defendants serves three important

interests: (1) Dr. Rudolph will be able to call Ms. Milliron as a witness in his separate trial; (2) Ms. Milliron will not be prejudiced by the case against Dr. Rudolph; and (3) Ms. Milliron's speedy trial rights will be protected.

18.     In sum, given the serious nature of this case, the volume of discovery, the current working environment of a pandemic that is not conducive to in-person meetings, the extensive pretrial investigation anticipated (including travel to Africa, retaining experts, and litigating pretrial motions), as well as counsel's trial schedule, a brief extension of time is necessary to adequately prepare for Mr. Rudolph's trial.

19.     Although the prosecution does not object to a continuance, it does object to a setting in late June because one witness from Africa is not available until July 18, 2022, because of his work schedule. The parties therefore jointly propose a setting of July 11, 2022.  Because of the number of out of town witnesses (and lawyers), the parties respectfully request that the matter be specially set.

20.      This case is unusual and complex such that the current time limits are insufficient to ensure adequate representation. 18 U.S.C. § 3161(h)(7)(B)(ii). Further, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice" and "would deny counsel for the defendant ... reasonable time necessary for effective preparation" in light of the extenuating circumstances. 18 U.S.C. §3161(h)(7)(B)(i) and (iv). In addition, if trial proceeds in May while undersigned counsel is involved in another trial, Dr. Rudolph will be denied his counsel of choice. *See generally United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (holding

that needless denial of the accused's counsel of choice was structural error requiring automatic reversal with no showing of prejudice needed).

21.    Counsel has conferred with Dr. Rudolph on this motion, and he waives his right to a speedy trial until July 11, 2022.

WHEREFORE undersigned counsel requests that this Court continue the trial, vacate the current deadlines, and exclude an additional 45 days from the speedy trial calculations. (Dr. Rudolph's pending motion to dismiss Count 1 for lack of venue tolls the speedy trial clock for as long as it remains pending. *See* DE 68.)

## CERTIFICATES OF SERVICE AND CONFERRAL

The government joins in this motion seeking a trial date of July 11, which was filed by CM/ECF on February 25, 2022.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:    /s/ David Oscar Markus
       David Oscar Markus
       Florida Bar Number 119318
       dmarkus@markuslaw.com

8