IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-000012

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAWRENCE RUDOLPH and
LORI MILLIRON,

       Defendants.

_____/

## DEFENDANT LORI MILLIRON'S RESPONSE TO DEFENDANT LAWRENCE RUDOLPH'S MOTION TO CONTINUE TRIAL

       Defendant LORI MILLIRON ("Milliron" or "Defendant Milliron") by and through the undersigned counsel, files this her Response to Defendant LAWRENCE RUDOLPH's Motion to Continue Trial and states:

       Defendant Lawrence Rudolph filed a Motion to Continue Trial (Joined by the Government). EFC Doc.80. This Corut has directed a response. ECF. Doc. 81. Defendant Milliron responds as follows:

       On February 9, 2022 the grand jury returned a superseding indictment against Defendant LAWRENCE RUDOLPH ("Rudolph" or "Defendant Rudolph") adding Milliron as a Defendant. ECF Doc. 53. The government has charged Defendant Milliron with multiple counts of making false statements during her January 5, 2022 testimony before the grand jury. The government has not alleged a conspiracy count against Defendant Milliron and has alleged the charges against her stem solely from the alleged untruthful testimony before the grand jury and resulting obstruction of the investigation concerning Defendant Rudolph.

The government has charged Defendant Rudolph with foreign murder and mail fraud. This Court previously set Defendant Rudolph's trial for May 23, 2022. ECF Doc. 52. Following arraignment of both defendants on February 23, 2022 (ECF Docs. 72 and 72) Defendant Rudolph filed a Motion to Continue Trial (Joined by the Government) (ECF Doc. 80), seeking the matter be continued until the July 11, 2022 trial docket.  Defendant Milliron, however, has demanded Speedy Trial in her case. EFC. Doc. 82 and ECF Doc. 82 at fn.1. All of Milliron's alleged crimes took place on January 5, 2022 when she appeared before the grand jury as a target of the government and without the benefit of counsel. Defendant Rudolph's alleged crimes date to 2016, and the government and Defendant Rudolph estimate the trial of his case will take more than a month at the earliest to complete. Defendant Rudolph cites the need for further investigation and trial conflicts as a need for continuance. Defendant Milliron will promptly file a motion to sever pursuant to Fed. R. Crim. P. 14  so the Court can rule on the matter.

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ." The remedy for violating this right is dismissal of the indictment—apparently with prejudice. *United States v. Seltzer* , 595 F.3d 1170, 1175 (10th Cir. 2010). "[I]t is the prosecution's burden (and ultimately the court's) and not the defendant's responsibility to assure that cases are brought to trial in a timely manner." *Id.* at 1175–76. The factors to consider in the Sixth Amendment speedy trial analysis are: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his desire for a speedy trial ; and (4) the determination of whether the delay prejudiced the defendant." *Id.* at 1176. *see United States v. Suggs*, 378 F. Supp. 3d 962, 969 (D. Colo. 2019). Based upon these factors, any delay in Defendant Milliron's trial to accommodate Defendant Rudolph's request for a continuance of his

lengthy trial amount to prejudicial delay to Defendant Milliron's rights as guaranteed by The Sixth Amendment.

The undersigned has conferred with counsel for the government as to their position on this response. The government does not oppose Defendant Milliron's request for a speedy trial. As the government will detail in its required response to the Court's Order of March 2, 2022, the government does not object to a partial severance in which Counts 4-9 are tried separately. The government feels that trial on those counts would not substantially overlap with the counts specifically related to the murder and could be completed in approximately 4 or fewer trial days. The government's position is that proceeding in this matter best serves the interests of justice while causing minimal disruption to the setting of a later trial related to the murder. Defendant Milliron has not yet briefed a response to the government's position on proceeding with a partial severance but agrees that Defendant's Milliron's speedy trial rights would be protected by proceeding to trial before May 4, 2022 (the time period calculated under the statute).

For the foregoing reasons, Defendant Milliron responds as directed and again asks the Court to recognize her request for a speedy trial pursuant to 18 U.S.C. § 3161(c)(1),

_/s/ John W. Dill_
John W. Dill, Esquire
Florida Bar Number: 981680
JOHN W. DILL, PA
941 West Morse Blvd.
Suite 100
o(321) 214-4500
c(321) 287-4774
Winter Park, FL 32789
John@JohnWDill.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of Defendant Milliron's Response In Opposition To Defendant Rudolph's Motion To Continue Trial was filed with the Court on Wednesday, March 2, 2022, and sent via Electronic Mail and/or the CM/ECF System upon all registered PACER and CM/ECF users/attorneys in this case.

By:    */s/ John W. Dill*