# AFFIDAVIT OF LORI MILLIRON

Pursuant to 28 U.S.C. § 1746, I, Lori Milliron, declare under penalty of perjury:

1. Until his arrest in connection with this case, Larry Rudolph and I lived together in Phoenix, Arizona, even though we are not formally married.

2. Larry and I were romantically involved before his wife's death and Mrs. Bianca Rudolph was aware of that.

3. After Larry's indictment and arrest, the government subpoenaed me to testify before the grand jury. I appeared without a lawyer because the government never gave me any indication that I was a subject or target of any investigation.

4. From the start, the prosecutor was extremely aggressive with me, raising his voice a number of times and demanding precise answers about specific conversations that occurred many years ago, which I did my best to answer.

5. Since my testimony, I have learned that the government's case against Larry depends on testimony about two conversations in which the government says that I participated. I have <u>first-hand knowledge that no other potential witness has about these supposed conversations</u>. The first alleged conversation is one between a co-worker, Anna Grimley, and me. The second alleged conversation is one between Larry and me, parts of which a bartender claims to have overheard.

6. From what I have seen of the government's discovery and through conversations with my lawyer, I have concluded that my recollection of those alleged conversations <u>flatly contradicts and is entirely inconsistent with</u> what Ms. Grimley and the bartender claim.

7. I have come to believe that the prosecutor subpoenaed me to the grand jury solely or primarily to lay a "perjury trap." Consequently, I have no doubt that, if my entirely truthful testimony were to conflict with that of the government's witnesses, the prosecution would again use that against me, notwithstanding the true facts.

8. I have been advised that testifying in a joint trial with Larry would expose me to greater penalties under the Federal Sentencing Guidelines as well as additional unfair and unfounded charges. In light of the prosecution's tactics, it has been explained to me that the only safe thing for me to do is to invoke my right not to testify in a joint trial. I have come to believe that this is what the prosecutor intended to achieve by subpoenaing me.

9. If the allegations and charges against me were tried separately from Larry's case, I would be able to testify at Larry's trial to correct Ms. Grimley's and the bartender's false, misleading, and confused recollections of what they think they heard me and/or Larry say. I am very sure the jury would believe me over those witnesses because I know what was said. I am also convinced that the prosecutors know that, too, and indicted me for that reason.

I declare under penalty of perjury that the foregoing is true and correct.

*Lori Milliron*
LORI MILLIRON

March 17, 2022