IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 22-cr-000012-WJW

UNITED STATES OF AMERICA,

       Plaintiff,

v.

   1.  LAWRENCE RUDOLPH and
   2.  **LORI MILLIRON**,

       Defendants**.**

_____/

## LORI MILLIRON'S REPLY TO THE GOVERNMENT'S RESPONSE TO LORI MILLIRON'S DEMAND FOR SPEEDY TRIAL

      Lori Milliron, by and through her undersigned counsel files this reply to her demand for speedy trial.  On March 2. 2022, Ms. Milliron filed her Motion to Set Trial Date and Demand For Speedy Trial. ECF Doc. 82. The government filed its Response on March 9, 2022. ECF Doc. 87. On March 10, 2022, this Court directed Ms. Milliron to reply to the government's response to her motion.  ECF Doc. 88.

### INTRODUCTION

      To date, Ms. Milliron has demanded speedy trial in a timely manner.   In its Response, the government has improperly applied the tolling provisions of 18 U.S.C. § 3131(h)(1)(F) as it relates a purely *pro forma* motion, such as a routine motion demanding speedy trial.  The government has taken the illogical position that a demand for speedy trial tolls the speedy trial clock.  This position is contrary to the very purpose of a speedy trial demand, and the legislative intent of the Speedy Trial Act ("the Act").   The government's interpretation of the Act cannot be the case as it would

prevent a person who is seeking speedy trial from making a demand for speedy trial, because it would trigger a tolling provision.  In that situation the individual would risk losing that right to a speedy trial which is afforded under the law. Considering that one of the factors to be considered under the Sixth Amendment is a defendant's assertion of her desire for a speedy trial, using the pretrial motion tolling provisions to alter the speedy trial timeline defies common sense.  *See United States v. Suggs*, 378 F. Supp. 3d 962, 969 (D. Colo. 2019) ("The factors to consider in the Sixth Amendment speedy trial analysis are: (1) the length of the delay; (2) the reason for the delay; (3) ***the defendant's assertion of his desire for a speedy trial***; and (4) the determination of whether the delay prejudiced the defendant.")(emphasis added).

## ARGUMENT

Ms. Milliron's motion demanding speedy trial is not the type of "pre-trial" motion that tolls the speedy trial clock under the Act because there is a marked difference between *pro forma* requests like Ms. Milliron's and other pretrial motions which substantively impact evidentiary issues at trial and all other aspects of a trial.  For example, courts have held that a pro forma request for discovery under Fed. R. Crim. P 16 does not toll the speedy trial clock. *See United States v. Johnson,* 32 F. 3d 304, 306 n. 1 (7th Cir. 1994) (observing that the "time during which the defendant's discovery motions were under review is not included for purposes of the Speedy Trial Act's calculation).  Ms. Milliron's demand for a speedy trial requires no consideration or resolution by the Court, as it is simply a filing for the record which preserves her right under the Constitution and the STA in the court record.   It is not the type of pre-trial filing that requires the court to conduct an evidentiary hearing, for example, or to review related pleadings and issue an order.   To the contrary, it is a *pro forma* demand for speedy trial.   Therefore, in its Response, the government

has improperly labeled it as a "pre-trial motion" which it incorrectly claims stops the speedy trial clock.

In this case, Ms. Milliron is entitled to a speedy trial by May 4, 2022. She has not filed any pretrial motions to date which may delay the speedy trial setting. Instead of filing a motion to sever her charges from Mr. Rudolph's charges, Ms. Milliron does not oppose the well-founded reasoning in Lawrence Rudolph's Motion to Dismiss The Superseding Indictment for Improper Joinder, Or, Alternatively To Sever Lori Milliron. ECF No. 92-1. Additionally, as Ms. Milliron's charges all stem from alleged false statements made before the grand jury on January 5, 2022, there is no reason for her case to languish past May 4, 2022.

In its Response, the government proposes that Ms. Milliron's case can be bifurcated with a shorter trial on her alleged false statements then in a later murder trial with Mr. Rudolph on the accessory after the fact charge. Ms. Milliron is not inclined to waive her right to speedy trial on *all* charges against her and the government has no standing to force such a situation. As the one who is indicted, it is Ms. Milliron who has the constitutional and statutory rights here, and not the government. The government should not be allowed to control when certain charges should go to trial, versus other charges, when Ms. Milliron has consistently maintained her demand for speedy trial on all charges.

Further, forcing Ms. Milliron to be tried on the same conduct twice raises serious double jeopardy and multiplicity issues. The government elected to bring the case against her in the superseding indictment and cannot now piecemeal the litigation to afford them two bites at the apple. As set forth in Lawrence Rudolph's motion to sever Ms. Milliron, serious issues exist as to whether the accessory after the fact charge can even be brought against Ms. Milliron based upon alleged false statements to a grand jury after Mr. Rudolph's arrest and incarceration. The Court

should note that the alleged false statements made by Ms. Milliron were during her testimony on January 5, 2022 *before* the grand jury returned the indictment against Mr. Rudolph. Surely the alleged false statements did not hinder the grand jury from returning an indictment, and the alleged false statements before the same grand jury included the testimony of another witness that the government uses as the basis of the superseding indictment. If Ms. Milliron had testified falsely before the January 5, 2022 grand jury, no indictment resulted. It was only after the government returned to a grand jury on February 9, 2022 that the grand jury returned an indictment against Ms. Milliron for her January 5, 2022 testimony. The government has not alleged, nor can they allege, that Ms. Milliron provided comfort or assistance to Mr. Rudolph outside of her alleged false testimony on January 5, 2022. Therefore, the accessory after the fact charge should not even be considered against Ms. Milliron, in a May 2022 trial or at any point thereafter.

However, if faced with no other alternative than to proceed to trial promptly on the perjury and obstruction charges and later challenge the validity of the accessory after the fact charge, Ms. Milliron prefers to go to trial immediately.  Ms. Milliron does not waive her right to challenge the legal viability of the accessory after the fact charge by motion but prefers not to toll her speedy trial right in the process by filing pretrial motions on the issue. If the Court agrees that the government's suggestion to try the accessory after the fact charge is the best option to preserve her speedy trial right and accomplish the trial by May 4, 2022, Ms. Milliron wishes to proceed to trial on those counts immediately.

For the foregoing reasons, Ms. Milliron respectfully requests that this Court set her case for trial and recognize her request for a speedy trial pursuant to 18 U.S.C. § 3161(c)(1).

 _/s/ John W. Dill_
John W. Dill, Esquire
Florida Bar Number: 981680

JOHN W. DILL, PA
941 West Morse Blvd.
Suite 100
o(321) 214-4500
c(321) 287-4774
Winter Park, FL 32789
John@JohnWDill.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this reply was filed with the Court on Friday, March 18, 2022, and sent via Electronic Mail and/or the CM/ECF System upon all registered PACER and CM/ECF users/attorneys in this case.

By:      _/s/ John W. Dill_