IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1. LAWRENCE RUDOLPH,**
**2. LORI MILLIRON,**

    Defendants.

---

## ORDER EXCLUDING TIME FROM THE SPEEDY TRIAL CLOCK

---

    The Government charges Defendant Lawrence Rudolph with one count of foreign murder in violation of 18 U.S.C. §§ 1119 and 1111, and one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. (ECF No. 53.) Additionally, the Government charges Defendant Lori Milliron with one count of being an accessory after the fact to Defendant Rudolph in connection with his foreign murder charge, in violation of 18 U.S.C. § 3, one count of obstruction of a grand jury proceeding, in violation of 18 U.S.C. § 1503(a), and five counts of perjury before the grand jury, in violation of 18 U.S.C. § 1623(a). (*Id.*) This matter is currently set for a 12-day jury trial beginning on May 23, 2022 and a Final Trial Preparation Conference on May 19, 2022.[1] (ECF No. 52.)

    This matter is before the Court on Defendant Rudolph's Motion to Continue May 23, 2022, Trial Setting to July 11, 2022 (Joined by the Government) ("Motion to

---

[1] Because the Superseding Indictment charging Defendant Milliron was issued after the Court set the May 23, 2022 trial date for Defendant Rudolph (*see* ECF Nos. 52, 53), the Court has not yet set a trial date for Defendant Milliron.

Continue"). (ECF No. 80). Defendant Milliron filed a response to the Motion to Continue. (ECF No. 84.)

Also before the Court is Defendant Milliron's Motion to Set Trial Date and Demand for Speedy Trial ("Motion for Speedy Trial") (ECF No. 82), which the Court construes (together with Defendant Milliron's response to the Motion to Continue) as an objection to Defendant Rudolph's Motion to Continue.

For the reasons set forth below, the Motion to Continue is granted and the Motion for Speedy Trial is denied as moot.

**A.     Applicable Law**

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. §§ 3161(h)(1)–(8). Specifically, the Court may exclude from the speedy trial clock:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

For a continuance to qualify as an excludable "ends of justice" continuance under

§ 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(i)–(iv).

After considering these factors, the Court must then set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made

3

after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

**B.   Analysis**

    1.   <u>Whether an Ends of Justice Continuance Is Warranted as to Defendant Rudolph</u>

In his Motion to Continue, Defendant Rudolph argues that a continuance is merited for numerous reasons, including the complexity of the case.  (ECF No. 80 at 4.)  He points out that: (1) many witnesses are located in Zambia; (2) trial preparation is "inordinately difficult and time-consuming" given the voluminous discovery of over 6,000 pages of discovery, numerous and lengthy audio files, and photos; (3) it has been difficult for him to meet with his counsel given that he has been detained pending trial and in light of jail restrictions imposed in light of the COVID-19 pandemic; (4) there are a number of complex legal issues that require extensive briefing; (5) his counsel is actively and diligently pursuing his own investigation to prepare a defense, including traveling to Africa and retaining several experts.  (*Id.* at 4–6.)  Defendant Rudolph further represents that "[d]espite counsel's best efforts, counsel will not be able to effectively represent [him] in this case under the currently set deadlines and dates."  (*Id.* at 6.)

For these reasons, as well as the fact that "one witness from Africa is not available until July 18, 2022[ ] because of his work schedule," Defendant Rudolph "waives his right to a speedy trial until July 11, 2022" and requests that the Court

exclude an additional 45 days from the speedy trial clock. (*Id.* at 7–8.) He and the Government jointly propose setting trial for July 11, 2022. (*Id.* at 7.)

While Defendant Milliron objects to her speedy trial clock as set forth below, the Motion to Continue is unopposed as to Defendant Rudolph, and therefore the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. For the reasons set forth below, the Court finds that 45 days should be excluded from the Speedy Trial Act as to Defendant Rudolph to allow counsel to adequately prepare this case for trial.

The Court has relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant Rudolph, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. §§ 3161(h)(7)(B)(i)–(iv), and the Court will impose an ends of justice continuance of 45 days as to Defendant Rudolph. As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court grants the Motion to Continue and excludes 45 days from computation of Defendant Rudolph's speedy trial time. By separate order, the Court will set this matter for trial beginning on July 11, 2022.

2. <u>Whether Time Should Also be Excluded as to Defendant Milliron Under the Speedy Trial Act</u>

Having determined that Defendant Rudolph's trial will commence on July 11, 2022, the Court next turns to Defendant Milliron's Motion for Speedy Trial, in which Defendant Milliron represents that she is "actively asserting her right to a speedy trial" and "wishes to proceed to trial on or before May 4, 2022," *i.e.*, 70 days after her February 23, 2020 initial appearance. (ECF No. 82 at 2.) According to Defendant Milliron, "any delay in [her] trial to accommodate Defendant Rudolph's request for a continuance of his lengthy trial amount to prejudicial delay to [her] rights as guaranteed by [t]he Sixth Amendment." (ECF No. 84 at 3.)

In response, the Government asserts that Defendant Milliron's speedy trial clock does not expire on May 4, 2022. (ECF No. 87 at 2.) Instead, it argues that Defendant Milliron's filing of the Motion for Speedy Trial has been tolling time from the date of filing to any hearing or prompt disposition of the motion, as well as any period not to exceed 30 days in which the Motion for Speedy Trial is actually under advisement.[2] (*Id.* (citing 18 U.S.C. §§ 3161(h)(1)(D) and (H)).) Moreover, the Government asserts that

---

[2] In her reply to the Motion for Speedy Trial, Defendant Milliron contends that her motion is not the type of pretrial motion that tolls time under § 3161 as it is a "purely *pro forma* motion." (ECF No. 93 at 1.) But she cites no binding Tenth Circuit case law in support of her argument, and the Court is not aware of any such case law. The Court therefore presumes that §§ 3161(h)(1)(D) and (H) has been tolling the time in which the Motion for Speedy Trial has been under advisement. However, even assuming arguendo that the Motion for Speedy Trial does not toll any time as to Defendant Milliron, the Court would still find that the full excludable time occasioned by Defendant Rudolph applies to Defendant Milliron under § 3161(h)(6) for the reasons set forth below.

6

additional time should be excluded pursuant to § 3161(h)(6), which tolls the speedy trial clock for "reasonable periods of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." (*Id.* at 3.) As such, the Government asserts that the Court can hold a joint trial for Defendants Rudolph and Milliron. (*Id.* at 4–5 ("Having the trial on July 11, 2022, is consistent with [Defendant Rudolph's] request and is also a reasonable period of delay for co-defendant Milliron under § 3161(h)(6) to allow this Court to efficiently manage the case.").) The Court agrees.

In determining whether it is reasonable to apply a delay excludable to Defendant Rudolph to Defendant Milliron pursuant to § 3161(h)(6), the Court must weigh the "relevant circumstances." *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990). The Tenth Circuit has articulated three factors to guide this analysis: (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014) (citations and quotation marks omitted); *see Tranakos*, 911 F.2d at 1426 (concluding delay excludable under § 3161(h)(6) where that defendant was out on bond, did not move to sever his case, and the efficient use of prosecutorial and judicial resources favored trying multiple defendants in a single trial).

Here, the relevant circumstances weigh heavily in favor of a determination that the delay excludable as to Defendant Rudolph is also excludable as to Defendant Milliron pursuant to § 3161(h)(6). Notably, Defendant Milliron is presently on bond.

(ECF No. 73.)  Moreover, although Defendant Rudolph filed a motion for severance (ECF No. 97), which the Court denied on April 12, 2022 (ECF No. 103), Defendant Milliron neither joined in that motion nor filed her own motion to sever her charges from Defendant Rudolph.[3]  These facts weigh heavily in favor of the undersigned's conclusion that it is reasonable to extend excludable time as to Defendant Rudolph to Defendant Milliron.

To be sure, Defendant Milliron is pursuing a speedy trial.  However, the efficient use of prosecutorial and judicial resources resulting from holding a single trial for Defendants Rudolph and Milliron are significant.  As the Government explains in its response to Defendant Milliron's Motion for Speedy Trial, to prove Count 3 (accessory after the fact) against Defendant Milliron, the Government will be required to prove that Defendant Rudolph did in fact murder Bianca Rudolph, and that Defendant Milliron was aware of this fact and decided to assist him by deceiving the grand jury that was investigating his crime.  (ECF No. 87 at 4.)  As such, because the Government will effectively be required to call many of the same witnesses and present much of the same evidence in its case against both Defendants Rudolph and Milliron, the relevant circumstances strongly favor trying Defendant Milliron on the accessory after the fact charge together with the murder charge against Defendant Rudolph.  *See Tranakos*, 911 F.2d at 1426 (recognizing that where the government will recite a single factual

---

[3] In her reply to the Motion for Speedy Trial, Defendant Milliron recognizes that she did not file a motion to sever her charges from Defendant Rudolph's charges but notes that she "does not oppose the well-founded reasoning" in Defendant Rudolph's motion to sever.  (ECF No. 93 at 3.)  The fact that she does not oppose severance, however, does not mean that she affirmatively sought severance of her charges in order to preserve her right to a speedy trial.

history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred).

Moreover, the Court notes that evidence for Counts 4–9 regarding whether Defendant Milliron obstructed justice and committed perjury to benefit Defendant Rudolph—including her alleged motivations for committing these crimes—will also undoubtedly overlap with the facts surrounding the evidence that Defendant Rudolph allegedly murdered Bianca Rudolph.  While the Government concedes that "the evidence supporting [Counts 4–9] is easier to separate from the murder" than the evidence for Count 3 (ECF No. 87 at 5), the Court finds that judicial efficiencies strongly weigh in favor of a single trial for both Defendants on all counts.  In the Court's view, it would be nonsensical and an extreme waste of judicial resources to hold separate trials for Defendant Milliron on separate counts of the Superseding Indictment, particularly when the delay in bringing Defendants Rudolph and Milliron to trial jointly is slight.  *Cf. Margheim*, 770 F.3d at 1321 (recognizing that ten-month period of delay between defendant's initial appearance and that of his final co-defendant was not "unreasonable"); *Tranakos*, 911 F.2d at 1426 (delay of fifteen months caused by co-defendant's motion was "reasonable").

Accordingly, the Court concludes that the relevant circumstances weigh heavily in favor of a single trial for both Defendants Rudolph and Milliron commencing on July 11, 2022 and that, as a result, the excludable delay for Defendant Rudolph applies to Defendant Milliron under § 3161(h)(6).

Finally, to the extent that Defendant Milliron asserts that a July 11, 2022 trial date will deprive her of her Sixth Amendment right to a speedy trial, such arguments are

9

unavailing. "A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant." *Tranakos*, 911 F.2d at 1427 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).  While no single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial," *Barker*, 407 U.S. at 533, only if the period of delay is "presumptively prejudicial" need courts inquire into the other factors, *Tranakos*, 911 F.2d at 1427. Although the Tenth Circuit has declined to draw "a bright line beyond which pretrial delay will trigger a *Barker* analysis," it has concluded that delays of approximately five and one-half months and eight months were not presumptively prejudicial. *Castro v. Ward*, 138 F.3d 810, 819 (10th Cir. 1998); *see also Doggett v. United States,* 505 U.S. 647, 652 n.1 (1992) (recognizing that courts have generally found post-accusation delay to be "'presumptively prejudicial' at least as it approaches one year").  Because the delay at issue is not presumptively prejudicial, the Court need not inquire into the other *Barker* factors and concludes that Defendant Milliron is not being deprived of a speedy trial under the Sixth Amendment.

Because Defendant Milliron is receiving a speedy trial within the meaning of the Speedy Trial Act and Sixth Amendment, the Motion for a Speedy Trial is therefore denied as moot.

**C.     Conclusion**

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2)     An additional **45 days** should be excluded from the computation of the Speedy Trial time; and

(3)     The ends of justice served by granting the motion outweighs the best interests of the public and Defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Defendant Rudolph's Motion to Continue May 23, 2022, Trial Setting to July 11, 2022 (Joined by the Government) (ECF No. 80) is GRANTED;

(2)     Defendant Milliron's Motion to Set Trial Date and Demand for Speedy Trial (ECF No. 82) is DENIED as MOOT;

(3)     All days from **April 12, 2022, to and including May 27, 2022**, shall be excluded from the Speedy Trial Clock as to BOTH Defendants;

(4)     The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby VACATED; and

(5)     The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference, and related deadlines for BOTH Defendants.

Dated this 12th day of April, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge