IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

**UNITED STATES OF AMERICA**,

v.

1. **LAWRENCE RUDOLPH**,
2. **LORI MILLIRON**,

                                                        /

## JOINT MOTION FOR JUROR QUESTIONNAIRE

The parties, Lawrence Rudolph, Lori Milliron, and the United States jointly move for potential jurors to answer a case-specific questionnaire. The parties' joint proposed questionnaire is attached and we respectfully request that it be sent to potential jurors in advance of jury selection on July 11.

### Facts

As the Court is undoubtedly aware, this case has generated substantial national and even international coverage, including stories in *The New York Times*, *People Magazine*, the *Daily Mail UK*, CBS News' *48 Hours* program, and the syndicated program *Inside Edition*. Such coverage will no doubt intensify as the trial date draws closer. The parties' agreed-upon questionnaire seeks to ensure that potential jurors have not been unfairly tainted by exposure to such reports, which necessarily are based on scanty and unreliable information, much of which would be inadmissible at trial.

## Legal Argument

"[J]ury selection falls 'particularly within the province of the trial judge.'" *United States v. Tsarnaev*, 142 S.Ct. 1024, 1034 (2022) (quoting *Skilling v. United States*, 561 U.S. 358, 386 (2010)); see also, *e.g.*, *Mu'Min* v. *Virginia*, 500 U.S. 415, 424 (1991). "A trial court's broad discretion in this area includes deciding what questions to ask prospective jurors." *Id.* "[T]he district court's duty is to conduct a thorough jury-selection process that allows the judge to evaluate whether each prospective juror is 'to be believed when he says he has not formed an opinion about the case.'" *Id.* (quoting *Mu'Min*, 500 U.S. at 425).

A case-specific juror questionnaire can help trial courts satisfy their duty to suss out juror partiality or bias created by media reporting. Most recently, in *Tsarnaev*, the Court approvingly recounted the trial judge's use of a questionnaire:

> The questionnaire asked prospective jurors what media sources they followed, how much they consumed, whether they had ever commented on the bombings in letters, calls, or online posts, and, most pointedly, whether any of that information had caused the prospective juror to form an opinion about [the defendant's] guilt or punishment. The court then subjected those 256 prospective jurors to three weeks of individualized voir dire in which the court and both parties had the opportunity to ask additional questions and probe for bias. [Defense] attorneys asked several prospective jurors what they had heard, read, or seen about the case in the media. The District Court also provided emphatic and clear instructions on the sworn duty of each juror to decide the issues only on evidence presented in open court.

*Id.* at 1035 (citations omitted). In *Skilling*, the Court similarly noted that the juror questionnaire "helped to identify prospective jurors excusable for cause and served as a springboard for further questions put to remaining members of the array." 561 U.S.

at 388.

The parties agree that a juror questionnaire would likewise facilitate the empaneling of a fair jury in this case, particularly if it were mailed to potential jurors before they come to the courthouse. They would be able to answer basic questions that will have to be posed to each potential juror—including background and foundational questions as well as those relating to their exposure to media reports—at their own convenience before coming to the courthouse, which benefits the court, the parties, and the prospective jurors alike.

WHEREFORE the Court should require potential jurors in this case to complete the attached questionnaire and permit the parties reasonable time to review their answers in advance of the *voir dire.*

The parties have authorized undersigned counsel to file this joint motion and attached questionnaire.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      David Oscar Markus
      dmarkus@markuslaw.com

      /s/ A. Margot Moss
      A. Margot Moss
      mmoss@markuslaw.com