IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

**1. LAWRENCE RUDOLPH,**
2. LORI MILLIRON,

 Defendants.

---

**ORDER DIRECTING THE GOVERNMENT TO FILE A SUPPLEMENTAL PROFFER
IN SUPPORT OF ITS NOTICE OF RULE 404(b) EVIDENCE**

---

 On May 16, 2022, the Government filed its Notice of Rule 404(b) Evidence ("Notice"), in which it describes in great detail its intent to introduce evidence of a purported incident involving Defendant Lawrence Rudolph and a crocodile which occurred in 2006 at the Chinyembe hunting camp ("Crocodile Incident").  (ECF No. 118.)  On May 26, 2022, Rudolph filed his response to the Notice.  (ECF No. 130.)

 The Court has both the Notice and response under advisement.  After reviewing these filings, the Court directs the Government to file a supplemental proffer regarding its Rule 404(b) evidence, which explains the manner in which the Government intends to prove up the Crocodile Incident at trial.  To be clear, the Court has concerns that, assuming as an initial matter that the evidence is admissible, the Crocodile Incident has the potential to become a "trial within a trial," such that, pursuant to Federal Rule of Evidence 403, the probative value of the evidence would be substantially outweighed by

a danger of undue delay and potential confusion of the issues the jury must consider. The Court's analysis of the evidence of the Crocodile Incident will not only depend on the applicable legal standards, but will also consider the logistical implications of allowing evidence of the Crocodile Incident to be presented at trial.

Therefore, as it pertains to the evidence referenced in its Notice, the Court directs the Government to identify approximately how long it will take to put on this evidence, how many witnesses it intends to call in doing so, and how many exhibits it intends to use in this endeavor. The Government should also include its position on whether a *Daubert* hearing would be necessary, as suggested in Rudolph's response. Any additional information the Government can provide regarding the presentation of its Rule 404(b) evidence will aid the Court in its ruling.

The Government's supplemental proffer is due by **June 1, 2022,** and it will be limited to six pages, exclusive of attorney signature blocks and certificate of service. To the extent the Government has a meritorious basis to believe that this supplemental proffer should be filed on an *ex parte* basis, the Government may file a *succinct* motion to restrict, to which the Court will give due consideration.

Dated this 26th day of May, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge