IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**    **LAWRENCE RUDOLPH**,
2.    LORI MILLIRON,

      Defendants.
_____/

## LAWRENCE RUDOLPH'S PROPOSED INSTRUCTION

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, and this Court's practice standards, WJM Revised Practice Standards, Part VI, Lawrence Rudolph tenders his proposed instruction regarding reasonable doubt.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By:    /s/ David Oscar Markus
        David Oscar Markus
        dmarkus@markuslaw.com

        /s/ A. Margot Moss
        A. Margot Moss
        mmoss@markuslaw.com

Rudolph's requested instruction No. 1:

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

I instruct you that you must presume the Defendants to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate"—with no evidence against them. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the Defendants have committed each and every element of the offenses charged in the indictment, you must find Defendants not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority**:

1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.).

The Tenth Circuit pattern instruction omits language that the Supreme Court and the Tenth Circuit itself have repeatedly said must be included in explaining reasonable doubt to a jury. The proposed Federal Jury Pattern Instruction uses the language the Supreme Court and the Tenth Circuit prefer.

**The Tenth Circuit Pattern Instruction Ignores Binding Precedent:**

The Tenth Circuit pattern instruction is based on just two cases, neither of which actually supports it: "The definitions of reasonable doubt derives primarily from *Tillman* [*v. Cook*, 215 F.3d 1116, 1121 (10th Cir. 2000),] and is also consistent with the instruction approved in *United States v. Litchfield*, 959 F.2d 1514, 1520–21 (10th Cir. 1992)." Tenth Circuit Pattern Jury Instruction 1.05 (2021).

*Tillman* was a state habeas case in which the petitioner argued that his trial was unfair because the judge defined a lack of reasonable doubt as "an abiding conviction ... such as you would be willing to act upon in the more weighty and important matters relating to your own affairs." 215 F.3d at 1123. Regarding the "willingness to act" language, the Tenth Circuit warned "that this imprecise language could ... create future problems, and, thus, should be eliminated." Instead, courts use the "hesitate to act" language in the Federal Practice instruction. "The time has unquestionably arrived ... for the trial courts to change this instruction and to couch it in the terms prescribed by the Supreme Court of the United States." *Id.* at 1126–27 (discussing *Holland v. United States*, 348 U.S. 121 (1954), and *United States v. Leaphart*, 513 F.2d 747 (10th Cir. 1975), and stating that "'this section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act, rather than the kind on which he would be willing to act'").

Instead of doing that, the pattern jury instructions eliminates any description of what a reasonable doubt is. That pattern instruction, therefore, fails to do what the Supreme Court and the Tenth Circuit have directed federal district courts to do.

*Litchfield* did not purport to set forth a model or pattern definition of reasonable doubt for later cases. That case reviewed the district court's reasonable-doubt instruction only for plain error. Moreover, *Litchfield* did not analyze the challenged instruction but just relied on *United States v. Barrera-Gonzales*, 952 F.2d 1269 (10th Cir. 1992). "The instant case is controlled by *Barrera*; it involves the same instruction, the same plain error standard, and the same repeated emphasis on the term 'reasonable doubt.'" *Litchfield*, 959 F.2d at 1521. The appellant in *Barrera* argued that the challenged instruction omitted "the standard formulation that reasonable doubt is a doubt that would cause a reasonable person to hesitate to act." 952 F.2d at 1270–71. The *Barrera* court affirmed the conviction **only** because the error was not plain—not because the instruction was proper. The court explicitly said that the instruction approved in *Barrera*, and later in *Litchfield*, is **not** a model to be followed: "The challenge does, however, cause this court to caution the trial courts, just as we did in *Leaphart*, *supra*, that a preferred reasonable doubt instruction is one couched in the Supreme Court's 'hesitate to act' language." *Id.* at 1273.

Because the Federal Practice Instruction uses the "hesitate to act" language that both the Supreme Court and the Tenth Circuit have urged district courts to employ, that is the instruction that this Court should give.