**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.   22-cr-00012-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LAWRENCE RUDOLPH and
LORI MILLIRON

      Defendants.

---

**STIPULATED PROPOSED JURY INSTRUCTIONS**

---

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the attached instructions in its charge to the jury. The parties request leave to offer additional instructions, should a special need arise during the trial. The parties also jointly stipulate to the proposed verdict form included herein.

      The parties disagree on the proper instruction regarding proof beyond a reasonable doubt and how to describe inferences. The parties also dispute the portion of the venue instruction highlighted and set off in brackets below.   Other portions that may or may not be used, depending on the circumstances of trial, are also highlighted and set off in brackets. Pursuant to this Court's standard practices, WJM Revised Practice Standards, Part VI, the parties will separately submit their disputed instructions and the relevant authority.

Respectfully submitted this 22nd day of June, 2022.

COLE FINEGAN
United States Attorney

By:     */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:     */s E. Garreth Winstead*
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By:     /s *J. Bishop Grewell*
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2022, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record

By:   */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

**TABLE OF CONTENTS**

PART 1:   GENERAL INSTUCTIONS & EVIDENTIARY CONSIDERATIONS .................... 3

JOINT INSTRUCTION NO. 1: STATEMENT OF THE CASE ................................................. 3

JOINT INSTRUCTION NO. 2: INTRODUCTION TO FINAL INSTRUCTIONS ................. 4

JOINT INSTRUCTION NO. 3: JURORS' DUTIES .................................................................. 5

JOINT INSTRUCTION NO. 4: EVIDENCE—DEFINED ........................................................ 6

JOINT INSTRUCTION NO. 5:   DIRECT AND CIRCUMSTANTIAL EVIDENCE ............. 7

JOINT INSTRUCTION NO. 6: STIPULATIONS ...................................................................... 8

JOINT INSTRUCTION NO. 7: NUMBER OF WITNESSES .................................................. 9

JOINT INSTRUCTION NO. 8: CREDIBILTIY OF WITNESSES ......................................... 10

JOINT INSTRUCTION NO. 9: EXPERT WITNESS ............................................................. 12

JOINT INSTRUCTION NO. 10: IMPEACHMENT BY PRIOR INCONSISTENCIES ........ 14

JOINT INSTRUCTION NO. 11: WITNESS'S USE OF ADDICTIVE DRUGS .................... 15

JOINT INSTRUCTION NO. 12: "ON OR ABOUT" ............................................................... 16

JOINT INSTRUCTION NO. 13: CONSIDER ONLY CRIME CHARGED ........................... 17

JOINT INSTRUCTION NO. 14: CAUTION—PUNISHMENT ............................................. 18

JOINT INSTRUCTION NO. 15: INDICTMENT NOT EVIDENCE ...................................... 19

JOINT INSTRUCTION NO. 16: VENUE ................................................................................. 20

PART II: ELEMENTS OF CRIMES CHARGED ..................................................................... 22

JOINT INSTRUCTION NO. 17: FOREIGN MURDER ......................................................... 23

JOINT INSTRUCTION NO. 18: MAIL FRAUD—ELEMENTS ........................................... 25

JOINT INSTRUCTION NO. 19: "KNOWINGLY" ................................................................ 27

JOINT INSTRUCTION NO. 20: ACCESSORY-AFTER-THE-FACT ................................... 28

JOINT INSTRUCTION NO. 21: OBSTRUCTION ................................................................. 29

JOINT INSTRUCTION NO. 22: PERJURY ............................................................................ 30

JOINT INSTRUCTION NO. 23: UNANIMITY OF THEORY ............................................. 32

PART III: DELIBERATION AND JURY FORM ...................................................................... 34

JOINT INSTRUCTION NO. 24: MULTIPLE DEFENDANTS—MUTLIPLE COUNTS ..... 35

JOINT INSTRUCTION NO. 25: DUTY TO DELIBERATE .................................................. 36

JOINT INSTRUCTION NO. 26: COMMUNICATION WITH THE COURT ....................... 38

PART IV:   THE INDICTMENT .............................................................................................. 39

JOINT INSTRUCTION NO. 27: THE INDICTMENT .......................................................... 39

COUNT 1 .................................................................................................................................... 39

1

COUNT 2 ........................................................................................................................... 39

COUNT 3 ........................................................................................................................... 40

COUNT 4 ........................................................................................................................... 41

COUNT 5 ........................................................................................................................... 41

COUNT 6 ........................................................................................................................... 42

COUNT 7 ........................................................................................................................... 43

COUNT 8 ........................................................................................................................... 43

COUNT 9 ........................................................................................................................... 44

JOINT PROPOSED VERDICT FORM ......................................................................... 46

**PART 1:   GENERAL INSTUCTIONS & EVIDENTIARY CONSIDERATIONS**

**JOINT INSTRUCTION NO. 1:**
**STATEMENT OF THE CASE**

This case concerns the death of Bianca Rudolph in the country of Zambia on October 11, 2016.  Defendant Lawrence Rudolph is accused in a superseding indictment of murdering his wife, Bianca, in violation of the foreign murder statute, Title 18, United States Code, Sections 1111 and 1119, and of submitting materially false and fraudulent claims to life insurers by mail in violation of  the mail fraud statute, Title 18, United States Code, Sections 1341 and 2.   Dr. Rudolph, a dentist by profession, denies that he is guilty of any crime and maintains that his wife's death resulted from an accident. He has pleaded Not Guilty to both charges. Defendant Lori Milliron is accused in the same superseding indictment of comforting and assisting Lawrence Rudolph as an accessory-after-the-fact to the murder in violation of Title 18 U.S.C. § 3 to prevent his trial or punishment by providing untruthful testimony before the grand jury.   She is also accused of obstructing a grand jury investigation in violation of 18 U.S.C. § 1505 and of specific instances of perjury before a grand jury in violation of 18 U.S.C. § 1621. Ms. Milliron denies that she committed any of these crimes and maintains she was truthful in the grand jury. She has pleaded Not Guilty to the charges. Both Dr. Rudolph and Ms. Milliron are presumed innocent.

## JOINT INSTRUCTION NO. 2:
## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.

 It is also my duty, now, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.   These instructions will be given to you for use in the jury room, so you need not take notes.

### **Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.03 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 3:**
**JURORS' DUTIES**

You, as jurors, are the judges of the facts.   But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.   However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.   That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.04 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 4:**
**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.   I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see.   And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.   You must completely ignore all of these things.   Do not even think about them.   Do not speculate about what a witness might have said or what an exhibit might have shown.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.06 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

## JOINT INSTRUCTION NO. 5:
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.   The law simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.   An inference is a conclusion that reason and common sense may lead you to draw from the facts which have been proven.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.07 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 6:**
**STIPULATIONS**

The evidence in this case consists of not only the sworn testimony of the witnesses but also facts that have been agreed to or stipulated.   When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.   You are not required to do so, however, since you are the sole judge of the facts.

In this case, as the parties stipulated as follows:

[LIST STIPULATIONS HERE]

**<u>Authority</u>**

Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

8

**JOINT INSTRUCTION NO. 7:**
**NUMBER OF WITNESSES**

The number of witness testifying for or against a certain fact does not, by itself, prove or disprove that fact.

**<u>Authority</u>**

Model Criminal Jury Instructions Committee, Colorado Supreme Court, E04 (2020 Ed.)

**JOINT INSTRUCTION NO. 8:**
**CREDIBILTIY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses, [including the defendants], who testified in this case.   You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.   In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either the government or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which the witness testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.   And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

10

[The testimony of the defendants should be weighed and their credibility evaluated in the same way as that of any other witness.]

OR

[The defendants did not testify and I remind you that you cannot consider their decision not to testify as evidence of guilt.   I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.   That means the right not to testify or call any witnesses.   That is a constitutional right in this country; it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.08 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 9:**
**EXPERT WITNESS**

During the trial you heard the testimony of the following expert witnesses:

- Dr. Stephen Cina, concerning a forensic medical examination of Bianca Rudolph's death

- Dr. Daniel Maswahu, concerning the autopsy of Bianca Rudolph

- Dr. Bruce Bradtmiller, concerning an anthropometric study

- Dr. Richard Vorder Bruegge, concerning a photogrammetry analysis

- Dr. James Caruso, concerning a forensic medical examination of a thumb wound

- Stephen DeFrance, concerning shotgun ballistics

- Thomas Griffin, concerning blood spatter evidence

- Steve Rodgers, concerning the manufacture of ammunition

- Ryan Cook, concerning the manufacture and design of the Browning A5 semi-automatic shotgun

- Erin Newton, concerning forensic accounting

- Donald Peterson, concerning the use of the FARO camera

- James Padish, on the law of divorce in Arizona

- Peter Milnes, on life insurance policies

- Lucien C. Haag, concerning shotgun ballistics

- Dr. Michael Baden, concerning a forensic medical examination of Bianca Rulph's death

- Paulette Sutton, concerning blood spatter evidence

- Mitchell Hoffman, concerning forensic accounting

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist

the jury in understanding the evidence or in determining a fact in issue.   A witness who has

12

knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.   You should consider opinion testimony just as you consider other testimony in this trial.   Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

### **Authority**

Pattern Crim. Jury Instr. 10th Cir. 1.17 (2021 ed.).

**JOINT INSTRUCTION NO. 10:**
**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of one or more witnesses who, before this trial, made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable these witnesses' testimony was in this trial.   You cannot use these statements as proof of anything else.   You can only use them as one way of evaluating their testimony here in court.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.10 (2011 ed Updated Jan. 2017); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

## JOINT INSTRUCTION NO. 11:
## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

[Name of witness] may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.16 (2021 ed.)

15

## JOINT INSTRUCTION NO. 12:
## "ON OR ABOUT"

You will note that the Superseding Indictment charges that the crimes were committed on or about certain dates.   The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near those dates.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.18 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

16

## JOINT INSTRUCTION NO. 13:
## CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   The defendant is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.   The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.19 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

## JOINT INSTRUCTION NO. 14:
## CAUTION—PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be.   You should not discuss or consider the possible punishment in any way while deciding your verdict.

### <u>Authority</u>

Pattern Crim. Jury Instr. 10th Cir. 1.20 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 15:**
**INDICTMENT NOT EVIDENCE**

An indictment is only a formal method used by the government to accuse a defendant of a crime.   It is not evidence of any kind against the defendants.   Lawrence Rudolph and Lori Milliron are presumed to be innocent of the crimes charged.

Lawrence Rudolph and Lori Milliron have pleaded "Not Guilty" to the Superseding Indictment.   Therefore, each denies being guilty of the charges contained in the Superseding Indictment.

**<u>Authority</u>**

1A Fed. Jury Prac. & Instr. § 13:04 (6th ed. 2015).

## JOINT INSTRUCTION NO. 16:
### VENUE

The events presented at trial happened in various places.   There is no requirement that all the acts making up a crime happen in the District of Colorado. However, the law imposes certain limits on where the government can charge and try a defendant, and you must find that those limits were respected in this case for each individual count.

In a case where the alleged crime was committed outside of the United States, such as that charged in Count 1, venue is proper in any district where the accused "is arrested or is first brought" in connection with the offense charged.

In the case of mail fraud, such as that charged in Count 2, venue is proper in any district where the particular piece of mail at issue was sent, passed through, or was received.

For the alleged crime of accessory-after-the-fact charged in Count 3, venue is proper in any district where the accused comforts or assists an offender in order to hinder or prevent his trial or punishment.

For the alleged crime of obstruction charged in Count 4, venue is proper in any district where the accused endeavors to influence, obstruct or impede the due administration of justice.

[For the alleged crime of perjury before a grand jury charged in Counts 5 -9, venue is proper in the district where the grand jury was convened.

Unlike all the other elements of the crime that I will describe for you, venue is a fact that the government only has to prove by a "preponderance of the evidence," which is a lower standard than proof beyond a reasonable doubt.   The "preponderance of the evidence" standard means the government only has to convince you that it is more likely than not that venue is proper.   If you find that venue is improper for any count, you must acquit the defendant of that charge. If you find it is more likely than not that venue is proper, you should continue to determine whether all

20

of the other elements of the crimes I will describe for you have been proven beyond a reasonable doubt.]

**<u>Authority</u>**

Pattern Crim. Jury Instr. 3d Cir. 3.09 (2021 ed.); Pattern Crim. Jury Instr. 8th Cir. 3.13 (2020 ed.)

## **PART II: ELEMENTS OF CRIMES CHARGED**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.   Now I will explain the elements of the crimes with which the defendant is charged.

## JOINT INSTRUCTION NO. 17:
## FOREIGN MURDER

The defendant, LAWRENCE RUDOLPH, is charged in the first count of the Indictment with a violation of 18 U.S.C. § 1119.

This law makes it a crime for one United States national to unlawfully kill with malice aforethought another United States national outside the United States but within the jurisdiction of another country.   Any kind of willful, deliberate, malicious, and premeditated killing is murder in the first degree.

To find Lawrence Rudolph guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Lawrence Rudolph caused the death of Bianca Rudolph,

*Second*: Lawrence Rudolph killed Bianca Rudolph with malice aforethought;

*Third*: the killing was premeditated; and

*Fourth*: the killing took place outside the United States but within the jurisdiction of another country;

*Fifth*: Lawrence Rudolph was a national of the United States;

*Sixth*: Bianca Rudolph was a national of the United States.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.   To find malice aforethought, you need not be convinced that the defendant hated the person, or felt ill will toward the person at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation.   The amount of time needed for premeditation of a killing depends on the person and the circumstances.   It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all of the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the defendant's mind, before and at the time of the killing.

A person is a "national of the United States" if he or she is a citizen of the United States. A person born in the United States is a citizen.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 2.52 (2021 ed.) *United States v. Henthorn*, 14-cr-448 - RBJ, ECF No. 109 (Sept. 21, 2015) (modified); 8 U.S.C. §  1101(a)(22).

.

## JOINT INSTRUCTION NO. 18:
## MAIL FRAUD—ELEMENTS

Count Two of the Indictment charges defendant LAWRENCE RUDOLPH with violating Title 18, United States Code, Section 1341.

This law makes it a crime to use the mails in carrying out a scheme to defraud or a scheme to obtain money or property by means of false or fraudulent pretenses, representations or promises.

To find that defendant Lawrence Rudolph committed the crime of mail fraud you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Lawrence Rudolph devised or intended to devise a scheme to defraud the life insurance companies identified during this trial by making false and fraudulent representations that the death of Bianca Rudolph was an accident to obtain life insurance proceeds;

*Second*: Lawrence Rudolph acted with specific intent to defraud;

*Third*: Lawrence Rudolph caused another person to mail something through a private or commercial instate carrier for the purpose of carrying out the scheme;

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

An "intent to defraud" means an intent to cheat someone out of money or property by means of deception.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proven beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Superseding Indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.   To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 2.56 (2021 ed.).

**JOINT INSTRUCTION NO. 19:**
**"KNOWINGLY"**

The word "knowingly" means that an act was done voluntarily and intentionally, and not because of mistake or accident.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.37 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

## JOINT INSTRUCTION NO. 20:
## ACCESSORY-AFTER-THE-FACT

Count Three of the Indictment charges defendant Lori Milliron with violating Title 18, United States Code, Section 3.

This law makes it a crime for anyone, knowing that a crime against the United States has been committed, to obstruct justice by giving assistance to another person who committed that crime, in order to hinder or prevent that person's apprehension or punishment.   A person who does this is called an accessory after the fact.

In this case, defendant Lori Milliron is not charged with actually committing the crime of foreign murder charged in Count 1.   Instead, she is charged with helping codefendant Lawrence Rudolph try to avoid being arrested, prosecuted or punished for that crime.

To find Lori Milliron guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Lawrence Rudolph committed the crime of foreign murder alleged in Count 1, which is an offense against the United States;

*Second*: Lori Milliron knew that Lawrence Rudolph had already committed the crime of foreign murder committed in Count One;

*Third*: Lori Milliron then helped Lawrence Rudolph try to avoid being arrested, prosecuted or punished;

*Fourth*: Lori Milliron did so with the intent to help Lawrence Rudolph avoid being arrested, prosecuted or punished.


**Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.07 (2021 ed.).

28

## JOINT INSTRUCTION NO. 21:
## OBSTRUCTION

Defendant Lori Milliron is charged in Count Four with a violation of 18 U.S.C. section 1503(a).

This law makes it a crime for anyone corruptly to endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding.

To find Lori Milliron guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: there was a proceeding pending before a federal grand jury;

*Second*: Lori Milliron knew of the pending proceeding before the grand jury and endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and

*Third*: Lori Milliron's act was done "corruptly," that is, she acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

It is not necessary to show that Lori Milliron was successful in achieving the forbidden objective, only that she corruptly tried to achieve it in a manner which she knew was likely to influence, obstruct, or impede the due administration of justice as the natural and probable effect of her actions.

### **Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.62 (2021 ed.).

## JOINT INSTRUCTION NO. 22:
## PERJURY

The defendant Lori Milliron is charged in Counts 5 through 9 with a violation of 18 U.S.C. section 1623(a).

This law makes it a crime for anyone under oath to make a false material statement in a proceeding before a United States grand jury.   To find Lori Milliron guilty of these crimes you must be convinced that the government has proved each of the following beyond a reasonable doubt with respect to each Count:

*First*: Lori Milliron made the statement while under oath in a grand jury proceeding as charged;

*Second*: such statement was false in one or more of the respects charged;

*Third*: Lori Milliron knew such statement was false when she made it; and

*Fourth*: the false statement was material to the grand jury proceeding.

As I instructed you with regard to mail fraud, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision required to be made. The statement need not actually have influenced the decision so long as it had the potential or capability of doing so.

In reviewing the statement alleged to be false, you should consider such statement in the context of the sequence of questions asked and answers given.   You should give the words used their common and ordinary meaning unless the context clearly shows that a different meaning was mutually understood by the questioner and Lori Milliron.

If you find a particular question was ambiguous and Lori Milliron truthfully answered one reasonable interpretation of the question under the circumstances presented, then such answer would not be false.   Similarly, if you find the question was clear but the answer was

ambiguous, and one reasonable interpretation of such answer would be truthful, then such answer would not be false.

## **Authority**

Pattern Crim. Jury Instr. 10th Cir. 2.66 (2021 ed.).

**JOINT INSTRUCTION NO. 23:**
**UNANIMITY OF THEORY**

Count Seven charges Lori Milliron with making one false statement. But Counts Five, Six, Eight, and Nine of the indictment each charge Lori Milliron with making more than one false statement.

Specifically, Count Five of the indictment alleges that she made false statements when she testified:

(1) that she did not recall having any other substantial source of cash income while working at Three Rivers,

(2) that she did not recall depositing approximately $20,000 in cash into her PNC bank account in 2014, and

(3) that she did not recall depositing $60,000 in cash into her PNC bank account in 2015.

Count Six alleges that she made false statements when she testified:

(1) that she did not know why Lawrence Rudolph was so generous in giving cash to her in 2015 and 2016, and

(2) that she does not know exactly why he gave her $60,000 in 2015.

Count Eight alleges that she made false statements when she testified:

(1) that she never gave him an ultimatum that he needed to leave his wife,

(2) that she doesn't remember ever threatening to break off her affair with Lawrence Rudolph,

(3) that she never told anyone at the office that she was thinking of leaving Lawrence Rudolph, and

(4) that she had never told anyone at the office that she had given Lawrence Rudolph at ultimatum that he needed to leave his wife.

Count Nine alleges that she made false statements when she testified:

32

(1) that Lawrence Rudolph probably proclaimed his innocence to her, but she does not recall, and

(2) that Lawrence Rudolph generally told her that he was irritated with the FBI investigation of his wife's death because he felt he was innocent.

The government does not have to prove all of the false statements within those perjury counts for you to return a guilty verdict on those counts.   If you reach a unanimous finding that the government proved even one of the particular instances of false testimony charged in Counts Five, Six, Eight and Nine, then you should convict Lori Milliron on that particular count. But to return a guilty verdict on any perjury count, all of you must agree on at least one specific statement in that count that has been proved false.

## Authority

Pattern Crim. Jury Instr. 10th Cir. 1.24 (2021 ed.) (modified for specificity to perjury); *United States v. Sarihifard*, 155 F.3d 301, 309-310 (4th Cir. 1998).

## **PART III: DELIBERATION AND JURY FORM**

That concludes my part of the instructions explaining the law that applies in this case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

**JOINT INSTRUCTION NO. 24:**
**MULTIPLE DEFENDANTS—MUTLIPLE COUNTS**

If you conclude that the defendant Lawrence Rudolph is not guilty of Count One

charging Foreign Murder then you should also conclude that defendant Lori Milliron is not guilty

of Count 3 for being an accessory-after-the-fact to foreign murder because one cannot be an

accessory to a crime that did not occur.

However, if you conclude that the defendant Lawrence Rudolph is guilty of Count 1

charging Foreign Murder then you can also conclude that the first element of the crime of being

an accessory-after-the-fact charged in Count 3 has been met because you will have concluded

that someone else committed a crime.

The defendants in this case are charged with separate crimes in each count of the

indictment.   Except for Count 3 charging Lori Milliron with accessory-after-the-fact, you must

separately consider the evidence against each defendant on each count and return a separate

verdict for each defendant.   Except as I instructed you earlier regarding the relationship between

Counts 1 and Count 3, your verdict as to any one defendant or count, whether it is guilty or not

guilty, should not influence your verdict as to any other defendant or counts.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.22 (2021 ed.) (modified).

**JOINT INSTRUCTION NO. 25:**
**DUTY TO DELIBERATE**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.   Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions.   Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.   Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are the judges – judges of the facts.   You must decide whether the government has proved the defendants guilty beyond a reasonable doubt.

The Court has prepared Verdict Forms for your convenience.   They read as follows:

36

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on each Verdict Form.

Only one copy of each Verdict Form will be provided to you.   If you make an error on either form, please tell the bailiff.   The bailiff will destroy the erroneous form and a blank form will be provided.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff.   I will either reply in writing or bring you back into the count to respond to your message.   Under no circumstances should you reveal to me the numeral division of the jury.

<u>**Authority**</u>

Pattern Crim. Jury Instr. 10th Cir. 1.23 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

**JOINT INSTRUCTION NO. 26:**
**COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.   That is your exclusive responsibility.

**<u>Authority</u>**

Pattern Crim. Jury Instr. 10th Cir. 1.44 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017).

## PART IV:   THE INDICTMENT

[*In cases with lengthy indictments, the Indictment will be provided to the jury in hard copy form at this place in the instructions, but is not read to the jury by the Court.*]

### JOINT INSTRUCTION NO. 27:
### THE INDICTMENT

### COUNT 1

1.       On or about October 11, 2016, the defendant LAWRENCE RUDOLPH, being a national of the United States as defined by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(22), willfully, deliberatively, maliciously, and with premeditation and malice aforethought, unlawfully killed Bianca Rudolph, a national of the United States as likewise defined by the Immigration and Nationality Act, while she was outside the United States but within the jurisdiction of another country.

All in violation of Title 18, United States Code, Sections 1119 and 1111.

### COUNT 2

2.       Beginning no later than October 11, 2016, and continuing until on or about March 16, 2017, within the state and district of Colorado and elsewhere, the defendant LAWRENCE RUDOLPH, devised and intended to devise a scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property, to wit a total of approximately $4,877,744.93 in U.S. currency, from LIFE INSURANCE COMPANIES 1-7, the identities of which are known to the Grand Jury.

3.       LAWRENCE RUDOLPH defrauded LIFE INSURANCE COMPANIES 1-7 by means, of among others, the false and fraudulent pretense, representation and promise that Bianca Rudolph had died as the result of the accidental discharge of a firearm when, in fact, she had been murdered as alleged in COUNT 1.

4.       On or about the dates listed below, in the State and District of Colorado and

39

elsewhere, for the purpose of executing the scheme, defendant LAWRENCE RUDOLPH knowingly caused and aided and abetted others who knowingly caused to be delivered by the interstate commercial carrier identified below addressed to the address listed below, according to the direction thereon, an envelope containing documents related to the life insurance policy identified below:

| Date | Company | Policy/Certificate Number | Address Where Sent | Carrier |
|------|---------|---------------------------|--------------------|---------|
| 1/18/17 | LIFE INSURANCE COMPANY 1 | 104TLP 105665 | 116 Inverness Drive East Englewood, CO 80112 | Federal Express |

All in violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNT 3</u>

5.      On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, knowing that an offense against the United States had been committed, that is the foreign murder described in Count 1, did comfort and assist the offender, LAWRENCE RUDOLPH, in order to hinder his trial and punishment.

All in violation of 18 United States Code, Section 3.

<u>COUNT 4</u>

6.      On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON corruptly influenced, obstructed and impeded and endeavored to influence, obstruct and impede the due administration of justice, to wit, MILLIRON provided false and misleading testimony to a grand jury sitting in the District of Colorado regarding (i) the circumstances of cash payments made to her by LAWRENCE RUDOLPH in 2015, 2016 and 2017, (ii) the nature, scope, and circumstances of her relationship with LAWRENCE RUDOLPH, (iii) the nature and circumstances of LAWRENCE RUDOLPH's relationship with Bianca Rudolph, (iv) whether she gave LAWRENCE RUDOLPH an ultimatum to leave his wife, (v) what LAWRENCE RUDOLPH told her about the circumstances of the death of Bianca Rudolph, AND (vi) her discussion with LAWRENCE RUDOLPH about a pending investigation by the Federal Bureau of Investigation.

All in violation of Title 18 United States Code § 1503(a)

<u>COUNT 5</u>

7.      On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      At the time you were working at Three Rivers, did you have any other substantial source of cash income?

A:      <u>I don't recall</u>

Q:      Do you recall making – well, how frequently do you think you deposited cash into your personal account?

A:      I don't know. I couldn't say

. . . .

Q:     Take a look at Exhibit 2. This is an analysis of cash deposits into your PNC Bank account. Do you recall depositing approximately $20,000 in cash into that account in 2014?

A:     <u>No, I don't.</u>

Q:     $60,000 in 2015?

A:     <u>No, I don't.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT 6

8.     On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:     Why was Larry paying you this additional money if you already had a salary for those things?

A:     Because he wanted to help me.

Q:     Did he explain why?

A:     He was very generous.

. . . .

Q:     So in 2015 you received approximately double your salary — or your salary again but all in cash?

A:     Yes

Q:     And in 2016 you received a little bit more than your salary in cash?

A:     Yes.

Q:     Why was Larry so generous to you?

42

A:      <u>I don't know why.</u>   But like I said, he would give other — staff members, he would buy them washers and dryers. He would give them cash if they needed it, a whole variety of things.

Q:      So your testimony before the members of the Grand Jury today is that you don't know exactly why he gave you $60,000 in 2015?

A:      <u>I don't know exactly why</u>.

All in violation of Title 18, United States Code, Section 1623(a).

COUNT 7

9.      On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Ms. Milliron, if you'll notice there was $75,000 in 2016 with $33,500 in 2017. Do you see that?

A:      Yes.

Q:      Why would he give you less in 2017?

A:      I don't know why.

        . . . .

Q:      He gave you approximately $75,450 in 2016 and in 2017 he gave you $33,350. I believe your testimony earliest was that you weren't sure why he gave you less in 2017. Do you now remember why he might have given you less in 2017?

A:      No.   I don't know why.

Q:      Was it because at that point you were on his American Express card?

A:      <u>No.   The card was basically part of my — it's a Three Rivers Dental card.   It was part of my perks, I guess.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT 8

43

10.      On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Before that hunt had you ever given him an ultimatum that he needed to leave his wife?

A:      <u>I don't believe so.</u>

Q:      You don't believe so or you did not?

A:      <u>I don't think I did.</u>

Q:      Could he have — well, did you ever threaten to break off the affair?

A:      <u>I don't remember.</u>

         . . . .

Q:      So you said you don't think you could have given an ultimatum.   Ms. Milliron, yes or no, did you ever give him an ultimatum?

A:      <u>No.</u>

         . . . .

Q:      Did you ever tell anyone at the office you were thinking about leaving Mr. Rudolph?

A:      <u>No.</u>

Q:      Did you ever tell anyone at the office that you had given Mr. Rudolph an ultimatum that he needed to leave his wife?

A:      <u>No, I did not.</u>

All in violation of Title 18, United States Code, Section 1623(a).

<u>COUNT 9</u>

11.     On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury of the United States sitting in the District of Colorado, knowingly made false material declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Did he say anything about the merits of an investigation?

A:      I don't recall.

Q:      Did he say anything about whether it was an accident?

A:      No. He had told me previously it was an accident.

        . . . .

Q:      Did he proclaim his innocence?

A:      He probably did.   I don't really recall that.

Q:      What do you recall?

A:      I really don't recall.

Q:      As you sit here today with the members of the Grand Jury, you don't recall a conversation with Mr. Rudolph about an FBI investigation?

A:      There has been a conversation about that, but I think he was aggravated. I can't give you specifics.

Q:      Can you give me generalities?

A:      Irritated that there was an FBI investigation because he felt he was innocent.

All in violation of Title 18, United States Code, Section 1623(a).

## JOINT PROPOSED VERDICT FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**The Honorable William J. Martinez**

Criminal Case No.:   22-cr-00012-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LAWRENCE RUDOLPH and
LORI MILLIRON,

     Defendants.

---

## VERDICT FORM

---

## COUNT 1

We, the jury, upon our oaths, do unanimously find the defendant, LAWRENCE

RUDOLPH, in Count One of the Superseding Indictment charging foreign murder:

    _____     Not Guilty

    _____     Guilty

## COUNT 2

We, the jury, upon our oaths, do unanimously find the defendant, LAWRENCE

RUDOLPH, in Count Two of the Superseding Indictment charging mail fraud:

    _____     Not Guilty

    _____     Guilty

## COUNT 3

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in Count Three of the Superseding Indictment charging accessory-after-the-fact to the foreign murder charged in Count One:

    _____    Not Guilty

    _____    Guilty

## COUNT 4

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in Count Four of the Superseding Indictment charging obstruction of a grand jury proceeding:

    _____    Not Guilty

    _____    Guilty

## COUNT 5

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in Count Five of the Superseding Indictment charging perjury before a grand jury:

    _____    Not Guilty

    _____    Guilty

## COUNT 6

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in Count Six of the Superseding Indictment charging perjury before a grand jury:

    _____    Not Guilty

    _____    Guilty

## COUNT 7

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in Count Seven of the Superseding Indictment charging perjury before a grand jury:

_____     Not Guilty

_____     Guilty

## **COUNT 8**

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in

Count Eight of the Superseding Indictment charging perjury before a grand jury:

_____     Not Guilty

_____     Guilty

## **COUNT 9**

We, the jury, upon our oaths, do unanimously find the defendant, LORI MILLIRON, in

Count Nine of the Indictment charging perjury before a grand jury:

_____     Not Guilty

_____     Guilty


_____
FOREPERSON

48