IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE RUDOLPH and
LORI MILLIRON

    Defendants.

---

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

---

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, and this Court's practice standards, WJM Revised Practice Standards, Part VI, the government hereby tenders its instructions regarding (1) reasonable doubt,(2) evaluation of defendant statements and (3) the disjunctive and/or. The government objects to the defendant's proposed instruction on reasonable doubt.

Respectfully submitted this 22nd day of June, 2022.

COLE FINEGAN
United States Attorney

| By: /s Bryan Fields | By: /s E. Garreth Winstead | By: /s J. Bishop Grewell |
|---|---|---|
| Bryan Fields | E. Garreth Winstead | J. Bishop Grewell |
| Assistant United States Attorney | Assistant United States Attorney | Assistant United States Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office | U.S. Attorney's Office |
| 1801 California St. Suite 1600 | 1801 California St. Suite 1600 | 1801 California St. Suite 1600 |
| Denver, CO 80202 | Denver, CO 80202 | Denver, CO 80202 |
| (303) 454-0100 | (303) 454-0100 | (303) 454-0100 |
| Bryan.Fields3@usdoj.gov | Garreth.Winstead@usdoj.gov | Bishop.Grewell@usdoj.gov |
| Attorney for the Government | Attorney for the Government | Attorney for the Government |

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record

|  |  |
|--|--|
| By: | /s Bryan Fields |
|  | Bryan Fields |
|  | Assistant United States Attorney |
|  | U.S. Attorney's Office |
|  | 1801 California St. Suite 1600 |
|  | Denver, CO 80202 |
|  | (303) 454-0100 |
|  | Bryan.Fields3@usdoj.gov |
|  | Attorney for the Government |

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 1:
## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of a crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

### Authority

Pattern Crim. Jury Instr. 10th Cir. 1.05 (2021 ed.); Charge of the Honorable William J. Martinez, *United States v. Yurek*, 15-cr-00394-WJM, ECF No. 257 (July 27, 2017); *United States v. Petty*, 856 F.3d 1306, 1310-11 (10th Cir. 2017) (concluding that "firmly convinced" language is a correct and comprehensible statement of the reasonable doubt standard); *Monk v. Zelez*, 901 F.2d 885, 889 (10th Cir. 1990) (noting with approval other circuit's observation that "there is a substantial difference between a juror's verdict of guilt beyond a reasonable doubt and a person making a judgment in a matter of personal importance to him.") (citation and quotation omitted); *Victor v. Nebraska*, 511 U.S. 23 (1994) (Ginsburg, J., concurring) (criticizing "hesitate to act language" and drawing on federal judiciary center committee notes and other circuit court admonitions).

## Statement in Support

The Tenth Circuit has concluded that it is "difficult to articulate the subtle differences between these standards of proof." *United States v. Schell*, 692 F.2d 672, 676 (10th Cir. 1982). The firmly convinced language in the Tenth Circuit's instruction plainly goes beyond the highly-probable belief required to meet the clear-and-convincing standard.

It is simply not true that the pattern instruction "eliminates any description of what a reasonable doubt is," or that it "fails to do what the Supreme Court and the Tenth Circuit have directed federal courts to do." It clearly defines reasonable doubt as "proof that leaves you firmly convinced of the defendant's guilt."

The firmly convinced language comes from the Federal Judicial Center's instruction endorsed by the Tenth Circuit. *United States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995). The alternative, "hesitate to act," language has been criticized by the Judicial Conference, as Justice Ginsburg noted in her *Victor* concurrence:

> [B]ecause the analogy it uses seems misplaced. In the decisions people make in the most important of their own affairs, resolution of conflicts about past events does not usually play a major role. Indeed, decisions we make in the most important affairs of our lives—choosing a spouse, a job, a place to live, and the like—generally involve a very heavy element of uncertainty and risk-taking. They are wholly unlike the decisions jurors ought to make in criminal cases.

*Victor v. Nebraska*, 511 U.S. 23, 24 (1994)(Ginsburg, J., concurring).

Finally, the Tenth Circuit has, of course, endorsed its own pattern. While *United States v. Barrera-Gonzales*, 952 F.2d 1269 (10th Cir. 1992) may have involved plain error, cases citing it since have upheld the pattern upon full review. *United States v. Petty*, 856 F.3d 1306, 1310 (10th Cir. 2017) ("the 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of 'a real possibility' that the defendant is not guilty, is a correct and

3

comprehensible statement of the reasonable doubt standard.")(quoting *United States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995)).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 2: EVALUATION OF DEFENDANT STATEMENTS

Statements knowingly and voluntarily made by Lawrence Rudolph during the course of the events surrounding Bianca Rudolph's death may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime.   Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

Any testimony concerning a false exculpatory statement by a defendant is in no way attributable to any other defendant on trial in this case and may not be considered by you in determining whether the government has proven the charge[s] against any other defendant beyond a reasonable doubt.

**Authority**

1A *Fed. Jury Prac. & Instr.*, § 14:06 (6th ed. 2015) (modified); Pattern Crim. Jury Instr. 6th Cir. 7.14 (2021 ed.) *United States v. Davis*, 437 F.3d 989, 996 (10th Cir. 2006) (concluding that such an instruction is proper where supported by evidence and constitutes an accurate statement of the law)

## Statement in Support

The circuits are nearly unanimous in their view that false exculpatory statements are properly admissible as evidence of guilt. *United States v. Litchfield*, 840 F.2d 143, 148 (1st Cir. 1998) (noting that an instruction like this is appropriate when evidence shows an action, like making a false statement, that can be considered evidence of consciousness of guilt); *United States v. Dawkins*, 999 F.3d 767, 776 (2d Cir. 2021)(noting instruction is appropriate when there is evidence defendant made false statements in an effort to appear innocent); *Gov't of Virgin Islands v. Testamark*, 570 F.2d 1162, 1168 (3d Cir. 1978) (finding no error in giving instruction); *United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981) ("Such instructions have long been accepted by the courts."); *United States v. Pringle*, 576 F.2d 1114, 1120 (5th Cir. 1978) (approving similar instruction where judge prefaced it by explaining he was not commenting on evidence but merely drawing attention to legal considerations); *United States v. Hudson*, 717 F.2d 1211, 1215 (8th Cir. 1983) (concluding that false exculpatory statements are properly admissible as substantive evidence of consciousness of guilt); *United States. Boekelman*, 594 F.2d 1238, 1240-41 (9th Cir. 1979) (approving version of this instruction); *United States v. Davis*, 437 F.3d 989, 996 (10th Cir. 2006) (concluding that such an instruction is proper where supported by evidence and constitutes an accurate statement of the law).

The Tenth Circuit has described an instruction like this one as "relatively innocuous" because it "leaves exclusively to the jury the question as to whether false exculpatory statements,

6

if made, indicate consciousness of guilt, or nothing at all." *United States v. Ingram*, 600 F.2d 260, 262 (10th Cir. 1979).

This instruction is drawn from Tenth Circuit cases like *United States v. Zang*, 703 F.2d 1186, 1190-91 (10th Cir. 1982), and the Sixth Circuit pattern, which properly note that false statements can be used as evidence of consciousness of guilt even before the defendant has been formally accused or charged with a crime.

# GOVERNMENT'S REQUESTED INSTRUCTION NO. 4:
# AND/OR

Some of the counts of the Indictment accuse the defendant of violating a statute in more than one way.   In other words, the Superseding Indictment alleges that statute was violated by various acts that, in the Superseding Indictment, are joined by the word "and," while the statute and the elements of the offense are stated using the word "or."   In these instances, it is sufficient for a finding of guilt if the evidence establishes beyond a reasonable doubt the violation of the statute by any one of the acts charged.   In other words, you should apply the language of the elements of the offense, which uses "or."

## Authority

*United States v. Iverson*, 818 F.3d 1015, 1026 (10th Cir. 2016).