8-23-00 @ 4:30

## A G R E E M E N T

THIS AGREEMENT dated the __25___ day of __August____, 2000, by and between **LAWRENCE P. RUDOLPH**, of Westmoreland County, Pennsylvania (hereinafter referred to as "Husband")

### AND

**BIANCA RUDOLPH**, of Westmoreland County, Pennsylvania (hereinafter referred to as "Wife").

### W I T N E S S E T H:

WHEREAS, the parties hereto were married on September 4, 1982; and

WHEREAS, the parties are currently living as husband and wife; and

WHEREAS, there are two minor children born of this marriage, Julian, age 10, and Anna, age 14; and

WHEREAS, it is the desire of the parties to fix and specifically designate Wife's entitlement in the event of the parties' separation and divorce; and

WHEREAS, it is the desire of the parties to recognize that except for Wife's specific fixed entitlements pursuant to the Agreement, all other property, estates and/or income shall be Husband's; and

1

LR_00000056

WHEREAS, it is the desire of the parties, after long and careful consideration, to amicably adjust, compromise and settle all property rights and all rights in, to or against each other's property or estate, including property heretofore or subsequently acquired by either party, and to settle all disputes now existing or that may arise between them, including any all claims for Wife's and/or Husband's maintenance and/or support, alimony, alimony pendente lite, counsel fees and costs, equitable distribution of marital property, and any and all other relief provided for under the Pennsylvania Divorce Code and likewise to amicably adjust compromise and settle all interests, rights and claims that otherwise each might or could acquire in and to the property, estate and income heretofore or subsequently acquired of the other, both before and after the other's death, under the law of this or any other jurisdiction, including those rights and claims pursuant to the Pennsylvania Probate Estates and Fiduciaries Code 20 Pa. C.S.A. §101 et seq.

WHEREAS, it is the intention of the parties hereto that the laws of the Commonwealth of Pennsylvania shall apply as to the interpretation and effect of this Agreement regardless of the future domicile of the parties; and

WHEREAS, the parties agree that assets and liabilities listed on Schedule A, to the extent acquired during the marriage, are presumed to be marital property;

WHEREAS, the parties recognize that the assets and liabilities acquired after the execution of this Agreement, while married and/or prior to a separation, are also presumed to be marital property;

WHEREAS, there has been a full, complete and fair disclosure of the financial worth, property, estate, income and liabilities as reasonably practicable; and

2

LR_00000057

WHEREAS, it is the intention of the parties hereto, that the terms and provisions of this Agreement shall be considered as the operative final Agreement in the event of a divorce or separation between the parties or in the event any claim is made against the estate of either party by a surviving party, or his or her personal representative, heir, legatee or assigns.

NOW, THEREFORE, with the foregoing recitals being hereinafter incorporated by reference and deemed an essential part hereof and in consideration of the promises contained herein and other good and sufficient consideration, the receipt of which is hereby acknowledged and intending to be legally bound, the parties mutually agree as follows:

## I.  NOT CONTINGENT

The parties covenant and agree that the provisions and terms of this Agreement, under all circumstances, shall remain valid and binding on the parties.

## II.  RELEASES

A.      Except as provided for in this Agreement, Husband and Wife each hereby forever releases, remises, discharges and quitclaims the other and the estate of the other, for all time to come and for all purposes whatsoever, from any action of any nature whatsoever in law or in equity, and forever releases, remises, discharges and quitclaims the other and the estate of the other, for all time to come, and for all purposes whatsoever, of and from any and all rights, titles, interests or claims in or against the other, or in or to the real, personal and/or mixed property of the other

3

LR_00000058

and all rights of curtesy or dower, or claims in the nature of curtesy or dower, or of widow's or widower's rights and all rights, titles, interests and claims which he or she now has or ever may have in, and/or to the other's estate, whether now owned or hereafter acquired, at his or her death, and all rights, titles, interests and claims to take against the other's Will and/or under the Intestacy Laws, or of family exemption or similar allowance or all other rights of a surviving spouse to participate in a deceased spouse's estate, whether arising under the laws of (a) Pennsylvania or (b) any State, Commonwealth or Territory of the United States, or (c) any other country, and each and every additional right, title and interest and claim or right to any accounting he or she has or ever may have in the other or as the Husband's wife or widow or as Wife's husband or widower, including any and all claims, demands, liabilities and obligations, whether arising out of the marital relationship by reason of the ownership or joint ownership of any real or personal property, or by reason or any other matter or thing whatsoever, as well as each and every additional right, title, interest and claim he or she has or ever may have against the other, his or her heirs, executors, administrators and assigns, excepting only the obligations, rights and claims imposed or enuring to the benefit of either of the parties by reason of the terms of this Agreement.  Each of the parties hereto further covenants and agrees for himself and herself and his and her heirs, executors, administrators and assigns, that he or she will never at any time hereafter sue the other party or his or her heirs, executors, administrators and assigns, for the purpose of enforcing any of the rights relinquished under this Agreement.

4

B.     It is further specifically understood and agreed by and between the parties hereto that Wife and Husband accept the provisions made and set forth in this Agreement by Husband for Wife and/or Wife for Husband in lieu of and in full settlement and satisfaction of any and all of Wife's rights against Husband or Husband's rights against Wife for any past, present or future claims for support and maintenance, alimony, alimony *pendente lite*, equitable distribution of marital property, counsel fees, costs and expenses and any other claim or right of any nature whatsoever, pursuant to or arising out of the Pennsylvania Divorce Code, which has been or may be instituted by either party in any court in the Commonwealth of Pennsylvania or any other jurisdiction.

C.     Except as provided for in this Agreement, each of the parties hereto shall have the right to dispose of his or her property by Last Will and Testament or otherwise, and each of them agrees that the estate of the other, whether real, personal or mixed, shall be and belong to the person or persons who would have become entitled thereto as if the decedent had been the last to die.  This provision is intended to constitute a mutual waiver by the parties of any rights to take against each other's Last Wills under the present or future laws of any jurisdiction whatsoever and is intended to confer third party beneficiary rights upon the other heirs and beneficiaries of each.  Either party may, however, make such provision for the other as he or she may desire in and by his or her Last Will and Testament; and each of the parties further covenants and agrees that he or she will permit any Will of the other to be probated and allow administration upon his or her personal, real

5

or mixed estate and effects to be taken out by the person or persons who would have been entitled to do so had Husband or Wife died during the lifetime of the other; and that neither Husband nor Wife will claim against or contest the Will and the estate of the other. Each of the parties hereby releases, relinquishes and waives any and all rights to act as executor or executrix or administrator or administratrix of the other party's estate. Each of the parties hereto further covenants and agrees for himself and herself and his or her heirs, executors, administrators and assigns, that he or she will never at any time hereafter sue the other party or his or her heirs, executors, administrators or assigns, for the purpose of enforcing any of the rights relinquished under this Paragraph.

### III. LEGAL ADVICE ACKNOWLEDGMENT

Wife acknowledges that she has an opportunity to fully and completely discuss each and every term and provision set forth in this Agreement with an attorney of her choosing prior to the execution hereof and she has been advised to discuss this Agreement and each of the terms and provisions set forth in this Agreement fully and completely with an attorney.

The parties acknowledge that notwithstanding the retention of independent counsel, each fully understands the facts and his or her legal rights and obligations. Each party acknowledges, agrees and accepts that under the circumstances, this Agreement is fair and equitable and it is being entered into freely and voluntarily and the execution of this Agreement is not the result of any duress or undue influence and it is not the result of any collusion or improper legal agreement(s).

6

LR_00000061

Each party acknowledges that they have been advised to discuss with his or her attorney the impact of the Pennsylvania Divorce Code, whereby the Court has the right and duty to determine all marital rights of the parties, including divorce, alimony, alimony pendente lite, equitable distribution of marital property or property owned or possessed individually by the other, counsel fees and costs of litigation and, fully knowing the same and being fully advised of his or her rights thereunder, each party hereto desires to execute this Agreement acknowledging that the terms and conditions set forth herein are fair, just and equitable to each of the parties and waives their respective right to have the Court of Common Pleas of Westmoreland County or any other court of competent jurisdiction to make any independent determination or Order affecting the respective parties' rights, including but not limited to, a divorce, alimony, alimony *pendente lite*, equitable distribution of all marital property, counsel fees and costs of litigation, inconsistent or contrary to the provisions of this Agreement.

## IV.  FULL DISCLOSURE OF ASSETS

A.    The parties agree that there is a full and complete disclosure of the property, assets, income and liabilities to each other.  An inventory of the property and assets and a statement of the liabilities of the parties is attached hereto as Schedule "A".  Although values for many of the assets fluctuate and appraisals of the value of real estate and other assets are subject to differences of opinion, especially fractionalized ownership interests in the closely held corporations and other entities, the parties acknowledge that they have clearly and completely disclosed the significant assets and liabilities.  The parties further acknowledge that the value of

7

LR_00000062

certain interests may be subject to expert opinion and for that purpose, they have been advised to secure an independent expert for the purpose of valuing the relevant assets and liabilities and for that purpose, and to the extent necessary, they have been authorized to seek information and/or documents directly from accountant, attorney and/or financial advisors. Further, the parties have been offered access to true and correct copies of all documents, schedules, tax returns, financial statements and whatever other documents may be requested by either party and the parties are fully satisfied with the level of cooperation and the information and documents to which they had access.

B.      The parties acknowledge that they have been given an opportunity to conduct such additional investigation of the assets and/or liabilities as they wish, including formal appraisals, and to the extent they choose not to conduct such additional investigation and/or receive additional information concerning the present or future income and financial condition, that they relinquish any right which they may have to challenge the validity of this Agreement on the grounds that they did not pursue such additional disclosures and were thereby, denied full and fair disclosure.

C.      The parties shall not disclose the terms and conditions of this Agreement to any third parties, except to the court, to governmental agencies such as the Internal Revenue Service, or to the extent necessary for the financial planning (e.g. to accountants or attorneys). Except with respect to the court and governmental agencies, disclosure shall only be permitted if the third parties agree in writing to the confidential terms of this Agreement. Either party breaching this provision further agrees to exonerate and indemnify the other party against and hold the other party

8

harmless from any damages resulting from this breach. Each party acknowledges that the other party has advised him/her that, in the opinion of the other party, unauthorized disclosure of the terms and conditions of this Agreement to unauthorized third parties may result in irreparable harm to the non-disclosing party.

D.     The parties acknowledge access to and/or and invitation to access documents related to the assets and liabilities as outlined on Schedules A. The parties further acknowledge the fact that they or any designated representative(s) have been offered an opportunity to review any additional documents, and absent such a request in writing, it shall be irrebuttably presumed no such request was made.

E.     Notwithstanding the aforementioned, the parties expressly acknowledge and understand that the financial information and disclosures set forth on Schedules "A" attached hereto are approximations and believed to be substantially correct, are not necessarily exact and represent a good faith attempt to supply the each other with a full and fair disclosure and accurate representation of their respective wealth and liabilities.

F.     The parties recognize that although they intended to reflect the estimated current fair market value of the assets as reflected on Schedules A, there may be no established ready market for such an investment and therefore, judgment should be exercised in determining the estimated current fair market value of said investments. There is no one generally accepted procedure for determining the estimated current fair market value in a closely held business or other similar fractionalized interests or investments. Several procedures or combinations of

9

LR_00000064

procedures may be used to determine the estimated current fair market value of said investments, including a multiple of earnings, liquidation value, reproduction value, appraisals, discounted projected cash, receipts and payments, or adjustments of book value or cost of the person's shares of the equity of said investments. Wife acknowledges that Husband has contacted Richard Brabender of Will, Gallagher & Pitzer Inc. for the purpose of assisting Wife and/or her counsel, if so retained, in obtaining an independent fair market value analysis of any of the assets/interests owned by Husband and reflected on Schedule A. The parties acknowledges that Husband shall be responsible for any fees and costs associated with the services performed in this regard by Richard Brabender.

## V.  DEBTS

A.    In the event of a separation and/or divorce, except as otherwise set forth herein, all debts, contracts, obligations or liabilities incurred at any time in the past or future by either of the parties will be paid by said party, unless and except as otherwise specifically set forth in this Agreement; and each of the parties hereto further promises, covenants and agrees that each will now and at all times hereafter save harmless from all debts or liabilities incurred by him or her, as the case may be, and from all actions, claims and demands whatsoever with respect thereto, and from all costs, legal or otherwise, and counsel fees whatsoever appertaining to such actions, claims and demands. Neither party shall, without the other's written consent, after the date of this Agreement, contract or incur any debt or liability for

10

which the other or his or her property might be responsible and shall indemnify and save harmless the other from any and all claims or demands made against her or him by reason of debts or obligations incurred by her or him and from all costs, legal costs and counsel fees, unless provided to the contrary herein.

      B.     The parties further covenant and agree to keep the other indemnified and saved harmless from all actions, claims and demands whatsoever with respect to such bills and from all costs and counsel fees whatsoever appertaining to any such actions, claims or demands.  It is further specifically understood and agreed that the bills and obligations will be paid promptly or arrangements made for the payment of the bills and obligations at the time of execution of this Agreement so as not to impair the other's credit in any manner whatsoever.

### VI.  TERMINATION OF THE MARRIAGE: WAIVER OF ALIMONY

      A.     In the event of a separation and/or divorce or if either party brings and action against the other for a divorce, dissolution of marriage or annulment of the marriage, or seeks to obtain spousal support and maintenance, alimony pendente lite, provisional support, alimony or other economic relief from the other, the parties hereby specifically covenant, acknowledge and agree that each unequivocally waives forever in the future any right interest claim or demand for any alimony, alimony pendente lite, provisional maintenance, spousal support or maintenance or any and all other payments in the nature of alimony or support, temporary or permanent, as well as the payment of counsel fees, costs and expenses, including expert expenses, preliminary, interim and/or final fees or costs.

11

B.     If Wife should file a Complaint for spousal support, alimony <u>pendente</u> <u>lite</u>, alimony or child support and receive an award <u>contrary</u> to the terms and provisions of this Agreement, Wife agrees to repay Husband, dollar for dollar, any amount awarded to Wife.   Further, Wife covenants and agrees to hold harmless Husband from any payments for spousal support, alimony <u>pendente</u> <u>lite</u>, alimony or counsel fees, costs or expenses contrary to the provisions of this Agreement.

C.     In the event the parties cease to live together as husband and wife for any reason whatsoever; and in the event there is a dispute as to the date of said separation, it shall be conclusively evidenced by either party residing separate and apart or if residing in the same household, the parties shall be deemed separated if either party has filed against the other an action for divorce, dissolution or annulment of the marriage in Pennsylvania or any other jurisdiction or has filed against the other any action for spousal support, alimony <u>pendente</u> <u>lite</u>, alimony, exclusive occupancy, or other economic relief.

### VII.  TERMINATION OF MARRIAGE: PROPERTY DISTRIBUTION

A.     In the event that the marriage of the parties is terminated for any reason by a divorce, dissolution or annulment, subject to the conditions set forth in this Agreement, Wife shall receive, in lieu of an in full settlement and satisfaction of any and all of her rights and/or claims of any nature whatsoever, pursuant to or arising out of the Pennsylvania Divorce Code, the following:

12

LR_00000067

1.   Equal division of the household furniture and other personal effects divided to the parties mutual satisfaction and if unable to so agree, they shall, after a coin flip to determine who shall pick first, select one item per person in an alternating fashion until all household furnishings and personal effects have been divided;

2.   All of Wife's jewelry;

3.   The vehicle which at the time is in Wife's name. Wife covenant and agrees that she shall be solely responsible for all costs and maintenance associated with said vehicle, including but not limited to lease or purchase payments, insurance premiums, routine maintenance, inspection and shall hold Husband harmless from any liability arising therefrom. Wife hereby covenants and agrees to set over, transfer and assign to Husband, all her right, title and interest in and to all other vehicles, regardless of how titled, owned and/or in the parties' possession and Wife shall release and relinquish all claims and demands as to said vehicles. Husband hereby covenants and agrees that he shall be solely responsible for all costs and maintenance associated with said vehicles, including but not limited to, lease or purchase payments, insurance premiums, routine maintenance and inspections, and shall hold Wife harmless from any liability arising therefrom;

13

LR_00000068

4.      All of Wife's own IRAs in her name and Husband waives any right title and interest he may have therein.  Wife hereby covenants and agrees to set over transfer and assign to Husband all her right, title and interest in and to any other retirement funds, including pensions, 401K plans and/or IRAs and waive any claim or right thereto.

5.      Within sixty (60) days of the issuance of a Decree in Divorce, Wife shall receive cash, cash equivalence or securities with an aggregate gross value of $2,000,000, less any cash, cash equivalence or securities retained by Wife or advances made by Husband to Wife in the form of cash, cash equivalence or securities.  The portfolio mix of cash, cash equivalence and/or securities shall be as per Husband's exclusive election.

B.      The parties further agree that Wife's entitlements pursuant to this Agreement, including Article VII, shall be contingent upon:

1.      The issuance of a decree in divorce, or dissolution of marriage or annulment and Wife's cooperation with the obtainment of same;

2.      Wife's execution of a Stipulation acknowledging this Agreement is valid and enforceable; and

3.      Wife, nor her heirs, representatives or successors raise any challenge to or contest of the validity and enforceability of this Agreement.

14

LR_00000069

C.     Failure by Wife to comply with any of the above referenced conditions shall cause Wife to forfeit to Husband, as his additional separate property, the rights and entitlements set forth in this Agreement, including Article VII.

D.     The parties covenant and agree all other property, real personal or mixed, regardless of how titled and whether now owned or hereafter acquired shall be awarded to Husband.  Wife further agrees to set over, transfer and assign to Husband all her right title and interest in and to said other property.

## VIII.  REAL ESTATE

A.     The parties further covenant and agree that at the time of their separation, Wife agrees to vacate the marital residence within thirty (30) days of written request by Husband and Husband shall retain sole and exclusive possession and/or use of said property to the exclusion of Wife.

B.     At the time of the parties' divorce or any time prior thereto at the written request of Husband, Wife shall convey all her right, title and interest in all real property now owned or hereafter acquired, including 63 Lakewood Road, Greensburg, Westmoreland County, PA to Husband.  Husband thereafter agrees and does hereby assume sole and exclusive responsibility for full payment of all existing mortgage principal balances on said property(ies).

C.     Husband agrees to save and hold Wife harmless from any and all liability or claims, damages, or expenses, including attorney fees and legal fees, that may be sustained in any way whatsoever as a consequence of any default with regard to any

15

claim made by any other person for any indebtedness with regard to said property, for which Husband is liable under the terms of this Agreement.

D.    Husband shall have the right to have exclusive possession and/or use of said property and shall be solely responsible to pay, when due, the real estate taxes, homeowners insurance, utilities, assessments and/or any other ordinary and routine expenses attendant to the ownership of the residence. Husband shall hold Wife harmless from any liability arising therefrom.

E.    Upon the transfer of said real property, Husband shall pay Wife $50,000 as an advance against her entitlement pursuant to Article VII to assist her in her relocation.

### IX.  PROPERTY ACQUIRED AFTER EXECUTION OF THIS AGREEMENT

All property acquired after the date of execution of this Agreement shall be the separate and sole property of Husband, unless set forth in a written agreement to the contrary and executed by both parties.

"Property" shall be defined as all such right, title and interest, legal or beneficial, in and to any all property and interest in property, real, personal or mixed, wherever situate and regardless of how entitled and shall include but not be limited to: all future income; appreciation or increase in value of all current or hereafter acquired property, whether the increase, appreciation or enhancement in value is due in whole or in part, to market conditions or to services, skills or efforts of either party or the result of additional capital contributions.

16

LR_00000071

## X.  COLLEGE SUPPORT FOR CHILDREN

A.     It is specifically understood and agreed that Husband agrees to pay on behalf of the parties' children such additional sum or sums as shall be reasonably necessary for payment of tuition, dormitory and/or room and board, books, supplies, fees, assessments, and other regular and normal college charges and expenses.  The parties agree that Husband shall be obligated to send the children to college and/or professional school in accordance with his financial ability and economic circumstances provided the children, at that time, desire to attend college and/or professional school, and have the aptitude.  Husband shall have the right in advance to approve any undergraduate school and exercise his preference.  College responsibility of Husband shall relieve Husband of any other monthly support payments or contributions for the maintenance of said child regardless of whether or not child continues to reside with Wife during the college years. College education is limited to four (4) years of college, the same to be completed within five (5) years after graduation by the child from high school.  In the event of professional school education by the child, it shall be limited to two (2) years of schooling, the same to be completed within three (3) years after graduation from college, except the time shall be extended in the case of serious illness or military service or in the event the professional school attended extends for a required period beyond two (2) years.

B.     The parties acknowledge and agree that there currently exists trusts funded exclusively by Husband's contributions of which the children are beneficiaries.  Said account(s) exist for the purpose of meeting, in whole or in part,

17

LR_00000072

the expenses associated with the children's college education.  Dedication of the funds from said account(s) for the purpose of meeting said college and/or professional education expenses, is contemplated by the parties and shall be consistent with Husband's performance of his duties called for in paragraph A above.

C.    Wife is currently the custodian of said account(s), but upon execution of this Agreement, she shall relinquish her custodial status to Husband.

## XI.  MEDICAL INSURANCE

Husband covenants and agrees to provide the medical insurance coverage of his employer, or any other acceptable means for the parties' minor children, until said children reach the age of eighteen or graduate from college, whichever last occurs.  Husband further covenants and agrees to pay all medical and dental expenses incurred by or on behalf of said children which exceed said coverage, provided said expenses are not incurred for merely cosmetic purposes and meet with the prior approval of Husband.

## XII.  SECURITY/LIFE INSURANCE PROVISIONS

It is further understood and agreed by and between the parties as follows:

A.    Husband shall maintain and keep in full force and effect a policy(s) in the amount of $3,000,000 Dollars for so long as he is obligated to provide child support and/or college payments to the children .

18

B.     Husband shall properly endorse such policy to provide the children as the primary beneficiary thereof.  Consistent with this provision, at the expiration of Husband's obligations to make payments to or on behalf of the children, at his exclusive election, he may designate another beneficiary under said policy or discontinue and terminate said policy(s).

## XIII.  RIGHTS OF INHERITANCE

A.     In the event of Husband's death during the parties' marriage, Wife shall be entitled to the following:

1.     All property/assets set forth under Article VII of this Agreement;

2.     Life insurance proceeds from policies on which the surviving spouse may be a beneficiary;

3.     Any property specifically set forth in Husband's estate plan for Wife; and

4.     Except as specifically provided for in paragraph A 1-3, Wife does waive and/or release all rights, claims, titles and interest, actual, inchoate, or contingent which she might, by reason of her   marriage to Husband, acquire in the estate of the Husband, including but not limited to:

a.     Right or claim of dower or curtesy or any other statutory substitute therefore as provided by the Statutes of the Commonwealth of Pennsylvania or any other state, country , or jurisdiction in effect at the time of decedent's death in which the parties or either of them might die domiciled;

19

LR_00000074

b.   The right to any distributive share in the estate of decedent should he or she die intestate;

c.   The right to take against the Will of the decedent;

d.   The right to act as administrator or administratrix of the estate of the decedent; and

e.   Any rights provided by the Pennsylvania Probate Estates and Fiduciaries Code, 20 Pa C.S.A. §101 et. seq. as amended from time to time, or such other applicable law of the Commonwealth of Pennsylvania or any other state, country, or jurisdiction in effect at the time of decedent's death.

5.   With respect to any property, asset or thing of value, acquired by Husband, including any increase or appreciation in value of such property, asset or thing of value, Wife hereby covenants and agrees she does hereby waive and release all rights, claims, title and interest, actual, inchoate or contingent, which she, by reason of her marriage to Husband, acquired in Husband's estate, including but not limited to those rights enumerated in Paragraph 4 above.

B.   If the parties die under such circumstances that there is not sufficient evidence that they have died otherwise than simultaneously, it shall be conclusively presumed for all purposes of this Agreement that they died simultaneously.

20

C.     If the parties separate and one of the parties dies prior to the granting of a divorce decree, the matter shall be treated nonetheless as though the deceased party had obtained a decree in divorce prior to his or her death and the surviving party shall receive as his or her distributive share only that which is specifically provided for in this Agreement and not any additional property or assets as set forth in the deceased parties' Estate Plan and the surviving party shall not have any claim against the Estate of the deceased spouse for Equitable Distribution.

D.     The parties each hereby acknowledge that he and she have been fully advised of his or her statutory rights of inheritance under the applicable law of the Commonwealth of Pennsylvania and each hereby acknowledges and agrees that he and she is intentionally, voluntarily, freely and without duress and with full knowledge of the law in effect at this time and acknowledging that the law may be changed or amended from time to time is hereby executing this Agreement with the expressed intention that the terms and provisions of this Agreement prevail.

## XIV.  MODIFICATION

A modification or waiver of any of the provision of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement.  The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

21

LR_00000076

## XV.  JURISDICTION

This Agreement shall be construed in accordance with the Laws of the
Commonwealth of Pennsylvania.  While the parties understand that they may from
time to time remove themselves from the jurisdiction, it is their understanding that
their intention under this Agreement shall be valid and effective without respect to
where the parties are domiciled at any time in the future, or where in the world
property owned or controlled by either party is located.  If, under the laws of any
other jurisdiction, either party would be entitled to any right, power, or interest
under the laws under that jurisdiction, then, only to the extent necessary to complete
waiver,  release, or relinquishment of such right, power or interest, and thereby
effectuate this Agreement, the Laws of such jurisdiction shall apply.

## XVI.  EXECUTION OF DOCUMENTS

Wife and Husband covenant and agree that they will forthwith and within a
reasonable period of time after demand therefore, execute any and all written
instruments, assignments, releases, satisfactions, deeds, notes, titles, and/or other
writings which may be necessary and/or desirable for the proper effectuation of this
Agreement.  Said documents shall include, but not be limited to:  Affidavits of
Consent, Deeds, Health Insurance Documents, Certificates of Title for automobiles,
Life Insurance Policies and Qualified Domestic Relations Orders.

22

The parties further covenant and agree that Wife shall transfer to Husband at the time of the execution of this Agreement or any time thereafter upon written demand, any property currently titled jointly in the parties' names, including but not limited to: real estate, bank accounts, vehicles and/or any other property subject to title.

### XVII.  ENTIRE AGREEMENT/INTEGRATION

Husband and Wife do hereby covenant and warrant that this Agreement contains all of the representations, promises, and agreements made by either of them to the other for the purposes set forth in the Preamble herein above, and that there are no claims, promises or representations not herein contained, either oral or written, which shall or may be charged or enforced or enforceable unless reduced to writing and signed by both parties hereto.  The waiver of any term, condition, clause or provision of this Agreement shall in no way be deemed or considered a waiver of any other term, condition, clause or provision of this Agreement.

No representations or warranties have been made by either party to the other or by anyone else except as expressly set forth in this Agreement, and this Agreement is not being executed in reliance upon any representation or warranty not expressly set forth in this Agreement.  Without limiting the foregoing, no representation or warranties have been made by the Husband to the Wife or by anyone else to the Wife with respect to the past, present, or future income or assets of the Husband other than as set forth above.  Without limiting the foregoing, no representations or warranties have been made by the Wife to the Husband or by anyone else to the Husband with respect to the past, present or future income or assets of the Wife other than as set forth above.

23

LR_00000078

## XVIII.  ENFORCEMENT

A.      It is expressly understood and agreed by and between the parties hereto that this Agreement may be specifically enforced by either Husband or Wife in Equity, and the parties hereto agree that if an action to enforce this Agreement is brought in Equity by either party, the other will make no objections on the alleged grounds of lack of jurisdiction of said Court on the ground that there is an adequate remedy at law.  The parties do not intend or purport hereby to improperly confer jurisdiction on the Court in Equity by this Agreement, but they agree herein by the form of Equity in mutual recognition of the present state of the law and in recognition of the general jurisdiction of courts in equity over agreements such as this one.

B.      Notwithstanding anything to the contrary herein, Husband and Wife may also proceed with an action at law for redress for his or her rights under the terms of this Agreement and in such event it is specifically understood and agreed, that for and in specific consideration of the other provision and covenants of this Agreement each shall waive any right to a jury trial so as to expedite the hearing of the position of such case and so as to avoid the delay.

C.      It is expressly understood and agreed by and between the parties that in addition to any remedy they may have in equity or law, they shall be permitted to enforce compliance with the terms of this Agreement by instituting a contempt action and to request any remedy permissible under said action.

D.      The parties further hereby agree that either may seek any remedy available pursuant to the Pennsylvania Divorce Code.

24

LR_00000079

## XIX.  INCORPORATION NON-MERGER

The parties hereby consent to the provisions of this Agreement being
incorporated, but not merged into the final decree in divorce, and shall be
enforceable by the court where said decree in divorce in obtained. The parties further
agree that the terms, provisions and conditions of this Agreement shall be
incorporated into the decree in divorce by reference, as though the same were fully
set forth at length.

## XX.  AGREEMENT BINDING ON HEIRS

The terms, provisions and conditions of this Agreement shall be binding upon
any and all of the heirs, executors, administrators, successors or assigns of both
parties hereto, except as otherwise herein provided.

## XXI.  PRIOR AGREEMENTS

It is understood and agreed that any and all property settlement agreements or
other agreements which may or have been executed prior to the date and time of this
Agreement are null and void and of no effect.

## XXII.  VOID CLAUSES

If any term, condition, clause or provision of this Agreement shall be
determined or declared to be void or invalid in law or otherwise, then only that term,
condition, clause or provision shall be stricken from this Agreement and in all other
respects this Agreement shall be valid and continue in full force, effect and
operation.

LR_00000080

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have hereunto set their hands and seals the day and year first above written. This Agreement is executed in duplicate and each party hereto acknowledges receipt of a duly executed copy hereof.

WITNESS:

_____
GARY G. GENTILE, ESQUIRE

_____
LAWRENCE P. RUDOLPH/Husband

_____
_____, ESQUIRE

_____
BIANCA RUDOLPH/Wife

WITNESS:

8/15/00

LR_00000081

## SCHEDULE A

PROPERTY OF THE PARTIES, LAWRENCE P. RUDOLPH & BIANCA RUDOLPH

|  |  | APPROX. Current Value |
|---|---|---|
| 1. | Prudential Bache | $7,018,090 |
| 2. | Personal Checking | 210,000 |
| 3. | Ameritrade Brokerage Account | 160,000 |
| 4. | Guardian Whole Life Insurance Policy **cash surrender** | 140,000 |
| 5. | Gold | 12,000 |
| 6. | Husband's 401K | 50,000 |
| 7. | Husband's gift from Wife's father | 50,000 |
| 8. | Wife's IRA | 58,000 |
| 9. | Wife's gift from her father | 50,000 |
| 10. | Loan receivable from Husband's parents | 50,000 |
| 11. | Residence located at 63 Lakewood Road, Greensburg, Pa ($600,000 value with $150,000 mortgage) | 450,000 |
| 12. | T.R.W Building (1/3 interest) ($650,000 total value) | 216,450 |
| 13. | Wellington Square Condominiums  3 units (½ interest) ($270,000 total value) | 135,000 |
| 14. | West Mifflin Dental Office (½ interest) ($150,000 value with $130,000 mortgage) | 10,000 |
| 15. | 45 acres of commercial zoned land in Greensburg (15% interest) | 340,000 |
| 16. | 1998 Mercedes Benz 500SL | 58,000 |
| 17. | 1997 Lexus LX450 | 35,000 |

LR_00000082

## LIABILITIES

1. Mortgage on Residence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150,000

2. Mortgage on West Mifflin Dental Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65,000


## INCOME DISCLOSURE

Approx. $700,000 per year, excluding investment income - See Tax Returns


## DISABILITY OF HUSBAND INSURANCE

1. Paul Revere - $14,500 per month until 65 years of age

2. Commercial Life Insurance Co. - Dental Society of Western Pennsylvania - $7,400 per month until 65 years of age

3. Lloyd's of London - $5,000 per month with a 5 year maximum

4. Lloyd's of London - $350,000 lump sum after 1 year waiting period


## LIFE INSURANCE ON HUSBAND

1. Guardian Whole Life with death benefit of $1,160,283

2. Great West Life (term) with death benefit of $1,000,000 (double if accidental)

3. Federal Kemper life (term) with death benefit of $1,000,000

LR_00000083

## SCHEDULE B

DOCUMENTS IN SUPPORT OF THE PARTIES',
LAWRENCE P. RUDOLPH AND BIANCA RUDOLPH''s SCHEDULE A

1.      1997 Joint Federal Income Tax Return;

2.      1998 Joint Federal Income Tax Return;

3.      1999 Joint Federal Income Tax Return

4.      Closing Binder for acquisition of Valley Forge Dental Associates, Inc. (30
        documents) - Note - since that time Valley Forge was bought out by a publicly
        traded company;

LR_00000084

THE PARTIES, LAWRENCE P. RUDOLPH & BIANCA RUDOLPH EACH AUTHORIZE
THE OTHER TO CONTACT THE FOLLOWING PERSONS WITH REGARD TO THE
REPRESENTATIONS MADE IN THE WITHIN AGREEMENT

Accountant:            R.J. Williams
                       585 Rough Street
                       Cedar Street Exit
                       Greensburg Pa 15601


Broker:                Mr. Philip Contacos
                       Prudential-Bache Securities, Inc.
                       2700 USX Tower
                       600 Grant Street
                       Pittsburgh Pa 15219


Attorney:              Ralph Finizio, Esquire
                       Houston Harbaugh
                       12th Floor - Two Chatham Center
                       Pittsburgh Pa 15219-3463


Insurance:             Mr. William Gorman
                       Luttner Financial Group, Ltd.
                       244 Boulevard of the Allies
                       Pittsburgh Pa 15222


Attorney:              Scott P. Magnoson
                       Suite 101
                       2651 Monroeville Boulevard
                       Monroeville Pa 15146

LR_00000085

7,500,000
-1,000,000
6,500,000
-2,000
4,500

First Year
30 days after we separation. A formal agreement.
Husband agrees to provide a
maintenance payment of 6,000 per
month, not to exceed for one year
(12 mo) following the day of
separation.

Also for this time, husband agrees
to provide health ins for wife
similar to his own.

Plus. After divorce is final an 100,000
designated but not required for housing
for wife.

Baseline 7,000,000 (exclude IRA etc)
at the time of divorce - sep - etc.
If value of liquid assets (non-real estate)
is

Growth | anything over this level of current
current of | assets not real estate
assets | I agree to give you 25% of
growth assets after TAXES

△ INS provision page 18 item #12
I don't necessarily agree to provide
ins to children

8/25/00