IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. LORI MILLIRON,

      Defendants.

---

### GOVERNMENT'S RESPONSE TO DEFENDANT LAWRENCE RUDOLPH'S MOTION TO EXCLUDE EXPERT OPINION [ECF No. 191]

---

Four days before trial, the defendant is trying to challenge an expert conclusion that he has known about for over four *weeks*. His motion should be denied.

In May, well in advance of the Court's expert disclosure deadline, the government provided a detailed expert report to the defendants laying out the logic behind the conclusion that there was no real economic rationale for Bianca's life to be insured for $4.8 million. Attachments 1 and 2. The life insurance expert, Peter Milnes, has a lifetime of experience in the industry and can see for himself that a revocable trust instrument executed by the Rudolphs just a few months before Bianca's death is what it says it is: revocable, and thus incapable of being an *irrevocable* life insurance trust (an "ILIT"). The life insurance expert assumed the unassailable and, despite having the expert's report for over a month, the defendant has never questioned that assumption, did not file a motion to challenge the expert's conclusions, and has otherwise never asserted a basis for believing that the revocable trust is somehow an irrevocable one.

Out of an abundance of caution, the government retained John Politan, an expert in Arizona estates law. He provided an oral opinion confirming what has never been challenged: the trust set up by the Rudolphs is not an ILIT. The government notified the defendant of the attorney's oral opinion on June 15, 2022. Attachment 3. The defendant has had ample time to get a contrary opinion, but either has not been able to find one or has declined to do so.

This past week, Mr. Politan provided the government with a more thorough written opinion, which was provided to the defendant. That written opinion does not change what was already disclosed to the defendants on June 15 and does not change what the defendant has known since May: the life insurance policies here were not an estate planning tool and had no other discernable economic rationale. But they did provide for a windfall profit when Bianca died.

The defendant should have a good-faith basis for actually cross-examining the life insurance expert regarding the status of the Rudolph's trust. He does not. In the government's view, the defendant's argument here is akin to challenging a meteorologist's weather forecast because an atmospheric scientist only gave him an oral report describing his analysis that the sky is blue.

Mr. Politan is not testifying. There is nothing to exclude. The issue, rather, is whether there is a basis for challenging Milne's conclusions. The defendant did not file a challenge to those conclusions or their reasoning. He should not be able to do so now with a motion filed two weeks after the deadline and weeks after being on notice that the issue of the Rudolph trust's status would be part of the analysis.   His motion should be denied.

                                      Respectfully submitted,

                                      COLE FINEGAN
                                      United States Attorney

By: /s Bryan Fields
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: /s E. Garreth Winstead
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By: /s J. Bishop Grewell
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

   I hereby certify that on the 3rd day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                   *s/ Garreth Winstead*
                   United States Attorney's Office