IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH and
2. LORI MILLIRON,

    Defendants.

## UNOPPOSED JOINT MOTION FOR VIDEO FEED DURING COURTROOM CLOSURE OF VOIR DIRE

    The court's trial decorum order excludes the public and the media from the courtroom during jury selection due to insufficient space for the jurors to sit. ECF 189 at 2. As an alternative to that public access, the court has provided that the public access line, which provides audio access, will be on during that time. *Id.* But the government and defendant Rudolph are concerned that without video availability, the court's alternative procedures are insufficient to satisfy the Sixth Amendment right to a public trial. That Sixth Amendment right applies to voir dire. *Presley v. Georgia*, 558 U.S. 209, 213 (2010). And just six weeks ago, the Ninth Circuit reversed a trial where there was a closure for Covid restrictions, because the district court provided only audio, and not video access. *United States v. Allen*, 34 F.4th 789, 793 (9th Cir. 2022). The panel, including Tenth Circuit Judge Carlos Lucero, did an exhaustive analysis of why video was required.

    On direct review, an erroneous courtroom closure is structural error, resulting in reversal without any inquiry into harmless error. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1905, 198 L.

1

Ed. 2d 420 (2017). The Tenth Circuit has also assumed that structural error satisfies the third prong of plain error review. *United States v. Turrietta*, 696 F.3d 972, 983 (10th Cir. 2012).

Because a lack of video access during voir dire could result on its own in reversal and a second trial, the government and defendant Rudolph respectfully move the court to designate an overflow courtroom providing a video feed of the proceedings during the limited time that the courtroom is otherwise closed to the public. And to the extent there is room in the courtroom during voir dire, they would ask the court to make any available seats in the courtroom open to the public. Defendant Milliron does not oppose this joint motion between the government and defendant Rudolph.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   /s Bryan Fields
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   /s E. Garreth Winstead
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By:   /s J. Bishop Grewell
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 4th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                *s/ J. Bishop Grewell*
                United States Attorney's Office