IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **LAWRENCE RUDOLPH,**
2.   LORI MILLIRON,

    Defendants.

---

**ORDER DENYING AS MOOT LAWRENCE RUDOLPH'S MOTION
TO EXCLUDE UNTIMELY DISCLOSED EXPERT OPINION**

---

As set forth in the Superseding Indictment, a grand jury has charged Defendant Lawrence Rudolph with one count of foreign murder in violation of 18 U.S.C. §§ 1119 and 1111, and one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.  (ECF No. 53.)  This matter is currently set for a 13-day jury trial beginning on July 11, 2022.  (ECF No. 105.)

This matter is before the Court on Rudolph's Motion to Exclude Untimely Disclosed Expert Opinion ("Motion").  (ECF No. 191.)  The Government has filed its response to the Motion.  (ECF No. 192.)  The Court presumes familiarity with the facts of the case, as well as the Court's prior orders.  For the following reasons, the Motion is denied.

The Court ordered the parties to make their expert disclosures by June 15, 2022.  (ECF No. 106.)  The Government made its required expert disclosures, listing John

Politan as an expert in estate planning and representing that:

> Applying his legal training and experience, Mr. Politan will testify to his expert conclusion that the Rudolph Family Trust, executed on April 15, 2016, would not qualify as an irrevocable life insurance trust. This opinion will be related to [the Government's life insurance expert], referenced [sic] the significance of this finding in this report, which has already been disclosed to you.

(ECF No. 192-3.) However, in its June 15, 2022 disclosures, the Government did not include Mr. Politan's written report detailing the reasons for his opinion. (Id.)

On July 1, 2022, more than two weeks after the deadline to make expert disclosures, the Government sent Mr. Politan's report to Rudolph. (ECF No. 191 at 1.) At that time, the Government informed Rudolph that it would not call Mr. Politan to testify, but that the Government's life insurance expert's opinion would be based in part on Mr. Politan's opinion. (Id. at 2.)

Rudolph argues that the Government "should not be able to end-run the Court's deadlines by having another expert testify about Mr. Politan's late-disclosed analysis." (Id. at 2.) Rudolph requests that the Court exclude Mr. Politan's report and forbid the Government or its experts from relying on it. (Id. at 1.)

The Government argues that there is "nothing to exclude" because it will not call Mr. Politan to testify at trial. (ECF No. 192 at 2.) Additionally, the Government represents that its life insurance expert "can see for himself" that the Rudolph Family Trust is not an irrevocable trust. (Id. at 1.)

The Court agrees with the Government. The basis of Rudolph's Motion is that the Government missed the June 15, 2022 expert disclosure deadline for Mr. Politan. But Mr. Politan will no longer be testifying as an expert witness at trial in this case. Therefore, the Government is not required to provide expert disclosures regarding his

2

opinion, assuming he continues to have any. Thus, because the Court will not permit Mr. Politan to testify at trial, it denies the Motion as moot.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Rudolph's Motion to Exclude Untimely Disclosed Expert Opinion (ECF No. 191) is DENIED AS MOOT.

2. This case remains set for trial beginning on **July 11, 2022.**

Dated this 5th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge