IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. LORI MILLIRON,

      Defendants.

## GOVERNMENT'S RESPONSE TO DEFENDANT LAWRENCE RUDOLPH'S MOTION TO RECONSIDER SERVERANCE OR IN THE ALTERNATIVE FOR PROPOSED CURATIVE INSRUCTION [ECF NO. 200]

"It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The statement the defendant is complaining about was the subject of testimony at the detention hearing in January, ECF No. 37 at 57, forms the basis for Count 8 of the Superseding Indictment, ECF No. 53 and was specifically referenced in the affidavit he attached to his original motion for severance, ECF No. 97 at 15; ECF No. 97-1. His motion should be denied because it is untimely, because it does not invoke a proper basis for reconsideration, and because it is independently without merit.

The defendant makes it sound like the government provided new information only recently, or somehow changed its position on the evidence. It has not. The evidence that will overlap is set forth in pages 5–7 and 9–10 of the government's original response to the defendant's motion to sever. ECF No. 100. The government did not argue in "no uncertain

1

terms" that there would be absolutely no differences in the overall evidence. The evidence of the *murder* is the same in both trials. ECF No. 100 at 6 (noting that all of the murder evidence is "entirely subsumed in proving the accessory charge against Milliron"). If the government's response does not specifically reference the statement the defendant complains of now related to Count Eight of the Superseding Indictment, it's because the defendant didn't bring it up in his original motion, despite having ample opportunity to do so. As set forth below, the issue isn't what the *Court* knew at the time—it's what *Rudolph* knew and could have presented to the Court for its consideration but chose not to. Wanting a do-over is not a valid reason to file a motion to reconsider on the eve of trial.

The defendant filed his motion to sever in March and the Court expeditiously ruled on the motion in April. ECF No. 103. The rules of criminal procedure do not provide for motions for reconsideration. Whether to entertain such a motion is left to the sound discretion of the court, which can consider analogous rules from the civil realm. *United States v. Baraja-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004). In exercising that discretion, the Court should consider whether it is reasonable for a party to wait until three business days before trial to raise an issue it has known about for months. It is not. *Cf. United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (suggesting fourteen-day deadline is appropriate benchmark). The Court should exercise its discretion to summarily dismiss the motion as one filed out of time, for no good cause. *Id.* ("Motions for reconsideration, however, cannot be brought at simply any time. If they could, criminal proceedings might never end.").

Alternatively, the motion should be denied because it does not even attempt to articulate that there had been an "intervening change in the law," the discovery of "new evidence previously unavailable," or something necessary to "correct clear error or prevent manifest

injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The defendant argues there that he is prejudiced because "Dr. Rudolph cannot call Lori Milliron at a joint trial." ECF No. 200 at 2. But that is exactly what he argued in March, ECF No. 97 at 13 (describing Milliron's affidavit and arguing that she was critical witness who was unavailable in joint trial). Similarly, he argued—or could more clearly have argued—in March that statements about an ultimatum or about Milliron asking Rudolph to leave his wife would be prejudicial, ECF No. 97 at 15 and 17. His new motion simply repeats those arguments. ECF No. 200 at 2. The court considered these arguments in its April order, ECF NO. 103 at 10-11, and the defendant does not provide any new facts, law, or other considerations that would justify revisiting, let alone reversing, that order. *United States v. Koerber*, 966 F. Supp. 2d 1208, 1212 (D. Utah Aug. 15, 2013) (noting that a motion for reconsideration cannot be used to fix strategic errors in earlier pleadings); *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.") (citation omitted).

The defendant's assertion that juries simply cannot separate out statements admissible against one defendant but not another is directly in tension with the Tenth Circuit's repeated statements that they, in fact, can do exactly that. *United States v. Pinto*, 838 F.2d 426, 434 (10th Cir. 1988) ("Throughout the trial, the court admonished the jury to consider certain evidence only as to Lambert. As a result, the jury was able to compartmentalize the evidence as to each of the defendants and to properly apply it as the court instructed."); *United States v. Lane*, 883 F.2d 1484, 1498–99 (10th Cir. 1989) (providing illustration of how limiting instruction mitigates prejudice and affirming convictions in joint trial where some evidence was admitted against some, but not other, defendants). This is especially true when, despite several days of discussions

3

with the government, the defendant has identified only one statement that actually raises any concerns. As the government observed in its filing accompanying an all-purpose limiting instruction, no statement by one co-defendant against another in this case is testimonial, which means that delivering a limiting instruction will ensure a fair, orderly, and efficient joint trial. ECF No. 197 at 2; *United States v. Zapata*, 546 F.3d 1179, 1191–92 (10th Cir. 2009) (noting that "spill-over" can be solved with a limiting instruction).

Finally, the government notes that it does not object to the defendant's specific limiting instruction regarding the one example of concern he has identified, which is really just a version of the government's instruction with the context filled in. The government rejected an initial proposal by the defendant as commenting too heavily on factual issues regarding that one statement and proposed its version as a catch-all. The defendant did not counter with the more balanced instruction he has now offered in his filing, which the government would have considered. If the defendant identifies other statements of concern, the government will work with him to tailor limiting instructions to the specific factual circumstances.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:  */s E. Garreth Winstead*
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By:  */s J. Bishop Grewell*
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

      *s/ Bryan Fields*
      United States Attorney's Office