**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**    **LAWRENCE RUDOLPH,**
2.    LORI MILLIRON,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART LAWRENCE
RUDOLPH'S MOTION TO RECONSIDER SEVERANCE OR IN THE
ALTERNATIVE FOR PROPOSED CURATIVE INSTRUCTION**

---

This matter is before the Court on Lawrence Rudolph's Motion to Reconsider Severance or in the Alternative for Proposed Curative Instruction ("Motion") (ECF No. 200), in which Rudolph asks this Court to reconsider its April 12, 2022 order ("Prior Order") (ECF No. 103) denying his Motion to Dismiss the Superseding Indictment for Improper Joinder or, Alternatively, to Sever Lori Milliron ("Original Motion to Sever") (ECF No. 97). Alternatively, Rudolph requests that the Court accept a proposed curative jury instruction. (ECF No. 200 at 2–3.) The Government has filed its response to the Motion. (ECF No. 205.) For the following reasons, the Motion is granted in part and denied in part.

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. Instead, whether to entertain such a motion is left to the sound discretion of the district court, which can consider analogous rules from the civil realm.

*United States v. Baraja-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the

motion to reconsider is not at the disposal of parties who want to rehash old

arguments."  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d

1250, 1256 (D. Colo. 2000) (quotations omitted).  "A motion to reconsider should be

denied unless it clearly demonstrates manifest error of law or fact or presents newly

discovered evidence."  *Id.* at 1256.

Here, Rudolph argues that the Court should sever Milliron because a joint trial

will unfairly prejudice Rudolph.  (ECF No. 200 at 2.)  Specifically, Rudolph argues that

he will be prejudiced because the Government will seek to introduce statements that are

admissible against Milliron but inadmissible against him.  (*Id.*)  For example, the

Government may call Anna Grimley to testify that Milliron told her that she had given

Rudolph an ultimatum to leave his wife.  (*Id.*)  Rudolph argues that this hearsay

testimony would be inadmissible against him but admissible against Milliron as an

opposing party statement under Federal Rule of Evidence 801(d)(2).  (*Id.*)  Thus, at a

joint trial, the jury will not only hear this statement, but Rudolph will be unable to call

Milliron, who could testify that Grimley is mistaken or lying.  (*Id.*)

Rudolph raised this precise argument in his Original Motion to Sever.  (*See* ECF

No. 97 at 15–17.)  The Court carefully considered the argument and rejected it when

initially made.  (ECF No. 103 at 7–10.)  In the instant Motion, Rudolph does not even

attempt to argue that he presents newly discovered evidence or that the Court's

previous decision was based on a manifest error of law or fact.  (*See generally* ECF No.

200.)  Therefore, the Court denies this portion of the Motion because it simply repeats

the same arguments previously addressed to, and rejected by, the Court.  *See Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256.

In the alternative, Rudolph requests that when Grimley's testimony is introduced at trial, the Court should provide the jury with this instruction:

> Witness Anna Grimley testified that Lori Milliron made certain statements to Ms. Grimley in 2015.  When evaluating the case against Ms. Milliron, it is for you to decide whether she made any statement and, if so, what weight to give whatever statement she made.  However, any statements Ms. Milliron may have made to Ms. Grimley are to be considered only with regard to the charges against Ms. Milliron.
>
> With regard to the charges against Lawrence Rudolph, you cannot consider these alleged statements at all.  In other words, as far as the charges against Dr. Rudolph are concerned, you cannot consider any statements Milliron may have made to Ms. Grimley.

(ECF No. 200 at 3.)  The Government has no objection to Rudolph's proposed limiting instruction.  (ECF No. 205 at 4.)

Since there is no objection, the Court grants this portion of the Motion.  The Court will read the above limiting instruction when Grimley's testimony that Milliron allegedly made certain statements to Grimley in 2015 is introduced at trial.

Next, Rudolph requests that every time the Government introduces any other hearsay statement that is admissible against Milliron but not against him, the Court should provide the jury with a modified version of the above instruction.  (ECF No. 200 at 3.)  The Government does not object, and it represents that it will work with Rudolph to tailor limiting instructions to fit other factual circumstances as they arise at trial.  (ECF No. 205 at 4.)

Based on the parties' apparent agreement, the Court orders Rudolph or the Government to file on CM/ECF a stipulated generic limiting instruction for the Court to read to the jury whenever a hearsay statement is introduced into evidence that is admissible against one Defendant but not the other.  If a stipulated limiting instruction is not filed by **10:30 a.m. on July 11, 2022**, the Court will use the generic limiting instruction proposed and filed by the Government on July 6, 2022.  (ECF No. 197.)

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1.    Rudolph's Motion to Reconsider Severance or in the Alternative for Proposed Curative Instruction (ECF No. 200) is GRANTED IN PART AND DENIED IN PART as set forth herein; and

2.    Rudolph or the Government is ORDERED to file on CM/ECF, by no later than **10:30 a.m. on July 11, 2022,** a stipulated generic limiting instruction for the Court to read to the jury whenever a hearsay statement is introduced into evidence that is admissible against one Defendant but not the other.

3.    This case remains set for trial beginning on **July 11, 2022.**

Dated this 7th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge