IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     LAWRENCE RUDOLPH,
2.     LORI MILLIRON,

    Defendants.

## ORDER CONCERNING OUT-OF-COURT STATEMENTS

This Order addresses several outstanding issues about how the Court will instruct the Jury regarding their consideration of out-of-court statements introduced into evidence that are admissible against one Defendant but not the other.

### I. ANNA GRIMLEY

The Government will likely call Anna Grimley to testify that in 2015, Defendant Lori Milliron told her that she had given Defendant Lawrence Rudolph an ultimatum to leave his wife. The Court finds that this testimony is admissible against Milliron under Federal Rule of Evidence 801(d)(2) as a statement offered against an opposing party. However, the Court also finds that this statement is inadmissible against Rudolph under Federal Rule of Evidence 802.

In its July 7, 2022 Order, the Court granted Rudolph's request that a limiting instruction be read when Grimley's hearsay testimony is introduced. (ECF No. 206 at 3–4.) Counsel for Milliron has represented to the Court that he will reference this

statement in his opening statement. As a result, a slightly modified version of this limiting instruction will be read to the jury before opening statements begin to ensure that the jury does not consider the statement with regard to Rudolph's culpability. The limiting instruction that will be read before opening statements is attached to this Order as Exhibit A.

In addition, before Grimley testifies regarding Milliron's statement during the Government's case-in-chief, the Court will read the limiting instruction discussed in the Court's July 7, 2022 Order. (ECF No. 206 at 3.) The limiting instruction that will be read before her hearsay testimony is introduced is attached to this order as Exhibit B.

## II. GENERIC LIMITING INSTRUCTION

In the event that additional hearsay statements are introduced into evidence that are admissible against one Defendant but not the other, the Court will read the generic limiting instruction attached to this Order as Exhibit C.

## III. CASSANDRA OLMSTEAD

The Court also understands that the Government may also elicit hearsay statements from Cassandra Olmstead. (ECF No. 150 at 7.) The Government plans to show that this evidence is admissible against Rudolph because the testimony falls within a hearsay exception under Federal Rule of Evidence 804(b)(6). (ECF No. 162 at 15.) Rule 804(b)(6) allows hearsay statements to be introduced against a party that wrongfully caused the declarant's unavailability as a witness and did so intending that result. Fed. R. Evid. 804(b)(6).

In its June 27, 2022 Order, the Court explained that it would be more appropriate to consider this issue during trial upon a renewed objection from Rudolph. (ECF No.

184 at 8–9.)  The parties are advised that the Court still intends to use this approach with respect to this statement.

Dated this 12th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge