IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

     Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION FOR MISTRIAL

---

On July 17, 2022 Defendants Lawrence Rudolph and Lori Milliron (jointly, "Defendants") filed their Joint Motion for Mistrial ("Motion for Mistrial"). (ECF No. 221.) The same day, the Government filed its response. (ECF No. 222.) On July 19, 2022, Defendants filed their joint reply. (ECF No. 225.) For the following reasons, the Court denies the Motion for Mistrial.

A district court "may appropriately grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired. . . ." *United States v. Caballero*, 277 F.3d 1235, 1242 (10th Cir. 2002). The Court must consider the prejudicial impact of the alleged error in the context of the entire case. *United States v. Gabaldon*, 91 F.3d 91, 94 (10th Cir. 1996).

Federal Rule of Criminal Procedure 16 is entitled "Discovery and Inspection" and sets forth the parties' respective duties with regard to discovery of relevant material in a criminal case. Rule 16(a)(1)(G) provides that "at the defendant's request, the

government must give to the defendant a written summary of any testimony that the government intends to use under [Federal Rule of Evidence 702] during its case-in-chief at trial."  But it is only expert testimony that the Government wants to use in its case-in-chief that it has to disclose in a timely fashion.  *See United States v. Henderson*, 564 F. App'x 352, 366, n.14 (10th Cir. 2014) ("[C]onsistent with the plain language of the Rule, the government's presentation of rebuttal testimony without prior notice does not violate Rule 16, since the Rule's notice requirements apply only to the government's case-in-chief") (quoting *United States v. Frazier*, 387 F.3d 1244, 1268 (11th Cir. 2004)).

When the government commits a Rule 16 violation, the district court is advised to take several factors under consideration before fashioning a remedy for the violation. *United States v. Freeman*, 451 F. App'x 783, 795 (10th Cir. 2011) (citation omitted). The district court should consider (1) the reasons for the failure to produce the evidence in question; (2) the extent of the prejudice as a result of the failure to produce; and (3) the feasibility of curing any prejudice with a continuance.  *Id.*  Upon application of these factors, the district court is instructed to impose "the least severe sanction" that results in compliance with the discovery requirements of Rule 16.  *Id.* (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

When it comes to the district court's attention that the government has failed to comply with Rule 16, "the court may order [the government] to permit the discovery or inspection, grant a continuance, or prohibit the [government] from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances."  *United States v. Wheeler*, 2014 WL 61125, at *4–5 (D. Colo. Jan. 7, 2014) (quoting Fed. R. Crim. P. 16(d)(2)).  "District courts have broad discretion to

sanction a party who violates discovery orders." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

The parties dispute whether the purportedly late disclosure of the July 11, 2022 consulting report from Browning engineer Ryan Cook (ECF No. 221-1) violated Rule 16. Mr. Cook opined in his report that a hole in the shotgun case was caused by a snag rather than a shotgun blast.  (ECF No. 221 at 1.)  Defendants argue that the Government's alleged failure to disclose Mr. Cook's report to the defense team when it received it disregarded the Court's order requiring production of all expert reports.  (*Id.*) By not disclosing the report, Defendants argue that the Government misled the defense into thinking that it was an undisputed fact that one of the holes in the shotgun case was caused by a shotgun blast and not a snag.

Defendants further take issue with the fact that on July 14 and 15, 2022, Special Agent Steven DeFrance testified as a lay witness for the Government that in his opinion, the hole in the case was caused by a snag, even though neither he nor the Government ever disclosed an opinion that the hole was caused by a snag.  (*Id.* at 2.)  Defendants contend that Special Agent DeFrance was parroting conclusions from the undisclosed Cook report, constituting misleading testimony as well as inadmissible testimonial hearsay in violation of Federal Rule of Evidence 802.  (*Id.* at 2, 5.)

Defendants argue that the prejudice resulting from the Government's failure to timely disclose Mr. Cook's report and Special Agent DeFrance's testimony is extensive. (*Id.* at 7.)  Because the defense believed that the cause of the hole in the gun case was undisputed, Defendants state that they made representations to that effect before the jury, and now the jury will perceive the trial as showing the defense caught "flat-footed"

by surprise revelations as to how the bag was torn that are inconsistent with what the defense said during opening statements.  (*Id.*)  Finally, Defendants argue that the prejudice cannot be cured because even if the Court struck Special Agent DeFrance's testimony and instructed the jury to disregard it, one or more jurors may have already decided that the defense is not credible.  (*Id.*)

Despite Defendants' arguments, for the following reasons, the Court finds that the Government has not violated any discovery or evidence rules.  Therefore, the Court declines to grant the relief sought by the Defendants: a mistrial.

First, the Court examines the reasons for any purported failure to timely disclose the Cook report.  *Wicker*, 848 F.2d at 1061.  The Government states that Mr. Cook's report was not an expert report on which the Government will base any testimony at trial; rather, it was "solely" prepared for the Government's cross-examination of defense expert Lucien Haag.  (ECF No. 222 at 1, 7.)  Special Agent DeFrance examined Defendant Rudolph's soft shotgun case on April 28.  (*Id.* at 2.)  Mr. Haag's report was provided to the Government on July 1, 2022, and the report revealed Mr. Haag's belief that the hole about four inches from the end of the case was a "blast hole."  (*Id.* at 3.)  After the Government received Mr. Haag's report, it set up additional test fires on July 5, 2022.  (*Id.* at 5.)  According to the Government, that testing, about which Special Agent DeFrance testified, demonstrated that it was unlikely that what Mr. Haag identified as a blast hole was in fact a blast hole, and that it was more likely that it was a snag.  (*Id.*)

It is undisputed that Special Agent DeFrance was made aware of Mr. Cook's report before he testified at trial.  (*Id.* at 2.)  Although Defendants repeatedly posit that the Cook report is the basis for Special Agent DeFrance's testimony that the hole in the

shotgun case was caused by a snag, not a blast, the Government states that the Cook report was not the basis for Special Agent DeFrance's testimony.  (*Id.* at 8.)  He did not testify as an expert witness.  (*Id.* at 2.)  Therefore, his testimony was based on his own observations and lay opinions and not conclusions reached by others, including Mr. Cook.  (*Id.*)

As such, there is no basis for Defendants' assertions that the Government "sand-bagged" them by not disclosing Mr. Cook's report earlier.  (*Id.* at 7; ECF No. 221 at 3.) The Government states that the report will not be part of the subject matter of Mr. Cook's testimony and even if it was, it would be timely disclosed under 18 U.S.C. § 3500(a), which provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  (ECF No. 222 at 8.)  The Court will hold the Government to its representation that the report will not be part of the subject matter of Mr. Cook's testimony.

To the extent Defendants characterize Special Agent DeFrance's testimony as comprised of inadmissible testimonial hearsay based on the Cook report, the Court finds this argument is without merit.  Defendants' arguments are based on speculation that "the only plausible inference" for the Government having given the Cook report to Special Agent DeFrance "is that it was meant to and in fact did influence his testimony." (ECF No. 225 at 3.)  However, Defendants provide no basis for their argument.

Moreover, the Government explains that Special Agent DeFrance saw the hole in

the bag in April and had already conducted testing to confirm that damage caused by a shotgun blast occurs where the muzzle is placed.  (ECF No. 222 at 8.)  According to the Government, Special Agent DeFrance already knew that what Mr. Haag said was a "blast hole" could not possibly be anything of the sort.  (*Id.*)  Therefore, Mr. Cook's observations merely "tracked with" Special Agent DeFrance's independently formed conclusions regarding a snag.  The Court agrees with the Government and finds that the fact that Special Agent DeFrance knew that another expert, Mr. Cook, had independently reached the same conclusion after the fact did not change his testimony.  (*See id.*)  Therefore, Special Agent DeFrance's testimony at trial was not based on inadmissible hearsay.

Because the Court concludes that the Government committed no Rule 16 violation, the second and third factors that the Tenth Circuit instructs the Court to consider in this context—the extent of the prejudice Defendants suffered, and the feasibility of curing any prejudice with a continuance—are moot.  Defendants have not suffered any prejudice, and therefore there is no need for a curative instruction or continuance of trial.

Accordingly, the Court finds that the Defendants' right to a fair and impartial trial has not been compromised and that a mistrial is not necessary.  Defendants' Motion for Mistrial (ECF No. 221) is denied.

Dated this 20th day of July, 2022.

BY THE COURT:

William J. Martinez
United States District Judge