IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-000012-WJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. LAWRENCE RUDOLPH,
2. **LORI MILLIRON,**

    Defendants.

---

**LORI MILLIRON'S REPLY IN SUPPORT OF HER MOTION FOR NEW TRIAL**
---

Ms. Lori Milliron, ("Milliron") respectfully files her Reply in Support of her Motion for New Trial and states:

### I. The jury instructions containing a previously stricken charge against Milliron was not harmless

The Government concedes inclusion of the indictment containing the stricken charge against Milliron was error. The Court struck the reference to Milliron's allegedly obstructing justice by lying to the grand jury about Rudolph shooting off his thumb for insurance proceeds. Despite filing the motion to strike the language from Count 4 of the indictment, the Government failed to redact the language nor file an amended pleading without the allegation. The Government is solely responsible for failing to strike the language, but now claims without case law or other facts that the error was "harmless".  However, considering that the only charges against Milliron came from her testimony before the grand jury, the error of including an additional charge in the jury instruction is anything but harmless. Cf. "*Black's Law*

*Dictionary*, *s.v.* "error [definition 2]" (10th ed. 2014) (defining "harmless error" as "[a] trial-court error that does not affect a party's substantive rights or the case's outcome" *Concilio v. Cigna Health & Life Ins. Co.*, Civil Action No. 16-cv-1863-WJM-MJW, at *19-20 (D. Colo. July 24, 2018). Not only did the inclusion of the uncharged conduct prejudice Milliron's right to a fair trial, because all the counts against her stemmed from her testimony, the Government cannot in good faith claim that additional charge did not affect the case's outcome. Further, the Government also mistakenly argues that the because the indictment was "not evidence", then the jury should have known to disregard the language of the counts provided to them for deliberation. The Government never referenced the charges against Millirion in their case in chief, and it was not until the undersigned's closing argument that the counts in the indictment were even mentioned before the jury. One jury question during deliberation specifically referenced where to find certain information from the indictment. Therefore, the jury utilized the indictment and the stricken language as part of its deliberation. Accordingly, the error was harmful and affected both the outcome of the case and Millirion's right to a fair trial. A new trial is warranted as a result.

## II.    The emails between Cassandra Olmstead and Bianca Rudolph are newly discovered evidence which reveal Olmstead committed perjury in open court

Milliron adopts the arguments on the newly discovered Olmstead emails as set forth in Rudolph's reply. In addition to those arguments, Milliron would remind the court that the emails in question were never in her care, custody or control. Further, the Government fails to dispute that the emails reveal that Olmstead likely perjured herself before the jury. Ironically, the Government is currently seeking to throw the proverbial book at Millirion in sentencing based

upon answers to ambiguous questions before the grand jury. However, it appears that Olmstead made up events out of whole cloth which the Government utilized to convict Rudolph and Milliron. Absent in the Government's response is acknowledgment that the emails at the very least are extremely troubling even if totally misunderstood. Instead, ever seeking victory, the Government ignores the fact that it is likely one of their star witnesses lied repeatedly under oath on the central issue in the case. It's disappointing that the Government would not at least investigate the issue to determine the truth, perhaps because that would mean that their entire theory of motive was built upon lies. At this point however, the clear fact is that the newly discovered evidence requires a new trial for Milliron.

WHEREFORE, Lori Millirion respectfully requests that this Court grant her a new trial.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant Milliron's Reply in Support of Her Motion For New Trial was sent via Electronic Mail and/or the CM/ECF System upon all registered PACER and CM/ECF users/attorneys in this case. On November 14, 2022.

By:    _/s/ John W. Dill_