IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **LAWRENCE RUDOLPH,**
2. LORI MILLIRON,

    Defendants.

_____/

## LAWRENCE RUDOLPH'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Lawrence Rudolph files the following objections to the Presentence Investigation Report (PSR), Docket Entry 287. In addition to these objections, we will also be filing a response to the Government's forthcoming Motion for Restitution and Forfeiture.

### I.   OFFENSE CONDUCT, paragraphs 7-109

It is our understanding that the Government provided the Probation Office with a summary of the "facts" of this case, which the Probation Office used "*verbatim*" to describe the offense conduct. *See* PSR at paragraph 8. We object to this summary as it does not accurately reflect the testimony of the witnesses or the exhibits at the trial in this case. Lawrence Rudolph disagrees and objects to the Government's characterization of the facts, which is untethered from the trial evidence. Since there

was a trial in this case, the evidence presented during the proceedings—or lack thereof—should control, not the Government's skewed recitation. Rather than refute the Government's 36-pages of inferences and conclusions based on their view of the evidence line-by-line, the defense respectfully relies on the evidence documented in the trial transcripts and preserves all of its objections and motions from the trial.

## II. ADJUSTMENT FOR OBSTRUCTION OF JUSTICE, paragraphs 123-125; 135

Although we concede that this enhancement will not affect the ultimate sentence in this case, we object to the application of a two-point enhancement for obstruction of justice, which is not justified either on the law or the facts of the case. First, there is no evidence to suggest that Dr. Rudolph "threaten[ed], intimidat[ed], or otherwise unlawfully influenc[ed], a co-defendant, witness, or juror, directly or indirectly." PSR at paragraph 124(1)(A). The consular official cited in the PSR testified that Dr. Rudolph was upset when he learned that photos were being taken of his wife's naked body without his consent. *Id.* And contrary to the Government's insinuation, the professional hunting guide, Mark Swanepoel, never testified, or even suggested, that Dr. Rudolph had financial influence over him. *Id.* In fact, Swanepoel testified that he believed Bianca Rudolph's death was the result of a tragic accident. Finally, as Dr. Rudolph explained during his testimony, he disposed of the gun that caused his wife's death years after the accident when he believed the investigations into her death were closed. At the time the gun was disposed of, the Zambian authorities had ruled Bianca Rudolph's death an accident, the insurance companies

had ruled the death an accident, and the FBI had not notified Dr. Rudolph that he was being investigated for murder. As Dr. Rudolph explained to the jury, if the Government, or any other agency, had asked for the gun, he would have provided it (just like he voluntarily provided the Government with the soft case and the hard case). As such, the obstruction of justice enhancement is not applicable.

### III.  FINE, FORFEITURE, AND RESTITUTION AND ABILITY TO PAY, paragraphs 110-122; 202-210

Lawrence Rudolph objects to the probation officer's recommendations as to fine, forfeiture, and restitution.

Regarding restitution, we object to the amount of $3,126,045.71 listed in the PSR because (1) the insurance companies are not "victims" in this case; they did not suffer a financial loss because even if Bianca Rudolph was murdered, they would have had to pay the death benefit to the contingent beneficiaries (her children); and (2) even if the insurance companies could somehow establish financial loss, only one of the seven companies submitted a Declaration of Victim Losses requesting $203,200.

It is also our understanding that the Government is seeking forfeiture on top of restitution and including amounts that far exceed the loss in this case.  We object and reserve our right to respond to the Government's theories once it lays them out.

We also object to the PSR's finding that Dr. Rudolph is able to pay a fine of $9,785,577.86. PSR at paragraph 210. The PSR cites Dr. Rudolph's net worth at the time of the bond hearing and before his conviction, which no longer accurately reflects his financial status. It is our understanding that the Government will be filing a

Motion for Restitution and Forfeiture and we reserve the right to address these issues in our response. As we plan to explain in our response to the Government's forthcoming motion, there is simply no ability to pay a fine and/or forfeiture, especially when the Government is double and triple counting the loss in this case.

WHEREFORE Lawrence Rudolph respectfully requests that his objections be sustained.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      David Oscar Markus   Florida
      Bar Number 119318
      dmarkus@markuslaw.com

      /s/ A. Margot Moss
      A. Margot Moss
      Florida Bar Number 091870
      mmoss@markuslaw.com

      /s/ Lauren I. Doyle
      Lauren I. Doyle
      Florida Bar Number 117687
      ldoyle@markuslaw.com
