IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. LORI MILLIRON,

      Defendants.

---

**GOVERNMENT'S RESPONSE TO LAWRENCE RUDOLPH'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT [ECF NO. 295]**

---

The defendant's objections should be overruled. The defendant's blunderbuss objection to the statement of facts is improper and insufficient to preserve any factual disputes. His offense properly includes the obstruction of justice enhancement. And the probation office correctly concluded that a fine is appropriate in this case, in large part based on the defendant's representation to the court less than a year ago.

I.      OFFENSE CONDUCT

The defendant's generalized objection to the statements of facts is inadequate. "[T]o invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy." *United States v. Barnett*, 828 F.3d 1189, 1193 (10th Cir. 2016). Nothing about his objection is specific. The defendant does not identify which paragraphs of the PSR are inaccurate, explain why or how any characterization in any particular paragraph is "untethered from the trial evidence," or articulate why any inferences are unwarranted. *Id.* (noting defendant's "affirmative duty to make a showing that the information in

the presentence report was unreliable and articulate the reasons why the facts contained therein were untrue or inaccurate.").

The defendant's filing is insufficient to trigger any further inquiry by the court. *Cf. United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006) (finding that conclusory characterization of evidence was insufficient and citing *United States v. Hall*, 212 F.3d 1016, 1023 (7th Cir. 2000) for the proposition that the defendant must offer more than mere denial). Worse, the defendant could not even be bothered to accept the court's invitation to participate in the presentencing process by submitting his own sentencing statement with his own statement of facts. The fact that there was a jury trial here, which allowed the jury to reach its ultimate findings of guilt, does not somehow erase the parties' duties to advise the court as to the specific facts it may or must find as part of the sentencing process. The government has the burden of proving the facts at sentencing by a preponderance of the evidence and submits that the evidence and exhibits the Court heard at trial or elsewhere in these proceedings are sufficient to meet that burden.

The defendant's willful and intentional decision to abstain from making any specific statements about the facts or to even try to explain with any kind of specificity why or how anything the government has said is inaccurate can and should be deemed as a waiving any factual objections. *United States v. McClaflin*, 939 F.3d 113, 1119 (10th Cir. 2019) (reiterating that parties must object "with specificity so that the district court can correct its actions in the first instance" and finding waiver where defendant failed to do so).

II.     OBSTRUCTION

There is sufficient evidence for the Court to conclude that the defendant intended to obstruct justice. First, the defendant entirely ignores the testimony from a Zambian funeral

director that he offered a bribe for assistance in cancelling the planned forensic medical

examination that he knew would (and did) show that the shotgun blast that killed his wife was

fired from a distance. This kind of bribe plainly constitutes obstruction. *United States v. Santos-*

*Garcia*, 313 F.3d 1073, 1081 (8th Cir. 2002). And the court can find that the obstruction

enhancement applies based on the testimony of that witness alone, so long as it makes the

appropriate credibility findings.

The same is true of the defendant's payments to one of the key witnesses in the case.

As explored during the defendant's testimony, the defendant gave one of the primary

eyewitnesses a loan of several thousand dollars shortly after being contacted by insurance

investigators about the matter. Whether the *witness* was subjectively influenced by this is

immaterial: what matters is that the *defendant* took action to create goodwill towards him at

precisely the time he was most in need of a favorable reference from his friend. This, too, is an

attempt at influence that the guidelines rightly condemn. U.S.S.G. § 3C1.1 app. note 4(A)

(providing as example attempt to unlawfully influence witness).

Third, the consular official testified at trial that the defendant did not just express anger.

He specifically asked for evidence to be destroyed. Then he personalized his interaction with the

consular official, making it clear that he had done background research on him and delivering an

implicit threat that left the consular official so afraid he took diplomatic security with him for the

first time in a very long career. This surely constitutes an attempt to intimidate and influence a

witness, which is all the Guidelines require. *United States v. Powell*, 973 F.2d 885, 894 (10th

Cir. 1992).

Finally, the defendant — an experienced hunter with a lifetime of immersion in hunter's

safety and other tenets of responsible gun ownership — testified that he had a functional firearm

picked up by an untraceable trash removable service after being contacted by the FBI about his wife's death. Even if the Court believes this self-serving story about the timing, means, and motive for why he disposed of the shotgun, but kept other items of comparatively minimal evidentiary and monetary value, it can conclude by a preponderance of the evidence that the defendant was well aware that the shotgun was a critical piece of evidence and that he intentionally sought to prevent its examination by the FBI. There is no dispute that he brought it back from Zambia and no doubt that he used its absence as a critical component of his defense at trial. The defendant maintained careful control of evidence as part of a calculated effort to manipulate the judicial system. This is obstruction and it should be part of the record in this case.

### III.     FINE FORFEITURE, RESTITUTION, AND ABILITY TO PAY

The defendant told the probation office he had $27 million in assets as of his arrest in December 2021. During trial, he said that he was so rich that money could not be a motive for his actions. Now he refuses to provide any information about his finances to probation and simply asserts, without explanation, that his prior statements to the court about his wealth are no longer accurate. If he misrepresented his assets in December, this is also grounds for an obstruction enhancement. U.S.S.G. § 5E1.1 app note 6 ("If the Court concludes that the defendant willfully misrepresented all or part of his income or assets, it may increase the offense and resulting sentence in accordance with Chapter Three, Part C). If he has unexplained expenditures or other unexplained transfers since his arrest in December, the court can use these facts to conclude that he is able to pay a fine. *Id.* ("The court may base its conclusion as to this factor on information revealing significant unexplained expenditures by the defendant[.]"). Until the defendant provides good reason to disregard his prior statements *to the court*, he should be bound by them: $27,000,000 is more than sufficient to pay what justice demands in this case.

The government will respond, as appropriate, to any additional filings by the defendant regarding restitution, forfeiture, and fines, but notes that it is not accurate, as a legal matter, to assert that there is any double- or triple-counting. Restitution, forfeiture, and fines are distinct remedies with distinct rationales for existing independent of each other. *United States v. Channon*, 973 F.3d 1105, 1112 (10th Cir. 2020) ("[A]warding a forfeiture amount equal to restitution does not amount to a double recovery.").

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:    */s Bryan Fields*          By:    /s *J. Bishop Grewell*
Bryan Fields                      J. Bishop Grewell
Assistant United States Attorney  Assistant United States Attorney
U.S. Attorney's Office            U.S. Attorney's Office
1801 California St. Suite 1600    1801 California St. Suite 1600
Denver, CO 80202                  Denver, CO 80202
(303) 454-0100                    (303) 454-0100
Bryan.Fields3@usdoj.gov           Bishop.Grewell@usdoj.gov
Attorney for the Government       Attorney for the Government

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

<u>*s/ Bryan Fields*</u>
United States Attorney's Office