IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. **LORI MILLIRON**,

    Defendants.

---

**JOINT BRIEF OF THE PARTIES ADDRESSING WHETHER THE COURT MUST RULE ON THE PENDING POST-TRIAL MOTIONS BEFORE SENTENCING**

---

The Court ordered the parties to address whether the Court must rule on defendant Rudolph's motion for new trial [ECF No. 268], defendant Milliron's motion for new trial [ECF No. 269], and Government's motion for order of restitution and forfeiture as to Lawrence Rudolph. The parties submit this joint brief to answer those questions. While the Tenth Circuit has admonished that "[o]nly rarely should sentencing precede resolution of timely filed post-trial motions pending at the time of sentencing," the law does not require the Court to rule on the motions prior to sentencing. *United States v. Varah*, 952 F.2d 1181, 1182 n.2 (10th Cir. 1991) (per curiam). However, to avoid any legal complications that might potentially prejudice any of the parties, the parties jointly and respectfully request that the Court issue its rulings at or before sentencing and that restitution and forfeiture be resolved at the same time.

As explained in *United States v. Parker*, 766 F.2d 1441, 1445 (10th Cir. 1985), *Varah*, 952 F.2d at 1182 n.2, and *United States v. Battles*, 745 F.3d 436, 445-451 (10th Cir. 2014)*,* the Court has two options for the new trial motions:

1

1. If the Court rules before sentencing, it has complete authority to either grant or deny the motions.

2. If the court does not rule on the motions before any notice of appeal, then it loses its ability to grant the motions but retains authority to deny them. Should the court conclude that the motions should be granted after notices of appeal, it can certify its intent to do so to the Tenth Circuit. At that point, the Tenth Circuit can remand.

The Court can resolve any issues related to restitution for at least 90 days after sentencing and has discretion to take the matter under advisement for longer than that so long as it makes clear before then that it intends to issue an order of restitution in some amount. 18 U.S.C. § 3664(a); *Dolan v. United States*, 560 U.S. 605, 607 (2010).

There is a circuit split as to whether the Court can take forfeiture under advisement past the day of sentencing. *See United States v. Maddux*, 37 F. 4th 1170, 1180 (6th Cir. 2022) (noting that Second and Fourth Circuits do not consider deadlines in Rule 32.2 to impose jurisdictional bars but disagreeing with that result and concluding, along with Eighth Circuit that forfeiture must be resolved at sentencing or else there is no appellate jurisdiction to rule on any later-issued forfeiture).

    I.    <u>Procedural Rules Related to Motions for a New Trial</u>

Motions for a new trial can fall in the liminal space between trial and appeal. Ruling on the motion before sentencing and any notice of appeal avoids any procedural traps. Such a ruling—either granting or denying it—allows both of the parties to appeal without any jurisdictional issues. At that point, the Court of Appeals can hear either a consolidated defense appeal involving both the motions and other trial issues or a government appeal related just to the motions pursuant to the usual appellate procedures. *See, e.g., United States v. Ybarra Cruz*, 982 F.3d 1284 (10th Cir. 2020) (reviewing denial of Rule 33 claim and other trial issues in defense appeal); *United States v. Drage*, 681 F. App'x 654 (10th Cir. 2017) (reviewing grant of motion

2

for new trial on appeal by government pursuant to 18 U.S.C. § 3731). This is among the reasons that the Tenth Circuit has expressed a preference for motions to be resolved before sentencing. *Varah*, 952 F.2d at 1182 n.2.

If the Court continues to take the matter under advisement after sentencing, the Federal Rules of Criminal Procedure provide that when a motion is grounded on "newly discovered evidence" while "an appeal is pending," "the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33. The plain text of the rule means that an appeal divests the trial court of authority to grant a motion for a new trial. *Palmer*, 766 F.3d at 1445. At that point it is empowered only to "deny the motion or to certify to the court of appeals that it would grant the motion on remand." *Id.; see also United States v. Chronic*, 466 U.S. 648, 667 n.42 (1984). If the court denies the motion while the appeal is pending, the defendant can appeal from that order within 14 days and ask for it to be consolidated with the rest of any pending appeal. *Garcia v. Regents of the University of California*, 737 F.2d 889, 890-91 (10th Cir. 1984). If the court certifies its intent to grant the motion, the Court of Appeals can partially remand, retaining jurisdiction over the original appeal and consolidating any subsequent appeal by the government. *Id.*

    II.    <u>Procedural Rules Related to Restitution</u>

The Court does not have to rule on restitution prior to sentencing. The Court has authority to rule on issues related to restitution for at least 90 days after sentencing. 18 U.S.C. § 3664(d)(5) (providing that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."). This 90-day period can be extended so long as the court makes it clear before the 90 days that it intends to order restitution, leaving open only the

3

amount. *Dolan*, 560 U.S. at 607; *Id.* at 611 (concluding that § 3664 creates a time-related directive that is not a jurisdictional bar).

If the Court does take restitution under advisement for 90 days or more, then the defendants can take immediate appeal from the judgments imposing any sentences of imprisonment or supervised release and a subsequent appeal from the order of restitution. *Manrique v. United States*, 137 S.Ct. 1266, 1272 (2017).

### III. Procedural Rules Related to Forfeiture

As set forth below, there appears to be a circuit split on the issue of forfeiture. The parties take the position that the Court should rule on forfeiture, in a limited way, prior to sentencing. Rule 32.2(b)(1)(A) requires the Court determine what property is subject to forfeiture under the applicable statute. Once the Court has done that, it must promptly enter a preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modification. Rule 32.2(b)(2)(A) and (B). The United States will be filing a Motion for Preliminary Order of Forfeiture identifying the property subject to forfeiture. Once the Court enters the Preliminary Order of Forfeiture, the Court does not have to rule on the forfeiture issue as to the Defendant until the time of sentencing. However, the Court must include the forfeiture when orally announcing the sentence and reflect it in the judgment. Rule 32.2(b)(4)(A).

There appears to be a circuit split regarding whether the Court must rule on issues relating to forfeiture at sentencing. Federal Rule of Criminal Procedure 32.2(b) sets forth a general procedure requiring the court to enter a preliminary order of forfeiture before sentencing and then incorporate a final order of forfeiture as part of the judgment at the sentencing itself. Just this past June the Sixth Circuit concluded that Rule 32.2 is not a time-related directive like

18 U.S.C. § 3664 and is, instead, a jurictional claims-processing rule that requires the district court to rule on forfeiture at the sentencing itself. *Maddux*, 37 F. 4th at 1180.

The parties say that there "appears" to be a split because *Maddux* and the cases it relies on are potentially distinguishable as cases where the district court failed to follow several of the directives in Rule 32.2, resulting in what the Sixth Circuit called an "egregious" fact pattern. *Maddux*, 37 F.4th at 1170 n. 6. Here, if the court follows all of Rule 32.2's procedures—including entering a preliminary order of forfeiture—then the case is more like *United States v. Martin*, 662 F.3d 301, 306-310 (4th Cir. 2011). In that case, the Fourth Circuit concluded that the Rule 32.2 deadline requiring that a preliminary order of forfeiture become final at sentencing is a time-related directive that is not jurisdictional, allowing the defendants to separately appeal forfeiture once it was finalized.

Even so, the parties are of the view that the best procedure—the one that protects all of the parties' interests and minimizes any later trial or appellate litigation—is for the Court to rule on any forfeiture issues at sentencing, incorporate the preliminary order of forfeiture into the judgment, and then adjudicate any petitions filed as part of ancillary proceedings under Rule 32.2(c). Once the court determines the total amount of forfeiture, the identification of any specific forfeitable assets or the designation of substitute assets under 21 U.S.C. § 853(p) can be litigated pursuant to a motion under Rule 32.2(e), which can be separately appealed. *See, e.g., United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006).

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: */s Bryan Fields*
Bryan Fields
Assistant United States Attorney

By: */s J. Bishop Grewell*
J. Bishop Grewell
Assistant United States Attorney

By: */s Kurt Bohn*
Kurt Bohn
Assistant United States Attorney

| | | |
|---|---|---|
| U.S. Attorney's Office<br>1801 California St. Suite 1600<br>Denver, CO 80202<br>(303) 454-0100<br>Bryan.Fields3@usdoj.gov<br>Attorney for the Government | U.S. Attorney's Office<br>1801 California St. Suite 1600<br>Denver, CO 80202<br>(303) 454-0100<br>Bishop.Grewell@usdoj.gov<br>Attorney for the Government | U.S. Attorney's Office<br>1801 California St. Suite 1600<br>Denver, CO 80202<br>(303) 454-0100 |

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

| | | |
|---|---|---|
| By: */s/ David Oscar Markus*<br>David Oscar Markus<br>Florida Bar Number 119318<br>dmarkus@markuslaw.com | By: /s/ A. Margot Moss<br>A. Margot Moss<br>Florida Bar Number 091870<br>mmoss@markuslaw.com | By: */s/ Lauren I. Doyle*<br>Lauren I. Doyle<br>Florida Bar Number 117687<br>ldoyle@markuslaw.com |

JOHN W. DILL, PA
941 West Morse Blvd.
Suite 100
o(321) 214-4500
c(321) 287-4774
Winter Park, FL 32789
John@JohnWDill.com

By: */s John W. Dill*
John W. Dill, Esquire
Florida Bar Number: 981680

6

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 5th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                   *s/ Bryan Fields*
                   United States Attorney's Office