IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-0012-WJM-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

Defendants.

---

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

---

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2 (b) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States. In support, the government sets forth the following:

## MEMORANDUM OF LAW

### I. Statement of Facts

1. On February 9, 2022, the grand jury charged defendant Lawrence Rudolph by Superseding Indictment in Count One with a violation of 18 U.S.C. §§ 1119 and 1111; and in Count Two with a violation of 18 U.S.C. §§ 1341 and 2. (Doc. 53 at 1-3).

2. The United States also sought forfeiture from defendant Lawrence Rudolph pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) of any and all rights, title, and interest in all property constituting and derived from any proceeds he obtained directly

and indirectly as a result of such offense or offenses or shall be liable for a money judgment in the amount of proceeds that he obtained as result of the scheme charged in Count Two of the Superseding Indictment. (Doc. 53 at 8). In addition, the United States sought forfeiture of any substitute property from defendant Lawrence Rudolph pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p) if any of the directly forfeitable property, as a result of any act or omission of Lawrence Rudolph, cannot be located upon exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty. (Doc. 53 at 8-9).

3. On May 4, 2022, the United States filed its First Bill of Particulars informing the Court of its intent to forfeit the defendant's interest in the following assets as set forth below:

a. Real Property located at 7000 N. 39th Place, Paradise Valley, Arizona;

b. Real Property located at 103 Morningside Drive, Cranberry Township, Pennsylvania;

c. All funds up to $3,496,092.04 held in Bank of New York Mellon account #10532701000, in the name of Lawrence P. Rudolph Trust;

d. All funds up to $751,776.28 held in Vanguard account #0540-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust;

e. All funds up to $527,736.24 held in Vanguard account #0585-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust;

f. 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309; and

g. 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709. (Doc. 108).

4. On August 1, 2022, a jury convicted Defendant Rudolph in Count 1 of murder, in violation of 18 U.S.C. §§ 1119 and 1111; and in Count 2, of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. (Doc. 247).

5. As set forth below, the following assets are subject to criminal forfeiture as proceeds traceable to violations of mail fraud and of aiding and abetting the same in Count Two, a violation of 18 U.S.C. §§ 1341 and 2:

a. Real Property located at 7000 N. 39th Place, Paradise Valley, Arizona. Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 58.74% of the net sales proceeds;

b. Real Property located at 103 Morningside Drive, Cranberry Township, Pennsylvania. Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 50.55% of the net sales proceeds;

c. All funds seized from Bank of New York Mellon account #10532701000, in the name of Lawrence P. Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Bank of New York Mellon account #10532701000;

d. All funds up to $751,776.28 in United States currency seized from Vanguard account #0540-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of

the $751,776.28 in United States currency seized from Vanguard account #0540-88150069515;

e. All funds up to $527,736.24 held in Vanguard account #0585-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Vanguard account #5085-88150069515;

f. 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309. Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees and expenses, distribute the remaining proceeds based on the percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative; and

g. 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709. Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees and expenses, distribute the remaining proceeds based on the percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative.

## II. Applicable Law in Regard to Motion for Forfeiture

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a guilty verdict. The Court's determination may be based on any evidence already in the record, and any other additional evidence submitted by the parties that the Court deems

relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). It is ***mandatory*** that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of al property constituting or derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 2.[1] Proceeds are defined by statute as, "…property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A).

## III. Assets Subject to Criminal Forfeiture

Based on the *United States' Motion for Mandatory Restitution and Forfeiture* (Docket # 296), the government has established, by a preponderance of the evidence, the nexus between the mail fraud and the assets sought to be forfeited.

The Court is very familiar with the facts in this matter. On October 11, 2016, at a remote campsite on the banks of the Kafue River in Zambia, Defendant Rudolph murdered his wife, Bianca Rudolph, by shooting her through the heart.

In a little over a month, Defendant Rudolph had submitted nine false claims to life

[1] Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18 United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1957(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. 1961(1) as a "specified unlawful activity." Title 18, United States Code, Section 1343 (Wire Fraud) is listed in 18 U.S.C. § 1961.

insurance companies representing that he was entitled to payment for the death of Bianca Rudolph. The following policies were paid out based on Defendant's fraudulent claims:

- Genworth Life and Annuity Insurance Company paid out $44,533.88 from policy number 1308458 on January 31, 2017, to Defendant's Vanguard Fund facilitating account number 30-9515. (Gov. Exhibits 300 and 309).
- AAA Life Insurance Company paid out $200,000.00 from policy number GT8107 on March 22, 2017, to Defendant's Vanguard Fund facilitating account 30-9515. (Gov. Exhibits 306 and 311).
- Fidelity Life Insurance Association paid out $100,973.41 from policy number 0100382288 on March 22, 2017, to Defendant's Vanguard Fund facilitating account 30-9515. (Gov. Exhibits 305 and 311).
- Ameritas Life Insurance Corp. paid out $1,003,049.90 from policy number T00017578A on April 5, 2017, to Defendant's Vanguard Fund facilitating account 30-9515. (Gov. Exhibits 307 and 312).
- Ameritas Life Insurance Corp. paid out $751,849.32 from policy number U00013758A on April 5, 2017, to Defendant's Vanguard Fund facilitating account 30-9515. (Gov. Exhibits 308 and 312).
- Great West Life Annuity Insurance Company paid out $1,000,157.54 from policy number 0104 TLP on March 16, 2017, to Defendant's Vanguard Fund facilitating account 30-5266. (Gov. Exhibits 304 and 310).
- Metlife Insurance Company paid out $772,901.17 from policy number 215150755 UT on March 16, 2017, to Defendant's Vanguard Fund facilitating account 30-5266. (Gov. Exhibits 301 and 310).

- TransAmerica Life Insurance Company paid out $503,438.85 from policy number 42728878 on March 16, 2017, to Defendant's Vanguard Fund facilitating account 30-5266. (Gov. Exhibits 302 and 310).
- TransAmerica Life Insurance Company paid out $500,840.86 from policy number 42186233 on March 16, 2017, to Defendant's Vanguard Fund facilitating account 30-5266. (Gov. Exhibits 303 and 310).

Based on the above-listed false claims, Defendant Rudolph received $4,877,744.93 as a result of the mail fraud.

Defendant Rudolph then used the proceeds of his mail fraud to fund or purchase various items. A detailed description of the assets purchased, and the remaining funds in the various bank accounts is described and traced in the *United States' Motion for Mandatory Restitution and Forfeiture* and is incorporated herein. (Docket # 296).

Accordingly, the following are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as proceeds and/ or property traceable to mail fraud:

a. Real Property located at 7000 N. 39th Place, Paradise Valley, Arizona. Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 58.74% of the net sales proceeds;

b. Real Property located at 103 Morningside Drive, Cranberry Township, Pennsylvania. Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 50.55% of the net sales proceeds;

c. All funds seized from Bank of New York Mellon account #10532701000, in the name of Lawrence P. Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Bank of New York Mellon account #10532701000;

d. All funds up to $751,776.28 in United States currency seized from Vanguard account #0540-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of the $751,776.28 in United States currency seized from Vanguard account #0540-88150069515;

e. All funds up to $527,736.24 held in Vanguard account #0585-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust. Upon the Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Vanguard account #5085-88150069515;

f. 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309. Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees and expenses, distribute the remaining proceeds based on the percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative; and

g. 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709. Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees

and expenses, distribute the remaining proceeds based on the percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative.

A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture sufficiently in advance of sentencing, tendered herewith,[2] for the reasons set forth above.

---

[2] Insomuch as the Court cannot identify the specific property subject to forfeiture based on the filings, the government would request the Court enter a general order of forfeiture. Such an order is authorized by Fed. R. Crim. P. 32.2(b)(2)(C), which states if the Court cannot determine the specific property subject to forfeiture prior to sentencing, the Court can list any identified property, describes other property in general terms, and state that the order will be amended when specific property is identified. Such a proposed order can be submitted by the government if so requested.

DATED this 15th day of December 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Kurt J. Bohn*
Kurt J. Bohn
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Kurt.bohn@usdoj.gov
*Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Charisha Cruz*
Paralegal Specialist
Office of the U.S. Attorney