IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. **LORI MILLIRON,**

Defendants.

_____

**MOVANTS' MOTION FOR LEAVE TO FILE
THEIR RESPONSE TO GOVERNMENT'S MOTION FOR MANDATORY
RESTITUTION AND FORFEITURE**
_____

Pursuant to the Court's order of January 10, 2023 (the "Order") (Dkt. #317), Movants hereby submit the instant motion requesting leave to file their response to the Government's Motion for Mandatory Restitution and Forfeiture, which is attached to this motion as Exhibit A. As described more fully below, Movants have standing to participate in the restitution portion of these proceedings because they are asserting their rights as crime victims, rights that are specifically granted to them by Congress in the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. *See* 18 U.S.C. § 3771(a)(4) ("right to be reasonably heard at any public proceeding involving . . . sentencing"); 18 U.S.C. § 3771(a)(6) ("right to full and timely restitution as provided in law").

**I.    MOVANTS HAVE STANDING PURSUANT TO 18 U.S.C. § 3771(d)(3)**

Movants wish to clarify at the outset the specific basis upon which they are claiming standing to participate in the restitution phase of the sentencing proceedings in this case. To be clear, Movants are not relying on the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §

1

3663A, for statutory authority to support their standing to participate in this case. Rather, Movants are relying on the express provisions of the CVRA for that purpose.

In enacting the CVRA, Congress identified specific rights afforded to victims of federal crimes. Included within those enumerated rights are the right for crime victims to "be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole hearing," 18 U.S.C. § 3771(a)(4), and "full and timely restitution as provided in law," 18 U.S.C. § 3771(a)(6). However, Congress did not limit itself to merely designating particular rights to which crime victims are entitled, it also crafted an enforcement regime to ensure those rights can be vindicated in court. Specifically, Section 3771(d)(1) states, "[t]he *crime victim or the crime victim's lawful representative*, and the attorney for the government, *may assert the rights described in subsection (a)*." 18 U.S.C. § 3771(d)(1) (emphasis added). In a subsection of the CVRA entitled "Motion for Relief and Writ of Mandamus," Congress explicitly set out the procedure to be followed when a crime victim wishes to assert any of his or her rights described in Section 3771(a):

> The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus.

18 U.S.C. § 3771(d)(3); *see also* Fed.R.Crim.P. 60.

That the Movants are victims in this matter is indisputable. As analyzed in more detail in the Movants response, attached as Exhibit A, and contrary to the government's assertions, it is the Movants who are the actual victims of the insurance fraud conduct charged in Count Two of the Superseding Indictment, not the insurance companies. The Movants are the only persons who have been "directly and proximately harmed as a result of the commission" of this offense. 18 U.S.C. § 3771(e)(2)(a). Because they are the victims of that offense and have suffered considerable financial

harm, they have the "right to full and timely restitution as provided in law" (that law being the substantive provisions of the MVRA). 18 U.S.C. § 3771(a)(6). Moreover, as is made clear by Section 3771(d), Movants have the power to "assert" that right through their lawful representatives. *See* 18 U.S.C. § 3771(d)(1), (3).

## II. THE TENTH CIRCUIT, LIKE OTHER COURTS OF APPEAL, HAS PREVIOUSLY RECOGNIZED THAT THE CVRA GRANTS VICTIMS THE RIGHT TO BE HEARD BY THE DISTRICT COURT

The plain language of the provisions of the CVRA cited above grants Movants standing to file their response to the Government's Motion for Mandatory Restitution and Forfeiture. Nevertheless, as requested by the Court in its Order,[1] Movants have examined cases from the Tenth Circuit that have discussed a crime victim's participation rights. Though few in number, the available cases demonstrate that the Tenth Circuit has acknowledged that victims who have not been recognized by the Government may properly move district courts to recognize them as such. *See In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) ("As permitted by the CVRA, 18 U.S.C. § 3771(d)(3), the Antrobuses filed a petition for a writ of mandamus seeking review of the district court's decision [that their daughter was not a victim]."); *see also United States v. Hunter*, 548 F.3d 1308, 1309-10 (10th Cir. 2008) ("The district court denied the motion [to have the Antrobuses' daughter declared a victim] …"); *In re Olesen*, 447 Fed. App'x 868, 869 (10th Cir. 2011) ("The CVRA requires the district court to 'take up and decide any motion asserting a victim's right forthwith' and to clearly state its reasons for denying relief on the record.") (citing § 3771(d)(3)) (unpublished). Movants further note that the Tenth Circuit's sister courts have widely acknowledged that the CVRA mandates that district courts hear petitions of victims of

---

[1] In its Order, the Court also asked Movants to discuss any applicable Supreme Court precedent. Unfortunately, the Supreme Court has not yet had an opportunity to issue any decisions interpreting the victim participation rights section of the CVRA, which Congress passed in 2004. There are approximately 12 Supreme Court decisions addressing what previously had been 18 U.S.C. § 3771 but those were all issued in 1988 and earlier.

crimes. *See, e.g.*, *In re Doe*, 50 F.4th 1247, 1250 (9th Cir. 2022) ("The CVRA requires a district court to decide a motion asserting a victim's rights, including an application for restitution, 'forthwith.'") (citing § 3771(d)(3)); *In re Wild*, 994 F.3d 1244, 1253 (11th Cir. 2021) ("subsection (d)(3) gives victims a 'motion' remedy in the district court and a mandamus remedy in the court of appeals").

Perhaps the most analogous precedent to the situation presented in the instant case is the Seventh Circuit's recent decision in *United States v. Issa*, 21 F.4th 504 (7th Cir. 2021). In that case, the defendant engaged in a widespread embezzlement scheme in which he stole tens of millions of dollars from his employer and his employer's family. *Id.* at 506. As part of the sentencing process, the district court permitted counsel for the employer and his family to file a sentencing memorandum discussing their rights as victims, as well as a request for restitution, and to make an oral statement at the sentencing hearing in their roles as victims of the defendant's offense. *Id.* at 507. In pronouncing sentence, the district court heavily relied on the victims' oral and written statements. *Id.*

On appeal, the defendant's primary argument was that the victims' participation in the sentencing process improperly transformed "the victims into a de facto party" and permitted victims' counsel to act as a "shadow prosecutor." *Id.* at 508. The Seventh Circuit rejected this argument and instead noted that "[u]nder the CVRA, crime victims have the right to be reasonably heard at any public proceeding involving release, plea, sentencing, or any parole proceeding" and that "[v]ictims may exercise this right through their attorneys." *Id.* (citing 18 U.S.C. § 3771(a)(4) and Fed.R.Crim.P. 60(b)(2)). With respect to the extent of the involvement of the victims and their counsel during the defendant's sentencing proceedings, the court held that the "district court did precisely the right thing in accepting the written and oral submissions of the victims personally

and through their lawyer and acted within its discretion in considering and weighing those submissions. Additionally, no facts in the record support any claim that [defendant] did not have notice or opportunity to respond to the victims' statements. The district court correctly applied the CVRA to the sentencing procedures." *Id.* The Movants in this case are asking for no greater level of participation in these proceedings than the Seventh Circuit authorized in *Issa*.

### III. SEPARATELY, MOVANTS' CASE IS DISTINGUISHABLE FROM THE CASES CITED BY THE COURT

Although the cases cited by the Court in its Order largely focus on the MVRA, on which Movants are not relying to support their standing argument, those cases arguably still support Movants' right to be heard.

First, in *United States v. Kelley*, 997 F.2d 806 (10th Cir. 1993), the party seeking victim status, Danbury, USA, Inc. ("Danbury"), "was allowed to address the court" to request restitution under the MVRA. 927 F.2d at 807. The court declined to order that restitution be paid to Danbury, which led Danbury to file a Motion to Intervene. That motion was denied, as was Danbury's appeal of the denial. The Tenth Circuit stated that Danbury argued "that it has 'implicit standing' to appeal the district court's order," a position with which it disagreed. *Id.* Critically, we note that *Kelley* was decided prior to the passage of the CVRA, which, as explained above, *explicitly* gives victims standing to assert their right to "full and timely restitution" before a district court. Both *United States v. Johnson* and *United States v. Grundhoefer* were also decided prior to the passage of the CVRA, and at least *Grundhoefer* would likely have been decided differently under the CVRA. *See United States v. Grundhoefer*, 916 F.2d 788 (2d Cir. 1990) ("[U]nless the trustee can establish that Congress gave him *a right to restitution* under the [Victim and Witness Protection Act], the trustee has not shown injury in fact and cannot challenge a restitution order imposed as part of a defendant's sentence.") (emphasis added).

Second, although *Hunter* was decided after the passage of the CVRA, the case is *readily* distinguishable from the present matter. *Hunter* was the second of two related cases in which the parents of a deceased child sought to establish that their daughter was the victim of Hunter's unlawful sale of a firearm to an individual who used the gun to commit a mass shooting that resulted in the death of their daughter. 548 F.3d at 1309-10. After the district court determined that the daughter did not meet the CVRA's standard for victim status, the Appellants sought mandamus relief from the Tenth Circuit. *In re Antrobus*, 519 F.3d at 1124; *Hunter*, 548 F.3d at 1309-10. The Tenth Circuit denied relief, affirming the district court's decision that the crime of conviction and the acts leading to the death of the Appellants' daughter "were too factually and temporally attenuated." *In re Antrobus*, 519 F.3d at 1125; *Hunter*, 548 F.3d at 1310. After their mandamus petition was denied and Hunter was sentenced, the Appellants appealed the defendant's "judgment of conviction and sentence." *Hunter*, 548 F.3d at 1310. This appeal was denied on the grounds that the Appellants lacked standing. *Id.* at 1311. In denying the right to a direct appeal, the Tenth Circuit stated that the "CVRA explicitly provides for a single avenue through which individuals may seek appellate review of the district court's application of the statute: mandamus." *Hunter*, 548 F.3d at 1315. Here, however, unlike the Appellants in *Hunter*, Movants are not seeking a direct appeal of Dr. Rudolph's conviction or sentence. They are merely requesting that the district court recognize their status as victims under the CVRA and afford them an opportunity to be heard regarding the proper allocation of restitution.

## IV. <u>CONCLUSION</u>

Accordingly, Movants respectfully request that the Court grant them leave to file a response to the Government's Motion for Mandatory Restitution and Forfeiture and recognize their status as victims pursuant to 18 U.S.C. § 3771.

Dated: January 18, 2023

                                                     VICTIMS' COUNSEL

                                          /s/ *Christopher P. Hotaling*
**Christopher P. Hotaling** (IL. Bar #6272432)
NIXON PEABODY LLP
70 West Madison, Suite 5200
Chicago, IL 60602-4378
Tel:     312.977.4418
Fax:     833.968.0535

                                             /s/ *John R. Sandweg*
**John R. Sandweg** (DC Bar # 1027208)
NIXON PEABODY LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:     202.585.8189
Fax:     877.743.5914