IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

   Defendants.

_____

**UNITED STATES' RESPONSE TO MOVANTS' MOTION FOR LEAVE TO FILE THEIR RESPONSE TO GOVERNMENT'S MOTION FOR MANDATORY RESTITUTION AND FORFEITURE**
_____

The United States responds to the motion by Rudolph's adult children for leave to file a response to the Government's Motion for Mandatory Restitution and Forfeiture. Doc. 319.

## ARGUMENT

The adult children of Bianca and Lawrence Rudolph seek to intervene in this matter as alleged victims of the mail fraud in Count 2, not as family members of the deceased from Count 1. They seek an order that allows them to file a response to the United States Motion for Mandatory Restitution and Forfeiture (Doc. 296), and a finding that they qualify as victims for purposes of the mail

1

fraud conviction. Because they are not victims of Count 2, however, they lack standing regarding restitution and the court should deny the filing of their proposed response.[1]

    I.    Because the adult children are not victims of the mail fraud, they are not entitled to intervene on restitution.

Statute defines who is a "crime victim" under the Crime Victims' Rights Act (CVRA): "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e)(2)(A). Because the definition in the CVRA is "virtually identical" to the definition in the Mandatory Victim Restitution Act (MVRA), the Tenth Circuit has followed MVRA precedent in interpreting who is a victim under the CVRA. See *United States v. Maldonado-Passage*, 4 F.4th 1097, 1102 (10th Cir. 2021) (citing *United States v. Speakman*, 594 F.3d 1165, 1171 n.3 (10th Cir. 2010)). Direct harm therefore requires proof "that a particular loss would not have occurred but for the conduct underlying the offense of conviction[.]" *Speakman,* 594 F.3d at 1171. And proximate harm requires proof that "the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." *Id.*

---

[1] The adult children or an official representative of the estate of Bianca Rudolph would be entitled to all the rights provided by the CVRA as it relates to the murder conviction for Count 1.  But the parties seem to agree that there is no restitution appropriate for that count of conviction.  Even the adult children's proposed response does not allege any restitution would be appropriate for Count 1. See Doc. 319-1.

The conduct underlying Count 2 is Rudolph defrauding life insurers. The Superseding Indictment identifies seven insurance companies (with nine policies) as being defrauded by Rudolph's mailings. Doc. 53, para. 2 – 4. Nowhere does the charging document allege that the children were victims.

Similarly, the jury instructions identify the insurance companies as those being defrauded:

> "First: Lawrence Rudolph devised or intended to devise a scheme to **defraud the life insurance companies** identified during this trial by making false and fraudulent representations that the death of Bianca Rudolph was an accident **to obtain life insurance proceeds**."

Doc. 240 at 29 (emphasis added).

To establish Rudolph's guilt for mail fraud, the United States was required to prove that he defrauded the seven insurance companies and obtained life insurance proceeds from them. The jury, unanimously, found that Rudolph intended to defraud the seven insurance companies out of the life insurance proceeds when he mailed them false and fraudulent representations that the death of Bianca Rudolph was an accident.

There was no evidence presented at trial that Defendant Rudolph schemed to defraud his adult children. They did not receive fraudulent claims in the mail from their father. Nor did they make any payments to him based on the false claims. The jury did not find that he intended to defraud them.

3

The harmed victims are the insurers who paid the proceeds to Rudolph based upon his lies. Even if the children are entitled to the life insurance proceeds as contingent beneficiaries, they have suffered no loss. They can bring a claim against the insurers for any proceeds to which they are entitled. But they likely won't have to do that. Once Rudolph has returned his ill-gotten gains in restitution, there is nothing to suggest that the insurers will not provide those funds to the proper beneficiaries.[2] Because the children have not suffered a loss caused by Rudolph's mail fraud, they are not the victims of Count 2.

An end run around the insurers determining the proper beneficiaries now that Lawrence Rudolph has been removed from that line of beneficiaries presents all sorts of problems. First, if the children were victims of Count 2, they would receive twice the benefits to which they are entitled: one share in restitution from Rudolph and another share from any legitimate contingent-beneficiary claims that they could otherwise bring against the insurers in state court. Second, determining whether the children are indeed the proper beneficiaries of those policies will require this court to interpret those policies and

---

[2] The speculation that the insurance companies would have paid the life insurance proceeds to the adult children "if" they had filed a claim does not create a right to be heard as crime victims of Rudolph's mail fraud. What it may create is a private civil action for enforcement of that civil contract, and the possible need to interplead Rudolph in the absence of an order of restitution to the life insurance companies.

answer various choice-of-law questions, so it can then review, interpret, and apply the proper state "Slayer laws" to ascertain the proper beneficiaries of each policy. Those issues belong in a state civil proceeding, not the criminal one here.[3]

Non-parties lack "a judicially cognizable interest" in a criminal defendant's sentence, including restitution. *United States v. Stoerr*, 695 F.3d 271, 277 (3d Cir. 2012). That is because "regardless of the benefit that a restitution order may bestow on a private entity, restitution is largely 'for the benefit of the State' rather than for the benefit of a private party." *Id.* at 277. "Although a restitution order may resemble a civil judgment in the sense that it compensates a private party, it remains 'criminal rather than civil in nature.'" *Id.* The Tenth Circuit has recognized the same:

> Criminal trials, on the other hand, place an individual citizen against the United States government. While non-parties may have an interest in aspects of the case, they do not have a tangible interest in the outcome.

---

[3] It should be noted that it isn't just restitution of the life insurance proceeds the adult children would be seeking if the Court declared them crime victims for purposes of Count 2. As noted in their proposed response they would also be seeking an Order for a return of all the property sought to be forfeited to the United States that the Defendant acquired with the life insurance proceeds. (Docket # 319-1, p. 13). Significantly, there is a bar on intervention for third parties to interfere or object to the entry of a Preliminary Order of Forfeiture. *See* U.S.C. § 853(k), as incorporated by 28 U.S.C. § 2461(c); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) ("Third parties claiming an interest in the property have no right to intervene in the criminal proceeding or to receive notice of the forfeiture proceedings before the entry of a preliminary order of forfeiture.").

This distinction is evidenced by our procedural rules. The Federal Rules of Civil Procedure allow non-parties to intervene to assert their rights. See Fed.R.Civ.P. 24. The Federal Rules of Criminal Procedure contain no comparable provision.

*United States v. Hunter*, 548 F.3d 1308, 1312 (10th Cir. 2008).

No one disputes that the adult children are victims of Count 1: the murder of Bianca Rudolph. Everyone agrees that they should be heard at sentencing as to the impact of that murder. But that isn't the issue before the court.

## **CONCLUSION**

The motion fails to establish a basis for the adult children to intervene. The court should deny the motion, its request to file a response to the United States' Motion for Mandatory Restitution and Forfeiture, and its request to find that the children are victims of Count 2.

DATED this 1st day of February, 2023.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney


    s/**Kurt J. Bohn**_____
    Kurt J. Bohn
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: 303-454-0100

Fax: 303-454-0405
Email: kurt.bohn@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of February 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.


s/*Kurt J. Bohn*
Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: kurt.bohn@usdoj.gov