**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-012-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

    Defendants.

---

## PRELIMINARY ORDER OF FORFEITURE

---

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure ("Motion"). (ECF No. 309.) Defendant Lawrence Rudolph ("Defendant") filed his Consolidated Response to Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiture ("Response"). (ECF No. 316.) The United States filed a reply. (ECF No. 323.) The parties also filed supplemental briefs at the Court's request. (ECF Nos. 349, 352.)

Upon due consideration, the Court hereby GRANTS the Motion.[1] Nonetheless,

---

[1] The United States also filed a Motion for Mandatory Restitution and Forfeiture. (ECF No. 296.) Defendant's Response addresses both the Motion for Mandatory Restitution and Forfeiture as well as the Motion for Preliminary Forfeiture. (ECF No. 316.) To the extent the Motion for Mandatory Restitution and Forfeiture requests entry of a Preliminary Order of Forfeiture, that portion of the Motion for Mandatory Restitution and Forfeiture is GRANTED. Those portions of the Motion for Mandatory Restitution and Forfeiture which request entry of a final order of forfeiture and an order of restitution remain under advisement.

given the passage of time and intervening filings by the United States and Defendant, the Court construes the six arguments Defendant raises in his Response as objections to this Preliminary Order of Forfeiture and considers such objections preserved. At that portion of the June 21, 2023 sentencing hearing ("Sentencing Hearing") related to forfeiture, Defendant will have the opportunity to address any of the six objections he may choose to continue to pursue. The Court anticipates entering a written final order of forfeiture subsequent to the Sentencing Hearing and any potential ancillary proceeding required by Federal Rule of Criminal Procedure 32.2(c).

The Court having read said Motion and being fully advised in the premises finds:

THAT on August 1, 2022, a jury found Defendant guilty of Counts One and Two of the Superseding Indictment, which provides a factual basis and cause to issue a forfeiture order under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

THAT the requisite nexus exists between the following assets to be forfeited:

a. Real Property located at 7000 N. 39th Place, Paradise Valley, Arizona; Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 58.74% of the proceeds;

b. Real Property located at 103 Morningside Drive, Cranberry Township, Pennsylvania; Upon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 50.55% of the proceeds;

c. All funds seized from Bank of New York Mellon account #10532701000, in the name of Lawrence P. Rudolph Trust; Upon the

Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Bank of New York Mellon account #10532701000;

d. All funds up to $751,776.28 in United States currency seized from Vanguard account #0540-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust; Upon the Court's Order of forfeiture, the United States will take full title and ownership of the $751,776.28 in United States currency seized from Vanguard account #0540-88150069515;

e. All funds up to $527,736.24 held in Vanguard account #0585-88150069515, in the name of Lawrence P. Rudolph and Bianca T. Rudolph TR- Rudolph Trust; Upon the Court's Order of forfeiture, the United States will take full title and ownership of all funds seized from Vanguard account #5085-88150069515;

f. 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309; Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees and expenses, distribute the remaining proceeds based on the percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative;

g. 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709; Upon the Court's Order of forfeiture, the United States will sell the vehicle, and after fees and expenses, distribute the remaining proceeds based on the

percentage of tainted funds used to purchase the vehicle to the United States and the percentage of untainted funds to the appropriate person/representative.

THAT prior to the disposition of the assets, the United States, or its designated sub-custodian, is required to seize the forfeited property and provide notice to any third parties pursuant to 21 U.S.C. § 853(n).

THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED:

THAT Defendant's interest in the above listed assets to be forfeited, is forfeited to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

THAT pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment;

THAT the United States is directed to seize the property subject to forfeiture, and further to make its return as provided by law;

THAT the United States shall publish notice of this Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n), via a government website for at least thirty consecutive days, and to make its return to this Court that such action has been completed;

THAT upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461(c), and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed;

THAT the Court shall retain jurisdiction to enforce this Order and adjudicate the

interests of all third-parties in ancillary proceedings. Fed. R. Crim. P. 32.2(c)(1); and

THAT this Preliminary Order of Forfeiture may be amended pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure.

Dated this 17th day of May, 2023.

BY THE COURT:

William J. Martinez
Senior United States District Judge