IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL CASE NO. 1:22-CR-0012-WJM-1

    1.  LAWRENCE RUDOLPH, and
    2.  LORI MILLIRON,

        Defendants.

**VERIFIED PETITION OF BANK OF NEW YORK MELLON
FOR ANCILLARY HEARING TO DETERMINE THIRD-PARTY
INTEREST IN PROPERTY SUBJECT TO FORFEITURE**

BNY Mellon, N.A. (or "Petitioner"), in accordance with 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), petitions for a hearing to determine and adjudicate the validity of its legal right, title, and interest in certain property subject to forfeiture and states:

1.     Petitioner is a nationally-chartered bank with its principal place of business in Pittsburgh, Pennsylvania.

2.     Petitioner hereby asserts its legal interest in the following property ordered forfeited to the United States in this Court's Preliminary Order of Forfeiture (Doc. No. 354):

        a.     7000 N. 39th Place, Paradise Valley, Arizona 85253 (the "Property").

3.     The Property was purchased on August 14, 2017, for $3,550,000.00. The Property was titled in the name of Lawrence P. Rudolph.

4.     Petitioner's interest is secured by a first lien in connection with a deed of trust and a $2,500,000 promissory note dated June 24, 2020, issued to borrower Lawrence P.

Rudolph. Attached as **Exhibit 1** is a true and correct copy of the deed of trust, which was recorded with Maricopa County on July 6, 2020.

5.      The deed of trust provides that the Borrower, defined as Lawrence P. Rudolph, owes the Lender, defined as BNY Mellon, N.A., $2,500,000.00. The deed of trust secures to BNY Mellon repayment of the loan and Rudolph's performance of the covenants and agreements under the deed of trust and the promissory note. (Ex. 1 at 2.)

6.      The deed of trust provides that Rudolph "irrevocably grants and conveys" to BNY Mellon "in trust, with power of sale," the property described in the exhibit attached to the deed of trust, "which currently has the address of 7000 N. 39th Place, Paradise Valley, Arizona 85253." (Ex. 1 at 2.)

7.      The deed of trust provides that Rudolph covenants that he "is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record." (Ex. 1 at 2.)

8.      The deed of trust provides that the loan amount includes "the debt evidenced by the Note, plus interest . . . and late charges due." (Ex. 1 at 1.)

9.      Section 9 of the deed of trust further provides that if "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding . . . for condemnation or forfeiture, . . .) then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . ." (Ex. 1 at 5.) Furthermore, "[a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." (*Id.*)

2

10.     The property described in the exhibit attached to the deed of trust is the legal description of the Property. (Ex. 1 at 16.)

11.     The Government filed a criminal complaint in the above-captioned matter on December 16, 2021. (Doc. No. 1.) In its superseding indictment and bill of particulars, the Government provided notice of forfeiture and the specific property sought to be forfeited. (Doc. No. 58 at 8-9; Doc. No. 108 at 2.)

12.     The Government filed a civil complaint for forfeiture *in rem* on December 21, 2021. *United States v. Real Property Located at 7000 N 39th Place, Paradise Valley, Arizona et al.*, No. 21 Civ. 3423 (D. Colo.).  The civil complaint names, among other assets, the Property.

13.     BNY Mellon entered an appearance in the civil matter on February 22, 2022, and filed a claim the same day. (Civil Doc. No. 26.) BNY Mellon also filed an answer to the amended verified complaint for forfeiture *in rem*. (Civil Doc. No. 28.) The civil case is currently stayed. (Civil Doc. No. 38.)

14.     On August 1, 2022, Rudolph was found guilty on Counts 1 and 2 of the superseding indictment in his criminal case. (Doc. No. 53.)

15.     The Court entered a Preliminary Order of Forfeiture on May 17, 2023. (Doc. No. 354.) The Preliminary Order of Forfeiture provided that "[u]pon the Court's Order of forfeiture, the United States will sell the property, and after fees and expenses, will forfeit 58.74% of the proceeds."

16.     According to the United States Attorney's Office, the Government published a notice of forfeiture on its website, forfeiture.gov (the "Notice"), beginning on May 20, 2023. The Notice provided a 60-day deadline for submitting third party claims. This petition is therefore timely.

17.     Pursuant to 21 U.S.C. § 853(n)(6)(B), Petitioner is a bona fide purchaser for value of the legal right, title, or interest in the Property through its deed of trust and construction loan. Attached as **Exhibit 2** is true and correct copy of an invoice dated July 1, 2023, redacted to protect personal information. As of the date of that invoice, Petitioner is owed $2,493,901.01 on the loan, plus $5,715.20 in interest and $285.87 in late fees. The sum of these amounts is $2,499,904.97. Under Arizona and federal law, such right, title, or interest renders the Preliminary Order of Forfeiture invalid in part.

18.     At the time the deed of trust was executed, Petitioner was reasonably without cause to believe that the Property was subject to forfeiture. The government filed its criminal complaint almost one and a half years after Petitioner entered into the deed of trust with Rudolph. *See* 21 U.S.C. § 853(n)(6)(B).

19.     The government has represented to Petitioner's undersigned counsel that the government recognizes Petitioner's interest and position to the extent of Petitioner's unpaid principal, interest, and recording fees. Petitioner understands that the government does not agree that it is entitled to attorneys' fees in the amount requested.  The amount is in dispute.

20.     Pursuant to 21 U.S.C. § 853(n)(6)(B), because Petitioner is a bona fide purchaser of value of the Property, it has legal right, title, or interest in its attorneys' fees and costs, incurred through protecting its interest in the Property. Such attorneys' fees and costs, constitute "additional debt of Borrower secured by" the deed of trust. (Ex. 1 at 5.) Specifically, as explained in the accompanying Motion in support of this Petition, Petitioner requests attorneys' fees and costs totaling $85,000, which Petitioner submits is reasonable in light of the work necessary to safeguard and protect Petitioner's interests over the course of this litigation.[1]

---

[1] This amount represents a discount from the actual fees and costs associated with counsel's work on this matter.

21.     Additionally, as the government is aware, Petitioner—in order to preserve the asset (*i.e.*, the Property)—obtained forced-place insurance for the Property on July 14, 2023, after learning that the insurance on the Property had lapsed. Petitioner seeks recovery of this cost, in addition to those outlined above. Petitioner intends to provide evidence of the cost of forced-placed insurance in these proceedings.

22.     Pursuant to 21 U.S.C. § 853(n)(6)(B), because of its legal right, title, or interest, Petitioner has standing to bring this petition.

## PRAYER FOR RELIEF

WHEREFORE PETITIONER respectfully petitions the Court for relief from this Court's Preliminary Order of Forfeiture and hereby requests that this Court hold an ancillary hearing at which Petitioner may testify and present witnesses and evidence on its behalf, and further that the Court enter a Final Order of Forfeiture recognizing Petitioner's right and interest as detailed above and providing that proceeds from the sale of the forfeited property be disbursed to Petitioner in an amount totaling all of Petitioner's unpaid principal, interest, and recording fees, plus attorneys' fees as outlined above, and the cost of forced-placed insurance, and any other amounts incurred in protecting Petitioner's legal right, title, and interest in the Property.

Date:  July 17, 2023                    Respectfully submitted,

                                       */s/ Eddie A. Jauregui*
                                    Eddie A. Jauregui
                                    Eddie.Jauregui@hklaw.com
                                    **HOLLAND & KNIGHT LLP**
                                    400 South Hope Street 8th Floor
                                    Los Angeles, CA 900711
                                    Telephone:  (213) 896-2455
                                    Facsimile: (213) 896-2450

                                    *Counsel for Petitioner*

## CERTIFICATE OF
## SERVICE

I HEREBY CERTIFY that on **JULY 17, 2023**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve it via transmission of Notice of Electronic Filing generated by CM/ECF or via other transmissions, on all counsel of record.

_/s/ Eddie A. Jauregui_
Eddie A. Jauregui

## <u>VERIFICATION</u>

I, Mark M. Blasinsky, being the BNY Mellon Asset Recovery Credit Division Head and Director of the Credit Recovery Group, and being authorized by BNY Mellon to execute this Verification on its behalf, declare under penalty of perjury and under 21 U.S.C. § 853(n)(3) that I have read the foregoing Verified Petition and the allegations contained herein are true and correct to the best of my knowledge and belief.

*Mark M. Blasinsky*

MARK M. BLASINSKY
Asset Recovery Credit Division Head
Director, Credit Recovery Group
**BANK OF NEW YORK MELLON**

**Dated: July 17, 2023**