IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **LAWRENCE RUDOLPH**,
2. LORI MILLIRON,

    Defendants.

_____/

### LAWRENCE RUDOLPH'S NOTICE OF SUPPLEMENTAL AUTHORITY TO CONSOLIDATED RESPONSE TO MOTION FOR MANDATORY RESTITUTION AND FORFEITURE AND MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Lawrence Rudolph has requested a forfeiture hearing, which is scheduled to take place on August 21, 2023, at the time of his sentencing. Pursuant to Local Rule 7.1(f), we file the following supplemental authority in support of Rudolph's Consolidated Response to the Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiture. (Doc. 316): *In re Rothstein, Rosenfeldt, Adler, P.A.*, 717 F. 3d 1205 (11th Cir. 2013).

The *Rothstein* case, as well as the previously cited *United States v. Voigt*, 89 F. 3d 1050 (3d Cir. 1996), confirms that the government's tracing theory is unsupported and inadequate; it cannot meet the burden of establishing a nexus between the offense and the specific property which the government is seeking to forfeit. The insurance proceeds were deposited into accounts and assets that were

commingled with untainted funds and which had intervening deposits and withdrawals, and therefore, it is not possible to divide or trace the property "without difficulty." *See Rothstein,* 717 F.3d at 1213 (quoting 21 U.S.C. § 853(p)(1)). That "difficulty" means that the government is not entitled to forfeit the commingled asset and must instead rely on the substitute asset provisions. *See Rothstein,* 717 F.3d at 1213 (explaining that the "volume of financial information available and required to separate tainted from untainted monies … leads us to the conclusion that [the government can only obtain a judgment for substitute assets and not forfeiture of the accounts themselves]"); *Voight*, 89 F.3d at 1087-88 (holding government was not entitled to forfeit jewelry that was purchased with funds from an account into which tainted proceeds had been commingled with other funds and after numerous intervening deposits and withdrawals); 21 U.S.C. § 853(p)(1).

Therefore, the Court cannot forfeit the property identified by the government and must resort to a money judgment and the forfeiture of substitute property – which means that the government is not entitled to appreciation, interest, and so on.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By:  /s/ David Oscar Markus
     Florida Bar Number 119318
     dmarkus@markuslaw.com
