3201

```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-0012-WJM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LAWRENCE RUDOLPH,
LORI MILLIRON,

Defendants.
```
---

**REPORTER'S TRANSCRIPT**
(Jury Trial, Day 15)

---

Proceedings before the HONORABLE WILLIAM J. MARTINEZ, Judge, United States District Court for the District of Colorado, commencing at 8:47 a.m., on the 1st day of August, 2022, in Courtroom A801, United States Courthouse, Denver, Colorado.

**APPEARANCES**

BRYAN D. FIELDS, E. GARRETH WINSTEAD, III, J. BISHOP GREWELL, Assistant U.S. Attorneys, 1801 California Street, Suite 1600, Denver, Colorado 80202, appearing for the plaintiff.

DAVID O. MARKUS, A. MARGOT MOSS, LAUREN L. DOYLE, Markus Moss PLLC, 40 NW Third Street, Penthouse 1, Miami, Florida 33175, appearing for the defendant Rudolph.

JOHN W. DILL, John W. Dill P.A., 941 West Morse Boulevard, Winter Park, Florida 32789, appearing for the defendant Milliron.

3202

```
                    MARY J. GEORGE, FCRR, CRR, RMR
                  901 19th Street, Denver, Colorado 80294
                 Proceedings Reported by Mechanical Stenography
                      Transcription Produced via Computer
                              P R O C E E D I N G S
```

1
2
3
4    (In open court in the presence of the jury at 8:47
5  a.m.)
6          THE COURT: Good morning, ladies and gentlemen of
7  the jury.
8          THE JURORS: Good morning.
9          THE COURT: Welcome back to day 15 of our jury
10  trial. The record will reflect that all 12 members of the
11  jury are present and accounted for. We, the Court, as we
12  did on Friday, will provide lunch for you so that your
13  deliberations are not interrupted today. And you are now
14  allowed to return back to the jury room to continue your
15  deliberations.
16          (Jury left the courtroom at 8:48 a.m.)
17          THE COURT: All right. The Court will be in recess
18  until we have a question from the jury or we have a verdict.
19          (Recess taken 8:49 a.m.)
20                          AFTERNOON SESSION
21      (In open court outside the presence of the jury at 2:45
22  p.m.)
23          THE COURT: All right, the record will reflect that
24  both -- all three counsel -- defense counsel are present,
25  two Assistant United States Attorney are present, the

3203

1   defendant is present, as are the Government agents.
2        We've received two notes from the jury.  The first
3   one was from today August 1st, 2022, at 2:20 p.m. signed by
4   our foreperson, who's Amanda Rupp.
5        We, the jury, have a question:  In our packets,
6   page 35 is missing Count 7, but it is listed on page 47.
7   Could you please confirm the details of Count 7 for us.
8        I should say on the record that both defendants are
9   present and all defense counsel are present.
10       At this time, I just want to put on the record
11  Ms. Guerra was bringing this first note back to chambers and
12  then the bailiff came into the chambers saying that the jury
13  wanted to retract their question.  And I asked that the jury
14  be informed that they can't communicate to me -- or with me
15  orally like that, that they had to communicate that in
16  writing, and then we got our second note:
17       We, the jury, have a question.  We would like to
18  cancel our question.  Thanks.  Signed by Ms. Rupp.  Again,
19  today, August 1st, 2022, at 2:26 p.m.
20       I'm of a mind that we could either just let it go
21  at that and not send a note back.  I did, however, want to
22  have all counsel and the parties present to be aware of
23  these two notes, and to give me any input as to whether
24  counsel believes it should be handled in any other way.
25       Let me hear from the Government first.

3204

1    MR. FIELDS:  May I take off my mask, Your Honor?
2    THE COURT:  Of course.  Yes.
3    MR. FIELDS:  Thank you.  Thank you, Your Honor.
4    Good afternoon.
5    THE COURT:  Good afternoon.
6    MR. FIELDS:  The Government's recommendation is
7    that we take no action.
8    THE COURT:  Okay.  Thank you.
9    Mr. Markus, let me hear from you.
10   MR. MARKUS:  We agree, Your Honor.
11   THE COURT:  All right.  Mr. Dill.
12   MR. DILL:  I agree.
13   THE COURT:  All right.  I also agree.  So we won't
14   take any action.  So we'll continue -- we will now again go
15   back into recess until we have a further question from the
16   jury or a verdict.
17     (Recess taken 2:48 p.m. to 4:44 p.m.)
18   THE COURT:  All right, the record will reflect that
19   the prosecutors Fields and Winstead and all Government
20   agents are present in the courtroom.  Both defendants and
21   all defense counsel are present in the courtroom.
22   I've received a note from the jury foreperson:  We,
23   the jury, have reached a verdict.  Dated today, August 1st,
24   2022, at 4:24 p.m.  Let's bring in the jury.
25     (In open court in the presence of the jury at 4:45

1    p.m.)
2             THE COURT:  All right.  I have been informed by
3    our -- by a note from the jury's foreperson that the jury
4    has reached a verdict in this case.  Will the jury
5    foreperson please stand and be identified.  Ms. Rupp.
6             Has the jury reached a unanimous verdict in this
7    case?
8             THE FOREPERSON:  Yes, Your Honor.
9             THE COURT:  Have you, as the jury foreperson,
10   signed and dated the verdict form?
11            THE FOREPERSON:  Yes, I have.
12            THE COURT:  Okay.  Will you please hand the verdict
13   form to the bailiff who will hand it to me.  All right,
14   Ms. Rupp, you may be seated.
15            I'm going to take a moment to review the verdict.
16            All right.  In the matter of criminal case No.
17   22-cr-012-wJM, United States of America, plaintiff, versus
18   Lawrence Rudolph and Lori Milliron, defendants.  Verdict
19   form.
20            Count 1:  We, the jury, upon our oaths, do
21   unanimously find the defendant, Lawrence Rudolph, in Count 1
22   of the superseding indictment charging foreign murder:
23   Guilty.
24            Count 2:  We, the jury, upon our oaths, do
25   unanimously find the defendant, Lawrence Rudolph, in Count 2

```
 1   of the superseding indictment charging mail fraud:  Guilty.
 2           Count 3:  We, the jury, upon our oaths, do
 3   unanimously find the defendant, Lori Milliron, in Count 3 of
 4   the superseding indictment charging accessory after the fact
 5   to the foreign murder charged in Count 1:  Guilty.
 6           Count 4:  We, the jury, upon our oaths, do
 7   unanimously find the defendant, Lori Milliron, in Count 4 of
 8   the superseding indictment charging obstruction of a grand
 9   jury proceeding:  Guilty.
10           Count 5:  We, the jury, upon our oaths, do
11   unanimously find the defendant Lori Milliron, in Count 5 of
12   the superseding indictment charging perjury before a grand
13   jury:  Not guilty.
14           Count 6:  We, the jury, upon our oaths, do
15   unanimously find the defendant, Lori Milliron, in Count 6 of
16   the superseding indictment charging perjury before a grand
17   jury:  Guilty.
18           Count 7:  We, the jury, upon our oaths, do
19   unanimously find the defendant, Lori Milliron, in Count 7 of
20   the superseding indictment charging perjury before a grand
21   jury:  Not guilty.
22           Count 8:  We, the jury, upon our oaths, do
23   unanimously find the defendant, Lori Milliron, in Count 8 of
24   the superseding indictment charging perjury before a grand
25   jury:  Not guilty.
```

3207

Count 9:  We, the jury, upon our oaths, do unanimously find the defendant, Lori Milliron, in Count 9 of the indictment charging perjury before a grand jury: Guilty.

Signed by the jury foreperson, Amanda Rupp, today, August 1st, 2022.

Is there a request by the Government for me to poll the jury?

MR. FIELDS:  Yes, please, Your Honor.

THE COURT:  All right.  All right, folks, when I call your name, will you please stand.

Matthew Harris, is this your individual verdict in all respects?

THE JUROR:  It is, Your Honor.

THE COURT:  Thank you, sir.  Amanda Rupp, is this your individual verdict in all respects?

THE JUROR:  Yes, Your Honor.

THE COURT:  Thank you.  Brianna Murray, is this your individual verdict in all respects?

THE JUROR:  Yes, Your Honor.

THE COURT:  Thank you.  Alexander Jackson, is this your individual verdict in all respects?

THE JUROR:  Yes, Your Honor.

THE COURT:  Thank you.  Beverly Thompson, is this your individual verdict in all respects?

```
1          THE JUROR:  Yes, Your Honor.
2          THE COURT:  Thank you, ma'am.  Michael Metzer, is
3   this your individual verdict in all respects?
4          THE JUROR:  Yes, Your Honor.
5          THE COURT:  Thank you.  Conner Merritt, is this
6   your individual verdict in all respects?
7          THE JUROR:  Yes, it is.
8          THE COURT:  Thank you, ma'am.  Anthony Schrader, is
9   this your individual verdict in all respects?
10         THE JUROR:  Yes, Your Honor.
11         THE COURT:  Thank you.  Grace Butler, is this your
12  individual verdict in all respects?
13         THE JUROR:  Yes, Your Honor.
14         THE COURT:  Thank you, ma'am.  Catherine Doggett,
15  is this your individual verdict in all respects?
16         THE JUROR:  Yes, Your Honor.
17         THE COURT:  Thank you, ma'am.  John Wilson, is this
18  your individual verdict in all respects?
19         THE JUROR:  Yes, Your Honor.
20         THE COURT:  Thank you.  And, Michael Gaskins, is
21  this your individual verdict in all respects?
22         THE JUROR:  Yes, Your Honor.
23         THE COURT:  Thank you, sir.
24         All right, ladies and gentlemen of the jury, you
25  have now completed your duties as jurors in this case and
```

1 you are discharged with the considerable thanks and
2 appreciation of the Court.  The parties, the lawyers, and I
3 very deeply and greatly appreciate your time, your efforts,
4 your service on this jury.  Each of you have all earned our
5 thanks and appreciation for the significant contribution you
6 have made over the course of the past 15 court days in
7 promoting and sustaining our system of justice.
8           Now I hope you're not in too much of a hurry to
9 leave us, so I ask those of you who can to remain in the
10 jury deliberation room for a few minutes as I will join you
11 after the Court is adjourned here to present you with our
12 Court's certificate of service -- certificate of
13 appreciation for your service in this case and to chat with
14 you for a few moments along with my law clerks.
15          Now you may be wondering whether you can finally
16 discuss this case with others.  I should tell you that the
17 local rules of this Court prohibit the parties in this case
18 from contacting you.  I have, however, given the lawyers in
19 this case permission to speak with those of you that wish to
20 speak with them.  These discussions will happen, if at all,
21 after I've met with all of you in the deliberation room, and
22 I'll explain to you when I'm back there with you how that
23 will take place.  And it will take place here in the
24 courtroom with the lawyers only; none of the parties, no
25 press, no public.

1    Apart from that, whether you talk to anyone about
2    your service on this jury is entirely your own decision.
3    You may talk with others as much or as little as you like
4    about your deliberations or the facts that influenced your
5    decision.  If any person persists in attempting to discuss
6    this case over your objection or becomes critical of your
7    service on this jury, either before or after any discussion
8    has begun, please report it to Ms. Guerra, who will inform
9    me and I will inform the U.S. Marshals and we will bring it
10   to a swift end.
11        All right.  The jury is now discharged.
12        (Jury left the courtroom at 4:53 p.m.)
13        THE COURT:  First with respect to the Rule 29
14   motion that I reserved for ruling under 29(b), I find that
15   there is enough evidence in the record from which the jury
16   could conclude that the Government has proven each element
17   of Count 9 beyond a reasonable doubt.  As a consequence,
18   Defendant Milliron's Rule 29 motion with regard to Count 9
19   is denied.
20        Now with respect to Defendant Rudolph, Defendant
21   Rudolph is referred to the United States Probation Office
22   for preparation of a presentence investigation report.  The
23   probation office shall conduct a presentence investigation
24   and submit to me a presentence investigation report as
25   required by Rule 32.  A sentencing hearing is hereby set for

1   Defendant Rudolph for February 1st, 2023, at 9:30 a.m.
2           At the conclusion of this trial, the Defendant
3   Rudolph is remanded to the custody of the United States
4   Marshal.
5           With respect to Defendant Milliron, I would like --
6   Mr. Dill, if you'll come to the lectern and discuss with me
7   the issue of immediate remand to the United States Marshal
8   or continued presence on re- -- release on bond pending
9   sentencing.
10          MR. DILL:  Yes, Your Honor.  On behalf of Defendant
11  Milliron, we would remove -- move to have her released under
12  3142.  Ms. Milliron is not a flight risk, has never been a
13  flight risk.  She complied a hundred percent with her home
14  confinement.  Has sat at the home confinement currently back
15  in Phoenix at this point in time.
16          There's no evidence, I would say no evidence at
17  all -- I don't think the Government could point to any
18  evidence -- of her being a danger to the community.  So we
19  would request that she remain on bond or any other
20  conditions the Court would set, including the home
21  confinement and any additional appearance bond the Court
22  deems fit.
23          THE COURT:  Where is her ankle monitor?
24          MR. DILL:  It's in Phoenix.  Or is it here?
25          THE COURT:  Ms. Milliron -- oh -- I'm sorry, she --

1   Ms. Milliron, will you talk into the mic there, please.
2   Where's your ankle monitor?
3            DEFENDANT MILLIRON:  It's here somewhere.  They
4   took it off before the trial started.
5            THE COURT:  Who's "they"?
6            MR. DILL:  The probation office.
7            THE COURT:  Marshal, do you know where the
8   defendant's ankle monitor is?
9            U.S. MARSHAL:  It's unknown, Your Honor.
10           THE COURT:  Sorry?
11           U.S. MARSHAL:  Probation probably took it off.
12           THE COURT:  Oh, all right.  Hhm.  All right.
13           Ms. Guerra, if you'll inform the probation office
14  as soon as you can of the guilty verdict on the counts that
15  have been found guilty and that I'm ordering that the
16  defendant's ankle monitor be located and so that we know
17  where it is.  Because she's being supervised by probation in
18  Arizona, I'm not exactly clear as to who would have it.
19           COURTROOM DEPUTY:  I will do so, Your Honor.
20           THE COURT:  Okay.  Let me hear from the Government
21  on the issue of immediate remand or continued release on
22  bond.
23           MR. FIELDS:  Thank you, Your Honor.  The United
24  States seeks immediate remand.  As the Court knows, it's the
25  defendant's burden at this point to show that she is not a

flight risk.  She is a flight risk.  The -- the potential sentencing exposure here is immense.  She is an accessory after the fact to a murder and we believe that the evidence established at trial showed not that -- just that she was accessory after the fact, but she may have been an aider and abetter.

She has access to all of Rudolph's considerable wealth.  She has substantial experience traveling internationally, potentially living internationally.  When she last moved to change the circumstances of her release, my understanding is that she was living at a hotel.  At this moment I don't believe she has a permanent residence.  All of these things make her a flight risk.

The fact that she has been compliant in the past, as the Court knows, is legally insufficient to show that she will not flee.  She now faces the certain prospect of a pretty lengthy jail sentence.  So for all these reasons, the Government would seek immediate remand.

THE COURT:  Now immediate remand is not required under the statute, is it?  For the conviction under the statutory provisions.

MR. FIELDS:  It is not required, Your Honor, but we believe it is appropriate here.

THE COURT:  What about the fact, as Mr. Dill points out, that she's been -- you say it's not sufficient, but

1  obviously it's a factor I need to consider that she's been
2  fully compliant with all the terms of the magistrate judge's
3  order setting conditions of release up till now.  And that
4  she has had the access you're referring to of the
5  defendant's assets since this matter began and since she's
6  been under indictment.
7          MR. FIELDS:  Your Honor, my response to that is
8  this is a defendant that has experienced our legal system
9  before, who has deceived the Court and got away with it.
10 She lied in her SCI deposition.  She had no respect for the
11 courts, so she had no reason to think that she would
12 actually get convicted here.
13         I believe that this is a defendant who held out the
14 hope and the prospect that Lawrence Rudolph would once again
15 be able to escape from justice, once again be able to
16 deceive a jury.  That has not played out as planned and now
17 is a pivotal moment.
18         Now is when she is most likely to flee and access
19 all of that wealth.  I would go towards -- you know, it's
20 not just the wealth that we know about.  There's a jail call
21 sort of early on in this case, in December, Your Honor, just
22 after the defendant was detained, in which the two of them
23 discuss the defendant's giving Milliron instructions on how
24 to access a bag that has a card in it that they don't
25 believe the Government knew about at that time.

1  From the beginning, this defendant has been
2  assisting the defendant.  She's been intimately involved in
3  all of these facts.  She's now facing an incredibly lengthy
4  jail sentence to a murder, Your Honor, one of the most
5  serious offenses in our justice system.
6        She has access to all this wealth.  She's a flight
7  risk.  And for all these reasons we think she should be
8  detained.
9        THE COURT:  All right.  Ms. Milliron, I have some
10 questions to ask of you, if you'll come to the lectern,
11 please.  Ms. Guerra, will you put the defendant under oath.
12        COURTROOM DEPUTY:  Raise your right hand for me,
13 please.
14     (Defendant Milliron sworn in)
15        THE COURT:  Ms. Milliron, have you surrendered your
16 United States passport to the Clerk of the Court?
17        THE DEFENDANT:  Yes.  They have it.
18        THE COURT:  Do you have a -- do you have pending an
19 application for another United States passport?
20        THE DEFENDANT:  No, I don't.
21        THE COURT:  Do you have -- do you possess a
22 passport from another country?
23        THE DEFENDANT:  I do not.
24        THE COURT:  Do you have pending an application for
25 a passport from another country?

1   THE DEFENDANT:  I do not.
2   THE COURT:  I'd like to get your response to
3   Prosecutor Fields' comments right now.
4   THE DEFENDANT:  I am not a flight risk.  My family
5   is here.
6   THE COURT:  Here in Denver?
7   THE DEFENDANT:  No, I'm sorry, in the United
8   States.
9   THE COURT:  Okay.
10   THE DEFENDANT:  He was acting like I'm going to
11   leave the country or something.  They are -- well, they're
12   scattered.  But we have a house in Pennsylvania, and there's
13   one in Idaho where I could live.  The house in Phoenix is
14   under construction.  It will be done in less than a month.
15   That's why I was staying in a hotel before I came here
16   because our condo lease was up.  So I do have places that I
17   can live.
18   THE COURT:  But that's not the question.  The
19   question is -- there's two questions here I'm looking at:
20   Whether you pose a danger to the safety of the community,
21   which I don't believe.  There's evidence of, but -- so the
22   remaining issue is the critical remaining and primary issue:
23   Whether you're a flight risk.  So I need you to address
24   that.
25   THE DEFENDANT:  I do not believe I'm a flight risk.

1   I have nowhere to go.
2           THE COURT:  So I'll ask again:  Where is this ankle
3   monitor?
4           THE DEFENDANT:  They took it off here about half an
5   hour before the trial started that Monday, July 11th.  I
6   haven't seen it since.
7           THE COURT:  All right.  Anything else you want to
8   tell me in response to Mr. Fields?
9           THE DEFENDANT:  That he's wrong about me.
10          THE COURT:  How so?
11          THE DEFENDANT:  I'm not a danger, I'm not a flight
12  risk, and I haven't been helping hide anything.
13          THE COURT:  All right.  You can return to counsel
14  table.  Let me ask Mr. Dill to respond to Mr. Fields'
15  comments.
16          MR. DILL:  Well, Your Honor, I disagree with the
17  characterization about her being integral to anything.  I do
18  understand what he's saying about the potential sentence;
19  however, the inquiry for this Court is, again, whether she's
20  a danger to the community or a flight risk.  Again, the
21  Government has seized the vast majority of Mr. --
22  Dr. Rudolph's assets.
23          My client is still working -- or attempting to
24  work.  She's been absolutely compliant.  Her family's come
25  to help her with court.  We dealt with Mr. Scott from U.S.

1   Probation intimately, which she would actually report to
2   him, and I would report to him as well.  Certainly
3   coordinating the taking off of the ankle monitor up here,
4   which took a good bit of work, and it was pursuant to their
5   wishes and instruction that Denver would in fact take that
6   off.
7              In the meantime he's already set up a monitoring
8   station at the house which is to be completed and I can
9   represent it will be just as easily at wherever residence
10  she ends up as far as the monitoring from Arizona.  So,
11  again, we would ask pursuant to the requirements under the
12  statute.  She's certainly not a flight risk because she's
13  come voluntarily up to Denver four times before this, as
14  well.  We would ask she be allowed to show up to the next
15  court proceeding with her out on bond.
16             THE COURT:  This is a very close call, but I'm
17  going to allow the defendant to remain free on bond on the
18  condition that she remains in this courtroom with you,
19  Mr. Dill, until probation arrives in this courtroom with the
20  ankle monitor.  She's not leaving this courtroom without
21  that ankle monitor on.  Is that understood?
22             MR. DILL:  Absolutely, sir.
23             THE COURT:  All right.  Defendant Milliron will be
24  allowed to remain free on bond subject to the conditions set
25  forth in the magistrate judge's order setting conditions of

1    release which shall continue to apply fully.

2    Sentencing hearing is hereby set for Defendant
3    Milliron for February 8th, 2023, at 9:30 a.m.  The probation
4    office will also prepare a presentence investigation report
5    for my review.

6    Later this week an order will issue setting
7    deadlines for the submission of the final report by the
8    probation officer.  I'm going to set case-specific deadlines
9    for sentencing-related motions, statements pursuant to the
10   local rule and responses by the parties that will go out
11   later this week.  Any other remaining pending motions by
12   either defendant are denied as moot.

13   I remind counsel, those who are going to be
14   remaining in the courtroom to talk with the jurors, of the
15   order that I entered on the first morning of trial limiting
16   the matters which would be discussed with the jurors.  If
17   you are going to wait for the jurors, I would suggest that
18   you prepare to be out here at least a half an hour.  I don't
19   see how I'm going to spend less than half an hour with the
20   jurors before they come back out.

21   All right.  Is there anything further that I need
22   to address from the Government?

23   MR. FIELDS:  No, Your Honor.  Thank you.

24   THE COURT:  All right.  Anything further from
25   Defendant Rudolph?

1   MR. MARKUS:  No, Your Honor.

2   THE COURT:  Anything further from Defendant

3  Milliron?

4   MR. DILL:  No, Your Honor.

5   THE COURT:  All right.  Defendant Rudolph is

6  remanded to the custody of the United States Marshal.  Thank

7  you, that will be all.

8   (Proceedings concluded at 5:07 p.m.)

10                              INDEX

11  **Item**                                                      **PAGE**

12  **QUESTION BY THE JURY:**                                      3202

13  **VERDICT:**                                                   3205

14                         *     *     *     *     *

15                       REPORTER'S CERTIFICATE

16       I certify that the foregoing is a correct transcript

17  from the record of proceedings in the above-entitled matter.

18       Dated at Denver, Colorado, this 18th day of September,

19  2023.

               *[signature: Mary J. George]*

               MARY J. GEORGE, FCRR, CRR, RMR