IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. **LORI MILLIRON,**

Defendants.

### DECLARATION OF CHRISTOPHER P. HOTALING IN SUPPORT OF PETITIONERS' OPPOSITION TO THE GOVERNMENT'S AMENDED MOTION TO DISMISS

Christopher P. Hotaling, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct, unless stated upon information and belief:

1. I am an attorney admitted to practice before this Court, and a partner at Nixon Peabody LLP, attorneys of record for Petitioners Julian and AnaBianca Rudolph in the above-captioned action.

2. I make this Declaration in support of Petitioners' Opposition to the Amended Motion to Dismiss filed by the government, and in further support of Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited.

3. On May 2, 2023, Petitioners filed suit against Lawrence Rudolph, the Rudolph Trust,[1] and the Survivor's Trust in the Superior Court of the State of Arizona to recover Mrs.

---

[1] Capitalized terms not defined herein shall have the meaning given to them in Petitioners' Opposition to the government's Amended Motion to Dismiss.

1

Bianca Rudolph's share of the community assets. A true and correct copy of Petitioners' Complaint is attached hereto as **Exhibit A**.

4. On July 24, 2023, the Court granted Petitioners' motion for default judgment and awarded Petitioners over $10 million in damages, which includes pre- and post-judgment interest, representing Mrs. Rudolph's share of the community assets that rightfully belong to Petitioners (the "Arizona Judgment"). A true and correct copy of the Arizona Judgment is attached hereto as **Exhibit B**.

5. To date, Petitioners have been able to recover about $4 million on the Arizona Judgment.

6. Approximately $6 million remains unsatisfied on the Arizona Judgment.

7. Petitioners are aware of no further options to pursue assets for recovery, as all of Rudolph's remaining assets are currently subject to the Preliminary Order of Forfeiture.

8. I have contacted or attempted to make contact with all seven insurance companies at issue in this matter on behalf of Petitioners.

9. With the exception of two carriers, AAA Life Insurance Company and MetLife Insurance Company, the five other insurance companies all communicated to me, either orally or in writing, that they believed that Petitioners are the proper recipients of the proceeds from the life insurance policies covering Mrs. Rudolph.

10. On or about June 1, 2023, I sent all seven insurance companies written letters indicating that Petitioners, as lawful beneficiaries, were filing claims on Mrs. Rudolph's life insurance policies.

11. In response, four of the insurance companies, through their representatives, informed me they could not pay out on our claims at that time both because they had already

previously paid out on the insurance policies when Rudolph filed claims in late 2016/early 2017, and because they had not received any restitution as ordered by Judge Martinez at Rudolph's sentencing hearing. In essence, the insurance companies informed me that they could not pay out on Mrs. Rudolph's policies twice and they could only pay out on the Petitioners' June 1, 2023 claim once they had received the Court-ordered restitution, which would make them whole. But at all times, the insurance companies informed me they believe Petitioners to be the proper beneficiaries of Mrs. Rudolph's insurance policies.

12. To document this position, four of the insurance companies (Ameritas, Fidelity Life, Great-West, and Transamerica) executed Assignment and Release Agreements assigning their rights to any restitution payments to Petitioners. True and correct copies of the Assignment and Release Agreements are attached hereto as **Exhibits C, D, E,** and **F**.

13. While the fifth insurance carrier, Genworth, did not execute such an agreement, it sent me a letter stating that it has no further liability for payment under its policy, but it has no intention to seek restitution and agrees that payment should be made to the beneficiaries of the Rudolph Trust, excluding Rudolph. A true and correct copy of the letter is attached hereto as **Exhibit G**.

14. AAA Life never responded to any communications I sent them, though I understand they have filed a claim for restitution with the Court and the U.S. Attorney's Office. I sent a claim for payment on Mrs. Rudolph's insurance policy to AAA on behalf of Petitioners on June 1, 2023.

15. The last insurance company, MetLife, informed me through counsel that they are continuing to review and evaluate the circumstances behind Rudolph's application for a life insurance policy on his wife in June 2016. Because their review is ongoing, including whether they are going to elect to invoke their common law rescission rights against Mrs. Rudolph's policy,

they have not entered into an assignment and release agreement with Petitioners.  I sent a claim for payment on Mrs. Rudolph's insurance policy to MetLife on behalf of Petitioners on June 8, 2023.


Dated: December 8, 2023
       Chicago, Illinois

                                                  */s/ Christopher P. Hotaling*
                                                  Christopher P. Hotaling