IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LAWRENCE RUDOLPH, and
2.    LORI MILLIRON

    Defendants.

---

**UNITED STATES' REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO UNITED STATES MOTION TO DISMISS PETITIONERS' VERIFIED PETITION FOR ADJUDICATION OF INTEREST IN PROPERTY ORDERED FORFEITED**

---

Petitioners' *Memorandum of Law in Opposition to the Government's Amended Motion to Dismiss Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited* (hereinafter "Response") (ECF No. 464) does not establish Petitioners' standing as claimants with a third-party interest in the property forfeited in this case.

This Court asked both Parties to clarify areas of confusion that arose through the briefing for the Government's first Motion to Dismiss. (ECF No. 446). As it relates to Petitioners' Legal Status, the Court asked Petitioners to clarify their legal status as to the contingent beneficiaries under the insurance policies, their legal status as to the Rudolph Trust and the Lawrence P. Rudolph Survivor's Trust, and the effect of the assignment agreements with the insurance companies.[1] (ECF No. 446, p. 4-5). The Court asked Petitioners to "clearly explain why their

---

[1] Petitioners now clarify that they are not seeking to assert the rights of the life insurance companies in this forfeiture action through the assignment agreements. Petitioners also indicate

status entitles *them* to a constructive trust." *Id*. at 5. Furthermore, the Court asked that "if Petitioners have valid, binding assignment agreements from certain insurance companies, they must clarify why they continue to seek relief from this Court and not the insurance companies." *Id*. at 6. The Court also noted that it is "Petitioner's burden to *establish* the elements of a constructive trust, not merely respond vaguely to the Governments' arguments." *Id*. at 7 (emphasis in original). Petitioners have not answered these questions or satisfied their burden to establish a constructive trust, and their Petition should be dismissed.

## I. Petitioners Fail to Meet the Elements of a Constructive Trust

Foremost, Petitioners quarrel with the Government's formulation of the constructive trust elements from a combination of Arizona cases as being incorrect and inaccurate. (ECF No. 464, p.8, n.4). Yet Petitioners do not proffer an alternative set of elements necessary to establish a constructive trust or elaborate on which, if any, elements are inapplicable. Such an undeveloped argument should be deemed a waiver. *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013).

Petitioners have also not provided any additional evidence or support that clearly sets forth their legal basis to be entitled to these funds. The alleged facts simply do not establish a constructive trust in their favor. Petitioners repeated assertions of being the "rightful owners" of the life insurance proceeds are simply conclusory statements. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Without sufficient factual allegations to establish a legal interest through a constructive trust, the Petition should be dismissed.

---

in their response that they are withdrawing their claim against the $772,901.17 in MetLife proceeds. (ECF No. 464, p.3 n.1).

### A. **Petitioners Cannot Establish that the Defendant's Mail Fraud was at Petitioners' Expense or that the Property "Justly Belongs" to Them**

Petitioners argue that Arizona law does not require that the person seeking a constructive trust be a victim or the party who was defrauded. (ECF No. 464, p.8). Rather, they argue that it is sufficient that they demonstrate that the property in question "justly belongs" to them. But, as the Court noted, Petitioners have not established their legal status as parties entitled to the life insurance proceeds. Instead, Petitioners reference caselaw involving civil disputes as to the correct disbursement of insurance policies when the primary beneficiary was found to have murdered the insured. (ECF. No. 464, p. 11). This is precisely the point. Such a determination of who is rightfully entitled to life insurance proceeds under individual insurance contracts is a separate legal process that often requires court intervention in the appropriate judicial forum. Petitioners' mere assertion that the property "justly belongs" to them without such a finding, nor evidentiary support is insufficient to establish a legal interest, or standing to assert a constructive trust. This is especially problematic in the context of the Rudolph Trust, which received the majority of the life insurance proceeds. Petitioners have offered nothing to establish their legal entitlement to assets of the Rudolph Trust.

At most, Petitioners proffer that four of the life insurance companies agree that the life insurance proceeds should go to Petitioners as evidenced by the assignment agreements. But, by Petitioners' own statements, these assignments merely memorialize an agreement between the life insurance companies and Petitioners regarding restitution payments. They do not convey or transfer a legal right to Petitioners for the forfeitable property. (ECF. 464, p.18-19, n.9).

The cases cited by the Petitioners support the Government's conclusion that Petitioners must show that Rudolph's wrongful holding of the forfeited property came at their expense,

rather than the insurers. In *Turley v. Ethington*, 213 Ariz. 640, 642 (Ct. App. 2006), the Turleys sought a constructive trust because the Ethingtons had defrauded them (not someone else) in a joint land deal by reneging on a verbal agreement between the two after the deal closed. And in *Murphy Farrell Development, LLLP v. Sourant*, 229 Ariz. 124, 130-32 (Ct. App. 2012), the fraud was the alleged breach of a non-compete agreement between the parties. Indeed, because the potential trustee (as here) had failed to establish their "equitable interest" in the property, *Murphy Farrell* upheld *the denial* of a constructive trust. *Id.* at 132.[2] The court explained that "at a minimum, however, the plaintiff must have an equitable interest in the property wrongfully held by the defendant to give rise to the defendant's duty to convey that property to the plaintiff." *Id.* at 131. It then cited a comment to the Restatement (First) of Restitution that ties the equitable interest of the trustee to *the equitable duty* of the trustor "to hold the property for or convey it" to that trustee. *Id.* But here, Rudolph's duty was to convey the ill-gotten property taken from the insurers back to those insurers. The insurers may then have a duty to convey that property to Petitioners because of agreements with the Petitioners or the deceased, but that is outside the scope of this proceeding.

Regardless, to the extent that a constructive trust is an *equitable* remedy, any equitable interest the Petitioners may have in the property must give way to the insurers' superior equitable interest as the victims of the fraud. (Petitioners concede they are not exercising the insurers' rights. Doc. 464 at 18, n. 9.) None of the cases cited by Petitioners involve a third-party receiving property in an equitable trust where another party was the one defrauded. Perhaps if there wasn't an identifiable victim here and Rudolph would otherwise be unjustly enriched, then maybe the

---

[2] Although the imposition of a constructive trust "is not subject to any 'unyielding formula,'" such an imposition "is not without limits" either. *Murphy Farrell*, 229 Ariz. at 130.

Petitioners could be the beneficiaries of a constructive trust. But the superior interest in this case belongs to the insurers, who have chosen to receive their remedy through restitution.

### B. Petitioners Cannot Trace Their Funds to the Forfeitable Assets

The Government does not wish to belabor this point any further and will stand on the argument made in the Amended Motion ECF No. 463, p.11-14.[3] Petitioners have not established their interest or rights to the insurance funds and in the event that they are able to establish their interest to some, but not all of the proceeds as they have conceded the MetLife proceeds, they have still failed to provide an accounting method that will parse out those funds within the ill-gotten funds that they are entitled to collect.

### C. The Victims Have an Adequate Remedy at Law

Petitioners also argue that they and the insurance companies do not have an adequate remedy at law because their only recourse is through the remission process controlled by the government. (ECF No. 464, p.17).

Foremost, Petitioners are misdirecting the analysis of this element. As the victims of the mail fraud, the life insurance companies have an adequate remedy at law that they have chosen – restitution. Under Arizona law, this squarely forecloses the imposition of a constructive trust in the victims' favor. *See In re Schick*, 246 B.R. 41, 46 (Bankr. S.D.N.Y. Mar. 13, 2000); *Harmon v. Harmon,* 613 P.2d 1298, 1300-1301 (Ariz. Ct. App. 1980) ("Even though a person may have a claim for the imposition of a constructive trust, there is no requirement that he enforce it;" they may elect other remedies such as restitution.). Petitioners cannot force the life insurance

---

[3] The Government also does not wish to rehash its argument that the equitable remedy of a constructive trust is not needed to prevent unjust enrichment due to the Preliminary Order of Forfeiture. The Government agrees that this element alone would not prevent the imposition of a constructive trust where the Court deems appropriate.

companies to choose a different remedy. Nor can they use assignment agreements to reverse course and elect an alternative remedy to the restitution order.

Petitioners assert without a basis that the restitution is an inadequate remedy because there is no way for it to be paid absent the remission process, which is at the Government's discretion. This is speculative. In fact, the Government is aware of other assets belonging to the defendant that may be available for the collection of restitution.[4] Petitioners have also secured assignments with the life insurance companies that appear to provide them with the assignment of any payments that the life insurance companies will receive under restitution.

Again, a constructive trust should only be imposed as an equitable remedy when there is an inadequate remedy at law. *ML Servicing Co. v. Coles*, 334 P.3d 745, 752 (Ct. App. 2014).. The adequate remedy at law determination is to be made for the party that was defrauded and here, that is the insurance companies not Petitioners. The insurance companies have an adequate remedy through restitution and they have selected the same.

Lastly, the equities do not align with the imposition of a constructive trust. As explained in *Willis Mgmt. (Vermont), Ltd. v. United States*, 652, F.3d 236, 245-46 (2d Cir. 2011),the Second Circuit did "not foreclose the possibility that a district court would have the discretion to deny a constructive trust where justice would be better served by allowing some other manner of compensating victims, including the Attorney General's discretion under § 853(i), in light of the facts of a particular case." Because not all life insurance victims would be treated equitably should a constructive trust be imposed for the benefit of Petitioners, particularly AAA Life and

---

[4] Based on information provided to the Government, these assets have also not been collected through the Arizona judgment. Moreover, to the extent, there are insufficient assets belonging to the defendant to fulfill the restitution judgment, the United States Attorney's Office will request that any forfeited funds be applied to the outstanding restitution judgment through the remission process.

MetLife who have not elected to have Petitioners receive restitution on their behalf, justice is better served by allowing some other manner of compensating the victims, including restitution and the Attorney General's discretion under the remission process.

## **CONCLUSION**

Petitioners have not satisfied their burden or established the elements of constructive trust and their entitlement to such a remedy. The Court asked Petitioners to clarify their legal status as the parties entitled to the insurance proceeds and they have failed to do so. The Court should dismiss the Petition as the Petitioners lack standing and the Petition fails to state a claim. No ancillary hearing on the Petitioner is needed.

DATED this 22nd day of December, 2023.

Respectfully submitted,

COLE FINEGAN

United States Attorney

*s/Tonya Andrews*
Tonya Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov

*s/Kurt J. Bohn*
Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: kurt.bohn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

*s/ Sheri Gidan*
FSA Federal Paralegal
United States Attorney's Office