APPEAL,INTERPRETER,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: <u>1:22–cr–00012–WJM</u> All Defendants

Case title: USA v. Rudolph et al

Other court case number:  23–1162 U.S. Court of Appeals for the Tenth Circuit

Magistrate judge case number:  1:21–mj–00209–MEH

Date Filed: 01/05/2022

Date Terminated: 08/25/2023

---

Assigned to: Judge William J. Martinez

Appeals court case number: 23–1278 U.S. Court of Appeals for the Tenth Circuit

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Lawrence Rudolph**<br>*TERMINATED: 08/25/2023* | represented by | **Anita Margot Moss**<br>Markus/Moss PLLC<br>40 NW Third Street<br>Miami, FL 33128<br>305–379–6667<br>Fax: 305–379–6668<br>Email: mmoss@markuslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **David Oscar Markus**<br>Markus & Markus, PLLC<br>Penthouse 1<br>40 NW Third Street<br>Miami, FL 33128<br>305–379–6667<br>Fax: 305–379–6668<br>Email: dmarkus@markuslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Lauren Doyle Perez**<br>Markus Moss PLLC<br>40 NW Third Street<br>Penthouse 1 |

1

Miami, FL 33175
305−379−6667
Fax: 305−379−6668
Email: ldoyle@markuslaw.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. §§ 1119 and 1111 (Foreign Murder) (1s) | Defendant sentenced to Life as to Count 1 and 240 months as to Count 2 to run concurrently for a total term of life imprisonment; 3 years supervised release term as to Count 2; $200 special assessment; $4,877,744.93 in restitution; $2,000,000.00 fine. |
| 18 U.S.C. § 1341 (mail fraud) and § 2 (aiding and abetting and willfully causing) (2s) | Defendant sentenced to Life as to Count 1 and 240 months as to Count 2 to run concurrently for a total term of life imprisonment; 3 years supervised release term as to Count 2; $200 special assessment; $4,877,744.93 in restitution; $2,000,000.00 fine. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. §§ 1119 and 1111 – Foreign Murder (1) | Dismissed. |
| 18 U.S.C. § 1341 (mail fraud) and § 2 aiding and abetting and willfully causing (2) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| 18 U.S.C. § 1341 Mail Fraud, 18 U.S.C. §§ 1119 and 1111 Foreign Murder | |

Assigned to: Judge William J. Martinez

Appeals court case number: 23−1217 U.S. Court of Appeals for the Tenth Circuit

**Defendant (2)**

| | | |
|---|---|---|
| **Lori Milliron**<br>*TERMINATED: 06/26/2023* | represented by | **John W. Dill**<br>John W. Dill P.A.<br>941 West Morse Boulevard<br>Suite 100<br>Winter Park, FL 32789–3781<br>321–287–4774<br>Email: John@JohnWDill.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Pending Counts**

**Disposition**

18 U.S.C. § 3 (Accessory after the Fact)
(3)

Defendant sentenced to a total term of 204 months imprisonment, consisting of 180 months as to Count 3, 120 months as to Count 4, 60 months as to Count 6 with Counts 3, 4, and 6 to run concurrently and 60 months as to Count 9 with 36 months concurrently and 24 months consecutively; 3 years supervised release term; $400 special assessment; $250,000 fine.

18 U.S.C. § 1503(a) (obstruction of grand jury proceeding)
(4)

Defendant sentenced to a total term of 204 months imprisonment, consisting of 180 months as to Count 3, 120 months as to Count 4, 60 months as to Count 6 with Counts 3, 4, and 6 to run concurrently and 60 months as to Count 9 with 36 months concurrently and 24 months consecutively; 3 years supervised release term; $400 special assessment; $250,000 fine.

18 U.S.C. § 1623(a) (perjury before grand jury)
(6)

Defendant sentenced to a total term of 204 months imprisonment, consisting of 180 months as to Count 3, 120 months as to Count 4, 60 months as to Count 6 with Counts 3, 4, and 6 to run concurrently and 60 months as to Count 9 with 36 months concurrently and 24 months consecutively; 3 years supervised release term; $400 special assessment; $250,000 fine.

18 U.S.C. § 1623(a) (perjury before grand jury)
(9)

Defendant sentenced to a total term of 204 months imprisonment, consisting of 180 months as to Count 3, 120 months as to Count 4, 60 months as to Count 6 with Counts 3, 4, and 6 to run concurrently and 60 months as to Count 9 with 36 months concurrently and 24 months consecutively; 3 years supervised release term; $400 special assessment; $250,000 fine.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. § 1623(a) (perjury before grand jury) (5) | Defendant found not guilty. |
| 18 U.S.C. § 1623(a) (perjury before grand jury) (7−8) | Defendant found not guilty. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Interested Party**

| **Julian Rudolph** | represented by | **Christopher P. Hotaling**<br>Nixon Peabody LLP<br>70 West Madison Street<br>Three First National Plaza<br>Suite 5200<br>Chicago, IL 60602<br>312−977−4418<br>Email: chotaling@nixonpeabody.com<br>*ATTORNEY TO BE NOTICED* |
| | | **John Robert Sandweg**<br>Nixon Peabody LLP<br>401 Ninth Street, NW<br>Suite 900<br>Washington, DC 20004<br>202−585−8189<br>Email: jsandweg@nixonpeabody.com<br>*ATTORNEY TO BE NOTICED* |

---

**Interested Party**

| **AnaBianca Rudolph** | represented by | **Christopher P. Hotaling**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Robert Sandweg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **Estate of Bianca Rudolph, The** | represented by | **Christopher P. Hotaling** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John Robert Sandweg** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **Bank of New York Mellon** | represented by | **Eddie A. Jauregui** |
| | | Holland & Knight LLP |
| | | 400 South Hope Street |
| | | 8th Floor |
| | | Los Angeles, CA 90071 |
| | | 213–896–2400 |
| | | Fax: 213–896–2450 |
| | | Email: eddie.jauregui@hklaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Bryan David Fields** |
| | | U.S. Attorney's Office |
| | | District of Colorado |
| | | 1801 California Street |
| | | Suite 1600 |
| | | Denver, CO 80202 |
| | | 303–454–0100 |
| | | Fax: 303–454–0402 |
| | | Email: bryan.fields3@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Federal Agency Attorney* |
| | | |
| | | **Edwin Garreth Winstead , III** |
| | | U.S. Attorney's Office |
| | | District of Colorado |
| | | 1801 California Street |
| | | Suite 1600 |
| | | Denver, CO 80202 |
| | | 303–454–0322 |
| | | Fax: 303–454–0400 |
| | | Email: garreth.winstead@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Federal Agency Attorney* |

**Justin Bishop Grewell**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0213
Fax: 303–454–0461
Email: Bishop.Grewell@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Kurt J. Bohn**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0407
Email: kurt.bohn@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Tonya Shotwell Andrews**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402
Email: Tonya.Andrews@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**William Bennett Gillespie**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0102
Email: william.gillespie@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2021 | 1 | CRIMINAL COMPLAINT as to Lawrence Rudolph (1). (Attachments: # 1 Criminal Information Sheet, # 2 Affidavit) (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/16/2021) |

| 12/16/2021 | 2 | Arrest Warrant Issued in case as to Lawrence Rudolph. (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/16/2021) |
| 12/22/2021 | 3 | NOTICE OF ATTORNEY APPEARANCE: David Oscar Markus & Anita Margot Moss appearing for Lawrence Rudolph. (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/22/2021) |
| 12/22/2021 | 4 | SUPERSEDING CRIMINAL COMPLAINT as to Lawrence Rudolph. (Attachments: # 1 Criminal Information Sheet, # 2 Affidavit) (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/22/2021) |
| 12/22/2021 | 5 | Arrest Warrant Issued in case as to Lawrence Rudolph. (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/22/2021) |
| 12/22/2021 | 6 | Order to Restrict Case as to Lawrence Rudolph. by Magistrate Judge Scott T. Varholak on 22 December 2021. (cmadr, ) [1:21–mj–00209–MEH] (Entered: 12/22/2021) |
| 12/23/2021 | 7 | Arrest of Lawrence Rudolph Initial Appearance set for 12/23/2021 01:30 PM in Courtroom A 401 before Magistrate Judge Scott T. Varholak. (Text Only entry).(alave, ) [1:21–mj–00209–MEH] (Entered: 12/23/2021) |
| 12/23/2021 | 8 | MINUTE ENTRY for Initial Appearance as to Lawrence Rudolph held before Magistrate Judge Scott T. Varholak on 12/23/2021. Defendant present in custody. Defendant advised. Defendant has retained counsel. Government seeking detention. Defense counsel request expert reports and studies named in complaint be produced to defense prior to the detention hearing. The government is in the process of working with defense counsel regarding discovery. Defense counsel also makes a record regarding Defendant's medical condition. Due to defense counsel being overseas, the earliest defense counsel is available to appear in person for a detention hearing is on 1/4/2022. Detention Hearing set for 1/4/2022 10:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Preliminary Examination set for 1/6/2022 10:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Defendant remanded. (Total time: 14 minutes, Hearing time: 12:38–12:52)<br><br>**APPEARANCES**: Garreth Winstead on behalf of the Government, David Markus and Margot Moss by VTC on behalf of the defendant, Josh Roth on behalf of probation. FTR: 402. (morti, ) Text Only Entry [1:21–mj–00209–MEH] (Entered: 12/23/2021) |
| 12/24/2021 | 9 | Unopposed MOTION for Protective Order by USA as to Lawrence Rudolph. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) [1:21–mj–00209–MEH] (Entered: 12/24/2021) |
| 12/27/2021 | 10 | PROTECTIVE ORDER as to Lawrence Rudolph (1) by Magistrate Judge Scott T. Varholak on December 27, 2021. (csarr, ) [1:21–mj–00209–MEH] (Entered: 12/27/2021) |
| 12/27/2021 | 11 | NOTICE OF ATTORNEY APPEARANCE Edwin Garreth Winstead, III appearing for USA. (csarr, ) [1:21–mj–00209–MEH] (Entered: 12/27/2021) |
| 12/28/2021 | 12 | Arrest Warrant Returned Executed on 12/22/2021 in case as to Lawrence Rudolph. (csarr, ) [1:21–mj–00209–MEH] (Entered: 12/29/2021) |
| 01/03/2022 | 13 | RESTRICTED DOCUMENT – Level 2: as to Lawrence Rudolph. (Winstead, Edwin) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |

| 01/03/2022 | 14 | RESTRICTED DOCUMENT – Level 2: as to Lawrence Rudolph. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Winstead, Edwin) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |
|---|---|---|
| 01/03/2022 | 15 | MOTION for Leave to Restrict by USA as to Lawrence Rudolph. (Attachments: # 1 Proposed Order (PDF Only))(Winstead, Edwin) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |
| 01/03/2022 | 16 | MOTION for Order *TO APPEAR REMOTELY* by USA as to Lawrence Rudolph. (Winstead, Edwin) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |
| 01/03/2022 | 17 | MINUTE ORDER granting the Government's Motion to Appear Remotely [#16]. Counsel for the United States may appear via video telephone conference ("VTC") at the detention hearing set for January 4, 2022, at 10:00 a.m. By Magistrate Judge Kristen L. Mix on January 3, 2022. Text Only Entry (klmlc1, ) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |
| 01/03/2022 | 18 | NOTICE *OF CONVENTIONAL FILING* by USA as to Lawrence Rudolph (Winstead, Edwin) [1:21–mj–00209–MEH] (Entered: 01/03/2022) |
| 01/03/2022 | 19 | MOTION for Bond *and Response to Government's Motion for Pretrial Detention* by Lawrence Rudolph. (Markus, David)[1:21–mj–00209–MEH] (Entered: 01/03/2022) |
| 01/04/2022 | 20 | Conventionally Submitted Material : One Flash Drive re Restricted Document – Level 2 14 by Plaintiff USA. Location of Stored Items: Box A–1–2 Text Only Entry (cmadr, ) [1:21–mj–00209–MEH] (Entered: 01/04/2022) |
| 01/04/2022 | 21 | ORDER granting 15 Motion for Leave to Restrict as to Lawrence Rudolph (1) by Magistrate Judge Michael E. Hegarty on 4 January 2022. (cmadr, ) [1:21–mj–00209–MEH] (Entered: 01/05/2022) |
| 01/04/2022 | 22 | MINUTE ENTRY for Detention Hearing as to Lawrence Rudolph held before Magistrate Judge Kristen L. Mix on 1/4/2022. Defendant present in custody. Parties are ready to proceed to detention hearing. Government requests that this detention hearing not be sealed although the case itself shall remain sealed. ORDERED: Government's oral Motion to Unseal Case for Purposes of the Detention Hearing Only is GRANTED. The Court orders sequestration of witnesses with exception to victims. Government's witness, Donald Peterson, called and sworn. Direct examination by Mr. Winstead. Government's Exhibits 1, 2, 3, 4 and 5 are ADMITTED. Court questions the witness. Follow up questions by Mr. Winstead to the Court's questions. Cross examination by Mr. Markus. Defendant's Exhibits A and B are ADMITTED. Witness excused. Argument by counsel for the government and defense counsel as to the issue of detention. ORDERED: Defendant detained. Defendant remanded. (Total time: 220 minutes, Hearing time: 10:16–12:14, 12:50–2:21 and 2:48–2:59)<br><br>**APPEARANCES**: Garreth Winstead and Kurt Bohn on behalf of the Government, David Markus and Margot Moss on behalf of the defendant, Carlos Morales on behalf of pretrial. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry [1:21–mj–00209–MEH] (Entered: 01/05/2022) |
| 01/04/2022 | 23 | ORDER OF DETENTION as to Lawrence Rudolph by Magistrate Judge Kristen L. Mix on 1/4/22. (lgale, ) [1:21–mj–00209–MEH] (Entered: 01/05/2022) |
| 01/05/2022 | 24 | |

| | | |
|---|---|---|
| | | MOTION to Unrestrict Case as to Lawrence Rudolph by USA. (sphil, ) [1:21−mj−00209−MEH] (Entered: 01/06/2022) |
| 01/05/2022 | 25 | ORDER to Unrestrict Case by Magistrate Judge Kristen L. Mix on 1/6/2022 as to Lawrence Rudolph (1). (sphil, ) [1:21−mj−00209−MEH] (Entered: 01/06/2022) |
| 01/05/2022 | 26 | INDICTMENT as to Lawrence Rudolph (1) count(s) 1, 2. (Attachments: # 1 Criminal Information Sheet) (sphil, ) (Entered: 01/06/2022) |
| 01/05/2022 | 27 | Utility Resetting Arraignment/Discovery Hearing as to Lawrence Rudolph: Arraignment/Discovery set for 1/6/2022 10:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Preliminary hearing changed into an Arraignment/Discovery Hearing pursuant to 26 INDICTMENT. Text Only Entry. (sphil, ) (Entered: 01/06/2022) |
| 01/05/2022 | 28 | RESTRICTED DOCUMENT – Level 4: as to Lawrence Rudolph. (sphil, ) (Entered: 01/06/2022) |
| 01/06/2022 | 29 | MINUTE ENTRY for Arraignment and Discovery as to Lawrence Rudolph held before Magistrate Judge Kristen L. Mix on 1/6/2022. Defendant present in custody. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Defendant remanded. Counsel is directed to chambers. (Total time: 3 minutes, Hearing time: 10:06−10:09)<br><br>**APPEARANCES**: Brian Fields and Garreth Winstead (by video conference) on behalf of the Government, David Markus and Margot Moss (both by video conference) on behalf of the defendant. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 01/06/2022) |
| 01/06/2022 | 30 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 4 weeks as to Lawrence Rudolph by Magistrate Judge Kristen L. Mix on 1/6/22. (lgale, ) (Entered: 01/06/2022) |
| 01/06/2022 | 31 | MOTION for Temporary Release Pursuant to 18 U.S.C. § 3142(i) by Lawrence Rudolph. (Markus, David) Modified on 1/27/2022 to correct text (trvo, ). (Entered: 01/06/2022) |
| 01/06/2022 | 32 | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion for Temporary Release Pursuant to 18 U.S.C. § 3142(i) ("Motion") 31 . The Government is DIRECTED to file a Response to Defendant's Motion on or before **noon on Monday, January 10, 2022**. The Defendant is DIRECTED to file a Reply on or before **noon on Wednesday, January 12, 2022**. SO ORDERED by Judge William J. Martinez on 1/6/2022. Text Only Entry (wjmlc2) (Entered: 01/06/2022) |
| 01/06/2022 | 33 | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion for Temporary Release Pursuant to 18 U.S.C. § 3142(i) 31 . The Court hereby ORDERS a **7−day expedited** transcription of the January 4, 2022 Detention Hearing held before Magistrate Judge Kristen L. Mix 22 . SO ORDERED by by Judge William J. Martinez on 1/6/2022. Text Only Entry (wjmlc2) (Entered: 01/06/2022) |
| 01/07/2022 | 34 | NOTICE OF ATTORNEY APPEARANCE Justin Bishop Grewell appearing for USA. Attorney Justin Bishop Grewell added to party USA(pty:pla) (Grewell, Justin) (Entered: 01/07/2022) |
| 01/10/2022 | 35 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 31 MOTION for Bond *Pursuant to 18 USC 3142(i)* (Fields, Bryan) (Entered: 01/10/2022) |

| 01/10/2022 | 36 | ORDER Setting Trial Date and Related Deadlines as to Lawrence Rudolph by Judge William J. Martinez on 1/10/2022. Motions due by 2/4/2022. Responses due by 2/11/2022. A **15–day** Jury Trial set for 2/28/2022 08:30 AM in Courtroom A 801 before Judge William J. Martinez. Trial Preparation Conference set for 2/18/2022 at 11:00 AM in Courtroom A 801 before Judge William J. Martinez. (sphil, ) (Entered: 01/10/2022) |
|---|---|---|
| 01/11/2022 | 37 | TRANSCRIPT of Detention Hearing as to Lawrence Rudolph held on January 4, 2022 before Magistrate Judge Mix. Pages: 1–158. Prepared by: AB Litigation Services. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (nrich, ) (Entered: 01/11/2022) |
| 01/11/2022 | 38 | REPLY TO RESPONSE to Motion by Lawrence Rudolph re 31 MOTION for Bond *Pursuant to 18 USC 3142(i)* (Attachments: # 1 Affidavit of David Oscar Markus)(Markus, David) (Entered: 01/11/2022) |
| 01/11/2022 | 39 | BAIL REPORT as to Lawrence Rudolph. (rmaya, ) (Entered: 01/11/2022) |
| 01/12/2022 | 40 | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion for Temporary Release Pursuant to 18 U.S.C. § 3142(i) ("Motion") 31 . In his reply brief, Defendant represents that, in addition to filing the Motion, he also intends to file a separate motion appealing United States Magistrate Judge Kristen L. Mix's detention order. (*See* ECF No. 38 at 8.) The Court sees little utility in issuing piecemeal orders on matters relating to Defendant's detention. Accordingly, the Motion is TAKEN UNDER ADVISEMENT and the Court will issue a single order on all issues relating to Defendant's detention after Defendant's forthcoming appeal is fully briefed. SO ORDERED by Judge William J. Martinez on 1/12/2022. Text Only Entry (wjmlc2) (Entered: 01/12/2022) |
| 01/17/2022 | 41 | MOTION for Leave to File Excess Pages by Lawrence Rudolph. (Markus, David) (Entered: 01/17/2022) |
| 01/17/2022 | 42 | MOTION to Revoke *Order of Pretrial Detention* by Lawrence Rudolph. (Attachments: # 1 Affidavit of Julian Rudolph, # 2 Affidavit of AnaBianca Rudolph)(Markus, David) (Entered: 01/17/2022) |
| 01/18/2022 | 43 | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Enlarge Page Limit ("Motion") 41 . Defendant's Motion is GRANTED for good cause shown. Given the time sensitive nature of Defendant's Motion to Revoke Order of Detention and in the interests of justice, Defendant's Motion to Revoke Order of Detention 42 is ACCEPTED as filed. SO ORDERED by Judge William J. Martinez on 1/18/2022. Text Only Entry (wjmlc2, ) (Entered: 01/18/2022) |
| 01/18/2022 | 44 | |

| | | |
|---|---|---|
| | | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Revoke Order of Detention and Request for Hearing ("Motion") 42 . The Government is DIRECTED to file its response to the Motion on or before **9:00 a.m. on Thursday, January 20, 2022**. The Defendant is DIRECTED to file a reply on or before **Friday, January 21, 2022**. SO ORDERED Text Only Entry (wjmlc2) (Entered: 01/18/2022) |
| 01/20/2022 | 45 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 42 MOTION to Revoke *Order of Pretrial Detention* (Fields, Bryan) (Entered: 01/20/2022) |
| 01/20/2022 | 46 | REPLY TO RESPONSE to Motion by Lawrence Rudolph re 42 MOTION to Revoke *Order of Pretrial Detention* (Markus, David) (Entered: 01/20/2022) |
| 01/26/2022 | 47 | Unopposed MOTION to Continue *Trial and Request for Status Conference* by Lawrence Rudolph. (Markus, David) (Entered: 01/26/2022) |
| 01/27/2022 | 48 | ORDER Denying 31 Defendant's Motion for Temporary Release Pursuant to 18 U.S.C. § 3142(i) and 42 Defendant's Motion to Revoke Order of Detention and Request for Hearing as to Lawrence Rudolph (1). Judge Mix's January 4, 2022 detention order (ECF No. 23 ) is AFFIRMED. SO ORDERED by Judge William J. Martinez on 1/27/2022. (trvo, ) (Entered: 01/27/2022) |
| 01/28/2022 | 49 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Lawrence Rudolph. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 01/28/2022) |
| 01/28/2022 | | ***Response deadline set for 2/11/2022 pursuant to 36 Order as to Lawrence Rudolph (1) (trvo, ) (Entered: 01/28/2022) |
| 01/28/2022 | 50 | ORDER Granting in Part and Denying in Part 47 Defendant Lawrence Rudolph's Unopposed Motion to Continue Trial and Request for Status Conference as to Lawrence Rudolph (1). That portion of Defendant Lawrence Rudolph's Unopposed Motion to Continue Trial and Request for Status Conference (ECF No. 47 ) which requests an exclusion of 45 days from Speedy Trial Clock is GRANTED. **All days from today, to and including March 14, 2022 shall be excluded from the Speedy Trial Clock**. The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby **VACATED**. The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference and related deadlines, including motion deadlines. That portion of Defendant's Unopposed Motion to Continue Trial and Request for Status Conference (ECF No. 47 ) which seeks a Status Conference is DENIED. SO ORDERED by Judge William J. Martinez on 1/28/2022. (trvo, ) (Entered: 01/28/2022) |
| 01/31/2022 | 51 | ORDER Regarding Disclosure of Grand Jury Materials as to Lawrence Rudolph (1) by Judge William J. Martinez on 1/31/2022. (trvo, ) (Entered: 01/31/2022) |
| 01/31/2022 | 52 | ORDER Resetting Trial Date and Related Deadlines by Judge William J. Martinez on 1/31/2022 as to Lawrence Rudolph (1). All pretrial motions shall be filed by no later than **April 25, 2022**. Responses to these motions shall be filed by no later than **May 4, 2022**. A Final Trial Preparation Conference is hereby set for **May 19, 2022 at 2:00 p.m., in person**, in Courtroom A801 before Judge William J. Martinez. A **12–day** jury trial is hereby set to commence in the U.S. District Courthouse, **in person**, in Courtroom A801 before Judge William J. Martinez, 901 19th Street, Denver, Colorado, on **May 23, 2022 at 8:30 a.m., to conclude on June 8, 2022**. (trvo, ) (Entered: 01/31/2022) |

| 02/09/2022 | 53 | SUPERSEDING INDICTMENT (was filed as RESTRICTED DOCUMENT – Level 2) as to Lawrence Rudolph (1) count(s) 1s, 2s, Lori Milliron (2) count(s) 3, 4, 5–9. (Attachments: # 1 Criminal Information Sheet, # 2 Criminal Information Sheet) (trvo, ) Modified on 2/11/2022 to change restriction level from 3 to 2 pursuant to 60 Order (trvo, ). Modified on 2/16/2022 to un–restrict pursuant to 59 Order (trvo, ). (Entered: 02/10/2022) |
| 02/09/2022 | 54 | RESTRICTED DOCUMENT – Level 4 as to Lawrence Rudolph (1), Lori Milliron (2) (trvo, ) Modified on 2/16/2022 to add Defendant (2) name (trvo, ). (Entered: 02/10/2022) |
| 02/09/2022 | 55 | MOTION to Restrict Superseding Indictment (was filed as RESTRICTED DOCUMENT – Level 3) by USA as to Lawrence Rudolph (1), Lori Milliron (2) (Attachments: # 1 Proposed Order (PDF Only))(trvo, ) Modified on 2/16/2022 to un–restrict pursuant to 61 arrest(trvo, ). (Entered: 02/10/2022) |
| 02/09/2022 | 56 | Arrest Warrant Issued as to Lori Milliron (2) (was filed as RESTRICTED DOCUMENT – Level 3) (trvo, ) Modified on 2/16/2022 to un–restrict pursuant to 59 Order (trvo, ). (Entered: 02/10/2022) |
| 02/09/2022 | 57 | MINUTE ORDER as to Lawrence Rudolph (1). Re–arraignment set for 2/23/2022 at 02:00 PM in Courtroom A502 before Magistrate Judge Nina Y. Wang pursuant to 53 Superseding Indictment. Text Only Entry. (trvo, ) Modified on 2/16/2022 to add document title to 53 pursuant to 61 arrest (trvo, ). (Entered: 02/10/2022) |
| 02/10/2022 | 59 | ORDER Granting 55 Motion to Restrict Superseding Indictment (was filed as RESTRICTED DOCUMENT – Level 3) as to Lawrence Rudolph (1), Lori Milliron (2) (trvo, ) Modified on 2/16/2022 to un–restrict pursuant to 61 arrest (trvo, ). (Entered: 02/11/2022) |
| 02/11/2022 | 58 | MOTION to Change Restricted Level of Superseding Indictment (was filed as RESTRICTED DOCUMENT – Level 2) as to Lawrence Rudolph (1), Lori Milliron (2). (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) Modified on 2/11/2022 to correct docket text (trvo, ). Modified on 2/16/2022 to un–restrict pursuant to 61 arrest (trvo, ). (Entered: 02/11/2022) |
| 02/11/2022 | 60 | ORDER Granting 58 Motion to Change Restriction Level of Superseding Indictment (was filed as RESTRICTED DOCUMENT – Level 2) as to Lawrence Rudolph (1), Lori Milliron (2) (trvo, ) Modified on 2/16/2022 to un–restrict pursuant to 61 arrest (trvo, ). (Entered: 02/11/2022) |
| 02/15/2022 | 61 | Arrest of Lori Milliron in the District of Arizona.(Text Only entry) (cmadr, ) (Entered: 02/15/2022) |
| 02/15/2022 | 62 | Rule 5(c)(3) Documents Received as to Lori Milliron (2) (trvo, ) (Entered: 02/16/2022) |
| 02/18/2022 | 63 | NOTICE *of Superseding Indictment Pursuant to WJM Practice Standard IX.J* re 53 Restricted Document – Level 3, by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Redline Comparison Between Superseding Indictment and original Indictment)(Fields, Bryan) (Entered: 02/18/2022) |
| 02/18/2022 | 64 | Unopposed MOTION for Protective Order by USA as to Lori Milliron. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 02/18/2022) |
| 02/22/2022 | 65 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Leave to File Excess Pages by Lawrence Rudolph. (Attachments: # 1 Exhibit Motion to Dismiss Count 1 for Lack of Venue & Request for Hearing)(Markus, David) (Entered: 02/22/2022) |
| 02/22/2022 | 66 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Lori Milliron. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 02/22/2022) |
| 02/22/2022 | 67 | PROTECTIVE ORDER as to Lori Milliron (2) by Judge William J. Martinez on 2/22/2022. (trvo, ) (Entered: 02/22/2022) |
| 02/22/2022 | 68 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Unopposed Motion to Enlarge Page Limit 65 . Defendant Rudolph's Motion is GRANTED for good cause shown. Defendant's Motion to Dismiss Count 1 for Lack of Venue and Request for Hearing [65−1] is ACCEPTED as filed. The Clerk shall file the Motion to Dismiss [65−1] as a separate docket entry on CM/ECF. It is FURTHER ORDERED that the Government's Response to the Motion to Dismiss shall be filed by **March 15, 2022**, not to exceed **21 pages**, exclusive of attorney signature blocks and certificate of service. After receiving the Government's Response, the Court will determine whether a Reply Brief will be permitted, and/or whether an evidentiary hearing will be necessary. The Motion to Dismiss automatically excludes time from the Speedy Trial Clock so no additional motion seeking this relief is necessary. SO ORDERED by Judge William J. Martinez on 2/22/2022. Text Only Entry (wjmsec, ) (Entered: 02/22/2022) |
| 02/22/2022 | 69 | Utility Setting/Resetting Deadlines/Hearings as to Lori Milliron (2): Initial Appearance set for 2/23/2022 at 02:00 PM in Courtroom A502 before Magistrate Judge Nina Y. Wang pursuant to the Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail [ECF No. 62 at 23] entered in the District of Arizona and 53 Superseding Indictment. Text Only Entry. (trvo, ) (Entered: 02/22/2022) |
| 02/22/2022 | 77 | MOTION to Dismiss Count 1 for Lack of Venue and Request for Hearing by Lawrence Rudolph. **(Re−filed pursuant to 68 Order)** (trvo, ) (Entered: 02/24/2022) |
| 02/23/2022 | 70 | NOTICE OF ATTORNEY APPEARANCE: John W. Dill appearing for Lori MillironAttorney John W. Dill added to party Lori Milliron(pty:dft) (Dill, John) (Entered: 02/23/2022) |
| 02/23/2022 | 71 | ORDER REGARDING DISCLOSURE OF GRAND JURY MATERIALS as to Lori Milliron (2) by Judge William J. Martinez on 2/23/2022. (trvo, ) (Entered: 02/23/2022) |
| 02/23/2022 | 72 | MINUTE ENTRY for Re−Arraignment as to Lawrence Rudolph held before Magistrate Judge Nina Y. Wang on 2/23/2022.Defendant present in custody, Defendant waives further reading and advisement, Plea of NOT GUILTY entered by defendant, Defendant is remanded. (Total time: 1 minute, Hearing time: 2:25−2:26)<br><br>**APPEARANCES**: Bryan Fields, Bishop Grewell on behalf of the Government, Margo Moss on behalf of the defendant, Angela Ledesma on behalf of pretrial. FTR: NYW−FTR. (cpomm) Text Only Entry (Entered: 02/23/2022) |
| 02/23/2022 | 73 | MINUTE ENTRY for Initial Appearance, Arraignment, Discovery hearing as to Lori Milliron held before Magistrate Judge Nina Y. Wang on 2/23/2022. Defendant present on summons, Defendant advised, Defendant waives further reading and advisement, Discovery memorandum executed, Unsecured Bond set as to Lori |

| | | |
|---|---|---|
| | | Milliron (2) $10,000, Defendant advised of conditions of bond and remanded for processing and release, Counsel is directed to chambers. (Total time: 9 minutes, Hearing time: 2:26–2:35)<br><br>**APPEARANCES**: Bryan Fields, Bishop Grewell on behalf of the Government, John Dill on behalf of the defendant, Angela Ledesma on behalf of pretrial,. FTR: NYW–FTR. (cpomm) Text Only Entry (Entered: 02/23/2022) |
| 02/23/2022 | 74 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 20 days as to Lori Milliron by Magistrate Judge Nina Y. Wang on February 23, 2022. (cpomm, ) (Entered: 02/23/2022) |
| 02/23/2022 | 75 | Unsecured Bond Entered as to Lori Milliron in amount of $ 10,000, (cpomm) (Entered: 02/23/2022) |
| 02/23/2022 | 76 | ORDER Setting Conditions of Release as to Lori Milliron (2) 10,000 by Magistrate Judge Nina Y. Wang on February 23, 2022. (cpomm, ) (Entered: 02/23/2022) |
| 02/24/2022 | 78 | ORDER REGARDING JOINT DEFENSE AGREEMENT DISCLOSURES by Judge William J. Martinez on 2/24/2022. (trvo, ) (Entered: 02/24/2022) |
| 02/24/2022 | 79 | ORDER ON PROCEDURES by Judge William J. Martinez on 2/24/2022. (trvo, ) (Entered: 02/24/2022) |
| 02/25/2022 | 80 | Joint MOTION to Continue *May 23, 2022 Trial Setting to July 11, 2022* by Lawrence Rudolph. (Markus, David) (Entered: 02/25/2022) |
| 02/28/2022 | 81 | ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Continue May 23, 2022, Trial Setting to July 11, 2022 (Jointed by the Government) 80 . Defendant Lori Milliron is DIRECTED to file a Response to Defendant Rudolph's Motion on or before **Wednesday, March 2, 2022**. No Reply will be permitted. SO ORDERED by Judge William J. Martinez on 2/28/2022. Text Only Entry (wjmsec, ) (Entered: 02/28/2022) |
| 03/02/2022 | 82 | MOTION for Speedy Trial by Lori Milliron. (Dill, John) (Entered: 03/02/2022) |
| 03/02/2022 | 83 | ORDER: This matter is before the Court on Defendant Lori Milliron's Motion to Set Trial Date and Demand for Speedy Trial ("Motion") 82 . The Government is DIRECTED to respond to the Motion on or before **March 9, 2022**. In addition to any other matter the Government finds relevant, the response brief shall address how Defendant Milliron's request for a speedy trial affects the Government's prior request to continue Defendant Lawrence Rudolph's trial to July 11, 2022 80 , as well as the Court's ability to hold a joint trial on that date. After the Court receives the Government's response, the Court will determine whether a reply brief will be permitted. SO ORDERED by Judge William J. Martinez on 3/2/2022. Text Only Entry (wjmlc2, ) (Entered: 03/02/2022) |
| 03/02/2022 | 84 | RESPONSE to Motion by Lori Milliron as to Lawrence Rudolph, Lori Milliron re 80 Joint MOTION to Continue *May 23, 2022 Trial Setting to July 11, 2022* (Dill, John) (Entered: 03/02/2022) |
| 03/07/2022 | 85 | RESTRICTED DOCUMENT – Level 3: by Lawrence Rudolph, Lori Milliron. (Markus, David) (Entered: 03/07/2022) |
| 03/08/2022 | 86 | BAIL REPORT as to Lori Milliron. (rmaya, ) (Entered: 03/08/2022) |

| 03/09/2022 | 87 | RESPONSE to Motion by USA as to Lori Milliron re 82 MOTION for Speedy Trial (Winstead, Edwin) (Entered: 03/09/2022) |
|---|---|---|
| 03/10/2022 | 88 | ORDER as to **Lori Milliron (2)**: This matter is before the Court on Defendant Lori Milliron's Motion to Set Trial Date and Demand for Speedy Trial ("Motion") 82 and the Government's response 87 . Defendant Milliron is DIRECTED to file a reply to the Motion on or before **Friday, March 18, 2022**. SO ORDERED by Judge William J. Martinez on 3/10/2022. Text Only Entry (wjmlc2) (Entered: 03/10/2022) |
| 03/10/2022 | 89 | ORDER: This matter is before the Court *sua sponte*. The Court notes that in the briefing on Defendant Lawrence Rudolph's Motion to Continue May 23, 2022, Trial Setting to July 11, 2022 80 and Defendant Lori Milliron's Motion to Set Trial Date and Demand for Speedy Trial 82 , the parties anticipate many arguments regarding whether severance is proper in this case. To allow the Court to fully consider the totality of the parties' arguments regarding severance in the course of setting the Defendants' trial date(s), the Defendants are DIRECTED to file any motion(s) to sever they intend to file on or before **Friday, March 18, 2022**. The Government is DIRECTED to respond to the Defendants' motion(s) to sever on or before **Monday, March 28, 2022**. After receiving the Government's response to the motion(s) to sever, the Court will determine whether reply briefs and/or oral argument will be necessary. SO ORDERED by Judge William J. Martinez on 3/10/2022. Text Only Entry (wjmlc2, ) (Entered: 03/10/2022) |
| 03/14/2022 | 91 | Passport Receipt as to **Lori Milliron (2)**. Surrender of passport re 76 Bond Conditions; Passport Number: 488241528, issued by USA. (trvo, ) (Entered: 03/15/2022) |
| 03/15/2022 | 90 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 77 MOTION to Dismiss Counts (Fields, Bryan) (Entered: 03/15/2022) |
| 03/18/2022 | 92 | Unopposed MOTION for Leave to File *Excess Pages* by Lawrence Rudolph. (Attachments: # 1 Exhibit Lawrence Rudolph's Motion to Dismiss the Superseding Indictment for Improper Joinder or, Alternatively, To Sever Lori Milliron, # 2 Exhibit Affidavit of Lori Milliron)(Markus, David) (Entered: 03/18/2022) |
| 03/18/2022 | 93 | REPLY TO RESPONSE to 82 Motion for Speedy Trial by Lori Milliron (2) (Dill, John) Modified on 3/24/2022 to correct text (trvo, ). (Entered: 03/18/2022) |
| 03/22/2022 | 94 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Unopposed Motion to Enlarge Page Limit for Motion to Dismiss the Superseding Indictment for Improper Joinder Or, Alternatively, to Sever Lori Milliron 92 . Defendant Rudolph's Motion is GRANTED for good cause shown. Defendant's Motion to Dismiss The Superseding Indictment for Improper Joinder Or, Alternatively, to Sever Lori Milliron [92–1] is ACCEPTED as filed. The Clerk shall file the Motion to Dismiss [92–1] and its exhibit [92–2] as a separate docket entry on CM/ECF. Pursuant to the Court's March 10, 2022 Order 89 , the Government is DIRECTED to respond to the Motion to Dismiss on or before **Monday, March 28, 2022**. SO ORDERED by Judge William J. Martinez on 3/22/2022. Text Only Entry (wjmlc2, ) (Entered: 03/22/2022) |
| 03/22/2022 | 95 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Dismiss Count 1 for Lack of Venue and Request for Hearing 77 and the Government's response 90 . Defendant Rudolph is DIRECTED to file a reply in further support of his Motion on or before **Tuesday, March 29, 2022**. After reviewing the reply, the Court will determine whether an evidentiary hearing |

| | | and/or oral argument is necessary. SO ORDERED by Judge William J. Martinez on 3/22/2022. Text Only Entry (wjmlc2) (Entered: 03/22/2022) |
|---|---|---|
| 03/22/2022 | 97 | MOTION to Dismiss The Superseding Indictment for Improper Joinder Or, Alternatively, to Sever Lori Milliron by Lawrence Rudolph. (Attachments: # 1 Exhibit – Affidavit of Lori Milliron) **(Re–filed pursuant to 94 Order)**. (trvo, ) (Entered: 03/24/2022) |
| 03/24/2022 | 96 | NOTICE *That May Trial Conflict Has Resolved* by Lawrence Rudolph (Markus, David) (Entered: 03/24/2022) |
| 03/28/2022 | 98 | REPLY TO RESPONSE to Motion by Lawrence Rudolph re 77 MOTION to Dismiss Counts *1 For Lack of Venue* (Markus, David) (Entered: 03/28/2022) |
| 03/28/2022 | 99 | RESTRICTED DOCUMENT – Level 1: by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Proposed Order (PDF Only), # 2 Proposed Redactions, # 3 Restricted Attachment 1)(Fields, Bryan) (Entered: 03/28/2022) |
| 03/28/2022 | 100 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 97 MOTION to Dismiss *(Redacted)* (Fields, Bryan) (Entered: 03/28/2022) |
| 03/28/2022 | 101 | Unopposed MOTION to Strike *Portion of the Superseding Indictment* by USA as to Lori Milliron. (Fields, Bryan) (Entered: 03/28/2022) |
| 03/31/2022 | 102 | ORDER On 99 Government's Motion to Restrict Portions of Its Response to Defendant Lawrence Rudolph's Motion to Dismiss the Superseding Indictment for Improper Joinder Or, Alternatively, to Sever Lori Milliron by Judge William J. Martinez on 3/31/2022. (trvo, ) (Entered: 03/31/2022) |
| 04/12/2022 | 103 | ORDER as to Lawrence Rudolph (1), Lori Milliron (2). Defendant Rudolph's Motion to Dismiss the Superseding Indictment for Improper Joinder Or, Alternatively, to Sever Lori Milliron (ECF No. 97 ) is DENIED. Government's Unopposed Motion to Strike Portion of the Superseding Indictment Regarding Lori Milliron (ECF No. 101 ) is GRANTED. The phrase "and (iv) the circumstances of the accident that caused LAWRENCE RUDOLPH to lose part of his thumb" is STRICKEN from Count 4 of the Superseding Indictment. SO ORDERED by Judge William J. Martinez on 4/12/2022. (trvo, ) (Entered: 04/12/2022) |
| 04/12/2022 | 104 | ORDER EXCLUDING TIME FROM THE SPEEDY TRIAL CLOCK as to Lawrence Rudolph (1), Lori Milliron (2). Defendant Rudolph's Motion to Continue May 23, 2022, Trial Setting to July 11, 2022 (Joined by the Government) (ECF No. 80 ) is GRANTED. Defendant Milliron's Motion to Set Trial Date and Demand for Speedy Trial (ECF No. 82 ) is DENIED as MOOT. **All days from April 12, 2022, to and including May 27, 2022, shall be excluded from the Speedy Trial Clock as to BOTH Defendants**. The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby **VACATED**. The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference, and related deadlines for BOTH Defendants. SO ORDERED by Judge William J. Martinez on 4/12/2022. (trvo, ) (Entered: 04/12/2022) |
| 04/13/2022 | 105 | ORDER Resetting Trial Date and Related Deadlines by Judge William J. Martinez on 4/13/2022 as to Lawrence Rudolph (1), Lori Milliron (2). All pretrial motions shall be filed by no later than **May 16, 2022**. Responses to these motions shall be filed by no later than **May 26, 2022**. A Final Trial Preparation Conference is hereby set for **June 29, 2022 at 3:00 p.m.**, in Courtroom A801. A **13–day** jury trial is hereby set to |

| | | |
|---|---|---|
| | | commence in the U.S. District Courthouse, in Courtroom A801, 901 19th Street, Denver, Colorado, on **July 11, 2022 at 8:30 a.m., to conclude on July 28, 2022, with no trial to be held on Friday, July 22, 2022**. (trvo, ) (Entered: 04/13/2022) |
| 04/26/2022 | 106 | ORDER Denying 77 Defendant's Motion to Dismiss Count 1 for Lack of Venue and Request for Hearing as to Lawrence Rudolph (1) by Judge William J. Martinez on 4/26/2022. (trvo, ) (Entered: 04/26/2022) |
| 05/02/2022 | 107 | First MOTION to Dismiss Counts *3* by Lori Milliron. (Dill, John) (Entered: 05/02/2022) |
| 05/04/2022 | 108 | Bill of Particulars by USA as to Lawrence Rudolph, Lori Milliron (Bohn, Kurt) (Entered: 05/04/2022) |
| 05/04/2022 | 109 | NOTICE OF ATTORNEY APPEARANCE Kurt J. Bohn appearing for USA. (Bohn, Kurt) (Entered: 05/04/2022) |
| 05/05/2022 | 110 | ORDER as to **Lori Milliron (2)**: This matter is before the Court on Defendant Lori Milliron's Motion to Dismiss Count 3 of the Superseding Indictment ("Motion") 107 . The Government is DIRECTED to file its response to the Motion on or before **May 20, 2022**. After reviewing the Government's response, the Court will determine whether it requires a reply brief and/or a hearing. SO ORDERED by Judge William J. Martinez on 5/5/2022. Text Only Entry (wjmlc2) (Entered: 05/05/2022) |
| 05/13/2022 | 111 | First MOTION to Dismiss Counts *4−9 of Superseding Indictment* by Lori Milliron. (Dill, John) (Entered: 05/13/2022) |
| 05/13/2022 | 112 | **WITHDRAWN** First MOTION for Bill of Particulars by Lori Milliron. (Dill, John) Modified on 6/6/2022 to withdraw pursuant to 144 Notice of Withdrawal (trvo, ). (Entered: 05/13/2022) |
| 05/13/2022 | 113 | Joint MOTION for Jury Questionaire by Lawrence Rudolph as to Lawrence Rudolph, Lori Milliron. (Attachments: # 1 Proposed Document Questionnaire)(Markus, David) (Entered: 05/13/2022) |
| 05/15/2022 | 114 | **STRICKEN** MOTION to Sever Defendant by Lori Milliron. (Dill, John) Modified on 5/16/2022 to strike pursuant to 116 Order (trvo, ). (Entered: 05/15/2022) |
| 05/16/2022 | 115 | MOTION to Dismiss Counts *5−9 Multiplicity* by Lori Milliron. (Dill, John) (Entered: 05/16/2022) |
| 05/16/2022 | 116 | ORDER: This matter is before the Court on Defendant Lori Milliron's Motion to Sever Pursuant to Federal Rule of Criminal Procedure 14(a) ("Motion") 114 . Pursuant to the undersigned's orders, all motions to sever were due March 18, 2022. (*See* ECF No. 89 .) Defendant Milliron neither filed a motion to sever on or before that deadline, nor sought an extension of time to do so. Moreover, the Court notes that has already denied Defendant Rudolph's motion for severance from Defendant Milliron. (ECF No. 103 .) Accordingly, the Motion is STRICKEN. SO ORDERED by Judge William J. Martinez on 5/16/2022. Text Only Entry (wjmlc2) (Entered: 05/16/2022) |
| 05/16/2022 | 117 | **WITHDRAWN** MOTION For Issuance of Subpoenas by Lawrence Rudolph. (Attachments: # 1 Exhibit A)(Markus, David) Modified on 5/23/2022 to withdraw pursuant to 126 Notice (trvo, ). (Entered: 05/16/2022) |
| 05/16/2022 | 118 | |

| | | |
|---|---|---|
| | | Notice of Rule 404b by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Grewell, Justin) (Entered: 05/16/2022) |
| 05/17/2022 | 119 | ORDER: This matter is before the Court on Defendant Lori Milliron's Motion to Dismiss Counts 4–9 of the Superseding Indictment 111 , Defendant Lori Milliron's Motion for a Bill of Particulars 112 , Defendant Lori Milliron's Motion to Dismiss Counts 5–7 of the Superseding Indictment based on Multiplicity and Double Jeopardy or in the Alternative Motion to Order the Government to Elect 115 , and the Government's Notice of Rule 404(b) Evidence 118 . As set forth in the Court's Order Resetting Trial Date and Related Deadlines 105 , the Government shall file its Responses to the referenced Defendants' Motions, and Defendant Rudolph shall file a Response to the Government's Notice of Rule 404(b) Evidence, no later than **May 26, 2022**. After receiving the parties' Responses, the Court will determine whether Reply Briefs will be permitted, and/or whether an evidentiary hearing will be necessary. SO ORDERED by Judge William J. Martinez on 5/17/2022. Text Only Entry (wjmsec, ) (Entered: 05/17/2022) |
| 05/17/2022 | 120 | **VACATED** ORDER: This matter is before the Court on Defendant Lawrence Rudolph's Motion for Issuance of Rule 17(c) Subpoenas to CBS Broadcasting ("Motion"), which seeks a subpoena for the raw footage of the entirety of the interviews of Spencer Kakoma and Roston Yayenga 117 . As Defendant recognizes, he bears the burden of establishing: (1) relevancy, (2) admissibility, and (3) specificity, in order to obtain documents pursuant to a Federal Rule of Civil Procedure 17(c) subpoena. While the Court understands Defendant's arguments regarding the relevance of the requested materials, the undersigned has concerns regarding whether Defendant Rudolph has established that the materials sought will be admissible at trial. The Court understands that the requested interviews include out–of–court statements that were not given under the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. The fact that some of the witnesses' statements may constitute impeachment evidence does not mean they will be admissible at trial as substantive evidence. *See Brooks v. United States*, 309 F.2d 580, 582 (10th Cir. 1962) (recognizing that the "prior statements of a witness who is not a party to an action, and whose statements are not binding as admissions, are admissible only to impeach or discredit the witness, and are not competent substantive evidence of the facts to which the former statements relate"). Moreover, the Supreme Court has recognized that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701 (1974); *see also United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) (recognizing that "[c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment"). Accordingly, the Court DIRECTS Defendant Rudolph to file a supplement to the Motion ("Supplement") addressing the Court's concerns and describing his valid evidentiary uses for the requested evidence on or before **May 23, 2022 at 12:00 noon Mountain Time**. Defendant Milliron and the Government are each DIRECTED to file, on or before **May 25, 2022**, a Response to the Motion and Supplement which, in addition to whatever else Defendant Milliron and the Government may wish to include in their Responses, specifically addresses the legal sufficiency under Rule 17(c) for the issuance of a non–party subpoena for the materials requested in the Motion. SO ORDERED by Judge William J. Martinez on 5/17/2022. Text Only Entry (wjmlc2) Modified on 5/23/2022 to vacate pursuant to 127 Order (trvo, ). (Entered: 05/17/2022) |
| 05/18/2022 | 121 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition by USA as to Lori Milliron re 107 First MOTION to Dismiss Counts *3* (Fields, Bryan) (Entered: 05/18/2022) |
| 05/18/2022 | 122 | RESTRICTED DOCUMENT – Level 1: by USA as to Lori Milliron (Attachments: # 1 Proposed Order (PDF Only), # 2 Proposed Redactions, # 3 Restricted Attachment)(Fields, Bryan) (Entered: 05/18/2022) |
| 05/18/2022 | 123 | Unopposed MOTION for Extension of Time to File Response/Reply as to 115 MOTION to Dismiss Counts *5–9 Multiplicity*, 111 First MOTION to Dismiss Counts *4–9 of Superseding Indictment*, 112 First MOTION for Bill of Particulars by USA as to Lori Milliron. (Fields, Bryan) (Entered: 05/18/2022) |
| 05/19/2022 | 124 | ORDER as to **Lori Milliron (2)** granting the Government's Unopposed Motion for Extension of Time to File Responses to Motions filed by Lori Milliron 123 . The Government's Motion is GRANTED for good cause shown. The Government's deadline to file its Responses to Defendant Milliron's Motion to Dismiss Counts 4–9 of the Superseding Indictment 111 , Motion for a Bill of Particulars 112 , and Motion to Dismiss Counts 5–7 of the Superseding Indictment based on Multiplicity and Double Jeopardy or in the Alternative Motion to Order the Government to Elect 115 is extended up to and including **June 3, 2022**. SO ORDERED by Judge William J. Martinez on 5/19/2022. Text Only Entry (wjmsec, ) (Entered: 05/19/2022) |
| 05/19/2022 | 125 | ORDER Granting 122 Government's Motion to Restrict Portions of its Response to Defendant Lori Milliron's Motion to Dismiss Count 3 of the Superseding Indictment as to **Lori Milliron (2)**. The portions of the Government's Response to Defendant Lori Milliron's Motion to Dismiss Count 3 of the Superseding Indictment highlighted in Attachment 1 of the Government's Motion to Restrict Document (ECF No. 122–2), the attached transcript of Lori Milliron's grand jury testimony (ECF No. 122–3), and any order revealing the contents of those portions, are hereby restricted at a "Level 1 Restriction" and will be "viewable by selected parties & court" only, until further ordered by the Court. SO ORDERED by Judge William J. Martinez on 5/19/2022. (trvo, ) (Entered: 05/19/2022) |
| 05/20/2022 | 126 | NOTICE *of Withdrawal of Lawrence Rudolph's Motion for Issuance of Rule 17(c) Subpoenas* re 117 MOTION For Issuance of Subpoenas by Lawrence Rudolph (Markus, David) (Entered: 05/20/2022) |
| 05/23/2022 | 127 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Motion for Issuance of Rule 17(c) Subpoenas to CBS Broadcasting 117 . Given the filing of Defendant Lawrence Ruduolph's Notice of Withdrawal of his Motion for Issuance of Rule 17(c) Subpoenas 126 , this Court's Order entered on May 17, 2022 (ECF No. 120) is **VACATED**. SO ORDERED by Judge William J. Martinez on 5/23/2022. Text Only Entry (wjmsec, ) (Entered: 05/23/2022) |
| 05/23/2022 | 128 | ORDER: This matter is before the Court *sua sponte*. Due to a conflict with a civil jury trial set for the weeks of June 20 & 27, 2022, the Final Trial Preparation Conference set for June 29, 2022 at 3:00 p.m. is **RESET to June 29, 2022 at 4:00 p.m.** in Courtroom A801. Counsel are directed to this Court's Revised Practice Standards to ensure compliance with all deadlines triggered by the dates of the Final Trial Preparation Conference and Trial. SO ORDERED by Judge William J. Martinez on 5/23/2022. Text Only Entry (wjmsec, ) (Entered: 05/23/2022) |
| 05/24/2022 | 129 | ORDER as to Lawrence Rudolph (1), Lori Milliron (2). It is the Court's understanding that since yesterday, May 23, 2022, Nicole C. Cassidy is employed as |

| | | an Assistant U.S. Attorney ("AUSA") with the Office of the United States Attorney for the District of Colorado, counsel for Plaintiff (the "Government"). AUSA Cassidy was a Term Law Clerk in the undersigned's Chambers from May 2020 through May 20, 2022. Given how recently AUSA Cassidy was a Law Clerk for the undersigned, and in an effort to avoid even the appearance of any possible bias or prejudice on the part of the undersigned in favor of any one or more parties to this case, the Court Orders as follows: On or before **June 1, 2022**, the Government shall file with this Court a Report summarizing in detail all steps the Government has taken, or in the immediate future will take, to eliminate to the fullest extent practicable any grounds upon which the undersigned should reasonably consider his recusal from this case. Notwithstanding any Report filed by the Government in compliance with this Order, any other party shall have until **June 6, 2022** within which to suggest the appropriateness of my recusal from this case, to include the grounds and law, if any there be, in support of such a suggestion. SO ORDERED by Judge William J. Martinez on 5/24/2022. (trvo, ) (Entered: 05/24/2022) |
|---|---|---|
| 05/26/2022 | 130 | RESPONSE by Lawrence Rudolph re: 118 Notice of Rule 404b filed by USA (Markus, David) (Entered: 05/26/2022) |
| 05/26/2022 | 131 | ORDER. The Court has under advisement 118 the Government's Notice of Rule 404(b) Evidence ("Notice"). Rudolph has filed 130 his response to the Notice. The Court DIRECTS the Government to file a reply in support of its Notice of no more than ten pages, exclusive of attorney signature block and certificate of service, which addresses the arguments raised in 130 Rudolph's response by **June 1, 2022**. No sur–reply will be permitted absent further Order of Court. SO ORDERED by Judge William J. Martinez on 5/26/2022. Text Only Entry (wjmlc1, ) (Entered: 05/26/2022) |
| 05/26/2022 | 132 | ORDER as to Lawrence Rudolph: The Government is DIRECTED to file a supplemental proffer in support of 118 its Notice of Rule 404(b) Evidence by **June 1, 2022**. See Order for details. ORDERED by Judge William J. Martinez on 5/26/2022. (wjmlc1, ) (Entered: 05/26/2022) |
| 05/27/2022 | 133 | Government's Response to 129 Court's Order of May 24, 2022 by USA as to Lawrence Rudolph, Lori Milliron (Fields, Bryan) Modified on 5/27/2022 to add text (trvo, ). (Entered: 05/27/2022) |
| 05/27/2022 | 134 | ORDER Denying 107 Motion to Dismiss Count 3 as to **Lori Milliron (2)** by Judge William J. Martinez on 5/27/2022. (trvo, ) (Entered: 05/27/2022) |
| 05/27/2022 | 135 | MOTION to Modify Conditions of Release by Lori Milliron. (Dill, John) (Entered: 05/27/2022) |
| 05/31/2022 | 136 | MEMORANDUM regarding 135 MOTION to Modify Conditions of Release filed by Lori Milliron. Motion(s) referred to Magistrate Judge Nina Y. Wang. by Judge William J. Martinez on 5/31/2022. Text Only Entry (wjmsec, ) (Entered: 05/31/2022) |
| 05/31/2022 | 137 | Government's Proffer re: 118 Notice of Rule 404b, 132 Order, by USA as to Lawrence Rudolph (Fields, Bryan) (Entered: 05/31/2022) |
| 05/31/2022 | 138 | REPLY by USA as to Lawrence Rudolph, Lori Milliron to 118 Notice of Rule 404b, 131 Order,, (Attachments: # 1 Exhibit A)(Grewell, Justin) (Entered: 05/31/2022) |
| 06/01/2022 | 139 | MINUTE ORDER: This matter is before the court on Defendant Lori Milliron's Motion for Modification of Conditions of Pre–Trial Release ("Motion") 135 . The Government shall submit its response to the Motion on or before **6/3/2022.** In |

| | | |
|---|---|---|
| | | addition, a Hearing is **SET** for **6/8/2022 at 1:00 PM** before Magistrate Judge Nina Y. Wang in Courtroom A–502, 5th Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. By Magistrate Judge Nina Y. Wang on 6/1/2022. Text Only Entry (nywlc3, ) (Entered: 06/01/2022) |
| 06/03/2022 | 140 | RESPONSE to Motion by USA as to Lori Milliron re 115 MOTION to Dismiss Counts *5–9 Multiplicity* (Grewell, Justin) (Entered: 06/03/2022) |
| 06/03/2022 | 141 | RESPONSE in Opposition by USA as to Lori Milliron re 111 First MOTION to Dismiss Counts *4–9 of Superseding Indictment* (Attachments: # 1 Attachment 1)(Fields, Bryan) (Entered: 06/03/2022) |
| 06/03/2022 | 142 | RESPONSE in Opposition by USA as to Lori Milliron re 135 MOTION to Modify Conditions of Release (Fields, Bryan) (Entered: 06/03/2022) |
| 06/03/2022 | 143 | RESPONSE to Motion by USA as to Lori Milliron re 112 First MOTION for Bill of Particulars (Fields, Bryan) (Entered: 06/03/2022) |
| 06/04/2022 | 144 | NOTICE *Withdrawal* re 112 First MOTION for Bill of Particulars by Lori Milliron (Dill, John) (Entered: 06/04/2022) |
| 06/06/2022 | 145 | MOTION to Modify *To Appear Via Video Conference* by Lori Milliron. (Dill, John) (Entered: 06/06/2022) |
| 06/06/2022 | 146 | MEMORANDUM regarding 145 MOTION to Modify *To Appear Via Video Conference* filed by Lori Milliron. Motion(s) referred to Magistrate Judge Nina Y. Wang. by Judge William J. Martinez on 6/6/2022. Text Only Entry (wjmsec, ) (Entered: 06/06/2022) |
| 06/06/2022 | 147 | MINUTE ORDER: Defendant Lori Milliron's Unopposed Motion to Appear via Video Teleconference 145 is **GRANTED.** Defendant is permitted to appear via video teleconference at the Motion Hearing on 6/8/2022, using the attached videoconference instructions. By Magistrate Judge Nina Y. Wang on 6/6/2022. Text Only Entry (nywlc3, ) (Entered: 06/06/2022) |
| 06/08/2022 | 148 | MINUTE ENTRY for Motion Hearing as to Lori Milliron held on 6/8/2022 before Magistrate Judge Nina Y. Wang. Defendant argues for modification of release conditions, Government argues against, Having found no good cause shown, The Court is denying 135 Motion to Modify Conditions of Release as to Lori Milliron (2). (Total time: 11 minutes, Hearing time: 1:02 p.m.–1:13 p.m.)<br><br>APPEARANCES: Bryan Fields on behalf of the Government, John Dill on behalf of the defendant, Megan Dibsie on behalf of pretrial. FTR: A502. FTR: NYW–FTR. (cpomm, ) Text Only Entry (Entered: 06/08/2022) |
| 06/09/2022 | 149 | ORDER Denying 115 Defendant Milliron's Motion to Dismiss Counts as to Lori Milliron (2), by Judge William J. Martinez on 6/9/2022. (angar, ) (Entered: 06/09/2022) |
| 06/10/2022 | 150 | MOTION in Limine by Lawrence Rudolph. (Markus, David) (Entered: 06/10/2022) |
| 06/10/2022 | 151 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Lawrence Rudolph's Motion in Limine 150 . The Government has up to and including **June 17, 2022** within which to file a Response to Defendant Rudolph's Motion *in Limine* in conformity with WJM Revised Practice Standard III.G.2. Per this Court's Revised Practice Standards, no Reply Brief will be accepted. SO ORDERED by Judge |

| | | |
|---|---|---|
| | | William J. Martinez on 6/10/2022. Text Only Entry (wjmsec, ) (Entered: 06/10/2022) |
| 06/10/2022 | 152 | ORDER Denying 111 Defendant Milliron's to Dismiss Counts 4–9 as to Lori Milliron (2) by Judge William J. Martinez on 6/10/2022. (angar, ) (Entered: 06/10/2022) |
| 06/13/2022 | 153 | ORDER EXCLUDING EVIDENCE PROFFERED BY THE GOVERNMENT PURSUANT TO ITS RULE 404(b) NOTICE as to **Lawrence Rudolph (1)**. The Government's proffered Rule 404(b) Evidence, as set forth and described in its construed Notice 118 , is EXCLUDED for the reasons explained herein. This case remains set for trial beginning on **July 11, 2022 at 8:30 a.m.** SO ORDERED by Judge William J. Martinez on 6/13/2022. (trvo, ) (Entered: 06/13/2022) |
| 06/13/2022 | 154 | MOTION for Leave to File Excess Pages *in Response to Motion in Limine, ECF No. 150* by USA as to Lawrence Rudolph. (Fields, Bryan) (Entered: 06/13/2022) |
| 06/14/2022 | 155 | ORDER as to **Lawrence Rudolph (1)** granting the Government's Motion to Enlarge Page Limit 154 . The Government's Motion is GRANTED for good cause shown. The Government is granted leave to file its Response to Defendant Lawrence Rudolph's Motion in Limine 150 not to exceed 20 pages, exclusive of attorney signature blocks and certificate of service. SO ORDERED by Judge William J. Martinez on 6/14/2022. Text Only Entry (wjmsec, ) (Entered: 06/14/2022) |
| 06/14/2022 | 156 | ORDER: This matter is before the Court *sua sponte*. Due to a conflict with a civil jury trial set for the weeks of June 20 & 27, 2022, the Final Trial Preparation Conference set for June 29, 2022 at 4:00 p.m. is **RESET to June 29, 2022 at 4:15 p.m.** in Courtroom A801. Counsel are directed to this Court's Revised Practice Standards to ensure compliance with all deadlines triggered by the dates of the Final Trial Preparation Conference and Trial. SO ORDERED by Judge William J. Martinez on 6/14/2022. Text Only Entry (wjmlc1, ) (Entered: 06/14/2022) |
| 06/15/2022 | 157 | NOTICE OF ATTORNEY APPEARANCE: Lauren I. Doyle appearing for Lawrence RudolphAttorney Lauren I. Doyle added to party Lawrence Rudolph(pty:dft) (Doyle, Lauren) (Entered: 06/15/2022) |
| 06/15/2022 | 158 | MOTION in Limine by Lori Milliron. (Dill, John) (Entered: 06/15/2022) |
| 06/16/2022 | 159 | ORDER as to Lori Milliron (2): This matter is before the Court on 158 Lori Milliron&rsquo;s Motion in Limine. The Government has up to and including *June 22, 2022* within which to file a Response to Defendant Milliron&rsquo;s Motion in Limine in conformity with WJM Revised Practice Standard III.G.2. Per this Court's Revised Practice Standards, no reply brief will be accepted. SO ORDERED by Judge William J. Martinez on 6/16/2022. Text Only Entry (wjmlc1, ) (Entered: 06/16/2022) |
| 06/17/2022 | 160 | RESTRICTED DOCUMENT – Level 1 public version filed at 161 by parties : by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Proposed Redactions to Motion, # 2 Medical Letter)(Fields, Bryan) Modified on 6/21/2022 to show public version filed at 161 (angar, ). (Entered: 06/17/2022) |
| 06/17/2022 | 161 | Unopposed MOTION for Order *to Obtain Testimony from an Otherwise Unavailable Foreign Witness Via Live Contemporaneous Video Conference* by USA as to Lawrence Rudolph, Lori Milliron. (Fields, Bryan) (Entered: 06/17/2022) |
| 06/17/2022 | 162 | RESPONSE by USA as to Lawrence Rudolph, Lori Milliron re: 150 MOTION in Limine filed by Lawrence Rudolph (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Winstead, Edwin) (Entered: 06/17/2022) |

| 06/21/2022 | 163 | RESTRICTED DOCUMENT – Level 1: Order, by Judge William J. Martinez as to Lawrence Rudolph, Lori Milliron as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit)(angar, ) (Entered: 06/21/2022) |
| --- | --- | --- |
| 06/21/2022 | 164 | WITNESS LIST by Lori Milliron (Dill, John) (Entered: 06/21/2022) |
| 06/21/2022 | 165 | Proposed Voir Dire by Lori Milliron (Dill, John) (Entered: 06/21/2022) |
| 06/21/2022 | 166 | EXHIBIT LIST by Lori Milliron (Dill, John) (Entered: 06/21/2022) |
| 06/22/2022 | 167 | WITNESS LIST by Lawrence Rudolph (Markus, David) (Entered: 06/22/2022) |
| 06/22/2022 | 168 | MOTION to Exclude *Expert Testimony and Request for Hearing* by Lawrence Rudolph. (Markus, David) (Entered: 06/22/2022) |
| 06/22/2022 | 169 | EXHIBIT LIST by Lawrence Rudolph (Attachments: # 1 Exhibit Exhibit List)(Markus, David) (Entered: 06/22/2022) |
| 06/22/2022 | 170 | Proposed Jury Instructions by Lawrence Rudolph (Markus, David) (Entered: 06/22/2022) |
| 06/22/2022 | 171 | Proposed Voir Dire by Lawrence Rudolph (Markus, David) (Entered: 06/22/2022) |
| 06/22/2022 | 172 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Exclude Expert Testimony and Request for Hearing 168 . The Government is DIRECTED to file a Response to Defendant's Motion on or before **June 24, 2022**. No Reply will be permitted. SO ORDERED by Judge William J. Martinez on 6/22/2022. Text Only Entry (wjmsec, ) (Entered: 06/22/2022) |
| 06/22/2022 | 173 | ORDER granting the Government's Unopposed Motion to Obtain Testimony from an Otherwise Unavailable Foreign Witness via Live Contemporaneous Video Conference 161 . The Government's Motion is GRANTED for good cause shown. Pieter Swanepoel is granted leave to testify via video teleconference during the trial in this matter. The Government will receive an email from this Court's Courtroom Deputy, Ms. Heidi Guerra, with instructions for Mr. Swanepoel to participate in the video teleconference. SO ORDERED by Judge William J. Martinez on 6/22/2022. Text Only Entry (wjmsec, ) (Entered: 06/22/2022) |
| 06/22/2022 | 174 | Proposed Jury Instructions *(Jointly Stipulated Instructions)* by USA as to Lawrence Rudolph, Lori Milliron (Fields, Bryan) (Entered: 06/22/2022) |
| 06/22/2022 | 175 | Proposed Jury Instructions *(Government's Proposed Instructions)* by USA as to Lawrence Rudolph, Lori Milliron (Fields, Bryan) (Entered: 06/22/2022) |
| 06/22/2022 | 176 | WITNESS LIST by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Government Proposed Witness List)(Fields, Bryan) (Entered: 06/22/2022) |
| 06/22/2022 | 177 | EXHIBIT LIST by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Government's Proposed Exhibit List)(Fields, Bryan) (Entered: 06/22/2022) |
| 06/22/2022 | 178 | Proposed Voir Dire by USA as to Lawrence Rudolph, Lori Milliron (Fields, Bryan) (Entered: 06/22/2022) |
| 06/22/2022 | 179 | RESPONSE to Motion by USA as to Lori Milliron re 158 MOTION in Limine (Attachments: # 1 Exhibit 1)(Winstead, Edwin) (Entered: 06/22/2022) |
| 06/22/2022 | 180 | **WITHDRAWN** MOTION to Exclude *Defendant's Proposed Handwriting Expert and Related Documents* by USA as to Lawrence Rudolph. (Attachments: # 1 Defense |

| | | |
|---|---|---|
| | | Handwriting Expert Report, # 2 Deposition Excerpt and Related Exhibit, # 3 Purported Post–Nuptial Agreement)(Fields, Bryan) Modified on 6/27/2022 to withdraw pursuant to 185 Order (trvo, ). (Entered: 06/22/2022) |
| 06/23/2022 | 181 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on the Government's Motion to Exclude Testimony from Defendant Rudolph's Proposed Handwriting Expert 180 . Defendant Rudolph is DIRECTED to file a Response to the Government's Motion on or before **June 27, 2022**. No Reply will be permitted. SO ORDERED by Judge William J. Martinez on 6/23/2022. Text Only Entry (wjmsec, ) (Entered: 06/23/2022) |
| 06/24/2022 | 182 | MOTION to Withdraw Document 180 MOTION to Exclude *Defendant's Proposed Handwriting Expert and Related Documents* by USA as to Lawrence Rudolph. (Fields, Bryan) (Entered: 06/24/2022) |
| 06/24/2022 | 183 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 168 MOTION to Exclude *Expert Testimony and Request for Hearing* (Fields, Bryan) (Entered: 06/24/2022) |
| 06/27/2022 | 184 | ORDER ON DEFENDANTS' MOTIONS *IN LIMINE*. Rudolph's Motion *in Limine* (ECF No. 150 ) and Milliron's Motion *in Limine* (ECF No. 158 ) is GRANTED IN PART AND DENIED IN PART to the extent set forth herein. SO ORDERED by Judge William J. Martinez on 6/27/2022. (trvo, ) (Entered: 06/27/2022) |
| 06/27/2022 | 185 | ORDER as to **Lawrence Rudolph (1)** granting the Government's Notice of Withdrawal of Motion to Exclude Testimony from Rudolph's Proposed Handwriting Expert 182 . The Government's Notice to Withdraw is ACCEPTED for good cause shown. The Government's Motion to Exclude Testimony from Defendant Rudolph's Proposed Handwriting Expert 180 is hereby DEEMED WITHDRAWN. SO ORDERED by Judge William J. Martinez on 6/27/2022. Text Only Entry (wjmsec, ) (Entered: 06/27/2022) |
| 06/28/2022 | 186 | Objection *to the Government's Proposed Instructions* by Lawrence Rudolph re 175 Proposed Jury Instructions (Markus, David) (Entered: 06/28/2022) |
| 06/28/2022 | 187 | WITNESS LIST *(Amended)* by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Amended Witness List)(Fields, Bryan) (Entered: 06/28/2022) |
| 06/29/2022 | 188 | MINUTE ENTRY for Trial Preparation Conference as to Lawrence Rudolph, Lori Milliron held on 6/29/2022 before Judge William J. Martinez. Court Reporter: Mary George. (hguer) (Entered: 07/01/2022) |
| 07/01/2022 | 189 | TRIAL DECORUM ORDER by Judge William J. Martinez on 7/1/2022. (trvo, ) (Entered: 07/01/2022) |
| 07/01/2022 | 190 | ORDER Granting in Part and Denying in Part 168 Lawrence Rudolph's Motion to Exclude Expert Testimony and Request for Hearing as to **Lawrence Rudolph (1)**. The Motion is granted to the extent that Ms. Newton's testimony about the Rudolphs' net worth is EXCLUDED. The Motion is granted to the extent that Ms. Newton's references to Rudolph's alleged fraudulent financial acts are EXCLUDED. The Government is DIRECTED to provide Rudolph with a revised expert report from Mr. Padish based on the new information provided by Rudolph as soon as practicable, but in no event later than **July 11, 2022 at 8:30 a.m.** The Motion is DENIED in all other respects. This case **remains set** for trial beginning on **July 11, 2022**. SO ORDERED by Judge William J. Martinez on 7/1/2022. (trvo, ) (Entered: 07/01/2022) |

| 07/03/2022 | 191 | MOTION to Exclude *Untimely Disclosed Expert Opinion* by Lawrence Rudolph. (Markus, David) Modified on 7/5/2022 to correct filer (trvo, ). (Entered: 07/03/2022) |
| --- | --- | --- |
| 07/03/2022 | 192 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 191 MOTION to Exclude *Untimely Disclosed Expert Opinion* (Attachments: # 1 Expert Disclosure of May 31, 2022, # 2 Expert Report, # 3 Supplemental Expert Disclosure of June 15, 2022)(Fields, Bryan) (Entered: 07/03/2022) |
| 07/04/2022 | 193 | Joint MOTION for Order *(video feed during voir dire)* by USA as to Lawrence Rudolph, Lori Milliron. (Grewell, Justin) (Entered: 07/04/2022) |
| 07/05/2022 | 194 | ORDER Denying as Moot 191 Motion to Exclude Untimely Disclosed Expert Opinion by Judge William J. Martinez on 7/5/2022 as to **Lawrence Rudolph (1)**. (trvo, ) (Entered: 07/05/2022) |
| 07/06/2022 | 195 | EXHIBIT LIST by Lori Milliron (Dill, John) (Entered: 07/06/2022) |
| 07/06/2022 | 196 | ORDER. The Court GRANTS 193 the Unopposed Joint Motion for Video Feed During Courtroom Closure of Voir Dire. The Court will make Courtroom A901 available to the public and the media for video viewing of the entire jury selection process. SO ORDERED by Judge William J. Martinez on 7/6/2022. Text Only Entry (wjmlc1, ) (Entered: 07/06/2022) |
| 07/06/2022 | 197 | BRIEF by USA as to Lawrence Rudolph, Lori Milliron (Grewell, Justin) (Entered: 07/06/2022) |
| 07/06/2022 | 198 | EXHIBIT LIST by Lawrence Rudolph (Attachments: # 1 Exhibit Exhibit List)(Markus, David) (Entered: 07/06/2022) |
| 07/06/2022 | 199 | WITNESS LIST by Lawrence Rudolph (Attachments: # 1 Exhibit Witness List)(Markus, David) (Entered: 07/06/2022) |
| 07/06/2022 | 200 | MOTION for Reconsideration *Severance Or In The Alternative For Proposed Curative Instruction* by Lawrence Rudolph. (Markus, David) (Entered: 07/06/2022) |
| 07/06/2022 | 201 | EXHIBIT LIST by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit List)(Fields, Bryan) (Entered: 07/06/2022) |
| 07/06/2022 | 202 | WITNESS LIST by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit Gov't Witness List)(Winstead, Edwin) (Entered: 07/06/2022) |
| 07/06/2022 | 203 | **AMENDED** 189 TRIAL DECORUM ORDER by Judge William J. Martinez on 7/6/2022. (trvo, ) (Entered: 07/06/2022) |
| 07/06/2022 | 204 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Defendant Lawrence Rudolph's Motion to Reconsider Severance or in the Alternative for Proposed Curative Instruction 200 . The Government is DIRECTED to file a Response to Defendant Rudolph's Motion on or before **12:00 noon, tomorrow, July 7, 2022**. No Reply will be permitted. SO ORDERED by Judge William J. Martinez on 7/6/2022. Text Only Entry (wjmsec, ) (Entered: 07/06/2022) |
| 07/07/2022 | 205 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 200 MOTION for Reconsideration *Severance Or In The Alternative For Proposed Curative Instruction* (Fields, Bryan) (Entered: 07/07/2022) |
| 07/07/2022 | 206 | ORDER as to **Lawrence Rudolph (1)**. Rudolph's Motion to Reconsider Severance or in the Alternative for Proposed Curative Instruction 200 is GRANTED IN PART |

| | | |
|---|---|---|
| | | AND DENIED IN PART as set forth herein. Rudolph or the Government is ORDERED to file on CM/ECF, by no later than **10:30 a.m. on July 11, 2022**, a stipulated generic limiting instruction for the Court to read to the jury whenever a hearsay statement is introduced into evidence that is admissible against one Defendant but not the other. This case remains set for trial beginning on **July 11, 2022**. SO ORDERED by Judge William J. Martinez on 7/7/2022. (trvo, ) (Entered: 07/07/2022) |
| 07/07/2022 | 207 | MOTION for Order *for Sufficient Time to Present their Cases* by Lawrence Rudolph, Lori Milliron. (Markus, David) (Entered: 07/07/2022) |
| 07/08/2022 | 208 | ORDER: The matter is before the Court *sua sponte*. In order to most efficiently use the Courts time this Monday, July 11, 2022, the parties and counsel are advised that the session the Court customarily conducts with the parties and counsel at 8:30 a.m. on the first morning of trial will be held at **10:30 a.m.** At this session the Court will take up all outstanding preliminary matters including, without limitation, approved *voir dire* questions, motions under Rule 615 and Local Criminal Rule 24.1, and trial logistics and timing matters. The Court will also take up at this session 207 Defendants' Joint Motion for Sufficient Time to Present Their Cases. Live video feed into Courtroom A901 of the trial proceedings will commence at this time, and will conclude at the start of the Government's Opening Statement. The Court anticipates that copies of completed juror questionnaires will become available to the parties and counsel sometime after the conclusion of this 10:30 a.m. session. SO ORDERED by Judge William J. Martinez on 7/8/2022. Text Only Entry (wjmsec, ) (Entered: 07/08/2022) |
| 07/08/2022 | 209 | MOTION for Leave to File *Response to Defendants' Motion for Order (ECF No. 207)* by USA as to Lawrence Rudolph, Lori Milliron. (Fields, Bryan) (Entered: 07/08/2022) |
| 07/08/2022 | 210 | ORDER granting the Government's Motion for Leave to Respond to Defendant Lawrence Rudolph's Motion for Order 209 . The Government's Motion is GRANTED for good cause shown. The Government shall file a response to Defendants' Joint Motion for Sufficient Time to Present their Cases 207 no later than **5:00 p.m. today, July 8, 2022**. No reply will be accepted without prior leave or order of the Court. SO ORDERED by Judge William J. Martinez on 7/8/2022. Text Only Entry (wjmsec, ) (Entered: 07/08/2022) |
| 07/08/2022 | 211 | RESPONSE in Opposition by USA as to Lawrence Rudolph, Lori Milliron re 207 MOTION for Order *for Sufficient Time to Present their Cases* (Fields, Bryan) (Entered: 07/08/2022) |
| 07/09/2022 | 212 | STIPULATION *re U.S. National Status* by USA as to Lawrence Rudolph (Fields, Bryan) (Entered: 07/09/2022) |
| 07/11/2022 | 213 | ORDER: This matter is before the Court on the Government's oral motion for authorization to communicate with members of the jury in this case. Pursuant to Local Criminal Rule 24.1 the Motion is GRANTED. Such communications with the jury are authorized under the following restrictions, which will be strictly enforced:(1) only counsel may speak with the jurors; (2) the communication may only take place after the conclusion of the trial; (3) the communication may ONLY occur within this courtroom; (4) and ONLY with those jurors who voluntarily choose to return into the courtroom to speak with the lawyers after I meet with them; and (5) there will be NO communication with a juror after that juror has left this courtroom. |

| | | |
|---|---|---|
| | | The intent of this Order is to provide counsel with the opportunity to discuss with jurors what transpired in the jury's presence in the courtroom, and to receive input from them which may assist counsel in improving their trial skills in future cases. Accordingly, counsel's communications with the jurors will be restricted to these topics. This Order is NOT intended to give counsel the opportunity to make inquiry into the jurys deliberations or to examine with them the validity or consistency of their verdict. Accordingly, counsel are prohibited from discussing with jurors: (a) facts or information which were not received into evidence; (b) the content of the jury's deliberations; or (c) the reasons the jury returned the verdict that it did. Any attorney violating any of these restrictions is subject to being held in contempt of Court. SO ORDERED by Judge William J. Martinez on 7/11/2022\. Text Only Entry (wjmsec, ) (Entered: 07/11/2022) |
| 07/11/2022 | 214 | WITNESS LIST *(Second Amended)* by USA as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Amended Witness List)(Fields, Bryan) (Entered: 07/11/2022) |
| 07/11/2022 | 216 | MINUTE ENTRY for Jury Trial Day 1 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/11/2022. Denying Defendants' 207 Motion for Order for Sufficient Time to Present Cases. Jury selection. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/13/2022) |
| 07/12/2022 | 215 | ORDER CONCERNING OUT–OF–COURT STATEMENTS as to Lawrence Rudolph, Lori Milliron. By Judge William J. Martinez on 07/12/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (athom, ) (Entered: 07/12/2022) |
| 07/12/2022 | 217 | MINUTE ENTRY for Jury Trial Day 2 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/12/2022. Jury selection. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/13/2022) |
| 07/12/2022 | 218 | Random List – Unredacted – RESTRICTED DOCUMENT – Level 4. (hguer) (Entered: 07/13/2022) |
| 07/13/2022 | 219 | MINUTE ENTRY for Jury Trial Day 3 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/13/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/14/2022) |
| 07/14/2022 | 220 | MINUTE ENTRY for Jury Trial Day 4 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/14/2022. Evidence entered. Trial continued. Court Reporter: Mary George. Interpreter: Towela Abreu. (hguer) (Entered: 07/15/2022) |
| 07/15/2022 | 224 | MINUTE ENTRY for Jury Trial Day 5 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/15/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/18/2022) |
| 07/17/2022 | 221 | MOTION For Mistrial by Lawrence Rudolph, Lori Milliron. (Attachments: # 1 Exhibit Expert Report)(Markus, David) (Entered: 07/17/2022) |
| 07/17/2022 | 222 | RESPONSE in Opposition by USA as to Lawrence Rudolph, Lori Milliron re 221 MOTION For Mistrial (Attachments: # 1 Report of Defense Expert Lucien Haag)(Fields, Bryan) (Entered: 07/17/2022) |
| 07/18/2022 | 223 | ORDER as to **Lawrence Rudolph (1) and Lori Milliron (2)**: This matter is before the Court on Defendants' Joint Motion for Mistrial 221 . The Defendants are DIRECTED to file a Reply in support of their Joint Motion on or before **8:30 a.m., July 19, 2022**. SO ORDERED by Judge William J. Martinez on 7/18/2022. Text |

| | | |
|---|---|---|
| | | Only Entry (wjmsec, ) (Entered: 07/18/2022) |
| 07/18/2022 | 225 | REPLY TO RESPONSE to Motion by Lawrence Rudolph, Lori Milliron re 221 MOTION For Mistrial (Markus, David) (Entered: 07/18/2022) |
| 07/18/2022 | 226 | MINUTE ENTRY for Jury Trial Day 6 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/18/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Main Document 226 replaced on 7/19/2022) (hguer, ). (Entered: 07/19/2022) |
| 07/19/2022 | 229 | MINUTE ENTRY for Jury Trial Day 7 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez held on 7/19/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/21/2022) |
| 07/20/2022 | 227 | ORDER Denying 221 Defendants' Motion for Mistrial by Judge William J. Martinez on 7/20/2022 as to Lawrence Rudolph (1), Lori Milliron (2). (trvo, ) (Entered: 07/20/2022) |
| 07/20/2022 | 228 | NOTICE *of Forfeiture Hearing* by USA as to Lawrence Rudolph, Lori Milliron (Bohn, Kurt) (Entered: 07/20/2022) |
| 07/20/2022 | 230 | MINUTE ENTRY for Jury Trial Day 8 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/20/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/21/2022) |
| 07/21/2022 | 233 | MINUTE ENTRY for Jury Trial Day 9 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/21/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/25/2022) |
| 07/23/2022 | 231 | MOTION to Exclude *Hearsay Statements re Cassandra Olmstead* by Lawrence Rudolph as to Lawrence Rudolph, Lori Milliron. (Markus, David) (Entered: 07/23/2022) |
| 07/24/2022 | 232 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 231 MOTION to Exclude *Hearsay Statements re Cassandra Olmstead* (Fields, Bryan) (Entered: 07/24/2022) |
| 07/25/2022 | 234 | MINUTE ENTRY for Jury Trial Day 10 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/25/2022. Denying Defendants' 231 Motion to Exclude Hearsay Statements. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/26/2022) |
| 07/26/2022 | 235 | MINUTE ENTRY for Jury Trial Day 11 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/26/2022. Denying Defendant Rudolph's oral Rule 29 motion for acquittal. Denying in part and taking under advisement Defendant Milliron's oral Rule 29 motion for acquittal. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) Modified on 7/27/2022 (hguer). (Entered: 07/27/2022) |
| 07/27/2022 | 236 | STIPULATION by Lawrence Rudolph as to Lawrence Rudolph, Lori Milliron (Markus, David) (Entered: 07/27/2022) |
| 07/27/2022 | 238 | MINUTE ENTRY for Jury Trial Day 12 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/27/2022. Evidence entered. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 07/28/2022) |
| 07/28/2022 | 237 | |

| | | |
|---|---|---|
| | | Proposed Jury Instructions by USA as to Lawrence Rudolph, Lori Milliron (Grewell, Justin) (Entered: 07/28/2022) |
| 07/28/2022 | 239 | MINUTE ENTRY for Jury Trial Day 13 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/28/2022. Denying Defendant Rudolph's renewed oral Rule 29 motion for acquittal. Denying in part and taking under advisement Defendant Milliron's renewed oral Rule 29 motion for acquittal. Evidence entered. Charging Conference. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 08/01/2022) |
| 07/28/2022 | 240 | Jury Instructions as to Lawrence Rudolph, Lori Milliron. (hguer) (Entered: 08/01/2022) |
| 07/29/2022 | 241 | MINUTE ENTRY for Jury Trial Day 14 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 7/29/2022. Trial continued. Court Reporter: Mary George. (hguer) (Entered: 08/01/2022) |
| 08/01/2022 | 242 | MINUTE ENTRY for Jury Trial Day 15 as to Lawrence Rudolph, Lori Milliron held before Judge William J. Martinez on 8/1/2022. Jury Verdict: Defendant Lawrence Rudolph (1) was found Guilty on Counts 1s,2s and Defendant Lori Milliron (2) was found Guilty on Counts 3,4,6,9 and Not Guilty on Counts 5,7–8 of the Superseding Indictment. Trial concluded. Court Reporter: Mary George. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 243 | EXHIBIT LIST as to Lawrence Rudolph, Lori Milliron for Jury Trial held 7/11/2022 through 8/1/2022. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 244 | WITNESS LIST as to Lawrence Rudolph, Lori Milliron for Jury Trial held 7/11/2022 through 8/1/2022. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 245 | Jury Notes as to Lawrence Rudolph, Lori Milliron. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 246 | Jury Notes – Unredacted – Restricted Doc. – Level 4. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 247 | JURY VERDICT as to Lawrence Rudolph, Lori Milliron. (hguer) (Entered: 08/02/2022) |
| 08/01/2022 | 248 | Jury Verdict Un–Redacted – Level 4 – Viewable by Court Only. (hguer) (Entered: 08/02/2022) |
| 08/04/2022 | 249 | Unopposed MOTION to Continue *For Extension of Time to File Post Trial Motions Under Rules 29 and 33* by Lawrence Rudolph. (Markus, David) (Entered: 08/04/2022) |
| 08/04/2022 | 250 | ORDER as to Lawrence Rudolph, Lori Milliron: The Court sets the following scheduling deadlines, which apply to both Defendants Rudolph and Milliron: The U.S. Probation Office shall file its preliminary presentence investigation reports by *November 1, 2022*. Defendants Fed.R.Crim.P. 32(f) objections to the preliminary presentence investigation reports are due by *November 15, 2022*. Responses to the Rule 32(f) objections are due by *November 28, 2022*. The Government shall file sentencing statements pursuant to D.C.COLO.LCrR 32.1(a)(1) by *December 2, 2022*. Defendants shall file sentencing statements pursuant to D.C.COLO.LCrR 32.1(a)(2) by *December 20, 2022*. The Probation Office shall file its final presentence investigation reports by *December 28, 2022*. All sentencing–related motions filed pursuant to WJM Revised Practice Standard IX.I.2 shall be filed by *January 4, 2023*. Responses to any sentencing–related motions are due by *January 20, 2023*. |

| | | |
|---|---|---|
| | | Sentencing statements, as well as sentencing–related motions and responses thereto, will **not** be subject to the page limits set forth in WJM RPS III.C.1. SO ORDERED by Judge William J. Martinez on 8/4/2022. Text Only Entry (wjmlc1, ) (Entered: 08/04/2022) |
| 08/09/2022 | 251 | ORDER granting Defendants' Unopposed Motion for Extension of Time to File Post Trial Motions under Rules 29 and 33 249 . Defendants' Motion is GRANTED for good cause shown. Defendants' deadline to file post–trial motions under Rules 29 and 33 is extended up to and including **September 29, 2022**. SO ORDERED by Judge William J. Martinez on 8/9/2022. Text Only Entry (wjmsec, ) (Entered: 08/09/2022) |
| 09/02/2022 | 252 | **AMENDED** 250 ORDER as to **Lawrence Rudolph (1) and Lori Milliron (2)**: The Court sets the following scheduling deadlines, which apply to both Defendants Rudolph and Milliron: The Government shall file sentencing statements pursuant to D.C.COLO.LCrR 32.1(a)(1) by **October 10, 2022**. Defendants shall file sentencing statements pursuant to D.C.COLO.LCrR 32.1(a)(2) by **October 31, 2022**. The U.S. Probation Office shall file its preliminary presentence investigation reports by **November 1, 2022**. Defendants Fed.R.Crim.P. 32(f) objections to the preliminary presentence investigation reports are due by **November 15, 2022**. Responses to the Rule 32(f) objections are due by **November 28, 2022**. The Probation Office shall file its final presentence investigation reports by **December 28, 2022**. All sentencing–related motions filed pursuant to WJM Revised Practice Standard IX.I.2 shall be filed by **January 4, 2023**. Responses to any sentencing–related motions are due by **January 20, 2023**. Sentencing statements, as well as sentencing–related motions and responses thereto, will not be subject to the page limits set forth in WJM RPS III.C.1. SO ORDERED by Judge William J. Martinez on 9/2/2022. Text Only Entry (wjmsec, ) (Entered: 09/02/2022) |
| 09/14/2022 | 253 | Unopposed MOTION for Order *for Writ of Entry* by USA as to Lawrence Rudolph, Lori Milliron. (Attachments: # 1 Proposed Order (PDF Only))(Bohn, Kurt) (Entered: 09/14/2022) |
| 09/14/2022 | 256 | Motion for Revocation of Defendant's Order of Release Pursuant to 18 U.S.C. § 3148 and Application for Arrest Warrant as to **Lori Milliron (2)** by USA. (Attachments: # 1 Proposed Arrest Warrant, # 2 Proposed Order (PDF Only), # 3 Exhibit Credit Card Cover Letter, # 4 Exhibit Credit Cards Total Activity Summary, # 5 Exhibit Capital One Statement, # 6 Exhibit Food Order 1, # 7 Exhibit Food Order 2, # 8 Exhibit Neighbor Text 1, # 9 Exhibit Neighbor Text 2, # 10 Exhibit Wesselink Email 1, # 11 Exhibit Wesselink Email 2, # 12 Exhibit Safe Contents, # 13 Exhibit Checks to John Dill (Camelback Consulting), # 14 Exhibit Checks to John Dill (Trust Account), # 15 Exhibit Check from Camelback Consulting to BNY Mellon, # 16 Exhibit Lori Email to Builders – POA Authority, # 17 Exhibit Texts 1, # 18 Exhibit Texts 2, # 19 Exhibit Texts 3, # 20 Exhibit Texts 4, # 21 Exhibit Texts 5, # 22 Exhibit Lori Email to TRDG Staff – POA Authority, # 23 Exhibit Email from Lori – POA Authority, # 24 Exhibit Durable Power of Attorney Notarized, # 25 Exhibit Revocation of Power of Attorney, # 26 Exhibit General Durable Power of Attorney, # 27 Exhibit Safe Contents Letter)(trvo, ) (Entered: 09/16/2022) |
| 09/14/2022 | 257 | Government's Motion to Restrict Documents as to **Lori Milliron (2)** filed by USA. (Attachments: # 1 Brief in Support of Motion to Restrict, # 2 Proposed Order (PDF Only))(trvo, ) (Entered: 09/16/2022) |
| 09/15/2022 | 254 | Amended MOTION for Order *Writ of Entry* by USA as to Lawrence Rudolph, Lori Milliron. (Attachments: # 1 Proposed Order (PDF Only))(Bohn, Kurt) (Entered: |

| | | |
|---|---|---|
| | | 09/15/2022) |
| 09/16/2022 | 255 | ORDER granting 254 United States' Amended Motion for Writ of Entry as to Lawrence Rudolph (1), Lori Milliron (2) by Judge William J. Martinez on 9/16/2022. (trvo, ) (Entered: 09/16/2022) |
| 09/16/2022 | 258 | ORDER Regarding 256 Government's Motion for Revocation of Release Pursuant to 18 U.S.C. § 3148 and Application for Arrest Warrant as to **Lori Milliron (2)** by Judge William J. Martinez on 9/16/2022. (trvo, ) (Entered: 09/16/2022) |
| 09/16/2022 | 259 | Arrest Warrant Issued as to **Lori Milliron (2)** (trvo, ) (Entered: 09/16/2022) |
| 09/16/2022 | 260 | Notice of Conventional Filing – Exhibit 02, Exhibit 11, Exhibit 15, Exhibit 16, Exhibit 17, Exhibit 18, Exhibit 19, and Exhibit 20 as to **Lori Milliron (2)** filed by USA. (trvo, ) (Entered: 09/16/2022) |
| 09/16/2022 | 261 | Conventionally Submitted Material: 1 Flash Drive – Exhibit 02, Exhibit 11, Exhibit 15, Exhibit 16, Exhibit 17, Exhibit 18, Exhibit 19, and Exhibit 20 to 256 Motion for Revocation of Defendant Lori Milliron's Order of Release as to **Lori Milliron (2)**. Materials placed in the Clerk's Office oversized area D–5–6. Text Only Entry. (trvo, ) (Entered: 09/16/2022) |
| 09/16/2022 | 262 | Arrest of **Lori Milliron (2)** in the District of Arizona. (Text Only entry) (trvo, ) (Entered: 09/20/2022) |
| 09/20/2022 | 263 | Rule 5(c)(3) Documents Received as to **Lori Milliron (2)** (Attachments: # 1 Initial Appearance Minutes, # 2 Brady Order, # 3 Commitment to Another District)(trvo, ) (Entered: 09/20/2022) |
| 09/29/2022 | 264 | MOTION for Extension of Time to File *Post Trial Motions* by Lori Milliron. (Dill, John) (Entered: 09/29/2022) |
| 09/29/2022 | 265 | ORDER as to **Lori Milliron (2)** granting Defendant Lori Milliron's Unopposed Motion for Extension of Time to File Post–Trial Motions 264 . Defendant Milliron's Motion is GRANTED for good cause shown. Defendant Milliron's deadline to file her post–trial motions is extended up to and including **October 6, 2022**. SO ORDERED by Judge William J. Martinez on 9/29/2022. Text Only Entry (wjmsec, ) (Entered: 09/29/2022) |
| 09/29/2022 | 266 | Unopposed MOTION for Leave to File *Excess Pages* by Lawrence Rudolph. (Attachments: # 1 Exhibit Lawrence Rudolph's Motion for New Trial Pursuant To Rule 33, # 2 Exhibit A to Lawrence Rudolph's Motion for New Trial Pursuant to Rule 33)(Markus, David) (Entered: 09/29/2022) |
| 10/04/2022 | 267 | ORDER as to **Lawrence Rudolph (1)** granting Rudolph's Unopposed Motion to Enlarge Page Limit for Motion for New Trial Pursuant to Rule 33 266 . Defendant Rudolph's Motion is GRANTED for good cause shown. Defendant Rudolph's Motion for New Trial Pursuant to Rule 33 [266–1], and its Exhibit [266–2] are ACCEPTED as filed. Defendant Rudolph is directed to file his Motion for New Trial and its Exhibit as a SEPARATE docket entry on CM/ECF. It is FURTHER ORDERED that the Government shall file its response to Defendant's Motion for New Trial, not to exceed 33 pages, exclusive of attorney signature blocks and certificate of service, on or before **October 21, 2022**. Defendant shall file a reply in support of his Motion for New Trial, not to exceed 15 pages, exclusive of attorney signature blocks and certificate of service, on or before **November 4, 2022**. SO ORDERED by Judge William J. Martinez on 10/4/2022. Text Only Entry (wjmsec, ) (Entered: 10/04/2022) |

| 10/04/2022 | 268 | MOTION for New Trial by Lawrence Rudolph. (Attachments: # 1 Exhibit A)(Markus, David) (Entered: 10/04/2022) |
|---|---|---|
| 10/06/2022 | 269 | MOTION for New Trial by Lori Milliron. (Dill, John) (Entered: 10/06/2022) |
| 10/07/2022 | 270 | SENTENCING STATEMENT *and Motion for Upward Variance* by USA as to Lawrence Rudolph (Attachments: # 1 Statement of Facts Related to Sentencing)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/07/2022 | 271 | SENTENCING STATEMENT *and Motion for Upward Variance* by USA as to Lori Milliron (Attachments: # 1 Statement of Facts Related to Sentencing)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/18/2022 | 272 | ORDER as to **Lori Milliron (2)**: This matter is before the Court on Defendant Lori Milliron's Motion for New Trial and for Judgment of Acquittal 269 . The Government is DIRECTED to file a Response to Defendant's Motion on or before **October 31, 2022**. Defendant Milliron shall file a reply in support of her Motion on or before **November 14, 2022** SO ORDERED by Judge William J. Martinez on 10/18/2022. Text Only Entry (wjmsec, ) (Entered: 10/18/2022) |
| 10/21/2022 | 273 | RESPONSE in Opposition by USA as to Lawrence Rudolph re 268 MOTION for New Trial (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Fields, Bryan) (Entered: 10/21/2022) |
| 10/21/2022 | 274 | RESPONSE in Opposition by USA as to Lori Milliron re 269 MOTION for New Trial (Fields, Bryan) (Entered: 10/21/2022) |
| 10/24/2022 | 275 | Arrest of Lori Milliron Initial Appearance set for 10/24/2022 02:00 PM in Courtroom A 201 before Magistrate Judge James P. O'Hara. (Text Only entry)(alave, ) (Entered: 10/24/2022) |
| 10/24/2022 | 276 | Unopposed MOTION to Modify *Counsel to Appear Remotely at Initial Appearance* by Lori Milliron. (Dill, John) (Entered: 10/24/2022) |
| 10/24/2022 | 277 | MEMORANDUM regarding 276 Unopposed MOTION to Modify *Counsel to Appear Remotely at Initial Appearance* filed by Lori Milliron. Motion(s) referred to Magistrate Judge James P. O'Hara. by Judge William J. Martinez on 10/24/2022. Text Only Entry (wjmsec, ) (Entered: 10/24/2022) |
| 10/24/2022 | 278 | MINUTE ENTRY for Initial Appearance as to Lori Milliron held on 10/24/2022 before Magistrate Judge James P. O'Hara: Defendant present in custody, Defendant advised, Unopposed MOTION to Modify *Counsel to Appear Remotely at Initial Appearance* 276 filed by Lori Milliron is GRANTED, Counsel is directed to chambers, Subsequent hearings to be set should the Motion 256 be referred, (Total time: 9 minutes, Hearing time: 2:22–2:31)

**APPEARANCES**: Bryan Fields on behalf of the Government, John Dill on behalf of the defendant, Laura Ansart on behalf of pretrial. FTR: A–201. (cpomm, ) Text Only Entry (Entered: 10/24/2022) |
| 10/24/2022 | 279 | MEMORANDUM regarding 256 Petition for Warrant/Summons to the Magistrate Judge for Defendant on Pretrial Release as to Lori Milliron.. Motion(s) referred to Magistrate Judge James P. O'Hara. by Judge William J. Martinez on 10/24/2022. Text Only Entry (wjmsec, ) (Entered: 10/24/2022) |
| 10/24/2022 | | |

| | | |
|---|---|---|
| | | Pursuant to the Memorandum referring 279 , Detention Hearing set for 10/25/2022 02:00 PM in Courtroom A 201 before Magistrate Judge James P. O'Hara. Text Only Entry (cpomm, ) (Entered: 10/24/2022) |
| 10/25/2022 | 280 | EXHIBIT LIST *(Revocation Hearing)* by USA as to Lori Milliron (Fields, Bryan) (Entered: 10/25/2022) |
| 10/25/2022 | 281 | MEMORANDUM regarding 257 Petition for Warrant/Summons to the Magistrate Judge for Defendant on Pretrial Release as to Lori Million.. Motion(s) referred to Magistrate Judge James P. O'Hara. by Judge William J. Martinez on 10/25/2022. Text Only Entry (wjmsec, ) (Entered: 10/25/2022) |
| 10/25/2022 | 282 | MINUTE ENTRY for Motion Hearing as to Lori Milliron held on 10/25/2022 before Magistrate Judge James P. O'Hara, Defendant present in custody, Government argues for revocation of bond, Defendant argues to continue bond conditions, Court will take the Government's Motion under advisement and will issue a written ruling. (Total time: 1 hour 36 minutes, Hearing time: 2:31–4:07) <br><br> **APPEARANCES**: Bryan Fields on behalf of the Government, John Dill on behalf of the defendant, Tina Parde on behalf of pretrial. FTR: A–201. (cpomm, ) Text Only Entry (Entered: 10/25/2022) |
| 10/25/2022 | 283 | ORDER denying motion for restricted access to filing (ECF No. 257). This motion, which seeks to restrict public access to the motion by the Government to revoke the conditional release of defendant Milliron (ECF No. 256), is now moot. Today the undersigned magistrate judge conducted a hearing on the merits of the revocation motion. As acknowledged by the Government, none of the previously asserted grounds for restriction still apply. Therefore, the Government shall promptly re–file the revocation motion so that its publicly available, including to the extent possible the materials the Government has filed conventionally (see ECF No. 260). However, the Government still should redact certain information if otherwise appropriate, e.g., with regard to Social Security numbers, bank account numbers, etc. Signed by Magistrate Judge James P. O'Hara on 10/25/22. Text Only Entry (O'Hara, James) (Entered: 10/25/2022) |
| 10/26/2022 | 284 | NOTICE *of Unrestricted Filing of Previously Restricted Documents* re 283 Order on Petition for Warrant/Summons for Defendant on Pretrial Release,,, by USA as to Lori Milliron (Attachments: # 1 Motion for Revocation of Defendant's Order of Release Pursuant to 18 U.S.C. § 3148 and Application for Arrest Warrant, # 2 Proposed Arrest Warrant, # 3 Proposed Order (PDF Only), # 4 Exhibit Credit Card Cover Letter, # 5 Exhibit Credit Cards Total Activity Summary, # 6 Exhibit Capital One Statement (REDACTED), # 7 Exhibit Food Order 1, # 8 Exhibit Food Order 2, # 9 Exhibit Neighbor Text 1 (REDACTED), # 10 Exhibit Neighbor Text 2, # 11 Exhibit Wesselink Email 1, # 12 Exhibit Wesselink Email 2 (REDACTED), # 13 Exhibit Safe Contents, # 14 Exhibit Checks to John Dill (Camelback Consulting) (REDACTED), # 15 Exhibit Checks to John Dill (Trust Account) (REDACTED), # 16 Exhibit Checks from Camelback Consulting to BNY Mellon (REDACTED), # 17 Exhibit Lori Email to Builders (REDACTED), # 18 Exhibit Texts 1, # 19 Exhibit Texts 2, # 20 Exhibit Texts 3, # 21 Exhibit Texts 4, # 22 Exhibit Texts 5, # 23 Exhibit Lori Email to TRDG Staff – POA Authority (REDACTED), # 24 Exhibit Email from Lori POA Authority (REDACTED), # 25 Exhibit Durable Power of Attorney Notarized (REDACTED), # 26 Exhibit Revocation of Power of Attorney, # 27 Exhibit General Durable Power of Attorney, # 28 Exhibit Safe Contents Letter, # |

| | | 29 Exhibit Information Summary)(Fields, Bryan) (Entered: 10/26/2022) |
|---|---|---|
| 10/27/2022 | 285 | DETENTION ORDER the Government's motion for revocation of defendant's order ofrelease 256 is GRANTED by Magistrate Judge James P. O'Hara on October 27, 2022. (cpomm, ) (Entered: 10/27/2022) |
| 10/31/2022 | 286 | SENTENCING STATEMENT by Lori Milliron (Dill, John) (Entered: 10/31/2022) |
| 11/01/2022 | 287 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Lawrence Rudolph (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(dbarri) (Entered: 11/01/2022) |
| 11/01/2022 | 288 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Lori Milliron (Attachments: # 1 Exhibit A, # 2 Exhibit B)(dbarri) (Entered: 11/01/2022) |
| 11/02/2022 | 289 | Unopposed MOTION for Extension of Time to File Response/Reply as to 273 Response in Opposition, 268 MOTION for New Trial by Lawrence Rudolph. (Markus, David) (Entered: 11/02/2022) |
| 11/03/2022 | 290 | ORDER as to **Lawrence Rudolph (1)** granting Defendant's Unopposed Motion for Extension of Time to File Reply to Motion for New Trial 289 . Defendant Rudolph's Motion is GRANTED for good cause shown. Defendant Rudolph's deadline to file his Reply in support of his Motion for New Trial is extended up to and including **November 11, 2022**. SO ORDERED by Judge William J. Martinez on 11/3/2022. Text Only Entry (wjmsec, ) (Entered: 11/03/2022) |
| 11/09/2022 | 291 | Unopposed MOTION for Leave to File Excess Pages by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 11/09/2022) |
| 11/10/2022 | 292 | REPLY TO RESPONSE to Motion by Lawrence Rudolph re 268 MOTION for New Trial (Markus, David) (Entered: 11/10/2022) |
| 11/14/2022 | 293 | ORDER as to **Lawrence Rudolph (1)** granting in part the United States's Motion to Enlarge Page Limit 291 . The Government's Motion is GRANTED IN PART for good cause shown. The Government is granted leave to file its Motion for Mandatory Restitution and Forfeiture not to exceed **32 pages**, exclusive of attorney signature blocks and certificate of service. SO ORDERED by Judge William J. Martinez on 11/14/2022. Text Only Entry (wjmsec, ) (Entered: 11/14/2022) |
| 11/14/2022 | 294 | REPLY TO RESPONSE to Motion by Lori Milliron as to Lawrence Rudolph, Lori Milliron re 269 MOTION for New Trial (Dill, John) (Entered: 11/14/2022) |
| 11/15/2022 | 295 | OBJECTION/RESPONSE to Presentence Report 287 by Lawrence Rudolph (Markus, David) (Entered: 11/15/2022) |
| 11/15/2022 | 296 | MOTION for Order *of Restitution and Forfeiture* by USA as to Lawrence Rudolph. (Attachments: # 1 Attachment A, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit)(Bohn, Kurt) (Entered: 11/15/2022) |
| 11/15/2022 | 297 | OBJECTION/RESPONSE to Presentence Report by Lori Milliron (Dill, John) (Entered: 11/15/2022) |
| 11/16/2022 | 298 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on the United States' Motion for Mandatory Restitution and Forfeiture 296 . Defendant Rudolph is |

| | | |
|---|---|---|
| | | DIRECTED to file a Response to the Government's Motion on or before **December 7, 2022**. The Government is DIRECTED to file a Reply in support of its Motion on or before **December 21, 2022**. SO ORDERED by Judge William J. Martinez on 11/16/2022. Text Only Entry (wjmsec, ) (Entered: 11/16/2022) |
| 11/18/2022 | 299 | Unopposed MOTION for Extension of Time to File Response/Reply as to 296 MOTION for Order *of Restitution and Forfeiture*, 298 Order, by Lawrence Rudolph. (Markus, David) (Entered: 11/18/2022) |
| 11/18/2022 | 300 | ORDER as to Lawrence Rudolph, Lori Milliron: The Court has under advisement 268 Defendant Rudolph&rsquo;s motion for new trial, 269 Defendant Milliron&rsquo;s motion for new trial, and 296 the Government&rsquo;s motion for order of restitution and forfeiture as to Lawrence Rudolph.  By **December 5, 2022**, all parties are DIRECTED to file contemporaneous briefs of no more than 10 pages, exclusive of attorney signature block and certificate of service, addressing whether the Court must rule on the pending post–trial motions listed above prior to the sentencing of Defendants Rudolph and Milliron.   SO ORDERED by Judge William J. Martinez on 11/18/2022. Text Only Entry (wjmlc1, ) (Entered: 11/18/2022) |
| 11/28/2022 | 301 | RESPONSE by USA as to Lawrence Rudolph re: 295 Objection/Response to Presentence Report filed by Lawrence Rudolph (Fields, Bryan) (Entered: 11/28/2022) |
| 11/28/2022 | 302 | RESPONSE by USA as to Lori Milliron re: 297 Objection/Response to Presentence Report filed by Lori Milliron (Fields, Bryan) (Entered: 11/28/2022) |
| 12/05/2022 | 303 | Joint Brief of the Parties Addressing Whether the Court Must Rule on the Pending Post–Trial Motions Before Sentencing re 300 Order by USA as to Lawrence Rudolph, Lori Milliron (Fields, Bryan) Modified on 12/6/2022 to correct text (trvo, ). (Entered: 12/05/2022) |
| 12/05/2022 | 304 | ORDER as to **Lawrence Rudolph (1)** granting the Defendant&rsquo;s Unopposed Motion for Extension of Time to File Response to Motion for Mandatory Restitution and Forfeiture 299 .  The Defendant&rsquo;s Motion is GRANTED for good cause shown.  The Defendant&rsquo;s deadline to file its Response to the Government&rsquo;s Motion is extended up to and including **January 9, 2023**.  The Government is directed to file a Reply in support of its Motion on or before **January 23, 2023**.  SO ORDERED by Judge William J. Martinez on 12/5/2022. Text Only Entry (wjmlc1, ) (Entered: 12/05/2022) |
| 12/14/2022 | 305 | ORDER: This matter is before the Court *sua sponte*. Pending before the Court are Defendant Lawrence Rudolph's Motion for New Trial Pursuant to Rule 33 268 , Defendant Lori Milliron's Motion for New Trial and for Judgment of Acquittal 269 , and the United States' Motion for Mandatory Restitution and Forfeiture 296 . The Parties and the Court are in agreement that these Motions should be ruled on prior to the Defendants' sentencing hearings. Given that the Court will be in trial for most of January, 2023, it will require additional time to rule on these Motions and prepare for the sentencing hearings. As a consequence, Defendant Rudolph's Sentencing Hearing set for February 1, 2023 at 9:30 a.m. and Defendant Milliron's Sentencing Hearing set for February 8, 2023 at 9:30 a.m. are hereby **VACATED**. Defendant Rudolph's Sentencing Hearing is **RESET to May 31, 2023 at 9:30 a.m.** in Courtroom A801, and Defendant Milliron's Sentencing Hearing is **RESET to June 2, 2023 at 9:30 a.m.** in Courtroom A801. Counsel are directed to this Court's Revised Practice Standards (as revised effective December 1, 2022) with regard to the deadlines for filing sentencing–related motions. SO ORDERED by Judge William J. Martinez on |

| | | |
|---|---|---|
| | | 12/14/2022. Text Only Entry (wjmsec, ) (Entered: 12/14/2022) |
| 12/14/2022 | 306 | Utility Setting/Resetting Deadlines/Hearings as to **Lawrence Rudolph (1)**: Sentencing set for 5/31/2023 at 09:30 AM in Courtroom A801 before Judge William J. Martinez pursuant to 305 Order. Text Only Entry. (trvo, ) (Entered: 12/14/2022) |
| 12/14/2022 | 307 | Utility Setting/Resetting Deadlines/Hearings as to **Lori Milliron (2)**: Sentencing set for 6/2/2023 at 09:30 AM in Courtroom A801 before Judge William J. Martinez pursuant to 305 Order. Text Only Entry. (trvo, ) (Entered: 12/14/2022) |
| 12/15/2022 | 308 | ORDER: This matter is before the Court for the resetting of certain filing deadlines given the Court's Order resetting the Defendants' Sentencing Hearings (ECF No. 305). The Probation Office shall file its final presentence investigation report by **February 15, 2023**. All sentencing–related motions filed pursuant to WJM Revised Practice Standard IX.I.2 shall be filed by **March 10, 2023**. Responses to any sentencing–related motions are due by **April 7, 2023**. Sentencing statements, as well as sentencing–related motions and responses thereto, will not be subject to the page limits set forth in WJM RPS III.C.1. SO ORDERED by Judge William J. Martinez on 12/15/2022. Text Only Entry (wjmsec, ) (Entered: 12/15/2022) |
| 12/15/2022 | 309 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* by USA as to Lawrence Rudolph. (Attachments: # 1 Proposed Order (PDF Only))(Bohn, Kurt) (Entered: 12/15/2022) |
| 12/16/2022 | 310 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on the United States' Motion for Preliminary Order of Forfeiture 309 . The Defendant is DIRECTED to file a Response to the Government's Motion on or before **December 30, 2022**. No Reply will be permitted. SO ORDERED by Judge William J. Martinez on 12/16/2022. Text Only Entry (wjmsec, ) (Entered: 12/16/2022) |
| 12/19/2022 | 311 | Unopposed MOTION for Extension of Time to File Response/Reply as to 309 MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* by Lawrence Rudolph. (Markus, David) (Entered: 12/19/2022) |
| 12/19/2022 | 312 | ORDER as to **Lawrence Rudolph (1)** granting the Defendant's Unopposed Motion for Extension of Time to File Response to Motion for Preliminary Order of Forfeiture 311 . The Defendant's Motion is GRANTED for good cause shown. The Defendant's deadline to file his Response to the Government's Motion for Preliminary Order of Forfeiture is extended up to and including **January 9, 2023**. The Government is directed to file a Reply in support of its Motion on or before **January 23, 2023**. SO ORDERED by Judge William J. Martinez on 12/19/2022. Text Only Entry (wjmsec, ) (Entered: 12/19/2022) |
| 12/22/2022 | 313 | TRANSCRIPT of Motion Hearing as to Lawrence Rudolph, Lori Milliron held on October 25, 2022 before Magistrate Judge O'Hara. Pages: 1–76.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 12/22/2022) |
| 01/09/2023 | 314 | Unopposed MOTION for Leave to File Excess Pages by Lawrence Rudolph. (Attachments: # 1 Exhibit Lawrence Rudolph's Consolidated Response to Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiutre)(Markus, David) (Entered: 01/09/2023) |
| 01/09/2023 | 315 | ORDER as to **Lawrence Rudolph (1)** granting Defendant Lawrence Rudolph's Unopposed Motion to Enlarge Page Limit for Response to Motions for Mandatory Restitution and Forfeiture and Preliminary Order of Forfeiture 314 . Defendant Rudolph's Motion is GRANTED for good cause shown. Defendant Rudolph's Response to the Government's Motions for Mandatory Restitution and Forfeiture and Preliminary Order of Forfeiture shall not to exceed 22 pages in length, exclusive of attorney signature block and certificate of service. It is FURTHER ORDERED that Defendant Rudolph shall file his Consolidated Response to Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiture [314−1] as a separate docket entry on CM/ECF. SO ORDERED by Judge William J. Martinez on 1/9/2023. Text Only Entry (wjmsec, ) (Entered: 01/09/2023) |
| 01/10/2023 | 316 | RESPONSE to Motion by Lawrence Rudolph re 296 MOTION for Order *of Restitution and Forfeiture*, 309 MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* (Markus, David) (Entered: 01/10/2023) |
| 01/10/2023 | 317 | ORDER as to Lawrence Rudolph, Lori Milliron: On January 9, 2023, the Court received an e−mail from attorneys representing Julian Rudolph, AnaBianca Rudolph, and the Estate of Bianca Rudolph (collectively, &ldquo;Movants&rdquo;) requesting information concerning filing a response to 296 the Government&rsquo;s Motion for Mandatory Restitution and Forfeiture.  The substance of Movants&rsquo; request is that the Court permit them to file a response brief arguing that the Court should recognize their rights as victims and entitlement to receive restitution in this matter. However, the Court questions whether Movants, who are not parties in this criminal case, have standing to participate in the restitution portion of these proceedings and directs briefing on this matter.  *See United States v. Kelley*, 997 F.2d 806 (10th Cir. 1993) (holding that Congress did not provide a private right of action for victims in the Victim and Witness Protection Act, 18 U.S.C. § 3663, and precluding victim from appealing restitution order) (citing *United States v. Johnson*, 983 F.2d 216 (11th Cir. 1993) and *United States v. Grundhoefer*, 916 F.2d 788 (2d Cir. 1990)); *see also United States v. Hunter*, 548 F.3d 1308, 1313 (10th Cir. 2008) (analyzing *Kelley*).  By ***January 18, 2023***, Movants are DIRECTED to file a motion requesting leave to file a response to the Government&rsquo;s Motion for Mandatory Restitution and Forfeiture that explains the legal basis for them to do so.  By ***February 1, 2023***, the Government and Defendant Lawrence Rudolph are DIRECTED to file responses to the Movants&rsquo; motion for leave to file a response.  Defendant Lori Milliron may, but is not required, file a response to the Movants&rsquo; motion.  All parties should cite binding Tenth Circuit and Supreme Court case law to the greatest extent possible.  Once the Court receives the motion and responses, it will determine whether a reply brief is necessary.  Solely for the purposes of filing their motion, Movants will be permitted to appear on the docket as &ldquo;Interested Parties.&rdquo;  The Court DIRECTS the Clerk to facilitate such appearances to the extent necessary and DIRECTS Movants to contact the Clerk&rsquo;s office with any questions concerning CM/ECF.  SO ORDERED by Judge William J. Martinez on 1/10/2023. Text Only Entry (wjmlc1, ) (Entered: 01/10/2023) |

| 01/18/2023 | 318 | NOTICE OF ATTORNEY APPEARANCE: Christopher P. Hotaling appearing for Interested Parties Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian RudolphAttorney Christopher P. Hotaling added to party Estate of Bianca Rudolph, The(pty:ip), Attorney Christopher P. Hotaling added to party AnaBianca Rudolph(pty:ip), Attorney Christopher P. Hotaling added to party Julian Rudolph(pty:ip) (Hotaling, Christopher) (Entered: 01/18/2023) |
| --- | --- | --- |
| 01/18/2023 | 319 | MOTION for Leave to File *Response to Government's Motion for Mandatory Restitution and Forfeiture* by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron. (Attachments: # 1 Exhibit A)(Hotaling, Christopher) (Entered: 01/18/2023) |
| 01/18/2023 | 320 | NOTICE OF ATTORNEY APPEARANCE: John Robert Sandweg appearing for Interested Parties Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian RudolphAttorney John Robert Sandweg added to party Estate of Bianca Rudolph, The(pty:ip), Attorney John Robert Sandweg added to party AnaBianca Rudolph(pty:ip), Attorney John Robert Sandweg added to party Julian Rudolph(pty:ip) (Sandweg, John) (Entered: 01/18/2023) |
| 01/23/2023 | 321 | Unopposed MOTION for Leave to File Excess Pages by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 01/23/2023) |
| 01/23/2023 | 322 | ORDER as to **Lawrence Rudolph (1)** granting the United States' Unopposed Motion to Enlarge Page Limit 321 . The Government's Motion is GRANTED for good cause shown. The Government's Reply to Defendant's Consolidated Response to Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiture shall not to exceed 11 pages in length, exclusive of attorney signature block and certificate of service. SO ORDERED by Judge William J. Martinez on 1/23/2023. Text Only Entry (wjmsec, ) (Entered: 01/23/2023) |
| 01/23/2023 | 323 | REPLY by USA as to Lawrence Rudolph to 316 Response to Motion (Bohn, Kurt) (Entered: 01/23/2023) |
| 02/01/2023 | 324 | RESPONSE to Motion by Lawrence Rudolph re 319 MOTION for Leave to File *Response to Government's Motion for Mandatory Restitution and Forfeiture* (Markus, David) (Entered: 02/01/2023) |
| 02/01/2023 | 325 | RESPONSE to Motion by USA as to Lawrence Rudolph re 319 MOTION for Leave to File *Response to Government's Motion for Mandatory Restitution and Forfeiture* (Bohn, Kurt) (Entered: 02/01/2023) |
| 02/01/2023 | 326 | ORDER as to Lawrence Rudolph, Lori Milliron: Before the Court is 319 Movants&rsquo; Motion for Leave to File Response to Government&rsquo;s Motion for Mandatory Restitution and Forfeiture.  No later than *February 8, 2023*, Movants are DIRECTED to file a reply addressing the matters raised in 325 the Government&rsquo;s response. In permitting Movants to file a reply, the Court stresses that it has not determined whether Movants have standing as victims in this case.  SO ORDERED by Judge William J. Martinez on 2/1/2023. Text Only Entry (wjmlc1, ) (Entered: 02/01/2023) |
| 02/02/2023 | 327 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court *sua sponte*. Due to a conflict of a personal nature for the undersigned, the Sentencing Hearing set for May 31, 2023 at 9:30 a.m. is hereby **VACATED and RESET to June 21, 2023 at 9:30 a.m.** in Courtroom A801. Counsel are directed to this Court's Revised Practice Standards (as revised effective December 1, 2022) with regard to the |

| | | |
|---|---|---|
| | | deadlines for filing sentencing–related motions. SO ORDERED by Judge William J. Martinez on 2/2/2023. Text Only Entry (wjmsec, ) (Entered: 02/02/2023) |
| 02/02/2023 | 328 | ORDER as to **Lori Milliron (2)**: This matter is before the Court *sua sponte*. Due to a conflict of a personal nature for the undersigned, the Sentencing Hearing set for June 2, 2023 at 9:30 a.m. is hereby **VACATED and RESET to June 23, 2023 at 2:00 p.m.** in Courtroom A801. Counsel are directed to this Court's Revised Practice Standards (as revised effective December 1, 2022) with regard to the deadlines for filing sentencing–related motions. SO ORDERED by Judge William J. Martinez on 2/2/2023. Text Only Entry (wjmsec, ) (Entered: 02/02/2023) |
| 02/08/2023 | 329 | REPLY by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron to 326 Order,, *Movants' Response to the Government's Response to Movants' Motion for Leave to File Their Response to Government's Motion for Mandatory Restitution and Forfeiture* (Hotaling, Christopher) (Entered: 02/08/2023) |
| 02/10/2023 | 330 | RESTRICTED PRESENTENCE REPORT as to Lawrence Rudolph (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(ksilva) (Entered: 02/10/2023) |
| 02/10/2023 | 331 | RESTRICTED ADDENDUM to Presentence Report 330 as to Lawrence Rudolph (Attachments: # 1 Exhibit A)(ksilva) (Entered: 02/10/2023) |
| 02/10/2023 | 332 | RESTRICTED PRESENTENCE REPORT as to Lori Milliron (Attachments: # 1 Exhibit A, # 2 Exhibit B)(ksilva) (Entered: 02/10/2023) |
| 02/10/2023 | 333 | RESTRICTED ADDENDUM to Presentence Report 332 as to Lori Milliron (ksilva) (Entered: 02/10/2023) |
| 03/09/2023 | 334 | ORDER: This matter is before the Court for the resetting of certain filing deadlines given the Court's Order resetting the Defendants' Sentencing Hearings (ECF Nos. 327 and 328). All sentencing–related motions filed pursuant to WJM Revised Practice Standard IX.I.2 shall be filed by **March 31, 2023**. Responses to any sentencing–related motions are due by **April 28, 2023**. Sentencing statements, as well as sentencing–related motions and responses thereto, will not be subject to the page limits set forth in WJM RPS III.C.1. SO ORDERED by Judge William J. Martinez on 3/9/2023. Text Only Entry (wjmsec, ) (Entered: 03/09/2023) |
| 03/31/2023 | 335 | RESTRICTED DOCUMENT – Level 1: by Lawrence Rudolph. (Attachments: # 1 Proposed Document Sentencing Memorandum, # 2 Exhibit Medical Records, # 3 Exhibit Medical Records)(Markus, David) (Entered: 03/31/2023) |
| 03/31/2023 | 336 | MOTION for Extension of Time to File by Lori Milliron. (Dill, John) (Entered: 03/31/2023) |
| 04/03/2023 | 337 | SENTENCING STATEMENT by Lori Milliron (Dill, John) Modified on 4/5/2023 to correct event (athom, ). (Entered: 04/03/2023) |
| 04/04/2023 | 338 | ORDER as to **Lori Milliron (2)** granting Defendant Lori Milliron's Unopposed Motion for Extension of Time to File Proposed Sentencing Memorandum 336 . Defendant's Motion is GRANTED for good cause shown. Defendant Lori Milliron's Sentencing Memorandum and Motion for Downward Departure and/or Variance Pursuant to 18 U.S.C. 3553(a) 337 is ACCEPTED as filed. SO ORDERED by Judge William J. Martinez on 4/4/2023. Text Only Entry (wjmsec, ) (Entered: 04/04/2023) |

| 04/04/2023 | 339 | ORDER as to **Lawrence Rudolph (1)** granting Lawrence Rudolph's Unopposed Motion to File Level 1 Restriction for His Sentencing Memorandum and Attached Exhibits 335 . Defendant's Motion is GRANTED for good cause shown. The document filed at ECF No. 335 shall remain RESTRICTED at RESTRICTION LEVEL 1 (viewable only by Case Participants and the Court). SO ORDERED by Judge William J. Martinez on 4/4/2023. Text Only Entry (wjmsec, ) (Entered: 04/04/2023) |
|---|---|---|
| 04/05/2023 | 340 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 337 Sentencing Statement filed by attorney John W. Dill. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 04/05/2023) |
| 04/10/2023 | 341 | ORDER DENYING DEFENDANTS' MOTIONS FOR NEW TRIAL as to Lawrence Rudolph (1), Lori Milliron (2). Defendant Lawrence Rudolph's Motion for New Trial Pursuant to Rule 33 268 is DENIED. Defendant Lori Milliron's Motion for New Trial And for Judgment of Acquittal 269 is DENIED. SO ORDERED by Judge William J. Martinez on 4/10/2023. (trvo, ) (Entered: 04/10/2023) |
| 04/19/2023 | 342 | RESTRICTED SECOND ADDENDUM to Presentence Report 332 as to Lori Milliron (Attachments: # 1 Exhibit A, # 2 Exhibit B)(lgiac) (Entered: 04/19/2023) |
| 04/19/2023 | 343 | RESTRICTED SECOND ADDENDUM to Presentence Report 330 as to Lawrence Rudolph (Attachments: # 1 Exhibit A, # 2 Exhibit B)(lgiac) (Entered: 04/19/2023) |
| 04/20/2023 | 344 | ORDER as to Lawrence Rudolph (1), Lori Milliron (2). Movants' Motion for Leave to File Their Response to Government's Motion for Mandatory Restitution and Forfeiture 319 is DENIED. The Court will proceed with Rudolph's sentencing hearing on June 21, 2023 327 , and Movants will not be recognized as victims at that proceeding in connection with Count 2, and their submissions will not be considered by the Court in connection with sentencing, restitution, or forfeiture in connection with Count 2. SO ORDERED by Judge William J. Martinez on 4/20/2023. (trvo, ) (Entered: 04/20/2023) |
| 04/20/2023 | 345 | ORDER as to **Lawrence Rudolph (1)**: Pending before the Court are the following Government motions: United States' Motion for Mandatory Restitution and Forfeiture [ECF 296] (the "First Motion") and United States' Motion for Preliminary Forfeiture [ECF 309] (the "Second Motion") (jointly, the "Motions"). Also before the Court are Defendant Rudolph's joint response in opposition to the Motions [ECF 316], as well as the Government's joint reply in support of the Motions [ECF 323]. The Government unhelpfully chose to comingle its requests for the separate remedies of forfeiture and restitution in its single First Motion filing, and then inexplicably filed its request for an order of preliminary forfeiture in the Second Motion, after seeking a final order of forfeiture in the First Motion. If it was the Government's intention to unnecessarily complicate the matters of preliminary and final orders of forfeiture and restitution regarding Defendant Rudolph, it has succeeded. The Government will, however, lead the Court out of this procedural tangle. It will do so by filing, no later than **April 25, 2023**, a supplement to the Motions which details, step–by–step, the process the Court must follow in order to enter a preliminary order of forfeiture, a final order of forfeiture, and an order of restitution (the "Supplement"). At a minimum, the Supplement will describe: (a) the sequence of all further hearings, |

| | | |
|---|---|---|
| | | whether a general or specific preliminary order of forfeiture would be required, as well as any opportunity for further objections which must be afforded Defendant Rudolph, and which may be required by applicable rule and case law before a final judgment of conviction can enter; and (b) the timing of when these events must take place relative to the June 21, 2023 sentencing hearing. No later than **April 28, 2023** Defendant Rudolph will file a response to the Supplement which informs the Court whether he disagrees with any part of the Government's filing and, to the extent he does disagree, to specify in detail what other or different procedure is required by rule or case law. The parties are directed to limit the contents of these supplemental filings as set forth herein, and are advised that the Court WILL NOT at this time accept any further merits argument on the issues of forfeiture or restitution. SO ORDERED by Judge William J. Martinez on 4/20/2023. Text Only Entry (wjmsec, ) (Entered: 04/20/2023) |
| 04/23/2023 | <u>346</u> | MOTION for Extension of Time to File Response/Reply as to 345 Order,,,,,,,,,, by Lawrence Rudolph. (Markus, David) (Entered: 04/23/2023) |
| 04/24/2023 | 347 | ORDER as to **Lawrence Rudolph (1)** granting in part the Defendant's Motion for Extension of Time to File Response to Government's Supplemental Filing on the Motion for Preliminary Order of Forfeiture <u>346</u> . The Defendant's Motion is GRANTED IN PART for good cause shown. Defendant's deadline to file his Response to the Government's Supplement is extended up to and including **<u>May 5, 2023</u>**. SO ORDERED by Judge William J. Martinez on 4/24/2023. Text Only Entry (wjmsec, ) (Entered: 04/24/2023) |
| 04/24/2023 | 348 | AMENDED 345 ORDER as to **Lawrence Rudolph (1)**: Pending before the Court are the following Government motions: United States' Motion for Mandatory Restitution and Forfeiture [ECF 296] (the "First Motion") and United States' Motion for Preliminary Order of Forfeiture [ECF 309] (jointly, the "Motions"). Also before the Court are Defendant Rudolph's joint response in opposition to the Motions [ECF 316], as well as the Government's joint reply in support of the Motions [ECF 323]. The Government unhelpfully chose to comingle its requests for the separate remedies of forfeiture and restitution in its single First Motion filing, and then inexplicably filed its request for an order of preliminary forfeiture in the Second Motion, after seeking a final order of forfeiture in the First Motion. If it was the Government's intention to unnecessarily complicate the matters of preliminary and final orders of forfeiture and restitution regarding Defendant Rudolph, it has succeeded. The Government will, however, lead the Court out of this procedural tangle. It will do so by filing, no later than **<u>April 26, 2023</u>**, a supplement to the Motions which details, step–by–step, the process the Court must follow in order to enter a preliminary order of forfeiture, a final order of forfeiture, and an order of restitution (the "Supplement"). At a minimum, the Supplement will describe: (a) the sequence of all further hearings, whether a general or specific preliminary order of forfeiture would be required, as well as any opportunity for further objections which must be afforded Defendant Rudolph, and which may be required by applicable rule and case law before a final judgment of conviction can enter; and (b) the timing of when these events must take place relative to the June 21, 2023 sentencing hearing. No later than **<u>May 5, 2023</u>** Defendant Rudolph will file a response to the Supplement which informs the Court whether he disagrees with any part of the Government's filing and, to the extent he does disagree, to specify in detail what other or different procedure is required by rule or case law. The parties are directed to limit the contents of these supplemental filings as set forth herein, and are advised that the Court WILL NOT at this time accept any further merits argument on the issues of |

| | | |
|---|---|---|
| | | forfeiture or restitution. SO ORDERED by Judge William J. Martinez on 4/24/2023. Text Only Entry (wjmsec, ) (Entered: 04/24/2023) |
| 04/26/2023 | 349 | SUPPLEMENT *Brief Regarding Mandatory Restitution and Forfeiture* by USA as to Lawrence Rudolph (Bohn, Kurt) (Entered: 04/26/2023) |
| 04/28/2023 | 350 | RESTRICTED REVISED PRESENTENCE REPORT as to Lawrence Rudolph (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(lgiac) (Entered: 04/28/2023) |
| 04/28/2023 | 351 | RESTRICTED THIRD ADDENDUM to Presentence Report 350 as to Lawrence Rudolph (lgiac) (Entered: 04/28/2023) |
| 05/05/2023 | 352 | RESPONSE by Lawrence Rudolph re: 349 Supplement filed by USA (Markus, David) (Entered: 05/05/2023) |
| 05/16/2023 | 353 | USCA Letter advising that a Petition for Writ of Mandamus In Re Julian Rudolph, AnaBianca Rudolph, and the Estate of Bianca Rudolph has been docketed. (Attachments: # 1 Petition for Writ of Mandamus) (Appeal No. 23–1162)(trvo, ) (Entered: 05/17/2023) |
| 05/17/2023 | 354 | PRELIMINARY ORDER OF FORFEITURE as to **Lawrence Rudolph (1)** by Judge William J. Martinez on 5/17/2023. (trvo, ) (Entered: 05/17/2023) |
| 05/18/2023 | 355 | ORDER of USCA as to 353 Petition for Writ of Mandamus In Re Julian Rudolph, AnaBianca Rudolph, and the Estate of Bianca Rudolph: Petitioners represent in the mandamus petition that they have stipulated with the government to "a period of seven (7) days for consideration by this Court." Pet. at 9. The court approves the stipulated seven–day decision timeline. Further, the court requires a response to the petition for writ of mandamus. The government must respond to the mandamus petition by 8:00 a.m. (MDT) on Monday, May 22, 2023. The district court may respond on the same timeline if it so chooses. (USCA Case No. 23–1162) (trvo, ) (Entered: 05/19/2023) |
| 05/24/2023 | 356 | ORDER of USCA as to 353 Petition for Writ of Mandamus In Re Julian Rudolph, AnaBianca Rudolph, and the Estate of Bianca Rudolph. Upon consideration, petitioners have failed to show an injury to themselves that satisfies the direct and proximate harm required to assert their rights as victims of Dr. Rudolph's fraud. We therefore DENY their mandamus petition. (USCA Case No. 23–1162).(sphil, ) Modified on 6/8/2023 to edit text. (sphil, ). (Entered: 05/25/2023) |
| 06/07/2023 | 357 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on Lawrence Rudolph's Sentencing Memorandum [335–1]. On March 9, 2023, the Court entered an Order directing that all sentencing–related motions be filed by March 31, 2023, and responses were to be due by April 28, 2023 (ECF No. 334). Defendant Rudolph timely filed his Sentencing Memorandum on March 31, 2023 [335–1]. However, it appears that the Government did not file a response by the April 28, 2023 deadline. Although that deadline has passed, solely in the interest of justice, the Court will allow the Government to file its response to Defendant Rudolph's Sentencing Memorandum (brief as it is) by no later than **June 12, 2023**, under Restriction Level 1. No further motion to restrict this response is necessary. Additionally, no reply in support of the Defendant's Sentencing Memorandum will be permitted. SO ORDERED by Judge William J. Martinez on 6/7/2023. Text Only Entry (wjmsec, ) (Entered: 06/07/2023) |

| 06/07/2023 | 358 | ORDER as to **Lori Milliron (2)**: This matter is before the Court on Defendant Lori Milliron's Sentencing Memorandum and Motion for Downward Departure and/or Variance Pursuant to 18 U.S.C. 3553(a) <u>337</u> . On March 9, 2023, the Court entered an Order directing that all sentencing–related motions be filed by March 31, 2023, and responses were to be due by April 28, 2023 (ECF No. 334). Defendant Milliron moved for an extension of time to file sentencing–related motions, which the Court granted (ECF Nos. 336 and 338), and she filed her Sentencing Memorandum on April 3, 2023 (ECF No. <u>337</u> ). However, it appears that the Government did not file a response by the April 28, 2023 deadline. Although that deadline has passed, solely in the interest of justice, the Court will allow the Government to file its response to Defendant Milliron's Sentencing Memorandum and Motion for Downward Departure by no later than **June 13, 2023.** No reply will be permitted. SO ORDERED by Judge William J. Martinez on 6/7/2023. Text Only Entry (wjmsec, ) (Entered: 06/07/2023) |
|---|---|---|
| 06/08/2023 | 359 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court upon communication with the Government. Based on these communications, Defendant Rudolph's Sentencing Hearing set for June 21, 2023 at 9:30 a.m. is hereby **VACATED** and will be reset by way of separate Order to be entered at an appropriate time. SO ORDERED by Judge William J. Martinez on 6/8/2023. Text Only Entry (wjmsec, ) (Entered: 06/08/2023) |
| 06/08/2023 | 360 | ORDER as to **Lori Milliron (2)**: This matter is before the Court *sua sponte*. In order to more efficiently use the time available for courtroom settings, Defendant Milliron's Sentencing Hearing set for June 23, 2023 at 2:00 p.m. is hereby **RESET to June 23, 2023 at <u>9:30 a.m.</u>** in Courtroom A801. SO ORDERED by Judge William J. Martinez on 6/8/2023. Text Only Entry (wjmsec, ) (Entered: 06/08/2023) |
| 06/09/2023 | 361 | ORDER *as to Lori Milliron (2):* This matter is before the Court on Defendant Lori Milliron's upcoming sentencing hearing, which is scheduled for *June 23, 2023 at 9:30 a.m*.  Although it is not required to do so (see *Irizarry v. United States*, 553 U.S. 708, 716 (2008)), the Court gives advance notice to Defendant Milliron that it is considering an upward variance from the recommended guideline range based on the factors set forth in 18 U.S.C. § 3553(a).  Counsel should come to the sentencing hearing prepared to address whether an upward variance is appropriate in this case. SO ORDERED by Judge William J. Martinez on 6/9/2023. Text Only Entry (wjmlc1, ) (Entered: 06/09/2023) |
| 06/09/2023 | <u>362</u> | EXHIBIT LIST *FOR SENTENCING HEARING* by USA as to Lori Milliron (Fields, Bryan) (Entered: 06/09/2023) |
| 06/12/2023 | <u>363</u> | RESTRICTED DOCUMENT – Level 1: by USA as to Lawrence Rudolph (Fields, Bryan) (Entered: 06/12/2023) |
| 06/12/2023 | <u>364</u> | RESPONSE by USA as to Lori Milliron re: 358 Order,,,, <u>286</u> Sentencing Statement filed by Lori Milliron (Fields, Bryan) (Entered: 06/12/2023) |
| 06/16/2023 | <u>365</u> | **DISREGARD – FILED IN ERROR** Opposition by Lawrence Rudolph, Lori Milliron (Attachments: # <u>1</u> Exhibit Rudolph Life Ins Policies, # <u>2</u> Exhibit Resignation of Trustee, # <u>3</u> Exhibit The Rudolph Trust dated April 25, 2016, # <u>4</u> Exhibit Genworth Response, # <u>5</u> Exhibit Mirabelli Transcript Excerpt)(Sandweg, John) Modified on 6/20/2023 to note filed in error pursuant to attorney's request (trvo, ). (Entered: 06/16/2023) |
| 06/16/2023 | 366 | **DISREGARD – FILED IN ERROR** MEMORANDUM in Support by Lawrence Rudolph, Lori Milliron re <u>365</u> Opposition (Other), (Sandweg, John) Modified on |

| | | |
|---|---|---|
| | | 6/20/2023 to note filed in error pursuant to attorney's request (trvo, ). (Entered: 06/16/2023) |
| 06/16/2023 | 367 | VERIFIED PETITION for Adjudication of Interests in Property Ordered Forfeited by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Sandweg, John) Modified on 6/20/2023 to correct text (trvo, ). (Entered: 06/16/2023) |
| 06/16/2023 | 368 | MEMORANDUM IN SUPPORT of 367 VERIFIED PETITION for Adjudication of Interests in Property Ordered Forfeited by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron (Sandweg, John) Modified on 7/18/2023 to add text (trvo, ). (Entered: 06/16/2023) |
| 06/20/2023 | 369 | ORDER as to **Lori Milliron (2)**: This matter is before the Court on Defendant Milliron's Sentencing Hearing set for June 23, 2023. The Probation Officer is recommending that a fine of $250,000 be imposed at the time of sentencing (*See* Presentence Investigation Report at ECF No. 332−1). The Government and counsel for Ms. Milliron are directed to file a response to that portion of the Presentence Investigation Report recommending said fine no later than **tomorrow, June 21, 2023**. SO ORDERED by Judge William J. Martinez on 6/20/2023. (wjmsec, ) (Entered: 06/20/2023) |
| 06/20/2023 | 370 | ORDER as to Lawrence Rudolph: The Court has under advisement 367 368 Petitioners Julian and AnaBianca Rudolph&rsquo;s Verified Petition for Adjudication of Interests in Property Ordered Forfeited. By ***July 14, 2023***, the Government is DIRECTED to file a response to the Petition.  No reply will be permitted without further leave of Court.  Further, the Court notes that 21 U.S.C. s 853(n)(4) contemplates that the &ldquo;hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition.&rdquo;  However, because 359 Defendant Rudolph&rsquo;s sentencing hearing has been vacated and is indefinitely postponed, the Court cannot set a hearing on the Petition within the thirty−day period contemplated by the statute.  The ancillary hearing will be set within a reasonable period of time after Defendant Rudolph&rsquo;s sentencing has been completed. SO ORDERED by Judge William J. Martinez on 6/20/2023. Text Only Entry (wjmlc1, ) (Entered: 06/20/2023) |
| 06/21/2023 | 371 | STATEMENT *Regarding Fine* by Defendant Lori Milliron (Dill, John) (Entered: 06/21/2023) |
| 06/21/2023 | 372 | STATEMENT re 369 Order,, *(Statement Regarding Request for a Fine)* by Plaintiff USA (Fields, Bryan) (Entered: 06/21/2023) |
| 06/23/2023 | 373 | EXHIBIT LIST *FOR SENTENCING HEARING (AMENDED)* by USA as to Lori Milliron (Fields, Bryan) (Entered: 06/23/2023) |
| 06/23/2023 | 374 | MINUTE ENTRY for Sentencing as to defendant Lori Milliron (2) held on 6/23/2023 before Judge William J. Martinez. Denying the Defendant's 337 Motion for Non−Guideline Sentence; Granting the United States' 271 Motion for Upward Variance. Defendant sentenced as reflected on the record. Defendant remanded. Court Reporter: Mary George. (hguer) (Entered: 06/23/2023) |
| 06/26/2023 | 375 | JUDGMENT as to defendant Lori Milliron (2). Counts 3, 4, 6, 9: Defendant sentenced to a total term of 204 months imprisonment, consisting of 180 months as to |

| | | |
|---|---|---|
| | | Count 3, 120 months as to Count 4, 60 months as to Count 6 with Counts 3, 4, and 6 to run concurrently and 60 months as to Count 9 with 36 months concurrently and 24 months consecutively; 3 years supervised release term; $400 special assessment; $250,000 fine. Counts 5, 7–8: Defendant found not guilty. Entered by Judge William J. Martinez on 6/26/2023. (hguer) (Entered: 06/26/2023) |
| 06/26/2023 | 376 | STATEMENT OF REASONS as to Lori Milliron. (hguer) (Entered: 06/26/2023) |
| 06/29/2023 | 377 | NOTICE *of Preliminary Order of Forfeiture* by USA as to Lawrence Rudolph (Bohn, Kurt) (Entered: 06/29/2023) |
| 07/03/2023 | 378 | NOTICE OF APPEAL as to 375 Judgment by Lori Milliron. (Filing fee $ 505, Receipt Number ACODC–9178912) (Dill, John) Modified on 7/5/2023 to create linkage (trvo, ). (Entered: 07/03/2023) |
| 07/05/2023 | 379 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 378 Notice of Appeal as to Lori Milliron to the U.S. Court of Appeals for the Tenth Circuit. (Retained Counsel, Fee paid) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record)(trvo, ) (Entered: 07/05/2023) |
| 07/05/2023 | 380 | USCA Case Number as to Lori Milliron 23–1217 for 378 Notice of Appeal filed by Lori Milliron. (trvo, ) (Entered: 07/05/2023) |
| 07/10/2023 | 381 | Unopposed MOTION for Extension of Time to File Response/Reply as to 367 Opposition (Other), by USA as to Lawrence Rudolph, Lori Milliron. (Bohn, Kurt) (Entered: 07/10/2023) |
| 07/11/2023 | 382 | ORDER granting the Government's Unopposed Motion for Extension of Time to File Response to Verified Petition for Adjudication of Interests in Property Ordered Forfeited 381 . The Government's Motion is GRANTED for good cause shown. The Government's deadline to file its Response to the Verified Petition for Adjudication of Interests in Property Ordered Forfeited 367 is extended up to and including **July 28, 2023**. SO ORDERED by Judge William J. Martinez on 7/11/2023. Text Only Entry (wjmsec, ) (Entered: 07/11/2023) |
| 07/13/2023 | 383 | NOTICE *Second Notice of Preliminary Order of Forfeiture* by USA as to Lawrence Rudolph (Bohn, Kurt) (Entered: 07/13/2023) |
| 07/17/2023 | 384 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on its 359 Order for the resetting of Defendant's Sentencing Hearing. Defendant's Sentencing Hearing is hereby **RESET to August 4, 2023 at 9:30 a.m.**, in Courtroom A801. Defendant's in–person attendance at this hearing is required. SO ORDERED by Judge William J. Martinez on 7/17/2023. Text Only Entry (wjmsec, ) (Entered: 07/17/2023) |
| 07/17/2023 | 385 | NOTICE OF ATTORNEY APPEARANCE: Eddie A. Jauregui appearing for Interested Party Bank of New York MellonAttorney Eddie A. Jauregui added to party Bank of New York Mellon(pty:ip) (Jauregui, Eddie) (Entered: 07/17/2023) |
| 07/17/2023 | 386 | **WITHDRAWN** VERIFIED PETITION of Bank of New York Mellon for Ancillary Hearing to Determine Third–Party Interest in Property Subject to Forfeiture by Bank of New York Mellon as to Lawrence Rudolph, Lori Milliron (Attachments: # 1 Exhibit 1 – Deed of Trust, # 2 Exhibit 2 – Invoice dated July 1, 2023)(Jauregui, Eddie) Modified on 7/18/2023 to correct text (trvo, ). Modified on 9/11/2023 to withdraw pursuant to 423 Notice (trvo, ). (Entered: 07/17/2023) |

| 07/17/2023 | 387 | MEMORANDUM IN SUPPORT OF 386 VERIFIED PETITION of Bank of New York Mellon for Ancillary Hearing to Determine Third–Party Interest in Property Subject to Forfeiture by Bank of New York Mellon as to Lawrence Rudolph, Lori Milliron (Jauregui, Eddie) Modified on 7/18/2023 to correct text (trvo, ). (Entered: 07/17/2023) |
|---|---|---|
| 07/18/2023 | 388 | ORDER as to Lawrence Rudolph: The Court has under advisement 386 the Verified Petition of Bank of New York Mellon for Ancillary Hearing to Determine Third–Party Interest in Property Subject to Forfeiture (&Ldquo;Bank&rsquo;s Petition&rdquo;).  By *August 8, 2023*, the Government is DIRECTED to file a response to the Bank&rsquo;s Petition.  No reply will be permitted without further leave of Court. SO ORDERED by Judge William J. Martinez on 7/18/2023. Text Only Entry (wjmlc1, ) (Entered: 07/18/2023) |
| 07/20/2023 | 389 | RESTRICTED REVISED PRESENTENCE REPORT as to Lawrence Rudolph (lgiac) (Additional attachment(s) added on 7/27/2023: # 1 Exhibit A) (trvo, ). (Entered: 07/20/2023) |
| 07/20/2023 | 390 | RESTRICTED FOURTH ADDENDUM to Presentence Report 389 as to Lawrence Rudolph (Attachments: # 1 Exhibit A)(lgiac) (Entered: 07/20/2023) |
| 07/26/2023 | 391 | MOTION for Leave to File Excess Pages *to Enlarge Page Limit* by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 07/26/2023) |
| 07/26/2023 | 392 | ORDER granting the United States' Motion to Enlarge Page Limit 392 . The Government's Motion is GRANTED for good cause shown. The Government is granted leave to file its Response to the Verified Petition for Adjudication of Interests in Property Ordered Forfeited 367 not to exceed 35 pages, exclusive of attorney signature blocks and certificate of service. SO ORDERED by Judge William J. Martinez on 7/26/2023. Text Only Entry (wjmsec, ) (Entered: 07/26/2023) |
| 07/28/2023 | 393 | EXHIBIT LIST *FOR SENTENCING HEARING* by USA as to Lawrence Rudolph (Fields, Bryan) (Entered: 07/28/2023) |
| 07/28/2023 | 394 | WITNESS LIST *FOR SENTENCING HEARING* by USA as to Lawrence Rudolph (Bohn, Kurt) (Entered: 07/28/2023) |
| 07/28/2023 | 395 | NOTICE OF ATTORNEY APPEARANCE Tonya Shotwell Andrews appearing for USA. Attorney Tonya Shotwell Andrews added to party USA(pty:pla) (Andrews, Tonya) (Entered: 07/28/2023) |
| 07/28/2023 | 396 | MOTION to Dismiss *Verified Petition for Adjudication of Interests in Property Ordered Forfeited* by USA as to Lawrence Rudolph. (Attachments: # 1 Attachment A, # 2 Attachment B)(Bohn, Kurt) (Entered: 07/28/2023) |
| 07/31/2023 | 397 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court on the United States' Response and Motion to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited 396 . The Court will disregard the fact that the Government's Response includes a Motion to Dismiss, in contravention of Local Criminal Rule 12.2, as well as this Court's Revised Practice Standards. The Motion to Dismiss will be considered as the operative pleading going forward with respect to the matters raised in the Verified Petition. Accordingly, the Defendant shall file a Response to the Government's Motion to Dismiss on or before **August 21, 2023**. The Government shall file a Reply in support of its Motion to Dismiss on or before **September 5, 2023**. SO ORDERED by Judge William J. Martinez on 7/31/2023. |

| | | Text Only Entry (wjmsec, ) (Entered: 07/31/2023) |
|---|---|---|
| 08/02/2023 | 398 | ORDER as to **Lawrence Rudolph (1)**: This matter is before the Court upon communication with counsel. Defendant Rudolph's Sentencing Hearing set for August 4, 2023 at 9:30 a.m. is hereby **VACATED and RESET to August 21, 2023 at 9:30 a.m.**, in Courtroom A801. SO ORDERED by Judge William J. Martinez on 8/2/2023. Text Only Entry (wjmsec, ) (Entered: 08/02/2023) |
| 08/02/2023 | 399 | MOTION for Extension of Time to File Response/Reply as to 386 Report, by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 08/02/2023) |
| 08/02/2023 | 401 | TRANSCRIPT ORDER FORM re 378 Notice of Appeal as to Lori Milliron. (Appeal No. 23−1217) (trvo, ) (Entered: 08/04/2023) |
| 08/03/2023 | 400 | ORDER as to **Lawrence Rudolph (1)** granting the Government's Unopposed Motion for Extension of Time to File Response to Verified Petition of Bank of New York Mellon for Ancillary Hearing to Determine Third−Party Interest in Property Subject to Forfeiture ("Petition") 399 . The Government's Motion is GRANTED for good cause shown. The Government's deadline to file its Response to the Petition is extended up to and including **August 22, 2023**. SO ORDERED by Judge William J. Martinez on 8/3/2023. Text Only Entry (wjmsec, ) (Entered: 08/03/2023) |
| 08/14/2023 | 402 | **STRICKEN** NOTICE of Supplemental Authorities re: 316 Response to Motion (Markus, David) Modified on 8/16/2023 to strike pursuant to 403 Order (trvo, ). (Entered: 08/14/2023) |
| 08/15/2023 | 403 | ORDER as to **Lawrence Rudolph (1)** striking Defendant Lawrence Rudolph's Notice of Supplemental Authority to Consolidated Response to Motion for Mandatory Restitution and Forfeiture and Motion for Preliminary Order of Forfeiture 402 . Defendant's Notice of Supplemental Authority is STRICKEN without prejudice to refiling for failure to comply with this Court's Revised Practice Standard III.K, which states "Such a notice shall be limited to the case title, citation, date of decision, and a single−sentence reference.." and "No comment, briefing, or responsive comment as to the significance or interpretation of the decision may be made absent further order..". Additionally, the case Defendant cites, *In re Rothstein, Rosenfeldt, Adler, P.A.*, 717 F. 3d 1205 (11th Cir. 2013), is an out−of−Circuit case from 2013 and is therefore not "new relevant authority" contemplated by WJM RPS III.K; therefore, the Notice is stricken on that basis as well. SO ORDERED by Judge William J. Martinez on 8/15/2023. Text Only Entry (wjmsec, ) (Entered: 08/15/2023) |
| 08/15/2023 | 404 | NOTICE OF ATTORNEY APPEARANCE William Bennett Gillespie appearing for USA. Attorney William Bennett Gillespie added to party USA(pty:pla) (Gillespie, William) (Entered: 08/15/2023) |
| 08/16/2023 | 405 | Unopposed MOTION for Extension of Time to File *Response to the United States' Motion to Dismiss Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited* by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron. (Hotaling, Christopher) (Entered: 08/16/2023) |
| 08/17/2023 | 406 | ORDER granting the Petitioners' Unopposed Motion for Extension of Time to File Response to the United States' Motion to Dismiss Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited 405 . The Petitioners' Motion is GRANTED for good cause shown. The Petitioners' deadline to file their Response to the Government's Motion to Dismiss 396 is extended up to and including |

| | | September 8, 2023. SO ORDERED by Judge William J. Martinez on 8/17/2023. Text Only Entry (wjmsec, ) (Entered: 08/17/2023) |
|---|---|---|
| 08/17/2023 | 407 | **AMENDED** 406 ORDER granting the Petitioners' Unopposed Motion for Extension of Time to File Response to the United States' Motion to Dismiss Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited 405 . The Petitioners' Motion is GRANTED for good cause shown. The Petitioners' deadline to file their Response to the Government's Motion to Dismiss 396 is extended up to and including **September 8, 2023**. The Government shall file a Reply in support of its Motion to Dismiss on or before **September 22, 2023**. SO ORDERED by Judge William J. Martinez on 8/17/2023. Text Only Entry (wjmsec, ) (Entered: 08/17/2023) |
| 08/17/2023 | 408 | Second MOTION for Extension of Time to File Response/Reply as to 386 Report, by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 08/17/2023) |
| 08/17/2023 | 409 | ORDER as to **Lawrence Rudolph (1)** granting the Government's Unopposed Second Motion for Extension of Time to File Response to Verified Petition of Bank of New York Mellon for Ancillary Hearing to Determine Third–Party Interest in Property Subject to Forfeiture 408 . The Government's Motion is GRANTED for good cause shown. The Government's deadline to file its Response to the Petition is extended up to and including **September 1, 2023**. SO ORDERED by Judge William J. Martinez on 8/17/2023. Text Only Entry (wjmsec, ) (Entered: 08/17/2023) |
| 08/18/2023 | 410 | REPORTER TRANSCRIPT ORDER FORM filed by Mary George re 378 Notice of Appeal. Transcript due by 9/16/2023. (nrich) (Entered: 08/18/2023) |
| 08/18/2023 | 411 | EXHIBIT LIST *For Sentencing Hearing* by Lawrence Rudolph (Moss, Anita) (Entered: 08/18/2023) |
| 08/21/2023 | 412 | MINUTE ENTRY for Sentencing as to defendant Lawrence Rudolph (1) held on 8/21/2023 before Judge William J. Martinez. Granting in part and denying in part the Government's 296 Motion for Order. Defendant sentenced as reflected on the record. Court Reporter: Mary George. (hguer) (Entered: 08/22/2023) |
| 08/21/2023 | 413 | EXHIBIT LIST as to Lawrence Rudolph for Sentencing held on 8/21/2023. (hguer) (Entered: 08/22/2023) |
| 08/21/2023 | 414 | WITNESS LIST as to Lawrence Rudolph for Sentencing held on 8/21/2023. (hguer) (Entered: 08/22/2023) |
| 08/25/2023 | 415 | JUDGMENT as to defendant Lawrence Rudolph (1). Counts 1, 2: Dismissed. Counts 1s, 2s: Defendant sentenced to Life as to Count 1 and 240 months as to Count 2 to run concurrently for a total term of life imprisonment; 3 years supervised release term as to Count 2; $200 special assessment; $4,877,744.93 in restitution; $2,000,000.00 fine. Entered by Judge William J. Martinez on 8/25/2023. (hguer) (Entered: 08/25/2023) |
| 08/25/2023 | 416 | STATEMENT OF REASONS as to Lawrence Rudolph. (hguer) (Entered: 08/25/2023) |
| 09/01/2023 | 417 | Third MOTION for Extension of Time to File Response/Reply as to 386 Report, by USA as to Lawrence Rudolph. (Bohn, Kurt) (Entered: 09/01/2023) |
| 09/06/2023 | 418 | NOTICE OF APPEAL as to 415 Judgment, by Lawrence Rudolph. ( Filing fee $ 505, Receipt Number ACODC–9278938) (Perez, Lauren) (Entered: 09/06/2023) |

| 09/06/2023 | 419 | ORDER as to **Lawrence Rudolph (1)** granting the Government's Unopposed Third Motion for Extension of Time to File Response to Verified Petition of Bank of New York Mellon for Ancillary Hearing to Determine Third–Party Interest in Property Subject to Forfeiture 417 . The Government's Motion is GRANTED for good cause shown. The parties shall have until **September 11, 2023** to file a notice of withdrawal of the Petition. If a notice of withdrawal is not filed, the Government is directed to file its Response to the Petition on or before **September 11, 2023**. SO ORDERED by Judge William J. Martinez on 9/6/2023. Text Only Entry (wjmsec, ) (Entered: 09/06/2023) |
| --- | --- | --- |
| 09/07/2023 | 420 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 418 Notice of Appeal as to Lawrence Rudolph to the U.S. Court of Appeals for the Tenth Circuit. (Retained Counsel, Fee paid) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record)(trvo, ) (Entered: 09/07/2023) |
| 09/08/2023 | 421 | USCA Case Number as to Lawrence Rudolph 23–1278 for 418 Notice of Appeal filed by Lawrence Rudolph. (trvo, ) (Entered: 09/08/2023) |
| 09/11/2023 | 422 | BRIEF in Opposition by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron to 396 MOTION to Dismiss *Verified Petition for Adjudication of Interests in Property Ordered Forfeited* (Attachments: # 1 Exhibit Ex. A – Genworth, # 2 Exhibit Ex. B – Ameritas, # 3 Exhibit Ex. C – Fidelity, # 4 Exhibit Ex. D – Great West, # 5 Exhibit Ex. E – TransAmerica)(Hotaling, Christopher) (Entered: 09/11/2023) |
| 09/11/2023 | 423 | NOTICE *of Withdrawal of Petition* re 386 Report, by Bank of New York Mellon as to Lawrence Rudolph, Lori Milliron (Jauregui, Eddie) (Entered: 09/11/2023) |
| 09/18/2023 | 424 | TRANSCRIPT ORDER FORM re 418 Notice of Appeal by Lawrence Rudolph. (Perez, Lauren) (Entered: 09/18/2023) |
| 09/18/2023 | 425 | VOIR DIRE TRANSCRIPT of proceedings held on July 11, 2022 before Judge Martinez. Pages: 1–164. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 426 | VOIR DIRE TRANSCRIPT of proceedings held on July 12, 2022 before Judge Martinez. Pages: 165–400. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 427 | TRANSCRIPT of Jury Trial, Day 3 as to Lori Milliron held on July 13, 2022 before Judge Martinez. Pages: 1–265.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 428 | TRANSCRIPT of Jury Trial, Day 4 as to Lori Milliron held on July 14, 2022 before Judge Martinez. Pages: 266–528. |

| | | |
|---|---|---|
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 429 | TRANSCRIPT of Jury Trial, Day 5 as to Lori Milliron held on July 15, 2022 before Judge Martinez. Pages: 529–798.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 430 | TRANSCRIPT of Jury Trial, Day 6 as to Lori Milliron held on July 18, 2022 before Judge Martinez. Pages: 799–1045.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 431 | TRANSCRIPT of Jury Trial, Day 7 as to Lori Milliron held on July 19, 2022 before Judge Martinez. Pages: 1046–1323.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 432 | TRANSCRIPT of Jury Trial, Day 8 as to Lori Milliron held on July 20, 2022 before Judge Martinez. Pages: 1324–1608. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 433 | TRANSCRIPT of Jury Trial, Day 9 as to Lori Milliron held on July 21, 2022 before Judge Martinez. Pages: 1609–1902. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 434 | TRANSCRIPT of Jury Trial, Day 10 as to Lori Milliron held on July 25, 2022 before Judge Martinez. Pages: 1903–2185. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 435 | TRANSCRIPT of Jury Trial, Day 11 as to Lori Milliron held on July 26, 2022 before Judge Martinez. Pages: 2186–2485. |
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of** |

| | | |
|---|---|---|
| | | **this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 436 | TRANSCRIPT of Jury Trial, Day 12 as to Lori Milliron held on July 27, 2022 before Judge Martinez. Pages: 2486–2762.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 437 | TRANSCRIPT of Jury Trial, Day 13 as to Lori Milliron held on July 28, 2022 before Judge Martinez. Pages: 2763–3064.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 438 | TRANSCRIPT of Jury Trial, Day 14 as to Lori Milliron held on July 29, 2022 before Judge Martinez. Pages: 3067–3200.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 439 | TRANSCRIPT of Jury Trial, Day 15 as to Lori Milliron held on August 1, 2022 before Judge Martinez. Pages: 3201–3220.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/18/2023 | 440 | TRANSCRIPT of Sentencing as to Lori Milliron held on June 23, 2023 before Judge Martinez. Pages: 1–122.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 09/18/2023) |
| 09/25/2023 | 441 | REPLY TO RESPONSE to Motion by USA as to Lawrence Rudolph re 396 MOTION to Dismiss *Verified Petition for Adjudication of Interests in Property Ordered Forfeited* (Andrews, Tonya) (Entered: 09/25/2023) |
| 09/26/2023 | 442 | NOTICE *NOTICE OF ERRATA TO UNITED STATES REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO UNITED STATES MOTION TO DISMISS PETITIONERS VERIFIED PETITION FOR ADJUDICATION OF INTEREST IN PROPERTY ORDERED FORFEITED* re 441 Reply to Response by USA as to Lawrence Rudolph (Andrews, Tonya) (Entered: 09/26/2023) |
| 09/28/2023 | 443 | REPORTER TRANSCRIPT ORDER FORM filed by Mary George re 418 Notice of Appeal. Transcript due by 10/22/2023. (nrich) (Entered: 09/28/2023) |
| 09/29/2023 | 444 | LETTER TO USCA and all counsel certifying the record is complete as to Lawrence Rudolph, Lori Milliron re 418 Notice of Appeal. A transcript order form was filed stating that the necessary transcript is already on file. ( Appeal No. 23–1217) Text Only Entry (sphil, ) (Entered: 09/29/2023) |
| 10/23/2023 | 445 | TRANSCRIPT of Sentencing as to Lawrence Rudolph held on August 21, 2023 before Judge Martinez. Pages: 1–222. |

| | | |
|---|---|---|
| | | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/23/2023) |
| 10/26/2023 | 446 | ORDER as to Lawrence Rudolph (1): Government's Motion to Dismiss (ECF No. 396), Petitioners' response (ECF No. 422), and the Government's reply (ECF No. 441) are STRICKEN. The Government is DIRECTED to file an amended motion to dismiss by November 17, 2023; Petitioners are DIRECTED to file an amended response by December 8, 2023; The Government is DIRECTED to file an amended reply by December 22, 2013. By December 29, 2023, the parties are DIRECTED to file a joint notice explaining their positions as to whether mediation before a third–party neutral experienced in these matters would be fruitful. SEE ORDER FOR FURTHER DETAILS. SO ORDERED by Judge William J. Martinez on 10/26/2023. (wjmlc1, ) (Entered: 10/26/2023) |
| 10/31/2023 | 447 | VOIR DIRE TRANSCRIPT of proceedings held on July 11, 2022 before Judge Martinez. Pages: 1–164. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 448 | VOIR DIRE TRANSCRIPT of proceedings held on July 12, 2022 before Judge Martinez. Pages: 165–400. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 449 | TRANSCRIPT of Jury Trial, Day 3 as to Lawrence Rudolph held on July 13, 2022 before Judge Martinez. Pages: 1–265.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 450 | TRANSCRIPT of Jury Trial, Day 4 as to Lawrence Rudolph held on July 14, 2022 before Judge Martinez. Pages: 266–528.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts** |

| | | |
|---|---|---|
| | | **document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 451 | TRANSCRIPT of Jury Trial, Day 5 as to Lawrence Rudolph held on July 15, 2022 before Judge Martinez. Pages: 529–798.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 452 | TRANSCRIPT of Jury Trial, Day 6 as to Lawrence Rudolph held on July 18, 2022 before Judge Martinez. Pages: 799–1045.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 453 | TRANSCRIPT of Jury Trial, Day 7 as to Lawrence Rudolph held on July 19, 2022 before Judge Martinez. Pages: 1046–1323.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 454 | TRANSCRIPT of Jury Trial, Day 8 as to Lawrence Rudolph held on July 20, 2022 before Judge Martinez. Pages: 1324–1608. |

<table>
<tr>
<td></td>
<td></td>
<td>

 **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**

Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023)
</td>
</tr>
<tr>
<td>10/31/2023</td>
<td>455</td>
<td>

TRANSCRIPT of Jury Trial, Day 9 as to Lawrence Rudolph held on July 21, 2022 before Judge Martinez. Pages: 1609–1902.

 **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**

Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023)
</td>
</tr>
<tr>
<td>10/31/2023</td>
<td>456</td>
<td>

TRANSCRIPT of Jury Trial, Day 10 as to Lawrence Rudolph held on July 25, 2022 before Judge Martinez. Pages: 1903–2185.

 **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**

Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023)
</td>
</tr>
<tr>
<td>10/31/2023</td>
<td>457</td>
<td>

TRANSCRIPT of Jury Trial, Day 11 as to Lawrence Rudolph held on July 26, 2022 before Judge Martinez. Pages: 2186–2485.

 **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**
</td>
</tr>
</table>

| | | |
|---|---|---|
| | | Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 458 | TRANSCRIPT of Jury Trial, Day 12 as to Lawrence Rudolph held on July 27, 2022 before Judge Martinez. Pages: 2486–2762.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 459 | TRANSCRIPT of Jury Trial, Day 13 as to Lawrence Rudolph held on July 28, 2022 before Judge Martinez. Pages: 2763–3064.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 460 | TRANSCRIPT of Jury Trial, Day 14 as to Lawrence Rudolph held on July 29, 2022 before Judge Martinez. Pages: 3067–3200.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
| 10/31/2023 | 461 | TRANSCRIPT of Jury Trial, Day 15 as to Lawrence Rudolph held on August 1, 2022 before Judge Martinez. Pages: 3201–3220. |

|  |  | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor, ) (Entered: 10/31/2023) |
|---|---|---|
| 10/31/2023 | 462 | LETTER TO USCA and all counsel certifying the record is complete as to Lawrence Rudolph re 418 Notice of Appeal. All transcripts ordered are now on file as of 10/31/2023. ( Appeal No. 23–1278) Text Only Entry (angar, ) (Entered: 10/31/2023) |
| 11/17/2023 | 463 | MOTION to Amend/Correct *to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited* by USA as to Lawrence Rudolph. (Attachments: # 1 Exhibit Attachment A)(Andrews, Tonya) (Entered: 11/17/2023) |
| 12/08/2023 | 464 | MEMORANDUM in Opposition by Estate of Bianca Rudolph, The, AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph re 463 MOTION to Amend/Correct *to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited* (Attachments: # 1 Affidavit Declaration of Christopher P. Hotaling in Support of Petitioners' Opposition to the Government's Amended Motion to Dismiss, # 2 Exhibit A–Complaint, # 3 Exhibit B – Default Judgment, # 4 Exhibit C – Ameritas Assignment & Release Agreement, # 5 Exhibit D – Fidelity Assignment & Release Agreement, # 6 Exhibit E – Great West Assignment & Release Agreement, # 7 Exhibit F – TransAmerica Assignment & Release Agreement, # 8 Exhibit G – Genworth Letter)(Hotaling, Christopher) (Entered: 12/08/2023) |
| 12/22/2023 | 465 | REPLY TO RESPONSE to Motion by USA as to Lawrence Rudolph, Lori Milliron re 463 MOTION to Amend/Correct *to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited UNITED STATES REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO UNITED STATES MOTION TO DISMISS PETITIONERS VERIFIED PETITION FOR ADJUDICATION OF INTEREST IN PROPERTY ORDERED FORFEITED* (Andrews, Tonya) (Entered: 12/22/2023) |
| 12/29/2023 | 466 | STATEMENT re 446 Order on Motion to Dismiss,, *Joint Statement Regarding Third–Party Neutral Mediator* by Plaintiff USA (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B)(Andrews, Tonya) (Entered: 12/29/2023) |
| 04/12/2024 | 467 | ORDER GRANTING THE GOVERNMENT'S AMENDED MOTION TO DISMISS VERIFIED PETITION AND DISMISSING PETITIONERS' VERIFIED PETITION FOR ADJUDICATION OF INTERESTS IN PROPERTY ORDERED FORFEITED as to Lawrence Rudolph (1). The Court ORDERS that: 1. The Government's Amended Motion to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited (ECF No. 463 ) is GRANTED; and 2. The Verified Petition for Adjudication of Interests in Property Ordered Forfeited (ECF No. 367 ) is DISMISSED. SO ORDERED by Judge William J. Martinez on 04/12/2024. (jrobe, ) (Entered: 04/12/2024) |

| 04/16/2024 | 468 | **STRICKEN** MOTION for Forfeiture of Property *FOR FINAL ORDER OF FORFEITURE* by USA as to Lawrence Rudolph. (Attachments: # 1 Proposed Order (PDF Only))(Bohn, Kurt) Modified to strike pursuant to 469 Order on 4/29/2024 (jrobe, ). (Entered: 04/16/2024) |
|---|---|---|
| 04/16/2024 | 469 | ORDER: Before the Court is 468 the United States&rsquo; Motion for Final Order of Forfeiture (&ldquo;Second Motion&rdquo;). The Court observes that the United States *already filed* such a motion at ECF No. 296 (&ldquo;Original Motion&rdquo;).  The Court did not request the filing of a duplicative, overlapping motion from the Government; rather, the Court merely sought submission of a proposed final order of forfeiture via e–mail.  Now that the Court has received such a proposed order from the Government, it is fully equipped to rule on that portion of the Original Motion that remains pending.  Accordingly, the Court STRIKES the Second Motion as duplicative. SO ORDERED by Judge William J. Martinez on 4/16/2024. Text Only Entry (wjmlc1, ) (Entered: 04/16/2024) |
| 04/17/2024 | 470 | FINAL ORDER OF FORFEITURE by Judge William J. Martinez on 04/17/2024. (jrobe, ) (Entered: 04/17/2024) |
| 04/17/2024 | | Criminal Case Terminated pursuant to 470 Final Order of Forfeiture. Text Only Entry. (jrobe, ) (Entered: 04/17/2024) |
| 04/26/2024 | 471 | NOTICE OF APPEAL as to Terminate Criminal Case, 467 Order on Motion to Amend/Correct,, *470 Final Order of Forfeiture* by AnaBianca Rudolph, Julian Rudolph as to Lawrence Rudolph, Lori Milliron ( Filing fee $ 605, Receipt Number CODC–9658825) (Sandweg, John) (Entered: 04/26/2024) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 22-cr-012-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

      Defendants.

---

**ORDER GRANTING THE GOVERNMENT'S AMENDED MOTION TO DISMISS
VERIFIED PETITION AND DISMISSING PETITIONERS' VERIFIED PETITION FOR
ADJUDICATION OF INTERESTS IN PROPERTY ORDERED FORFEITED**

---

This case is before the Court on Petitioners Julian and AnaBianca Rudolph (jointly, "Petitioners") Verified Petition for Adjudication of Interests in Property Ordered Forfeited ("Petition") (ECF No. 367) and a memorandum of law in support (ECF No. 368). The Government filed a Response and Motion to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited ("Motion"). (ECF No. 396.) Petitioners filed a response in opposition. (ECF No. 422.) The Government filed a reply and notice of errata. (ECF Nos. 441, 442.)

After reviewing the briefing on the Petition and the Motion, the Court issued an Order Striking Briefing on Petition and Motion to Dismiss. (ECF No. 446.) The Court primarily took issue with the parties' conflation of the concepts of restitution and forfeiture and directed the parties to clarify their factual and legal positions on this and several other issues, which the Court need not reiterate in full here; the Court

incorporates its prior Order by reference.

The Court also clarified several issues, including finding that: Arizona law applies as to whether a constructive trust exists; Petitioners have no direct interest in the property; Petitioners conceded that they do not seek a statutory constructive trust under Arizona law and waived their arguments with respect to the application of Illinois and Pennsylvania statutory law; and the Court considered the main remaining issue to be whether the Court would impose an equitable constructive trust under Arizona law that would provide Petitioners with standing to proceed with their Petition.  (*Id.*)

Thereafter, the Government filed an Amended Motion to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited ("Amended Motion") (ECF No. 463), Petitioners filed a response in opposition (ECF No. 464), and the Government filed a reply (ECF No. 465).

Although Petitioners requested an ancillary hearing pursuant to 21 U.S.C. § 853(n)(2), incorporating 18 U.S.C. § 982 (ECF No. 367 at 1), the Court has determined that Petitioners lack standing, and thus, a hearing is not necessary to rule on the Petition or the Motion.  For the following reasons, the Amended Motion is granted, and the Petition is dismissed.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 1, 2022, Defendant Lawrence Rudolph ("Defendant") was convicted by a jury of committing foreign murder, in violation of 18 U.S.C. §§ 1119 and 1111 (Count 1).  (ECF No. 247.)  The jury also convicted him of committing mail fraud in violation of 18 U.S.C. §§ 1341 and 1342 (Count 2).  (*Id.*)  With respect to Count 2, nine insurance policies paid claims out due to the mail fraud committed by Defendant.

On May 17, 2023, the Court entered its Preliminary Order of Forfeiture, which determined which specific assets are forfeitable by Defendant.  (ECF No. 354.)  On August 21, 2023, the Court conducted the sentencing hearing as to Defendant, at which it also addressed restitution and forfeiture.  (ECF No. 412.)  The Court ordered that Defendant must pay $4,877,744.93 in restitution to the insurance company victims of Count 2 as set forth in the life insurance payments table appended as Exhibit 1 to the Government's Motion for Order of Restitution and Forfeiture.  (ECF No. 296-2; ECF No. 415.)  Additionally, the Court made the Preliminary Order of Forfeiture final as to Defendant.  (ECF No. 415.)

## II. FACTUAL ALLEGATIONS[1]

### A.    Allegations from the Petition

Petitioners are the daughter and son of the deceased, Bianca Rudolph, and Defendant. (¶¶ 1–2.)  They have petitioned this Court for an ancillary hearing based on their legal interest, both personally and on behalf of their deceased mother's estate, in certain assets this Court has preliminarily ordered forfeited to the United States.  (¶ 3 (listing forfeited property).)

Prior to her death, Bianca Rudolph obtained nine life insurance policies from seven different insurance carriers.  (¶ 5.)  Petitioners are specifically listed as contingent beneficiaries on three of the insurance policies, meaning they would receive the proceeds if the primary beneficiary (namely, Defendant or the Rudolph Trust) is

---

[1] The Factual Allegations section is drawn from the Petition.  (ECF No. 367.)  The Court assumes the allegations contained in the Petition to be true for the purpose of deciding the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Citations to (¶ __), without more, are references to the Petition.

disqualified in any way.[2]  (¶ 5, 7.)  The Rudolph Trust, which is the primary beneficiary

on six of the policies and of which Defendant was the trustee until December 2022,

provides for distribution of the trust property to Petitioners if Defendant is disqualified

from acting as a beneficiary.  (¶¶ 7 n.6, 8; Pet. Ex. B (ECF No. 367-2).)

Defendant began collecting on the life insurance policies almost immediately

after Bianca Rudolph's death in October 2016, receiving $4,877,744.93 in insurance

proceeds between January and March 2017.  (¶¶ 9–11.)  In doing so, he failed to

disclose his role in the circumstances of her death.  (¶ 9.)  Five years later, Defendant

was arrested for Bianca Rudolph's murder.  (¶ 12.) He was subsequently tried and

convicted in August 2022.  (¶¶ 13–14; ECF No. 247 (jury verdict).)

After the conclusion of the trial, the Government moved for an order that

Defendant: (1) forfeit property identified as proceeds of his insurance fraud offense; and

(2) pay mandatory restitution to the victims of his crimes.  (¶ 15.)  Further, materiality

witnesses called by the Government as representatives of the insurance companies at

trial each stated that disclosure concerning the circumstances of Bianca Rudolph's

death would have been valuable not for purposes of whether they were contractually

required to pay claims (which they were), *but instead because the proceeds should*

*have been paid to other lawful beneficiaries – namely, Julian and AnaBianca.*[3]  (¶ 21

(citing ECF No. 367-5 (*U.S. v. Rudolph*, 22-cr-012-WJM, Trial Tr., Day 6, Testimony of

---

[2] The Government states that the latter portion of this paragraph is argument.  (ECF No.
463 at 2 n.1.)

[3] The Government states that the italicized language does not appear to be supported by
Petitioners' Exhibit E.  The Court has reviewed Exhibit E and agrees with the Government's
position.

Greg Mirabelli, pg. 55–56, Exhibit E) (emphasis added).)  On May 17, 2023, the Court entered the Preliminary Order of Forfeiture ordering the forfeiture assets identified as proceeds of Defendant's insurance fraud offense.  (¶ 21.)

**B.    Additional Relevant Facts Not in the Petition[4]**

The Government compiled a chart of the nine relevant life insurance policies, which includes the amount, date of claim, date of payment, primary beneficiary, and contingent beneficiary.  (ECF No. 463-1.)  Julian and AnaBianca Rudolph filed the Petition as the children of the Defendant and decedent.  (ECF No. 367).

After filing the Petition and some briefing on the matter, Petitioners provided the Government with Assignment And Release Agreements for four of the seven life insurance companies.  (*See* ECF Nos. 422-2, 422-3, 422-4, and 422-5.  Petitioners did not provide similar agreements with three others (AAA, Metlife, and Genworth). Genworth did not assign their rights but did agree that restitution should be paid to the beneficiaries of the Rudolph Trust dated April 25, 2016, excluding Defendant.  (ECF No. 422-1).  MetLife has also indicated to the Government that it has not determined if it will pay out its life insurance policy.  (ECF No. 463 at 3.)

In their response, Petitioners state that while they are not waiving their right to seek relief from MetLife if it chooses to stand on its rescission right and deny coverage under that policy, they are nevertheless withdrawing their claim against the $772,901.17 in MetLife proceeds contained in their Petition.  (ECF No. 464 at 3 n.1.)

---

[4] In the Amended Motion, the Government provides additional relevant facts not in the Petition for clarity of the circumstances surrounding the Petition and the Amended Motion.

## III. LEGAL STANDARDS AND PROCEDURES

A petitioner can establish their interest in the assets to be forfeited in one of two ways:

> (A) the petitioner has a superior legal right, title, or interest in the property to the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property who lacked reasonable cause at the time of the purchase to the believe the property was subject to forfeiture.[5]

21 U.S.C. § 853(n)(6).

Here, to determine if Petitioners have a superior legal interest to Defendant, the Court must first look to state law to determine the nature of Petitioners' legal interest. *See United States v. Andrews*, 530 F.3d 1232, 1238 (10th Cir. 2008) ("We recognize that in federal forfeiture proceedings, ownership interests (including constructive trusts) are defined by state law"). If Petitioners do not have a legal interest under state law, they cannot have a superior interest to the defendant in the subject property. *See United States v. White*, 675 F.3d 1073, 1077 (8th Cir. 2012) (if claimant fails to establish a legal interest under state law, the inquiry ends and the claim fails for lack of standing); *United States v. Rammuno*, 599 F.3d 1269, 1272 (11th Cir. 2010) (same).

"For purposes of the motion [to dismiss a petition for an ancillary hearing], the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). "'Although . . . ancillary proceedings arise in the context of criminal forfeiture, they closely resemble . . . civil proceedings." *United States v. Corpus*, 491 F.3d 205, 208

---

[5] Because Petitioners do not argue that they are bona fide purchasers for value, only § 853(n)(6)(A) is at issue here.

(5th Cir. 2007).  *See also* Fed. R. Crim. P. 32.2 advisory committee's note to 2000 adoption (stating that courts should follow the Federal Rules of Civil Procedure for "fundamental areas" of ancillary proceedings, including motions to dismiss).  As a result, courts apply the standard of review under Federal Rule of Civil Procedure 12 to motions to dismiss petitions for ancillary proceedings.  *United States v. Butt*, 930 F.3d 410, 413 (5th Cir. 2019) (citations omitted).

A motion to dismiss based on lack of standing attacks the Court's subject-matter jurisdiction and is thus analyzed under Rule 12(b)(1).  *Colo. Env't. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).  Rule 12(b)(1) challenges may be facial or factual.  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (citations omitted).  Because the Government challenges the sufficiency of Petitioners' allegations but does not dispute them by proffering its own evidence, its attack is facial. *Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, 2022 WL 1266612, at *2 (D. Colo. Apr. 28, 2022) (citations omitted).  "In reviewing a facial attack on plaintiffs' standing, the Court considers only the sufficiency of the complaint, as it would with a Federal Rule 12(b)(6) motion."  *Id*. at 3 (quoting *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010)).

"In evaluating such a motion [under Rule 12(b)(6)], a court must 'assume the truth of the [Petitioners']well-pleaded factual allegations and view them in the light most favorable to the plaintiff.'"  *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 825 F. Supp. 2d 1072, 1076–77 (D. Colo. 2011) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).  "In ruling on

such a motion, the dispositive inquiry is whether the [Petition]contains enough facts to state a claim to relief that is plausible on its face." *Id*. at 1077 (internal quotations and citations omitted). "Granting a motion to dismiss 'is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Id*. (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "'Thus, a well-pleaded [Petition]may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id*. (internal quotations and citations omitted).

If the Court denies a motion to dismiss a petition, and before conducting a hearing on the petition, the Court may permit discovery under the Federal Rules of Civil Procedure, after which the parties may move for summary judgment, and then the Court would conduct any ancillary hearing. Fed. R. Crim. P. 32.2(c)(1)(B).

## IV. ANALYSIS

When a third party asserts an interest in forfeitable property, the first question is whether the party has standing. 21 U.S.C. § 853(n)(2); Fed. R. Crim. P. 32.2(c); *see United States v. Swartz Family Trust*, 67 F.4th 505, 515 (2d Cir. 2023). "A claimant need not prove the merits of his underlying claim, but he must claim a facially colorable interest in the seized property to satisfy the requirements of standing." *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009); *see also United States v. Dadha*, 2020 WL 7056099 at *3 (D. Kan. Dec. 2, 2020).

There are two types of standing Petitioners must establish: statutory and constitutional standing. "Statutory standing is 'simply a question of whether the particular plaintiff has a cause of action under the statute.'" *Swartz Family Trust*, 67

8

F.4th at 515–16.  To establish that they have statutory standing under § 853(n), Petitioners must first demonstrate that they have a legal interest in the property to contest the forfeiture.  *United States v. Kluding*, 2020 WL 5920269, at *2 (W.D. Okla. Oct. 6, 2020).  A "court can dismiss claim for lack of statutory standing without first addressing constitutional standing."  *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 96–97 (1998)).

Petitioners have the burden to prove a legal interest in the property exists. *Kluding*, 2020 WL 5920269 at *2.  If Petitioners have no valid legal interest in the property under state law the inquiry ends, and the claim fails for lack of standing. *Swartz Family Trust*, 67 F.4th at 516.

Here, Petitioners argue that they are the beneficiaries of a constructive trust over the assets subject to forfeiture.  (ECF Nos. 367, 464.)  The Government contends that Petitioners cannot establish a constructive trust over the insurance companies' monies and the property traceable thereto.  (ECF Nos. 463, 465.)  For the following reasons, the Court concludes that Petitioners have not met their burden to establish that they are entitled to a constructive trust under Arizona law.  As a result, they cannot establish that they have standing to contest the forfeited property.

**A.    Choice of Law**

A constructive trust is an equitable remedy imposed by state common law to prevent unjust enrichment.  *United States v. Andrews*, 530 F.3d 1232, 1237 (10th Cir. 2008) (noting that a constructive trust is a legal fiction and an equitable remedy devised to prevent unjust enrichment and compel restitution of property that does not belong to a defendant) (emphasis added).  Based on the mail fraud conviction, the Court applies

9

Arizona constructive trust law to determine whether a constructive trust exists over the forfeitable property because the unlawful mail fraud acts Defendant committed occurred in that jurisdiction.  (*See e.g., DarkPulse, Inc. v. EMA Fin., LLC*, 2023 WL 2307386, at *7 (S.D.N.Y. Mar. 1, 2023) (when a party seeks the imposition of a constructive trust, the court could apply the laws of the state where the alleged unjust acts justifying a constructive trust occurred); *see also* ECF No. 446 at 8 (undersigned's Order concluding Arizona law applies).)

**B.    Elements of Equitable Constructive Trust**

In Arizona, "[a] court may impose a constructive trust when title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress, or similar means, or if there has been a breach of fiduciary duty."  *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 276 P.3d 11, 43 (Ariz. Ct. App. 2012).  According to the Government, Arizona law creates an equitable constructive trust when there is:

(1) a wrongful holding of property;

(2) which unjustly enriches the holder of the property;

(3) at the expense of the party seeking the constructive trust;

(4) that the party seeking the constructive trust can trace their funds/assets to the property wrongfully acquired; and

(5) there is not an adequate remedy at law such that the court should act in equity.

(ECF No. 463 at 8 (citing *Harmon v. Harmon*, 613 P.2d 1298, 1300 (Ariz. Ct. App. 1980)).)  The burden is on the party seeking the constructive trust to establish the requirements by "clear and convincing evidence."  *Id.*

Petitioners argue that the elements of a constructive trust set forth by the Government in the Amended Motion are not explicitly provided for in Arizona case law.

10

(ECF No. 464 at 8 n.4.)  Specifically, they "disagree with the government's formulation of Arizona's constructive trust standard, as well as its application to the facts of this case.  To be clear, what the Arizona cases do say regarding the imposition of a constructive trust is that it can be imposed in situations where it is necessary 'to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs.'"  (*Id*. (citing *Harmon*, 613 P.2d at 1300).)

Despite Petitioners' disagreement with the Government's recitation of the elements, the Government underscores that they "do not proffer an alternative set of elements necessary to establish a constructive trust or elaborate on which, if any, elements are inapplicable."  (ECF No. 465 at 2.)  Accordingly, the Government contends that "[s]uch an undeveloped argument should be deemed a waiver."  (*Id*. (citing *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013)).)

The Court agrees that Petitioners' failure to support their argument with an alternative recitation of the elements of an Arizona constructive trust—to the extent one even exists—completely undermines their point.  Therefore, the Court deems their argument waived.  But even under Petitioners' arguably broader formulation of a constructive trust under *Harmon*—which, incidentally, is the same case the Government cites for support of its elements—the Court's analysis and findings are the same.

1.    <u>Implications of Preliminary Order of Forfeiture</u>

The Government argues that following the entry of the Preliminary Order of Forfeiture, Defendant was divested of his interest and title to the forfeited property. (ECF No. 463 at 9.)  As a result, the forfeiture disgorged him of his ill-gotten gains, and a constructive trust is not necessary to deprive Defendant of the property or prevent unjust enrichment.  (*Id*.)

11

Petitioners dispute the Government's position that the Preliminary Order of Forfeiture has divested Defendant of his assets, and therefore he is no longer wrongfully holding the assets in a way that unjustly enriches him.  (ECF No. 463 at 9; ECF No. 464 at 13.)

In its reply, the Government states that it "agrees that this element alone would not prevent the imposition of a constructive trust where the Court deems appropriate." (ECF No. 465 at 5.)

Although the Government has not completely conceded the argument, the Court views its statement in the reply as a tacit concession.  Regardless, this argument is not dispositive of the outcome of the Amended Motion, and the Court concludes that it need not discuss this argument any further in its consideration of whether to impose a constructive trust.

> 2.    Party to Whom the Insurance Proceeds "Justly Belong"

Regardless of whether the Court uses the Governments elements for a constructive trust—"at the expense of the party who was defrauded and seeks the constructive trust" (ECF No. 463 at 8)—or Petitioners' statement that a constructive trust "can be imposed in situations where it is necessary to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs" (ECF No. 464 at 8 n.4), the outcome is the same.  The Court finds that Petitioners are not entitled to a constructive trust in these circumstances.

To establish standing for a constructive trust, Petitioners must establish that they are asserting their own rights and not those of third parties.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Fine v. Chloeta Fire, LLC*, 2014 WL 12700982, at *2 (N.D. Okla. Aug. 26, 2014) (dismissing constructive trust claim on standing grounds because

plaintiff did not have any personal involvement in the transactions), *report and recommendation adopted*, 2014 WL 12708962 (N.D. Okla. Sept. 12, 2014).  Petitioners state that they assert their rights as innocent third parties with respect to the property. (ECF No. 367 at 1.)  However, the Government points out that to execute his crime, Defendant fraudulently collected millions of dollars in life insurance proceeds, which the insurance companies paid to him.  (ECF No. 463 at 10.)  Petitioners themselves never paid money to Defendant and suffered no financial loss from Defendant's mail fraud. (*Id.*)  Rather, Defendant defrauded the seven life insurance companies and used those funds to procure the forfeitable property.  (*Id.*)

To the extent Petitioners rely on the Assignment Agreements executed by some of the life insurance companies to assert a right to a constructive trust, the Government argues that the assignments "do not appear to confer the life insurance companies' right to file a petition in this criminal forfeiture proceedings [*sic*]."  (*Id.*)  Instead, other than the Great-West Life & Annuity Insurance Company (ECF No. 422-4), the agreements refer to the ability to seek restitution in the "Forfeiture Proceeding," which refers to the related civil forfeiture case filed on December 21, 2021, not this criminal case.  (*Id.* at 10–11 (citing ECF Nos. 422-2, 422-3, 422-5).)  Given the foregoing, the Government asserts that even if the insurance proceeds would have been paid to Petitioners, "nothing has occurred 'at their expense' if they are receiving funds from the insurers to which they would have been entitled absent their father's fraud.  If the insurers aren't paying them funds to which they were entitled, the law provides an adequate remedy to them."  (*Id.* at 11.)

In response, Petitioners argue that Arizona law does not require a showing that

13

the party seeking a constructive trust is the party who was defrauded.  (ECF No. 464 at
8.)  Rather, Petitioners contend that the standard only requires that they demonstrate
that the property in question "justly belongs" to them.  (*Id.*)  Petitioners recognize but
disagree with the undersigned's holding (ECF No. 344), affirmed by the Tenth Circuit
(ECF No. 356), that they are not the victims of Defendant's mail fraud.  (ECF No. 464 at
9.)  Nevertheless, they argue that this finding is irrelevant to the current inquiry.  (*Id.*)

Rather, Petitioners advocate for a more "flexible" understanding of the imposition
of a constructive trust.  (*Id.* at 10.)  For instance, Petitioners argue that Arizona courts
impose constructive trusts in situations where the constructive-trust beneficiary was not
directly or proximately harmed, such as in the context of a breach of fiduciary duty.  (*Id.*
(*Turley v. Ethington*, 146 P.3d 1282, 1286 (Ariz. Ct. App. 2006)).)  They contend that
the instant situation is "ideal under Arizona law for the imposition of an equitable
constructive trust," as the life insurance proceeds "'justly' belong to Petitioners, and it
would be unconscionable to allow anyone but Petitioners to retain them."  (*Id.* at 11.)

Petitioners reiterate that they, or trusts that ultimately benefit them, are the
contingent beneficiaries of the life insurance policies, and with limited exceptions, the
insurance companies agree that they are the proper beneficiaries of those policies.  (*Id.*
(citing ECF No. 464-1 Hotaling Decl. Exs. C, D, E, F (Assignment Agreements), G
(Genworth Letter)).)  In addition, Petitioners acknowledge that "it is common practice for
insurance companies to file interpleader actions where suspicious circumstances
surround an insured's death, to determine who the rightful recipient of the proceeds is
—the primary beneficiary, or some other previous or contingent beneficiary."  (*Id.* at 12
(citing *Castro v. Ballesteros-Suarez*, 213 P.3d 197, 206 (Ariz. Ct. App. 2009) (affirming

14

judgment in interpleader action for previously named beneficiary of life insurance policy
where primary beneficiary was found to be responsible for insured's death, and thus
disqualified from receiving insurance proceeds)).)  Accordingly, Petitioners argue that
there "can be no doubt that [they] are the party to whom the insurance proceeds justly
belong," and as such, they "have clearly established their entitlement to a constructive
trust under Arizona law."  (*Id.* at 13.)

Despite Petitioners' arguments, the Court cannot conclude that they have
demonstrated that the insurance proceeds justly belong to them.  The Court agrees with
the Government's characterization of Petitioners' repeated assertion of being the
"rightful owners" of the proceeds as "conclusory statements."  (ECF No. 465 at 2.)  The
Court is aware that Petitioners are contingent beneficiaries of several of the life
insurance policies, but in these circumstances, they have failed to establish that they—
and not the life insurance companies who paid the policies' proceeds to Defendant—are
the parties to whom the proceeds "justly belong."

Petitioners' citation to various cases are unavailing.  Indeed, rather than
supporting their position that the criminal forfeiture proceeding is the correct forum to
litigate their claims, these cases stand for the proposition that a separate legal
process—most likely involving the insurance companies—is the proper judicial forum for
their arguments.  And, critically, "[n]one of the cases cited by Petitioners involve a third-
party receiving property in an equitable trust where another party was the one
defrauded."  (*Id.* at 4.)  As the Government highlights, the various assignment
agreements that Petitioners have obtained "merely memorialize an agreement between
the life insurance companies and Petitioners regarding restitution payments.  They do

not convey or transfer a legal right to Petitioners for the forfeitable property." (*Id.* at 3 (citing ECF No. 464 at 18–19 n.9).)  The fact remains that the insurance companies paid the fraudulent claims to Defendant, and they have chosen to receive their remedy through restitution.  Thus, insurance proceeds justly belong to them, not Petitioners, and although the insurance companies "may then have a duty to convey that property to Petitioners because of agreements with the Petitioners or the deceased," "that is *outside the scope of this proceeding*."  (ECF No. 465 at 4 (emphasis added).)

While the Court concludes that the analysis could end here, for the sake of completeness, it will address the parties' arguments concerning whether Petitioners can trace their funds to the forfeitable assets and whether there is an adequate remedy at law that renders the equitable remedy of a constructive trust inappropriate.

### 3.    Tracing Funds to Forfeitable Assets

"For a constructive trust to be imposed, [petitioners must] identify specific assets that [can] be traced back to Trust funds."  *Matter of Lloyd Revocable Tr.*, 2017 WL 4682255, at *3 (Ariz. Ct. App. Oct. 19, 2017) (citing *Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 286 (1985) ("A prerequisite to the imposition of a constructive trust is the identification of a specific property belonging to the claimant.")).  The Government argues that to establish their entitlement to an Arizona constructive trust, Petitioners must set forth tracing of their funds to the forfeitable assets.  (ECF No. 463 at 11.)  Although for August 21, 2023 Defendant's sentencing, restitution, and forfeiture hearing (ECF No. 412) the Government was able to trace the $4.8 million in collective insurance proceeds to the forfeitable assets, the Government also provided evidence that the funds from all of the insurance companies were eventually commingled into one account—Vanguard #88150069515.  (*Id.* at 12.)  From there, the $4.8 million in

16

commingled funds were then transferred to multiple accounts and eventually the assets

subject to forfeiture.  (*Id.*)  The Government explains that its

> tracing established that all of the funds were ill-gotten, which
> was all that was required for forfeiture.  But the petitioners
> have not likewise shown that they are entitled to all of those
> funds (let alone any of those funds), even though that is
> required for them to establish a superior interest to the
> government and other parties.  Were they to demonstrate a
> superior right to a portion of the funds, they would need to
> offer a reasonable accounting method to break off their
> share that is not unfair to others with an interest in the
> commingled funds.

(*Id.* at 13.)  In the Government's view, "Petitioners are clearly asking the Court to prefer

them over other insurance victims of the mail fraud by creating a constructive trust for

them over all of the forfeitable assets."  (*Id.* at 14.)  Further, the Government contends

that this "is to the detriment of victims whose funds have been commingled to purchase

the forfeitable property, but have not given assignments, nor agreed, that petitioners are

entitled to the proceeds."  (*Id.*)

Petitioners respond that under Arizona law, they need only identify the specific

property in which they have an interest and argue that they have "clearly done so" by

arguing that they have a "direct interest in Mrs. Rudolph's insurance proceeds and any

appreciated assets that flow therefrom."  (ECF No. 464 at 16.)  They further incorporate

the Government's tracing analysis and do not dispute the Government's tracing as

accurate.  (*Id.*)  Finally, Petitioners contend that they can further present such tracing

evidence at an ancillary hearing to clearly and convincingly establish traceability of

these assets.  (*Id.*)

Given the Court's analysis above concluding that the property at issue justly

belongs to the insurance companies, *see supra* Part IV.B.2, the Court concludes that it

17

need not address this element of a constructive trust.  And even in light of the

aforementioned conclusions, the Court agrees with the Government's argument that

Petitioners "have still failed to provide an accounting method that will parse out those

funds within the ill-gotten funds that they are entitled to collect."  (ECF No. 465 at 5.)

However, because Petitioners assert that they conceivably could establish proper

tracing methods at an ancillary hearing, the Court makes it clear here that it does not

rely on the tracing element to reach its final conclusion that the Government's Motion

will be granted.

      4.    <u>Whether an Adequate Remedy at Law Exists</u>

      As with the element of traceability, the Court need not address the final element

of whether ran adequate remedy at law exists.  However, for the sake of completeness,

it will nevertheless do so.

      Under Arizona constructive trust law, "[t]he court may not . . . impose a

constructive trust if the claimant has an adequate remedy at law."  *Matter of Lloyd*

*Revocable Tr.*, 2017 WL 4682255, at *3; *ML Servicing Co. v. Coles*, 334 P.3d 745, 752

(Ariz. Ct. App. 2014) (stating that a constructive trust is improper when another

adequate remedy at law is available to the harmed party).  The Government argues that

the life insurance companies who are the victims of Defendant's mail fraud have an

adequate remedy at law—restitution—which they have already chosen.  (ECF No. 463

at 14.)  Addressing the Court's concern that the parties conflated restitution and

forfeiture in earlier briefing (ECF No. 446), the Government explains the overlap

between the two concepts in this context.  "[O]verlap exists here in that petitioners are

trying to claim a superior interest to the United States through an equitable trust that is

based in large part (if not entirely) on a claim that the restitution did not cover the losses

caused by Rudolph's fraud of the insurers." (*Id.* at 15.) Moreover, the Government

argues that "Petitioners also have an adequate remedy without a constructive trust. As

evidenced by their Assignment Agreements, several insurance companies have agreed

to pay their restitution to the petitioners. Petitioners could file claims with the insurance

companies, who have not agreed to an assignment or agreement for their benefit. Their

right to any payments would then be determined by the relevant provisions in the

insurance contracts." (*Id.*)

In response, Petitioners contend that *neither* they nor the insurance companies

have an adequate remedy at law. (ECF No. 464 at 17.) As an initial matter, the Court

questions the propriety of Petitioners making any assertions on behalf of the insurance

companies, who Petitioners do not represent. In any event, Petitioners assert that "any

recourse the insurance companies may have is highly speculative and almost

completely dependent on the government's own discretion," (*id.*), and that they "are

aware of no further options to pursue assets for recovery, as all of Rudolph's remaining

assets are currently subject to the Preliminary Order of Forfeiture." (ECF No. 464-1 ¶ 7

(Hotaling Decl.).) As such, Petitioners contend that "the insurance companies' only

potential for recovery on the Restitution Order is through the remission process

provided in [21 U.S.C.] § 853(i), in which the Department of Justice may, *in its own*

*discretion*, restore forfeited property to the victims of an offense." (ECF No. 464 at 17

(citing 21 U.S.C. § 853(i)(1)[6]) (emphasis in original).) Further, they cite cases in which

_____

[6] The statutory provision states:

   **(i) Authority of the Attorney General**

   With respect to property ordered forfeited under this section, the

other circuit courts have found that the remission process is not an adequate remedy at law that would deprive the Court of the power to recognize a constructive trust. (*Id.*)

Additionally, Petitioners state that they have no adequate recourse against the insurance companies because under Arizona law, they are "immunized from double liability for making payments on the insurance policies to Rudolph because they paid out the policies in good faith, before they received notice of his involvement in Mrs. Rudolph's death." (*Id.* at 17–18 (citing A.R.S. § 14-2803(G) ("A payor or other third party is not liable for having made a payment or transferred an item of property or any other benefit to a beneficiary designated in a governing instrument affected by an intentional and felonious killing or for having taken any other action in good faith reliance on the validity of the governing instrument on request and satisfactory proof of the decedent's death and before the payor or other third party received written notice of a claimed forfeiture or revocation under this section.")).)  Therefore, the insurance companies are under no obligation to pay the claims submitted by Petitioners unless and until they receive their restitution payments. (*Id.* at 18.)  Petitioners state that once the insurance companies receive their restitution payments, then they would be obligated to pay Petitioners as the contingent beneficiaries. (*Id.*)  Accordingly, Petitioners explain that the insurance companies have indicated to their attorney that

---

Attorney General is authorized to--

(1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this subchapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section . . . .

21 U.S.C.A. § 853(i)(1).

they will not make payments on claims submitted by Petitioners on the policies until they receive their restitution payments, which Petitioners describe as "highly speculative and uncertain." (*Id.*)  As such, Petitioners claim they have no adequate remedy at law against the insurance companies. (*Id.*)

Having thoroughly considered the parties' arguments, the Court concludes that it must reject Petitioners' arguments.  As an initial matter, the Court agrees with the Government's position that "Petitioners are misdirecting the analysis of this element" because the insurance companies, not Petitioners, are the victims of Defendant's fraud and have selected an adequate remedy at law: restitution.  (ECF No. 465 at 5.)  This element of the constructive trust analysis is designed for the defrauded party—here, the insurance companies.  (*Id.* at 6.)

Additionally, the Court concludes that Petitioners' reasoning that restitution is an inadequate remedy because there is no way for it to be paid absent the remission process is, as the Government states, "speculative." (*Id*.)  The Government states that it is aware of assets of Defendant's that may be available for the collection of restitution, and "to the extent there are insufficient assets belonging to the defendant to fulfill the restitution judgment, the United States Attorney's Office will request that any forfeited funds be applied to the outstanding restitution judgment through the remission process." (*Id.* at 6 n.1.)  The Court relies on the Government's representation and will hold it to that representation as this case winds down.

Given the Court's findings, the Court concludes that Petitioners lack standing to continue with the ancillary proceeding under Federal Rule of Criminal Procedure 32.2(c) and dismisses their Petition.

## V. CONCLUSION

For the reasons explained above, the Court ORDERS that:

1.      The Government's Amended Motion to Dismiss Verified Petition for Adjudication of Interests in Property Ordered Forfeited (ECF No. 463) is GRANTED; and

2.      The Verified Petition for Adjudication of Interests in Property Ordered Forfeited (ECF No. 367) is DISMISSED.

Dated this 12th day of April, 2024.

BY THE COURT:

William J. Martínez
Senior United States District Judge

22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. **LAWRENCE RUDOLPH** and
2. **LORI MILLIRON,**

Defendants.

---

## NOTICE OF APPEAL

---

Notice is hereby given that Julian and AnaBianca Rudolph (collectively "Petitioners") appeal to the United States Court of Appeals for the Tenth Circuit from the Order granting the Government's amended motion to dismiss verified petition and dismissing Petitioners' verified petition entered in this action on the 12th day of April, 2024 as well as the subsequent Final Order of Forfeiture entered in this action on the 17th day of April, 2024.

Respectfully submitted this 26th day of April, 2024.

PETITIONERS' COUNSEL

*/s/John R. Sandweg*
John R. Sandweg (DC Bar #1027208)
NIXON PEABODY LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:    202.585.8189

*/s/Christopher P. Hotaling*
Christopher P. Hotaling (IL Bar #6272432)
NIXON PEABODY LLP
70 West Madison, Suite 5200
Chicago, IL 60602-4378
Tel:    312.977.4418

1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed electronically on April 26, 2024, and thereby delivered by electronic means to all registered participants.

*<u>/s/John R. Sandweg</u>*
John R. Sandweg (DC Bar #1027208)
NIXON PEABODY LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:    202.585.8189
