IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

    Defendants.

---

**JOINT MOTION FOR INTERLOCUTORY
SALE OF REAL PROPERTIES**

---

    COMES NOW the United States of America (the "United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, Julian Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, as Trustee for the Rudolph Trust, as Executor of the Estate of Bianca Rudolph, and individually and Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016, in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona; and AnaBianca Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, and individually in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona, and respectfully moves the Court to order the interlocutory sale of the real properties and vehicles identified

1

in the Court's Judgment (Docket # 415, p. 8) in accordance with Fed. R. Crim. P. 32.2(b)(7).  In support of this Motion, the United States sets forth the following:

**FACTUAL BACKGROUND**

1. As set forth in the Superseding Indictment (Docket # 53) the Forfeiture Allegation stated that upon conviction of the violation alleged in Count 2, the Defendant shall forfeit to the United States all property constituting and derived from any proceeds the Defendant obtained directly and indirectly as a result of the commission of the offense, and any and all rights, title, and interest in all property involved in such offense, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).  (Docket # 53, p. 8).

2. The property sought to be forfeited was identified in the United States' First Bill of Particulars for Forfeiture of Property.  (Docket # 108). Specifically, the United States sought forfeiture of the following assets:

   a) Real Property located at 7000 N. 39th Place, Paradise Valley, Arizona;

   b) Real Property located at 103 Morningside Drive, Cranberry Township, Pennsylvania;

   c) 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309; and

   d) 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709.

(*Id.* at 2).

3. The property located at 7000 N. 39th Place, Paradise Valley, Arizona, is more fully described as Lot Number: 11 Subdivision Name: LINCOLN 40 Sec/Twn/Rng/Mer: SEC 12 TWN 2N RNG 3E Brief Description: LINCOLN 40

MCR 905-32 Recorder's Map Ref: MB 90532.

4.      The property located at 7000 N. 39th Place, Paradise Valley, Arizona, is owned by Lawrence P. Rudolph, as Trustee of the Lawrence P. Rudolph Survivor's Trust created under the Rudolph Trust dated April 25, 2016. Currently Julian Rudolph has power of attorney over the Rudolph Trust.

5.      The United States recorded it's *Notice of Lis Pendens* against the property located at 7000 N. 39th Place, Paradise Valley, Arizona, on December 21, 2021, with the Maricopa County Recorder, Maricopa County, Arizona.

6.      The property located at 7000 N. 39th Place, Paradise Valley, Arizona, is encumbered by a mortgage, which is serviced by Bank New York Mellon.  The mortgage has not been paid since June 2023.

7.      The property located at 103 Morningside Drive, Cranberry Township, Pennsylvania, is more fully described as Lot Number: 101 District: 130 City, Municipality, Township: CRANBERRY TWP Brief Description: 0.470 AC - LOT 101 HSE.

8.      The property located at 103 Morningside Drive, Cranberry Township, Pennsylvania, is owned by Three River Dental Management, LLC.   The sole member of the limited liability company is the Lawrence P. Rudolph Survivors Trust created under the Rudolph Trust Dated April 25, 2016.  Currently Julian Rudolph has power of attorney over the Rudolph Trust.

9.      The United States recorded its' *Praecipe to Writ of Summons Indexed Lis Pendens* against the property located at 103 Morningside Drive,

Cranberry Township, Pennsylvania, on February 25, 2022, with the Prothonotary of Butler County, Pennsylvania.

10. The property located at 103 Morningside Drive, Cranberry Township, Pennsylvania is encumbered by a mortgage, which is serviced by The Farmers National Bank of Emlenton. The mortgage has not been paid since June 2023.

11. The two vehicles in this case, the 2018 Aston Martin DB-11, VIN SCFRMFAV5JGL03309 and the 2017 Bentley Bentayga, VIN SJAAC2ZV2HC014709 have already been sold and the proceeds deposited in the United States Marshal Service account.

12. On June 16, 2023, Julian and AnaBianca Rudolph submitted a Verified Petition for an ancillary hearing to adjudicate their interests in the property preliminarily ordered forfeited in the Preliminary Order of Forfeiture under 21 U.S.C. § 853(n)(2). (Docket # 367). The Verified Petition was dismissed by this Court on April 12, 2021. (Docket # 467). A Notice of Appeal of that order was filed by the Petitioners on April 26, 2024. (Docket # 471).

13. Attempts by the United States Marshal Service to sell the two real estate properties have been unsuccessful as they have not been able to obtain title insurance because of the pending appeal. Therefore, it is necessary to have an Order from this Court approving of the interlocutory sale of the property to be able to obtain the necessary title insurance.

14. Even though Julian and AnaBianca Rudolph, in their individual capacities - do not have legal standing to consent to the sale of the real

properties, they have been consulted through counsel and join in the request to sell the property to preserve the value of the assets.

## LEGAL ANALYSIS

Pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), the Court may order the interlocutory sale of a property.  In turn, Rule G(7)(b)(i)(A)-(D) allows the Court to order the sale of the property, upon motion, if the property is at risk of deterioration, the expense of keeping the property is excessive to its fair market value, the property is subject to a mortgage or taxes on which the owner is in default, or the Court finds other good cause.  The "[s]ale proceeds are [then] a substitute *res* subject to forfeiture in the place of the property that was sold." Rule G(7)(b)(iv).  Furthermore, once the sale has occurred, the "proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id*.

It is in the best interest of all parties to sell the two real estate assets in this matter at this time rather than waiting for resolution of the appeal.  Here, the mortgage lienholders on the two parcels of real estate have suffered a loss as a result of the Defendant's failure to pay the monthly amounts due under the mortgages, taxes, and insurance on the properties.

The interlocutory sale of the two parcels of real estate will allow both of the mortgage companies to recoup their losses at this time rather than at some time after resolution of any appeal.

The sale of these two assets at this time is also in the best interest of Defendant Rudolph and Julian and AnaBianca Rudolph. The two parcels of real estate are unoccupied and will begin to deteriorate. Liquidating the assets at this time will preserve their value and make for any later distribution of funds more convenient and accurate for all parties involved. An interlocutory sale of these assets will serve those purposes. If Defendant Rudolph and/or Julian and AnaBianca Rudolph were to prevail on their appeal, the United States would provide the funds to them, thereby making them whole.

Therefore, the United States requests an Order for the interlocutory sale of the two properties under the following terms:

    a)    That the property located at 7000 N. 39th Place, Paradise Valley, Arizona; and 103 Morningside Drive, Cranberry Township, Pennsylvania; should be sold through the normal process employed by the United States Marshal Service for the sale of the forfeited assets. The proceeds from the sale of these assets should be distributed as set forth below.

    b)    Pursuant to Rule G(7)(b)(iv), upon sale of the two parcels of real estate, from the gross proceeds of each sale, and up to the limit thereof, would be paid, in the following order:

        1.    Any costs incurred by the United States in the management and sale of the properties, including commissions, disposition fees, escrow expenses and any expenses customarily paid by the seller;

        2.    Any outstanding taxes against or secured by the real property;

3.  The outstanding mortgages or liens against or secured by each property in the order of priority prior to the recording of the government's *lis pendens*, excepting only the United States lien for restitution and any liens related to the Default Judgment (defined below) entered in CV2023-006718, in and for the County of Maricopa, Arizona;

4.  Pursuant to the Final Order of Forfeiture entered by this Court, the following percentages from the proceeds from the sale of the properties minus the expenses and payments described above (1-3) are subject to forfeiture to the United States:

    A.  58.74% from 7000 N. 39th Place, Paradise Valley, Arizona, and

    B.  50.55% from 103 Morningside Drive, Cranberry Township, Pennsylvania,

These "forfeiture proceeds" will be held by the United States Marshal Service until the related appeals are final.

5.  As to the real properties located at 7000 N. 39th Place, Paradise Valley, Arizona, and 103 Morningside Drive, Cranberry Township, Pennsylvania, attorney fees incurred by the mortgage companies in addressing issues that arose with the properties being forfeited will be paid from the seller's portion of the net proceeds after the above-identified payments (1-4) as agreed upon in the Stipulated Expedited Settlement Agreements.

d) The remaining net proceeds from the sales ("remainder net proceeds") should be deposited with the United States Marshals Service pending final resolution in this matter. "Remainder net proceeds" are defined as all monies remaining after the sale, and after all payments (1-5) made which are agreed to above.

The United States recognizes that on July 20, 2023, AnaBianca Rudolph and Julian Rudolph, both individually and in his capacity as Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016 (the "Credit Bypass Trust"), obtained a Default Judgment in Maricopa County Superior Court, Case No. CV2023-006718 (the "Default Judgment"), and on July 24, 2023, they recorded the Default Judgment. As such, they assert a judgment creditor's lien against any and all real property located in Maricopa County, Arizona and titled in the name of any of the judgment debtors – including the property located at 7000 N. 39th Place, Paradise Valley, Arizona.

All claims not satisfied at the closing of the sale of any asset, including any judgment lien claims arising from the recorded Default Judgment, are transferred to and shall be satisfied, if at all, out of the remainder net proceeds, with all liens attaching thereto. Accordingly, the buyers of the assets shall take the property free and clear of all encumbrances.

e) That funds due to be paid out under paragraph b, subpart 4 (above) shall be held by the United States Marshal Service until final distribution.

f) That Lawrence P. Rudolph, claimant in civil matter 21-cv-03423-MEH, by and through his power of attorney Julian Rudolph; Julian Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, as Trustee for the Rudolph Trust, as Executor of the Estate of Bianca Rudolph, and individually and Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016, in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona; and AnaBianca Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, and individually in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona, shall provide any release of liens or encumbrances, or any other documentation as required by the title company, on any of the subject assets to permit the sale of assets, such that any buyers of the assets should take the property free and clear of all encumbrances.  Such a release does not alter the rights and interests as to the remainder net proceeds, as a substitute *res*, to be held in escrow.

g) The United States shall provide any release of *lis pendens*, liens, or encumbrances, or any other documentation as required by the title company, on any of the subject assets to permit the sale of assets, such that any buyers of the assets should take the property free and clear of all encumbrances.  Such a release does not alter the rights and interests as to the net proceeds, as a substitute *res*, to be held in escrow.

h) The United States Marshals Service or its designee may, without further order of the Court, enter either real estate property located at 7000 N. 39th Place, Paradise Valley, Arizona, or 103 Morningside Drive, Cranberry Township, Pennsylvania, for the purpose of maintaining the property prior to its sale or preparing the property for sale, and displaying it to prospective buyers.

i) All items of personal property, if any, excluding any landscaping and fixtures, located in and around real property are not property subject to this forfeiture action and shall be removed prior to sale by the defendant or his designated agent at his expense prior to listing the property for sale. If Defendant Rudolph believes there is personal property in either real estate property, the Defendant or his designated agent shall contact the United States to arrange a time to remove any personal property. Any personal property remaining in or at the time of sale shall be treated as abandoned by the Defendant and will be disposed of according to law.

j) It shall be the responsibility of the Defendant to ensure that tenants, if any, residing in the property: (1) cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and the sales process and (2) have vacated the property by the time of closing pursuant to the tenant's rights under any existing and valid lease contract. If the tenants, if any, residing at the property fail to cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and/or the sales process, the United States Marshals Service or its designee may, without

and may use such reasonable force as the United States Marshals Service deems necessary.

## CONCLUSION

Accordingly, the moving parties respectfully moves this Court to order an interlocutory sale of the real property identified above according to the terms set forth herein.

DATED this 21st day of August 2024.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: /s/ Kurt J. Bohn

Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California St., Ste 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: kurt.bohn@usdoj.gov
*Attorney for the United States*

_____
Julian Rudolph
Individually as Petitioner Julian Rudolph in Criminal matter 22-cr-00012-WJM
In his capacity as Trustee of the Rudolph Trust
In his capacity as the executor of the Estate of Bianca Rudolph
Individually as Plaintiff and as Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016, in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona

_____
AnaBianca Rudolph
Individually as Petitioner AnaBianca Rudolph in Criminal matter 22-cr-00012-WJM
Individually as Plaintiff in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona

_____
Christopher P. Hotaling (IL Bar #6272432)
NIXON PEABODY LLP
70 West Madison, Suite 5200
Chicago, IL 60602-4378
Tel: 312.977.4418
Fax: 833.968.0535

_____
John R. Sandweg (DC Bar #1027208)
NIXON PEABODY LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel: 202.585.8189
Fax: 877.743.5914

Attorneys for Petitioners Julian and AnaBianca Rudolph

12

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of August 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all parties of record.

                                  s/ *Charisha Cruz*
                                  Paralegal Specialist
                                  U.S. Attorney's Office