IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

Defendants.

---

**UNITED STATES' RESPONSE TO THE COURT'S ORDER
DATED AUGUST 27, 2024**

---

COMES NOW the United States of America (the "United States"), by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Kurt J. Bohn, herein responding to the Court's Order dated August 27, 2024, addressing the legal question if this Court has jurisdiction to consider the parties Joint Motion for Interlocutory Sale of Real Property. ("Motion")(Doc. # 476).  For the reasons stated below, this Court has jurisdiction to consider the Motion.

### **FACTUAL BACKGROUND**

1.  On May 17, 2023, the Court entered a Preliminary Order of Forfeiture as to Defendant Rudolph's interest in specific items, including two real properties.  (Doc. # 354).

1

2.	The Defendant, Lawrence Rudolph filed his Notice of Appeal on September 6, 2023.  (Doc. # 418).  In his opening appellate brief, Defendant Rudolph raised issues concerning the Court's Order of forfeiture in the Preliminary Order of Forfeiture.  (App. Case: 23-1278).

3.	On June 16, 2023, Julian and AnaBianca Rudolph submitted a Verified Petition for an ancillary hearing to adjudicate their interests in the property preliminarily ordered forfeited in the Preliminary Order of Forfeiture under 21 U.S.C. § 853(n)(2).  (Docket # 367).  The Verified Petition was dismissed by this Court on April 12, 2021.  (Docket # 467).  A Notice of Appeal of that order was filed by the Petitioners on April 26, 2024.  (Docket # 471).

4.	On April 17, 2024, the Court entered a Final Order of Forfeiture regarding the two real properties at issue in the Motion.  (Doc. # 470).

5.	Neither Defendant Rudolph or Julian and AnaBianca Rudolph have filed a motion for stay regarding the execution of the Court's Final Order of Forfeiture.

## LEGAL ANALYSIS

The Court's jurisdiction to order such a sale correctly lies in Fed. R. Crim. Proc. 32.2(d).  In its Motion the United States cited the Court to Rule 32.2(b)(7) Interlocutory Sale for the proposition that Court could order such relief.  However, the basis for that authority, upon the filing of the appeals in this matter comes from Rule 32.2(d).  This paragraph addresses the Court's authority to transfer title of the property pending appeal:

2

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review.  A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests.  If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

When a defendant files an appeal, a "district court is divested of 'authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. George*, 841 F.3d 55, 71 (1st Cir. 2016).  The issue in *George* was whether or not the district court could enter an order of forfeiture *after* the notice of appeal had been filed.  In *George*, the Court held that there were "limited exceptions" to the general rule that a district court losses jurisdiction upon the filing of the notice of appeal.  *Id*.  Those limited exceptions pertained to a district court's order that concerned matters unrelated to the "substance of the decision."  *Id*.  In this case, the issues on appeal by the Defendant and Petitioners center on the actual imposition of forfeiture at all, and not the preservation of assets.  In the parties Joint Motion for Interlocutory Sale of Real Property, the parties are merely requesting authority to change the form of assets to preserve their value, regardless of who prevails on the merits of the appeals.  Because the parties joint Motion is unrelated to the substance of this Court's decisions regarding forfeiture, the Court retains jurisdiction to enter such an Order.  Here, the Court can enter an Order allowing the execution of its previously entered Final Order of Forfeiture without in any way touching upon its

3

underlying decision finding that forfeiture was appropriate.

The court in *United States v. Fisch* considered an almost identical issue and found that Rule 32.2(d) provided the basis for its jurisdiction. *United States v. Finch*, 2016WL4702588 (S.D. Tex. Sept. 8, 2016). In *Fisch* the court had a motion before it seeking the interlocutory sale of property under Rule 32.2(b)(7), however, like here, the defendant had filed an appeal. The Court in *Fisch* cited Rule 32.2(d), "…the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, **unless the defendant consents** in writing or on the record." (emphasis added).[1] Defendant Rudolph has provided power of attorney to Julian Rudolph to act on his behalf regarding his property and in that capacity, Julian Rudolph provided his written consent to the sale of the properties by personally signing the parties joint Motion. (Doc. # 476). Further, counsel for the United States has confirmed, orally and in writing, from Defendant Rudolph's counsel that Defendant Rudolph has provided Julian Rudolph the authority to act on his behalf in this matter and that he consents to the sale of the property. Therefore, the requirement of Rule 32.2(d) that the parties appealing this Court's orders consent to the sale of the two real properties at issue has been satisfied.

---

[1] The court in *Fisch* further gave instruction, similar to the process purposed in this matter, that after the interlocutory sale, the United States must deposit the net-sale proceeds until the decision on appeal becomes final and could ultimately reimburse the defendant if ultimately be successful on appeal. *Id*. at *2.

## **CONCLUSION**

Accordingly, this Court should find that it has jurisdiction to entertain a motion by the parties for the interlocutory sale of the real property at issue, and that the parties be provided reasonable time file an amended motion for such relief.

DATED this 3d day of September 2024.

Respectfully submitted,

                                      MATTHEW T. KIRSCH
                                      Acting United States Attorney

                          By: s/ *Kurt J. Bohn*
                                Kurt J. Bohn
                                Assistant United States Attorney
                                United States Attorney's Office
                                1801 California St., Ste 1600
                                Denver, Colorado 80202
                                Telephone: (303) 454-0100
                                E-mail: kurt.bohn@usdoj.gov
                                *Attorney for the United States*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 3d day of September 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all parties of record.

               s/ *Charisha Cruz*
               Paralegal Specialist
               U.S. Attorney's Office