IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

    Defendants.

_____

**PROPOSED ORDER AMENDING THE FINAL ORDER OF FORFIETURE ALLOWING FOR INTERLOCUTORY SALE OF REAL PROPERTIES**
_____

THIS MATTER comes before the Court on the Joint Motion to Amend the Final Order of Forfeiture to Allow for the Interlocutory Sale of Real Properties. The Court having reviewed said Motion HEREBY ORDERS that:

The Motion for Interlocutory Sale of Real Properties is GRANTED.

Pursuant to Fed. R. Crim. P. 32.2(b)(7) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, good cause exists to amend the Final Order of Forfeiture and order the interlocutory sale of the real property identified in the Court's Judgment (Docket # 415).

The following conditions are ordered:

    a)    The real property located at 7000 N. 39th Place, Paradise Valley, Arizona, more fully described as Lot Number: 11 Subdivision Name: LINCOLN 40 Sec/Twn/Rng/Mer: SEC 12 TWN 2N RNG 3E Brief Description: LINCOLN 40 MCR 905-32 Recorder's Map Ref: MB 90532, should be sold through the normal process

1

employed by the United States Marshal Service for the sale of forfeited property and as set forth below.

b)   That the real property located at 103 Morningside Drive, Cranberry Township, Pennsylvania, more fully described as Lot Number: 101 District: 130 City, Municipality, Township: CRANBERRY TWP Brief Description: 0.470 AC - LOT 101 HSE, shall be sold through the normal process employed by the United States Marshal Service and as set forth below.

c)   Further, pursuant to Rule G(7)(b)(iv), upon sale of the two parcels of real estate, from the gross proceeds of each sale, and up to the limit thereof, will be paid, in the following order:

1.   Any costs incurred by the United States in the management and sale of the properties, including commissions, disposition fees, escrow expenses and any expenses customarily paid by the seller;

2.   Any outstanding taxes against or secured by the real property;

3.   The outstanding mortgages or liens against or secured by each property in the order of priority prior to the recording of the government's *lis pendens*, excepting only the United States lien for restitution and any liens related to the Default Judgment entered in CV2023-006718, in and for the County of Maricopa, Arizona;

4.   Pursuant to the Final Order of Forfeiture entered by this Court, the following percentage from the proceeds from the sale of the properties minus the expenses and payments described above (1-3) are subject to forfeiture to the United States:

    A.  58.74% from 7000 N. 39th Place, Paradise Valley, Arizona, and

    B.  50.55% from 103 Morningside Drive, Cranberry Township, Pennsylvania,

These "forfeiture proceeds" will be held by the United States Marshal Service until the related appeals are final.

    5.  As to the real property located at 7000 N. 39th Place, Paradise Valley, Arizona, and 103 Morningside Drive, Cranberry Township, Pennsylvania, attorney fees incurred by the mortgage companies in addressing issues that arose with the properties being forfeited will be paid from the seller's portion of the net proceeds after the above-identified payments (1-4) as agreed upon in the Stipulated Expedited Settlement Agreements and amended by the parties' Motion (Doc. # xxx).

    d)  The remaining net proceeds from the sales ("remainder net proceeds") should be deposited with the United States Marshals Service pending final resolution in this matter. "Remainder net proceeds" are defined as all monies remaining after the sale, and after all payments (1-5) are made. Further, that funds due to be paid out under paragraph c, subpart 4 (above) shall be held by the United States Marshal Service until final distribution.

    e)  All claims not satisfied at the closing of the sale of any asset, including any judgment lien claims arising from the recorded Default Judgment in Maricopa County Superior Court, Case No. CV2023-006718, are transferred to and shall be satisfied, if at all, out of the remainder net proceeds, with all liens attaching thereto. Accordingly, the buyers of the assets shall take the property

free and clear of all encumbrances except for covenants, conditions, restrictions, and easements of record.

 f) That Lawrence P. Rudolph, claimant in civil matter 21-cv-03423-MEH, through his counsel, and by and through his power of attorney Julian Rudolph; Julian Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, as Trustee for the Rudolph Trust, as Executor of the Estate of Bianca Rudolph, and individually and Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016, in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona; and AnaBianca Rudolph individually as Petitioner in criminal matter 22-cr-00012-WJM, and individually in civil action No. CV2023-006718 in the Superior Court of the State of Arizona, Maricopa County, Arizona, shall provide any release of liens or encumbrances, or any other documentation as required by the title company, on any of the subject assets to permit the sale of assets, such that any buyers of the assets may take the property free and clear of all encumbrances.  Such a release does not alter the rights and interests as to the remainder net proceeds, as a substitute *res*, to be held in escrow with any and all liens (including any valid lien arising out of the recording of the Default Judgment) attaching thereto.

 g) The United States shall provide any release of *lis pendens*, lien, or encumbrance, or any other documentation as required by the title company, on any of the subject assets to permit the sale of assets, such that any buyers of the assets may take the property free and clear of all encumbrances.  Such a release

4

does not alter the rights and interests as to the net proceeds, as a substitute *res*, to be held in escrow.

      h)      The United States Marshals Service or its designee may, without further order of this Court, enter either real estate property located at 7000 N. 39th Place, Paradise Valley, Arizona, or 103 Morningside Drive, Cranberry Township, Pennsylvania, for the purpose of maintaining the property prior to its sale or preparing the property for sale and displaying it to prospective buyers.

      i)      All items of personal property, if any, excluding any landscaping and fixtures, located in and around real property are not property subject to this forfeiture action and shall be removed prior to sale by the defendant or his designated agent at his expense prior to listing the property for sale.  If Defendant Rudolph believes there is personal property in either real estate property, the Defendant or his designated agent shall contact the United States to arrange a time to remove any personal property. Any personal property remaining in or at the time of sale shall be treated as abandoned by the Defendant and will be disposed of by the United States according to law.

      j)      It shall be the responsibility of the Defendant to ensure that tenants, if any, residing in the property: (1) cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and the sales process and (2) have vacated the property by the time of closing pursuant to the tenant's rights under any existing and valid lease contract. If the tenants, if any, residing at the property fail to cooperate with the United States Marshals Service or its designee during the marketing of the property for sale and/or the sales process, the United States Marshals Service or its designee, without further order of the Court, may evict any such tenants after

providing a 30-day notice of eviction and may enlist such assistance and may use such reasonable force as the United States Marshals Service deems necessary.

SO ORDERED this _____ day of _____, 2024.

BY THE COURT:

_____
WILLIAM J. MARTINEZ
Senior United States District Judge