IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-012-WJM-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. LAWRENCE RUDOLPH, and
2. LORI MILLIRON,

     Defendants.

---

**ORDER GRANTING JOINT MOTION TO AMEND FINAL ORDER OF FORFEITURE
TO ALLOW FOR INTERLOCUTORY SALE OF REAL PROPERTIES**

---

THIS MATTER comes before the Court on the United States, Defendant Lawrence Rudolph ("Defendant"), and Petitioners Julian Rudolph and AnaBianca Rudolph's (together, "Petitioners") Joint Motion to Amend the Final Order of Forfeiture to Allow for the Interlocutory Sale of Real Properties ("Joint Motion") (ECF No. 483).  The Court, having reviewed said Joint Motion hereby FINDS that, pursuant to Fed. R. Crim. P. 32.2(b)(7) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, good cause exists to amend the Final Order of Forfeiture (ECF No. 470) and permit the interlocutory sale of the real properties identified in the Court's Judgment (ECF No. 415 at 8) and further described in ¶ 2 below.

Accordingly, the Court hereby ORDERS that:

1.     The Joint Motion is GRANTED.

2.     The real properties located at (1) 7000 N. 39th Place, Paradise Valley,

Arizona, more fully described as:

> Lot Number: 11
> Subdivision Name: LINCOLN 40
> Sec/Twn/Rng/Mer: SEC 12 TWN 2N RNG 3E
> Brief Description: LINCOLN 40 MCR 905-32
> Recorder's Map Ref: MB 90532

and (2) 103 Morningside Drive, Cranberry Township, Pennsylvania, more fully

described as:

> Lot Number: 101
> District: 130
> City, Municipality, Township: CRANBERRY TWP
> Brief Description: 0.470 AC – LOT 101 HS

(together, "Real Properties"), may be sold in accordance with the conditions set forth in

this Order and, to the extent not inconsistent with this Order, through the normal

process employed by the United States Marshal Service for the sale of forfeited

property.

3.       Pursuant to Rule G(7)(b)(iv), upon any sale of the Real Properties, from

the gross proceeds of each sale, and up to the limit thereof, will be paid in the following

order:

a)       Any costs incurred by the United States in the management and

sale of the Real Properties, including commissions, disposition fees, and escrow

expenses customarily paid by the seller;

b)       Any outstanding taxes against or secured by the Real Properties;

c)       The outstanding mortgage or liens against or secured by each of

the Real Properties in the order of priority prior to the recording of the

government's *lis pendens*, excepting only the United States lien for restitution

and any liens related to the Default Judgment entered in *AnaBianca Rudolph &*

*Julian Rudolph v. Lawrence Rudolph et al.,* Case No. CV2023-006718 (Maricopa Cnty. Sup. Ct.) ("Maricopa County Action");[1]

> d)      Pursuant to the Final Order of Forfeiture entered by this Court (ECF No. 470), the following percentage from the proceeds from the sale of the Real Properties minus the expenses and payments described in ¶ 3(a)-(c) above are subject to forfeiture to the United States:

>> A.      58.74% from 7000 N. 39th Place, Paradise Valley, Arizona; and

>> B.      50.55% from 103 Morningside Drive, Cranberry Township, Pennsylvania.

These "forfeiture proceeds" will be held by the United States Marshal Service until the related appeals are final; and

> e)      Attorney fees incurred by the mortgage companies in addressing issues that arose with the Real Properties' forfeiture will be paid from the seller's portion of the net proceeds after the payments identified in ¶ 3(a)-(d) above as agreed upon in the Stipulated Expedited Settlement Agreements and amended by the Joint Motion.  (ECF No. 483.)

4.      Any remaining net proceeds from the sales of the Real Properties ("Remainder Net Proceeds") should be deposited with the United States Marshals Service pending final resolution in this matter.  "Remainder Net Proceeds" is defined as all monies remaining after the sales of the Real Properties, and after all payments outlined in ¶ 3(a)-(e) of this Order are made.  Further, funds due to be paid out under ¶ 3(d) of this Order shall be held by the United States Marshal Service until final

---

[1] A copy of the Default Judgment has been filed in this action at ECF No. 464-3.

distribution.

5.     All claims not satisfied at the closing of the sale of the Real Properties, including any judgment lien claims arising from the recorded Default Judgment in the Maricopa County Action, are transferred to and shall be satisfied, if at all, out of the Remainder Net Proceeds, with all liens attaching thereto.  Accordingly, the buyers of the Real Properties shall take them free and clear of all encumbrances except for covenants, conditions, restrictions, and easements of record.

6.     Lawrence P. Rudolph, claimant in Case No. 21-cv-03423-MEH (D. Colo.), through his counsel, and by and through his power of attorney Julian Rudolph; Julian Rudolph individually as Petitioner in Case No. 22-cr-00012-WJM (D. Colo.), as Trustee for the Rudolph Trust, as Executor of the Estate of Bianca Rudolph, and individually as Trustee of the Credit Bypass Trust Under the Rudolph Trust Dated April 25, 2016 in the Maricopa County Action; and AnaBianca Rudolph individually as Petitioner in Case No. 22-cr-00012-WJM (D. Colo.) and individually in the Maricopa County Action, shall provide any release of liens or encumbrances, or any other documentation as required by the title company to permit the sale of the Real Properties, such that any buyers of the Real Properties may take them free and clear of all encumbrances.  Such a release does not alter the rights and interests as to the Remainder Net Proceeds, as a substitute *res*, to be held in escrow with any and all liens (including any valid lien arising out of the recording of the Default Judgment in the Maricopa County Action) attaching thereto.

7.     The United States shall provide any release of *lis pendens*, lien, or encumbrance, or any other documentation as required by the title company to permit

the sale of the Real Properties, such that any buyers of the Real Properties may take them free and clear of all encumbrances.  Such a release does not alter the rights and interests as to the Remainder Net Proceeds, as a substitute *res*, to be held in escrow.

8.      The United States Marshals Service or its designee may, without further order of this Court, enter the Real Properties for the purpose of maintaining them prior to their sale, preparing them for sale, and displaying them to prospective buyers.

9.      All items of personal property, if any, excluding any landscaping and fixtures, located in and around the Real Properties are not property subject to this forfeiture action and shall be removed prior to sale by Defendant or his designated agent at his expense prior to listing the Real Properties for sale.  If Defendant believes there is personal property in or around the Real Properties, Defendant or his designated agent shall contact the United States to arrange a time to remove any such personal property.  Any personal property remaining in or around the Real Properties at the time of sale shall be treated as abandoned by Defendant and will be disposed of by the United States according to law.

10.      It shall be the responsibility of Defendant to ensure that any tenants residing in the Real Properties (1) cooperate with the United States Marshals Service or its designee during the marketing of the Real Properties for sale and any sales processes, and (2) have vacated the Real Properties by the time of closing in accordance with the tenants' rights under any existing and valid lease contract.  If any tenants residing at the Real Properties fail to cooperate with the United States Marshals Service or its designee during the marketing of the Real Properties for sale and/or any sales processes, the United States Marshals Service or its designee, without further

order of the Court, may evict such tenants after providing a 30-day notice of eviction and, in furtherance thereof, enlist assistance and use reasonable force as the United States Marshals Service deems necessary.

Dated this 26th day of September, 2024.

BY THE COURT:

William J. Martinez
Senior United States District Judge